| | |
|---|---|
| 1 | MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C. |
| 2 | Andrew D. Skale (211096) |
|   | adskale@mintz.com |
| 3 | Laura Franco (186765) |
|   | lfranco@mintz.com |
| 4 | Anthony J. Viola (*pro hac vice forthcoming*) |
|   | ajviola@mintz.com |
| 5 | Kara M. Cormier (*pro hac vice forthcoming*) |
|   | kmcormier@mintz.com |
| 6 | 44 Montgomery Street, 36th Floor |
|   | San Francisco, CA 94104 |
| 7 | Telephone: 415.432.6000 |
| 8 | LWD ADVISORS, INC. |
|   | Jeff Hyman (171896) |
| 9 | jeff@lwdadvisors.com |
|   | 700 El Camino Real Suite 120 #1310 |
| 10 | Menlo Park CA 94025 |
|    | Telephone: 650.219.4229 |
| 11 | |
|    | Attorneys for Plaintiff |
| 12 | IYO, INC. |

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IYO, INC. | Case No. 3:25-cv-4861 |
| Plaintiff, | **DECLARATION OF DAVID RANGEL IN SUPPORT OF PLAINTIFF IYO, INC.'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION** |
| v. | |
| IO PRODUCTS, INC., OPENAI, INC., OPENAI, LLC, SAM ALTMAN, and SIR JONATHAN PAUL IVE, | |
| Defendants. | Complaint Filed:  June 9, 2025 |
| | Trial Date:            None Set |

I, David Rangel, do hereby declare as follows:

1. I am a general partner of Merus Capital IV, L.P. ("Merus Capital"), which is a shareholder of Plaintiff IYO, Inc. ("Plaintiff" or "IYO") in the above-captioned matter. I am over 18 years of age. I have personal knowledge of the facts stated herein, and if called as a witness, I could and would testify competently thereto. I make this declaration in support of Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction.

2. I have degrees in Economics and Computer Science from Northwestern University, and an MBA from the University of Chicago. Throughout my nearly thirty-year career in software and technology, I have had many responsibilities, including as a member of the Corporate Strategy Group at Microsoft, Chief Operating Officer at Iterable, Inc. (a Merus Capital portfolio company), and as a director at Google Research, where I led teams incubating new AI-enabled products.

3. On or around May 21, 2025, I saw Defendant OpenAI, Inc.'s ("OpenAI") announcement of its formation of a new company, IO, and IO's merger with OpenAI to make and sell products that are extremely similar to IYO's products under the brand name IO.

4. After reviewing OpenAI's announcement about IO, I became incredibly concerned with Merus Capital's investment in IYO because the names are so confusing, and that this will significantly impair IYO's ability to raise capital.

5. Prior to May 21, 2025, I had heard rumors that OpenAI may be developing a company or a product called "IO," but I was skeptical that OpenAI would do so given its awareness of IYO and that "IO" was essentially the same name as "IYO." Hence, I brushed off those rumors.

6. When I read the May 21 announcement, however, I was shocked that OpenAI would choose that name, given OpenAI's history of meetings with IYO and its founder, and how much OpenAI already knew about IYO and its business and technology.

7. I immediately knew how awful this was for IYO. OpenAI is causing IYO to suffer a huge distraction by using the IO name, causing significant confusion in the marketplace, and injuring IYO in the process.

8. This confusion is going to have a profoundly negative effect on IYO's fundraising opportunities. A fundraising company cannot go to market with the potential for confusion caused

MINTZ, LEVIN, COHN,
FERRIS, GLOVSKY AND
POPEO, P.C.
ATTORNEYS AT LAW

- 2 -

DECLARATION OF DAVID RANGEL IN SUPPORT OF PLAINTIFF'S MOTION FOR
TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

by a company as large as OpenAI coming out with a name that is nearly identical to the one the fundraising company is using.

9. IYO is now faced with a choice: either it can change its name to avoid confusion, or it can fight. Either path requires significant resources and funds. In the best case scenario, the company spends money to rebrand itself and its products, losing its market momentum and any name recognition it has already built up. In the worst case, investors will simply not risk the uncertainty and cost of a protracted dispute and will not invest. Either way, OpenAI has caused significant harm to IYO.

10. More than one of my contacts have even asked me if IYO had anything to do with OpenAI's announcement of IO. This was because of the confusion between the brand names.

11. As an executive, and as a potential customer of IYO's products, I cannot imagine going to market with the risk of OpenAI putting its support behind a competing product called IO. IYO's product is now going to be stillborn because of the harms I outlined above.

12. Confusion here is inevitable and extremely costly, if not fatal, to IYO.

13. With OpenAI having billions of dollars behind it, in addition to the media attention, publicity and consumer recognition it has, it would be suicide for IYO to continue to market under the IYO name.

14. Finally, I believe that IYO is going to face difficulties in recruiting employees in light of OpenAI's IO. Top talent is not going to want to join a company whose name and brand have been hijacked.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 9, 2025, in San Franciso, California.



David Rangel