MINTZ LEVIN COHN FERRIS
GLOVSKY AND POPEO, P.C.
Andrew D. Skale (211096)
ADSkale@mintz.com
Laura Franco (186765)
LFranco@mintz.com
Anthony J. Viola (*pro hac vice forthcoming*)
AJViola@mintz.com
Kara M. Cormier (*pro hac vice forthcoming*)
KMCormier@mintz.com
44 Montgomery Street, 36th Floor
San Francisco, CA 94104
Telephone: 415.432.6000

LWD ADVISORS, INC.
Jeff Hyman (171896)
jeff@lwdadvisors.com
700 El Camino Real Suite 120 #1310
Menlo Park CA 94025
Telephone: 650.219.4229

Attorneys for Plaintiff
IYO, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IYO, INC.<br><br>Plaintiff,<br><br>v.<br><br>IO PRODUCTS, INC., OPENAI, INC., OPENAI, LLC, SAM ALTMAN, and SIR JONATHAN PAUL IVE,<br><br>Defendants. | Case No. 3:25-cv-4861<br><br>**DECLARATION OF JASON RUGOLO IN SUPPORT OF PLAINTIFF IYO, INC.'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**<br><br>Complaint Filed: June 9, 2025<br>Trial Date:      None Set |

MINTZ, LEVIN, COHN,
FERRIS, GLOVSKY AND
POPEO, P.C.
ATTORNEYS AT LAW

DECLARATION OF JASON RUGOLO IN SUPPORT OF PLAINTIFF'S MOTION FOR
TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

I, Jason Rugolo, do hereby declare as follows:

1. I am the founder and Chief Executive Officer of Plaintiff IYO, Inc. ("Plaintiff" or "IYO") in the above-captioned matter. I am over 18 years of age. I have personal knowledge of the facts stated herein, and if called as a witness, I could and would testify competently thereto. I make this declaration in support of Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction.

2. In February 2022, I spoke with Evans Hankey by telephone to recruit Ms. Hankey to be the Head of Design of IYO. I envisioned Ms. Hankey helping to design the future of human-computer interaction through natural language. During our call, we discussed IYO's story, vision, current technology, and plans for future development. Ms. Hankey declined my offer. But on or around May 21, 2025, I learned she co-founded Defendant IO Products, Inc.

3. In March 2022, I had a Google Meet video meeting with Ryan Cohen of Apollo Projects, OpenAI CEO Sam Altman's personal investment fund. One of the purposes of the meeting was to discuss Apollo Projects potential investment in IYO.

4. On April 15, 2022, Mr. Cohen visited IYO's headquarters in Redwood City, California, during which we discussed IYO's vision for the future of human computer interaction through natural language; IYO's technologies in sound display; and the future of talking to machines. IYO also provided demonstrations of its technologies to Mr. Cohen.

5. On April 25, 2022, Mr. Cohen emailed me regarding Apollo Projects' decision not to invest in IYO at that time. Mr. Altman was copied on this email. Attached hereto as **Exhibit A** is a true and correct copy of the April 25, 2022, email chain.

6. Separately, on April 20, 2022, I met virtually with Evan Sharp of LoveFrom, Jony Ive's company, during which we discussed IYO's vision and story. One of the purposes of the meeting was to see if LoveFrom would collaborate with IYO with respect to developing the future of natural language screenless computers.

7. After our meeting, on April 22, 2022, Mr. Sharp confirmed he spoke with his team about IYO, but they had decided not to pursue a partnership with IYO. Attached hereto as **Exhibit B** is a true and correct copy of the April 22, 2022, email chain.

MINTZ, LEVIN, COHN,
FERRIS, GLOVSKY AND
POPEO, P.C.
ATTORNEYS AT LAW

- 2 -

DECLARATION OF JASON RUGOLO IN SUPPORT OF PLAINTIFF'S MOTION FOR
TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

8. As shown in Exhibit A, on page 2, on February 25, 2025, I reached back out to Mr. Cohen via email to request a meeting to pitch IYO's latest strategic financing round. Also shown in Exhibit A, on page 3, on March 14, 2025, Mr. Cohen responded stating that his funds were fully deployed, and they were no longer actively investing.

9. On March 4, 2025, I reached out to Mr. Altman to again inquire about investing in IYO. Mr. Altman immediately responded stating "thanks but im working on something competitive so will respectfully pass!" He then added "(called io…)." Mr. Altman, in a follow-up email, then quickly pointed the finger by stating that "jony ive" is "the one driving this." Attached hereto as **Exhibit C** is a true and correct copy of the March 4, 2025, email chain.

10. When I saw Mr. Altman's email of March 4, 2025, I immediately thought that there was no way that OpenAI would have the gall to publicly launch a product with the name IO. Even though Mr. Altman said it was "called io…" I still thought it must be an internal code name. Mr. Altman had acted like a friend and had interest in acquiring IYO, it was not conceivable he would turn around and use a brand that was practically the same as our IYO.

11. On March 17, 2025, Marwan Rammah purchased both IYO's VAD PRO product and preordered an IYO ONE device using a "presidiotech.com" email address. Later, I learned that, at the time of Mr. Rammah's purchase, he was and remains a product engineer for Defendant IO Products, Inc. In fact, when Mr. Rammah was fitted for his VAD PRO on March 19, 2025, the fitting occurred at IO Products offices, which is where Mr. Rammah worked. During that fitting, I was told Mr. Rammah asked our fit specialist, Anga Lao, numerous questions (much more than would be at a normal fitting) over about an hour, about the IYO device and its specifications. Mr. Rammah even asked Ms. Lao for IYO's design files. Attached hereto as **Exhibit D** is a true and correct copy of Mr. Rammah's March 17, 2025, purchase order for IYO's VAD PRO and Mr. Rammah's March 17, 2025, preorder for the IYO ONE.

12. On March 26, 2025, I had a video call with Mr. Altman, during which we discussed the possibility of Mr. Altman's company, OpenAI, acquiring IYO and launching IYO ONE as a developer kit for a new kind of computer based on natural language interaction. Mr. Altman told

MINTZ, LEVIN, COHN,
FERRIS, GLOVSKY AND
POPEO, P.C.
ATTORNEYS AT LAW

- 3 -
DECLARATION OF JASON RUGOLO IN SUPPORT OF PLAINTIFF'S MOTION FOR
TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

1  me that an acquisition would likely come down to a meeting with his team, and so he wanted to
2  introduce me to Peter Welinder, OpenAI's Vice President of Product.

3      13.    On March 30, 2025, Mr. Altman introduced me to Mr. Welinder via email and said
4  we "should talk and see if it makes sense to team up!" Attached hereto as **Exhibit E** is a true and
5  correct copy of the March 30, 2025, email chain.

6      14.    On April 4, 2025, IYO co-founder Neil Treat and I visited OpenAI to meet with Mr.
7  Welinder in person. Mr. Treat and I discussed our vision for the future of screenless natural
8  language human computer interaction through voice, and how OpenAI could acquire IYO to be
9  part of OpenAI's developing hardware efforts.

10      15.    On April 11, 2025, Mr. Treat and I returned to OpenAI and met with Mr. Welinder
11  for the second time, during which we continued to discuss the possible OpenAI acquisition of IYO.
12  Mr. Welinder also suggested IYO meet with Tang Yew Tan, whom I understood was affiliated with
13  one of Mr. Ive's projects.

14      16.    On April 15, 2025, Mr. Welinder confirmed via email that he had discussed IYO
15  with Mr. Tan, and that Mr. Tan wanted to meet with IYO. Mr. Welinder further relayed that Mr.
16  Tan had shared his concerns about speaking with IYO because he was working on a competing
17  product. I agreed to meet with Mr. Tan without a formal confidentiality agreement because I
18  believed we would both act in good faith. Attached hereto as **Exhibit F** is a true and correct copy
19  of the April 15, 2025, email chain.

20      17.    As shown in Exhibit F, on page 1, on April 15, 2025, I learned for the first time, via
21  Mr. Welinder's email, that Mr. Tan had pre-ordered an IYO ONE product back on May 19, 2024
22  (about a year ago). Attached hereto as **Exhibit G** is a true and correct copy of Mr. Tan's May 19,
23  2024 order.

24      18.    Also shown in Exhibit F, on page 1, on April 15, 2025, Mr. Tan wrote to me that he
25  was unwilling to sign an NDA since "he's working on something that could potentially be
26  competitive."

27      19.    The next day, April 16, 2025, Mr. Welinder introduced Mr. Tan and me via email.
28  That same day, I offered Mr. Tan via email to schedule a fitting of IYO products. Mr. Tan then

MINTZ, LEVIN, COHN,
FERRIS, GLOVSKY AND
POPEO, P.C.
ATTORNEYS AT LAW

- 4 -
DECLARATION OF JASON RUGOLO IN SUPPORT OF PLAINTIFF'S MOTION FOR
TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

1  accepted my offer, via email, and added Ms. Hankey to the email thread to see if she was available
2  to be fitted as well. Ms. Hankey responded on April 17, 2025, stating she had been looking forward
3  to meeting me "since our phone call a few years ago," but that the timing of the fitting did not work.
4  Attached hereto as **Exhibit H** is a true and correct copy of the April 16, 2025, email chain.

5      20.     As shown in Exhibit H, on page 2, on April 17, 2025, Mr. Tan requested via email
6  that five people from Defendants be fitted. I responded that same day, offering to complete all the
7  ear impressions for him and his team. IYO actually ended up fitting seven of Defendants'
8  representatives to demo IYO ONE devices.

9      21.     As further shown in Exhibit H, on page 4, Mr. Tan responded after the fitting on
10  April 23, 2025, saying that he "[l]earned a lot from the fitting."

11     22.     On May 1, 2025, I met with Mr. Welinder, Mr. Tan, Ms. Hankey, and Mr. Rammah
12  as well as other representatives of Defendants in San Francisco, during which I presented and
13  discussed IYO's product and vision for the future of human interaction. Ms. Hankey again noted
14  she had been looking forward to meeting with me. During that meeting, Mr. Tan expressed to the
15  group that he had "heard a lot about me" from one of my former employees, who was also a former
16  Apple employee. Afterwards, I also met separately with Mr. Tan to discuss IYO's product and
17  vision in further detail.

18     23.     On May 15, 2025, in response to my email following up on my in-person meeting,
19  Mr. Tan emailed me requesting to review IYO's intellectual property through an "IP air curtain"
20  because "it could be interesting." Mr. Tan added: "ps. is it possible to get our ear plugs?" Attached
21  hereto as **Exhibit I** is a true and correct copy of the May 15, 2025, email chain, with the May 15,
22  2025, email being on page 2.

23     24.     On May 21, 2025, Defendants publicly announced the formation of their new
24  company IO, which was founded by Mr. Ive, Ms. Hankey, Mr. Tan, and Mr. Scott Cannon. Around
25  this time, I also learned that Defendants had secured $6.5 billion to acquire IO. Attached hereto as
26  **Exhibit J** is a true and correct copy of the May 21, 2025, announcement that I printed off the
27  internet.

28

MINTZ, LEVIN, COHN,
FERRIS, GLOVSKY AND
POPEO, P.C.
ATTORNEYS AT LAW

- 5 -
DECLARATION OF JASON RUGOLO IN SUPPORT OF PLAINTIFF'S MOTION FOR
TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

25. As shown in Exhibit I, on page 3, on May 23, 2025, I emailed Mr. Altman regarding IO's launch and shared that other people had approached me with confusion regarding our respective company's names, telling Mr. Altman that "[I]'m getting blown up on the name situation." I also told him that "[I]'m feeling a little vulnerable and exposed, [D]avid and [G]oliath style." I further asked him "are you serious and optimistic about potentially bringing us in?"

26. As further shown in Exhibit I, on page 3, on May 23, 2025, Mr. Altman responded saying "let me talk to the team and get you an honest take!"

27. Also shown in Exhibit I, on page 5, on May 29, 2025, I again emailed Mr. Tan, Mr. Welinder, and Mr. Altman telling them "that the name issue is causing me problems" and that "it's been a while since [I]'ve been blown up this hard by pretty much everyone, iyO investors, professional network, etc." I also told them that "it is a rather urgent issue for us, given we are approaching availability of our product and currently fundraising." I also asked Mr. Altman, "while we are continuing our conversations, could you agree in writing to stop using the name?"

28. In Exhibit I, on page 5, on May 30, 2025, Mr. Altman responded asking me to call him, which I did on the same day.

29. During our call, I raised the issue of people confusing the newly announced IO with IYO, including that IYO had been building its brand for several years and had gained recognition in social media. I also told him how people had brought to my attention that IO had "stolen" IYO's name. I asked Mr. Altman whether Defendants would stop using the name IO or any other homophone of IYO, because of this confusion. In response, Mr. Altman said he really liked the IO name, liked having io.com, and pondered legal action against IYO, stating that OpenAI might sue IYO to stop using its IYO brand, as Mr. Altman falsely stated that OpenAI owned superior trademark rights for the mark IO over IYO.

30. IYO's capital raise had been going well before OpenAI made the May 21, 2025, announcement. But since that time, IYO has not been able to secure any additional funding or pledges for funding.

31. Without the raise needed, IYO will not be able to fund its manufacturing efforts or the paid advertising that will be needed to market its products. This in turn will impact IYO's

MINTZ, LEVIN, COHN,
FERRIS, GLOVSKY AND
POPEO, P.C.
ATTORNEYS AT LAW

- 6 -
DECLARATION OF JASON RUGOLO IN SUPPORT OF PLAINTIFF'S MOTION FOR
TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

1  anticipated sales so severely that IYO is not only at risk of losing significant market share, but also
2  at risk of losing investors, with no ability to replace them.

3       32.    With Defendants using the IO name for competing products, IYO is going to have
4  to spend considerable time, money, and effort to try to correct and address the significant confusion
5  Defendants have caused in the marketplace.

6       I declare under penalty of perjury under the laws of the United States of America that the
7  foregoing is true and correct.

8       Executed on June 9, 2025, in Redwood City, California.

Signed by:

*Jason Rugolo*

C0A85E3B93034E0...

Jason Rugolo

MINTZ, LEVIN, COHN,
FERRIS, GLOVSKY AND
POPEO, P.C.
ATTORNEYS AT LAW

- 7 -

DECLARATION OF JASON RUGOLO IN SUPPORT OF PLAINTIFF'S MOTION FOR
TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION