1
2
3
4                        UNITED STATES DISTRICT COURT
5                       NORTHERN DISTRICT OF CALIFORNIA
6
7    IYO, INC.,                              Case No.  25-cv-04861-TLT
8                  Plaintiff,
                                             **INQUIRIES FOR HEARING ON
9          v.                                6/17/2025**
10   IO PRODUCTS, INC., et al.,              Preliminary Injunction Hearing: TBD
11                  Defendants.              Re: ECF 6

THE COURT HAS THE FOLLOWING QUESTIONS FOR THE PARTIES:

**I.     OBJECTIONS TO REPLY EVIDENCE [CIVIL LOCAL RULE 7-3(D)(1)]**

1. [BOTH] Defendants object to Plaintiff's entire reply, including the new declaration and exhibits attached thereto, as an improper filing not authorized by this Court.  ECF 35.  The threshold question is whether the Court should strike Plaintiff's reply submission? If so, why? If not, why not?

2. [BOTH]  Should the Court sustain or overrule the Defendant's objection to Rugolo Declaration Exhibit K and Paragraphs 3,5, and 12.  ECF 39.  Explain your position.

**II.    RIPENESS**

1. **[BOTH]** The parties dispute whether the infringement is imminent such that the action is ripe.  Ripeness does not depend upon whether a commercially available product is available.  *See, e.g.*, *Kythera Biopharmaceuticals, Inc. v. Lithera, Inc.*, 998 F. Supp. 2d 890, 902 (C.D. Cal. 2014) (finding ripeness where neither party had "commercially available products or services").  Rather, the inquiry is whether Plaintiff has sufficiently alleged actual or imminent infringement.  The briefing indicates that Defendants anticipate releasing a competitive product bearing the io mark by next year.

United States District Court
Northern District of California

a. What are the parties' best arguments as to ripeness?

**III.    "IN CONNECTION WITH A SALE OF GOODS OR SERVICES"**

2. **[PLAINTIFF]** To prevail on its trademark infringement claims, Plaintiff must show that Defendants used the disputed trademark "in connection with a sale of goods or services." *Bosley Med. Inst., Inc. v. Kremer*, 403 F.3d 672, 677 (9th Cir. 2005).

a. Is the announcement of a class of future products sufficient to fulfill this requirement?

**IV.    *SLEEKCRAFT* FACTORS**

3. **[BOTH]** For the proximity and relatedness factor, Defendants argue that its product will not be an ear-device. How does this play a role in this factor's analysis?

4. **[BOTH]** For similarity of the marks, how does the similarity in the sounds of the marks play a role in the analysis?

5. **[BOTH]** For actual confusion, while the Court may consider confusion of non-customers as a proxy for non-consumers, how does confusion from Plaintiff's investors play a role? Are Plaintiff's investor declarations self-serving?

**V.    RULE 65(C) BOND**

6. **[BOTH]** If the Court grants the TRO, how should the Court determine the Rule 65(c) bond?

Please note, there will be additional questions posed during the hearing; however, the parties should make every effort to address each of the questions listed above.

**IT IS SO ORDERED.**

Dated: June 17, 2025

_____
TRINA L. THOMPSON
United States District Judge

United States District Court
Northern District of California