MINTZ LEVIN COHN FERRIS
GLOVSKY AND POPEO, P.C.
Andrew D. Skale (211096)
ADSkale@mintz.com
Laura Franco (186765)
LFranco@mintz.com
Anthony J. Viola (*pro hac vice*)
AJViola@mintz.com
Kara M. Cormier (*pro hac vice*)
KMCormier@mintz.com
44 Montgomery Street, 36th Floor
San Francisco, CA 94104
Telephone: 415.432.6000

LWD ADVISORS, INC.
Jeff Hyman (171896)
jeff@lwdadvisors.com
700 El Camino Real Suite 120 #1310
Menlo Park CA 94025
Telephone: 650.219.4229

Attorneys for Plaintiff
IYO, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IYO, INC.<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>IO PRODUCTS, INC., OPENAI, INC., OPENAI, LLC, SAM ALTMAN, and SIR JONATHAN PAUL IVE,<br><br>　　　　Defendants. | Case No. 3:25-cv-4861<br><br>**PLAINTIFF IYO, INC.'S OBJECTION TO THE DECLARATION OF MEHRA MASSOUDI IN CONNECTION WITH COURT'S MINUTE ENTRY OF JUNE 17, 2025**<br><br>Case Assigned to Hon. Trina L. Thompson<br>Courtroom 9<br><br>Complaint Filed: June 9, 2025<br>Trial:　　　　None Set |

MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.
ATTORNEYS AT LAW

PLAINTIFF IYO, INC.'S OBJECTION TO THE DECLARATION OF MEHRA MASSOUDI
IN CONNECTION WITH COURT'S MINUTE ENTRY OF JUNE 17, 2025

Plaintiff IYO, Inc. ("Plaintiff" or "IYO") respectfully files this Objection to the Declaration of Mehra Massoudi in Connection with the Court's Minute Entry of June 17, 2025 (ECF No. 46-1, "Massoudi Declaration") filed by Defendants IO Products, Inc., OpenAI, Inc., OpenAI, LLC and Sam Altman (collectively, "Defendants").

As the Court is aware, Plaintiff's position in its papers and as expressed at the argument on June 17, 2025 is that, in the event a temporary restraining order and/or preliminary injunction issues, no bond is warranted. (*See, e.g.,* Transcript of Motion Hearing Held on June 17, 2025 (ECF No. 41) at 24:12–25:14.)

Upon further questioning by the Court at argument, Plaintiff's counsel indicated that "maybe" the cost of producing the video could be considered in fixing a potential bond amount, expressly stating that Plaintiff had not been provided with any evidence regarding that cost. (*Id.*, at 25:17–25:23.)

Defendants requested, and were granted, permission to file under seal evidence of that cost. However, they did not do so.

Specifically, Plaintiff objects to portions of the Massoudi Declaration as follows:

**Paragraph 2:**  Hearsay.  Rather than document the alleged cost, Defendants filed under seal an unsubstantiated declaration by one of their employees purporting to state the claimed cost of producing the May 21, 2025 video, allegedly based on purchase orders and invoices.  However, no such documentation was provided, nor any other evidentiary support for the total cost claimed.  The reference to non-disclosure agreements is unavailing given that permission was granted to file under seal.  Instead, Defendants utterly fail to back-up the extravagant costs claimed.

Further, given that the video was released to the public over four weeks ago, if Plaintiff's motion for a temporary restraining order and preliminary injunction is granted, Defendants have already received the vast majority of the benefits of the video's release.  Attached hereto as **Exhibit A** is a media report indicating that the vast majority of the media references to the OpenAI/IO merger occurred in the days immediately following the May 21 release and have significantly trended downward ever since.

MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.
ATTORNEYS AT LAW

- 2 -

PLAINTIFF IYO, INC.'S OBJECTION TO THE DECLARATION OF MEHRA MASSOUDI IN CONNECTION WITH COURT'S MINUTE ENTRY OF JUNE 17, 2025

1  Since Defendants already obtained significant value from the release of the announcement and video, that value will not constitute a loss occasioned by an injunction or restraining order. *Gorbach v. Reno*, 219 F.3d 1087, 1092 (9th Cir. 2000) (the purpose of an injunction bond is to cover the costs or damages suffered by the defendant "arising from a wrongful injunction"); *Wash. Capitols Basketball Club, Inc. v. Barry*, 304 F. Supp. 1193, 1203 (N.D. Cal. 1969), *aff'd,* 419 F.2d 472 (9th Cir. 1969) ("The main purpose of the injunction bond is to safeguard defendants from costs and damages incurred *as the result of* a preliminary injunction improvidently issued.") (emphasis added).  Any potential loss resulting from an injunction or restraining order would thus be limited to whatever *remaining* value the video might provide to Defendants. However, Defendants provided no evidence in that regard.

Accordingly, it is respectfully submitted that the Court take no aspect of the cost of the video into account in fixing a bond amount given that (i) Defendants failed to provide proper documentation of the video's cost and (ii) Defendants failed to prove the remaining residual value of the video.  To the extent the Court is inclined to take the video's cost into account on the bond, it is respectfully submitted such amount should be limited to a *de minimis* amount not to exceed 10% of the properly substantiated costs.

Dated:  June 20, 2025

Respectfully submitted,

MINTZ LEVIN COHN FERRIS
GLOVSKY AND POPEO, P.C.

By: */s/ Andrew D. Skale*
Andrew D. Skale (211096)
Laura Franco (186765)
Anthony J. Viola (*pro hac vice*)
Kara M. Cormier (*pro hac vice*)

LWD ADVISORS, INC.
Jeff Hyman (171896)

Attorneys for Plaintiff IYO, Inc.

530564259v.1