MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C.
Andrew D. Skale (211096)
ADSkale@mintz.com
Laura Franco (186765)
LFranco@mintz.com
Valerie Phan (306503)
VPhan@mintz.com
Anthony J. Viola (*pro hac vice*)
AJViola@mintz.com
Kara M. Cormier (*pro hac vice*)
KMCormier@mintz.com
44 Montgomery Street, 36th Floor
San Francisco, CA 94104
Telephone: 415.432.6000

LWD ADVISORS, INC.
Jeff Hyman (171896)
jeff@lwdadvisors.com
700 El Camino Real Suite 120 #1310
Menlo Park CA 94025
Telephone: 650.219.4229

*Attorneys for Plaintiff*
*IYO, INC.*

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Margret M. Caruso (Bar No. 243473)
margretcaruso@quinnemanuel.com
Sara L. Pollock (SBN 281076)
sarapollock@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone:   (650) 801-5000
Facsimile:   (650) 801-5100

*Attorneys for Defendants io Products, Inc., OpenAI, Inc., OpenAI, LLC, and Sam Altman*

JONES DAY
David Kiernan (Bar No. 215335)
dkiernan@jonesday.com
555 California Street 26th Floor
San Francisco, California 94104
Telephone:   (415) 875-5745

Meredith Wilkes (admitted *pro hac vice*)
mwilkes@jonesday.com
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone     (216) 586-7231

*Attorneys for Defendant Sir Jonathan Paul Ive*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IYO, INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>IO PRODUCTS, INC., OPENAI, INC., OPENAI, LLC, SAM ALTMAN, and SIR JONATHAN PAUL IVE,<br><br>　　　　Defendants. | Case No. 3:25-cv-4861-TLT<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Case Assigned to Hon. Trina L. Thompson Courtroom 9<br><br>Date:　　　July 17, 2025<br>Time:　　　2:00 p.m.<br>Location:　By Videoconference Only<br><br>Complaint Filed: June 9, 2025<br>Trial:　　　January 10, 2028 |

Pursuant to the Court's July 7, 2025 Order ( ECF 61), Civil Local Rule 16-9, and the Standing Order for All Judges of the Northern District of California, Plaintiff IYO, INC. ("Plaintiff") and Defendants io Products, Inc., OpenAI, Inc., OpenAI, LLC, Sam Altman, and Sir Jonathan Paul Ive (collectively, "Defendants") respectfully submit this Joint Case Management Statement for the upcoming July 17, 2025 Case Management Conference.

1. **Jurisdiction and Service:**

**Plaintiff's statement:** This Court has original jurisdiction over Plaintiff's federal claims pursuant to Section 39(a) of the Lanham Act, 15 U.S.C. § 1121(a), and Sections 1331 and 1338(a) of the Judicial Code, 28 U.S.C. §§ 1331 and 1338(a). This Court has supplemental jurisdiction over Plaintiff's claims arising under the laws of the State of California pursuant to 28 U.S.C. §§ 1338(b) and 1367. There are no issues regarding personal jurisdiction, venue, or service.  All defendants authorized their attorneys of record to accept service of the Summons and Complaint (ECF 1, 16). *See* ECF 52. Plaintiff disagrees with Defendants' position below on subject matter jurisdiction.

**Defendants' statement:** Defendants dispute that this Court has subject matter jurisdiction over Plaintiff's claims.  The dispute alleged in Plaintiff's complaint is hypothetical and thus insufficiently ripe to confer Article III jurisdiction. *See Twitter, Inc. v. Paxton*, 56 F. 4th 1170, 1173 (9th Cir. 2022).  The law is clear that an infringement claim is unripe where "the complaint does not allege 'actual or imminent infringement.'"  *Name.Space, Inc. v. Internet Corp. for Assigned Names & Numbers*, 795 F.3d 1124, 1133 (9th Cir. 2015) (quoting *Swedlow, Inc. v. Rohm & Haas Co.*, 455 F.2d 884 (9th Cir. 1972) (per curiam).

2. **Facts.**

**Plaintiff's statement:** Based on the allegations in the Verified Complaint (ECF 1), Plaintiff alleges that Defendants willfully infringed its registered and common law trademark rights. Plaintiff seeks injunctive relief, disgorgement, restitution, monetary damages, statutory damages, treble damages, punitive damages, interest, costs, reasonable attorney's fees, and related relief. Plaintiff disagrees with Defendants' purported statement of facts.

**Defendants' statement:** Plaintiff's lawsuit is a last-ditch effort by a flailing company to reach into the pockets of Defendants.  Before filing suit, Plaintiff sought investment from certain

Defendants and ultimately proposed that they acquire Plaintiff. After those Defendants declined Plaintiff's repeated propositions for money in part because Plaintiff's product failed during demonstrations, Plaintiff filed this suit, claiming that Defendants' use of the "io" name infringed on Plaintiff's "iyO" mark, despite the fact that Plaintiff had known of Defendants' use of "io" since March 4, 2025 and done nothing. As set forth in their TRO papers, Defendants have not announced, let alone released, a product, and any product announcement is at least one year away, i.e., *over* a year away. There is thus no evidence from which consumer confusion could be found likely. Plaintiff's threadbare allegations fail to state a claim, let alone a claim of willful trademark infringement.

**3.      Legal Issues.**

The parties identify the following disputed points of law based on the current pleadings:

- Whether the Court has subject matter jurisdiction over the dispute;
- Whether Plaintiff is entitled to a preliminary injunction enjoining Defendants from using the IYO mark, and any mark confusingly similar thereto (which Plaintiff contends includes the "io" name), in connection with the marketing or sale of related products;
- Whether Defendants violated Section 32 of the Lanham Act, 15 U.S.C. § 1114;
- Whether Plaintiff is entitled to attorneys' fees under 15 U.S.C. § 1117;
- Whether Defendants violated Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A);
- Whether Defendants violated the Unfair Competition Law ("UCL"), Cal. Bus & Prof. Code § 17200 *et seq.*;
- Whether Defendants violated California's common law of false designation of origin and unfair competition;
- Whether Defendants' conduct contributed to infringement of Plaintiff's trademark rights;
- Whether Defendants' conduct induces infringement of Plaintiff's trademark rights;
- Whether Plaintiff is entitled to punitive and/or treble damages;

- Whether Plaintiff is entitled to a permanent injunction enjoining Defendants from using the IYO mark, and any mark confusingly similar thereto (which Plaintiff contends includes the "io" name), in connection with the marketing or sale of related products; and

- Whether any party is entitled to attorneys' fees.

**4.     Motions.**

On June 20, 2024, the Court granted Plaintiff's motion for a temporary restraining order, set a briefing schedule for Plaintiff's motion for preliminary injunction, and scheduled a hearing on Plaintiff's motion for preliminary injunction on October 7, 2025. *See* ECF 51.

On June 26, 2025, Defendants filed a notice of appeal of the Court's TRO Order. In connection with that appeal, and subject to Court approval, the parties have agreed to stay the action for all purposes pending the Ninth Circuit Court of Appeals issuing a decision on the Appeal and that "[a]ll deadlines set in the Temporary Restraining Order shall be vacated, except that the hearing on IYO's motion for preliminary injunction shall be reset to March 17, 2026, or the soonest available date thereafter." ECF 55. The parties further agreed that "one week of the Ninth Circuit Court of Appeals issuing a decision on the Appeal, the Parties shall meet and confer regarding a proposed briefing and hearing schedule for any motion for preliminary injunction" and that "[i]f the Ninth Circuit Court of Appeals has not issued its decision by November 17, 2025, the Parties shall meet and confer in good faith about how this action should proceed in light of developments to date in the Appeal, including the hearing date." *Id*.

**Plaintiff's Statement**: In light of the Court's Order regarding the above stipulation, stating that "[t]he Parties are ORDERED to refile joint case management with a proposed schedule that incorporates the stay" (ECF 62), Plaintiff proposes the following briefing schedule in connection with the PI motion:

January 13, 2026: PI Opening brief

February 3, 2026: PI Opposition brief

February 17, 2026: PI Reply brief

March 17, 2026: PI Hearing

**Defendants' Statement**: Defendants disagree with Plaintiff's proposed briefing schedule, which is not consistent with the parties' stipulation. Instead, the parties expressly agreed that they would meet and confer regarding the briefing and hearing schedule once the Ninth Circuit has issued its decision on the Appeal. Dkt. 55 at 3. The March 17th hearing date was merely intended as a backstop in the event that the Ninth Circuit has not ruled by November 17th. Defendants reserve the right to seek a hearing on Plaintiff's motion for preliminary injunction earlier than March 17, 2026 depending on the timing of the Ninth Circuit's decision, as contemplated by the parties' stipulation.

Defendants may file dispositive motions following resolution of the Ninth Circuit appeal and/or lifting of the stay.

**5.  Amendment of Pleadings.**

As additional relevant facts are discovered, Plaintiff may seek leave to amend its Complaint consistent with Fed. R. Civ. P. 15. Defendants have not yet filed any pleadings. If they need to amend pleadings, other than as of right, they may seek leave to amend consistent with Fed. R. Civ. P. 15.

**6.  Evidence Preservation.**

The parties have taken reasonable and proportionate steps to preserve evidence relevant to issues reasonably evident in this action. The parties have also reviewed the Guidelines Relating to the Discovery of Electronically Stored Information.

**7.  Disclosures.**

Subject to Court approval, the parties have agreed to stay discovery until the Ninth Circuit issues a decision on Defendants' appeal of this Court's order granting Plaintiff's request for a temporary restraining order (ECF 51). Should the appeal remain pending as of November 17, 2025, the parties will meet and confer regarding an appropriate schedule for initial disclosures at that time.

**8.  Discovery.**

No formal discovery has been taken to date. The parties anticipate entering into a stipulated e-discovery order. Subject to Court approval, the parties have agreed to stay all proceedings,

including discovery, until the Ninth Circuit's decision on Defendants' appeal of the order granting a temporary restraining order (ECF 51) or until November 17, 2025, whichever is earlier.

**Plaintiff's Statement**: Plaintiff anticipates pursuing fact discovery regarding Plaintiff's claims, Defendants' defenses, Defendants' knowledge of Plaintiff and its IYO trademark, the circumstances surrounding the formation of io Products, Inc., the creation and distribution of the video announcing "io," interactions between the parties, evidence relating to the likelihood of confusion analysis, financial information, damages, the family of products Defendants intend to sell under the io mark, and all other topics that may be relevant to any claim or defense as may evolve in discovery. In addition, Plaintiff requests permission to pursue limited-purpose written discovery in conjunction with its preliminary injunction motion.

**Defendants' Statement**: Defendants believe that, before the hearing on Plaintiff's anticipated motion for preliminary injunction, discovery should be limited. Plaintiff sought a TRO and preliminary injunction with no request for discovery and no request for an evidentiary hearing. Once the discovery stay is lifted (either when the Ninth Circuit issues an opinion on Defendants' appeal or November 17, 2025), Defendants should be permitted to pursue limited-purpose written discovery to oppose the preliminary injunction motion.

If this case is not dismissed pursuant to either Rule 12(b)(1) or 12(b)(6), following a decision on Plaintiff's anticipated preliminary injunction motion, Defendants expect to take discovery on the factual and legal issues identified above and in Plaintiff's verified complaint, including Plaintiff's failure to attract investment, lack of evidence of consumer confusion, and failure to demonstrate any harm as a result of Defendants' alleged conduct.

**9.    Class Actions.**

N/A.

**10.    Related Cases.**

No party is aware of any related cases pending before any other court.

**11.    Relief.**

**Plaintiff's statement**: Plaintiff seeks the following relief: (a) injunctive; (b) compensatory damages; (c) restitution; (d) disgorgement; (e) treble damages; (f) punitive damages; (g) statutory

damages; (h) attorneys' fees and costs; (i) prejudgment interest; and (j) any other relief that the Court deems necessary or proper. The amount of damages is yet to be calculated.

**Defendants' Statement**: Defendants deny that Plaintiff is entitled to the requested relief and will seeks attorneys' fees and costs.

**12.    Settlement and ADR.**

All parties have submitted their ADR certifications indicating that they intend to stipulate to an ADR process. The parties met and conferred and agreed that an Early Settlement Conference with the Magistrate Judge is an appropriate form of ADR here. However, given the pending Ninth Circuit appeal and the agreed-upon stay of this action, the parties propose, subject to Court approval, that the Court's deadline for settlement and ADR be continued to a date that is 60 days after the Court's decision on the preliminary injunction motion.

**13.    Other References.**

The parties do not believe this action is suitable for other references.

**14.    Narrowing of Issues.**

The parties believe that a statement of stipulated facts may narrow the issues in dispute and will work in good faith to try and reach an agreement on such a statement at the appropriate time.

**Plaintiff's Statement**: Plaintiff identifies the following issues as ones that can be potentially narrowed by agreement: (a) the history of the parties' interactions; and (b) one or more of the *Sleekcraft* likelihood of confusion factors.  Since these issues will largely be determined by the facts and expert opinions that will be explored more fully in future discovery, Plaintiff believes the best option for potentially narrowing these issues is to revisit them later on as the case progresses. Plaintiff contests some or all of Defendants' proposed stipulated facts.

**Defendants' Statement:** Defendants propose the parties stipulate to the following facts for purposes of a future hearing on Plaintiff's motion for preliminary injunction:

(i)    Plaintiff did not use the iyO mark in commerce until February 2024;

(ii)    Plaintiff did not use the iyO ONE term in commerce until April 2024;

(iii)    Plaintiff has never engaged in any paid advertising;

(iv)    Plaintiff has not fulfilled any customer order for the iyO ONE;

1    (v)     Defendants have not announced any product named "io";

2    (vi)    Defendants have not advertised any product named "io";

3    (vii)   Defendants have not sold any product bearing an "io" name; and

4    (viii)  Defendants have not disclosed the form factor for any product designed by the company io Products, Inc.

**15.    Scheduling.**

Subject to Court approval, the parties have agreed to stay the action, and all deadlines, through November 17, pending a ruling by the Ninth Circuit on Defendants' appeal of the order granting a TRO (ECF 51). Accordingly, the parties have agreed, and request that the Court vacate the current briefing schedule and hearing for Plaintiff's motion for preliminary injunction (ECF 51 at 21). The parties further request that the Court reset the hearing on the preliminary injunction to March 17, 2026 or as soon thereafter as the Court is available. The parties stipulated that "[w]ithin one week of the Ninth Circuit Court of Appeals issuing a decision on the Appeal, the Parties shall meet and confer regarding a proposed briefing and hearing schedule for any motion for preliminary injunction." Dkt. 55 at 3. The parties had further stipulated that if the Ninth Circuit has not issued a decision by November 17, 2025, the Parties shall meet and confer in good faith about how this action should proceed in light of developments to date in the Appeal, including the hearing date.

**Plaintiff's Statement**: In light of the Court's Order regarding the above stipulation, stating that "[t]he Parties are ORDERED to refile joint case management with a proposed schedule that incorporates the stay" (ECF 62), Plaintiff proposes the following briefing schedule in connection with the PI motion:

January 13, 2026: PI Opening brief

February 3, 2026: PI Opposition brief

February 17, 2026: PI Reply brief

March 17, 2026: PI Hearing

Further, in light of the Court's Order (ECF 62), Plaintiff proposes adjustments to the schedule set forth by the Court (ECF 45), but seeks to maintain the Court's trial date. Those modifications are indicated in the chart below by an asterisk.

**Defendants' Statement:** The parties stipulated that "[w]ithin one week of the Ninth Circuit Court of Appeals issuing a decision on the Appeal, the Parties shall meet and confer regarding a proposed briefing and hearing schedule for any motion for preliminary injunction." Dkt. 55 at 3. If the PI hearing does not occur before March 17, 2026, Defendants agree to the following schedule:

    January 13, 2026: PI Opening brief

    February 3, 2026: PI Opposition brief

    February 17, 2026: PI Reply brief

Defendants respectfully request an earlier trial date and the following proposed schedule.

| Action or Event | Plaintiff's Proposed Date | Defendants' Proposed Date |
|---|---|---|
| Amend Pleadings | 30 days after order on PI issued* | Any amendment should be consistent with FRCP 15 |
| Response to Complaint | December 8, 2025* | 3 weeks following an Order on Plaintiff's Motion for Preliminary Injunction |
| Private Mediation/ADR | 60 days after order on PI issued* | [the parties are in agreement] |
| Expert Designations | November 6, 2026* | Defendants disagree that there should be expert designations separate from Rule 26(f) reports |
| Rebuttal Expert Designations | November 20, 2026* | Defendants disagree that there should be rebuttal expert designations separate from Rule 26(f) reports |
| Fact Discovery Cutoff | November 6, 2026* | 24 weeks following hearing on Plaintiff's Motion for Preliminary Injunction |
| Expert Reports for all issues on which a party bears the burden of proof | January 8, 2027 | 4 weeks following Fact Discovery Cutoff |
| Rebuttal Reports for issues on which a party does not bear the burden of proof | February 12, 2027 | 6 weeks following exchange of Expert Reports |
| Expert Discovery Cutoff | March 26, 2027* | 4 weeks following exchange of Rebuttal Reports |
| Dispositive and Daubert Motions (file) | May 28, 2027* | 6 weeks following Expert Discovery Cutoff |

| Action or Event | Plaintiff's Proposed Date | Defendants' Proposed Date |
|---|---|---|
| Final Pretrial Conference | December 2, 2027 | December 2, 2026 (or an earlier date should the Court's schedule allow) |
| Trial | January 10, 2028 | January 2027 or an earlier date should the Court's schedule allow (currently set for January 10, 2028) |

### 16. Trial.

Plaintiff has demanded a trial by jury. The parties believe trial will take no more than 7 court days.

### 17. Disclosure of Non-party Interested Entities or Persons.

The parties filed Certifications of Interested Entities or Persons pursuant to Civil Local Rule 3-15. Nothing has changed since those filings.

### 18. Professional Conduct.

All attorneys of record have reviewed the Guidelines for Profession Conduct for the Northern District of California.

### 19. Other Matters.

Pursuant to Fed. R. Civ. P. 5(b)(2)(E), the parties consent to electronic service of documents, including discovery materials and correspondence, that are not filed with the Court, and that electronic service be treated as hand service.

Dated: July 10, 2025

MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C.

By: */s/ Andrew D. Skale*

Andrew D. Skale (211096)
Laura Franco (186765)
Valerie Phan (306503)
Anthony J. Viola (*pro hac vice*)
Kara M. Cormier (*pro hac vice*)

LWD ADVISORS, INC.
Jeff Hyman (171896)

Attorneys for Plaintiff
IYO, INC.

Dated: July 10, 2025

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: */s/ Margret M. Caruso*

Margret M. Caruso
Sara L. Pollock

Attorneys for Defendants
io Products, Inc., OpenAI, Inc., OpenAI, LLC and Sam Altman

Dated: July 10, 2025

JONES DAY

By: */s/ David C. Kiernan*

David C. Kiernan
Meredith M. Wilkes

Attorneys for Defendant
Sir Jonathan Paul Ive

**CIVIL L.R. 5-1(i)(3) ATTESTATION**

Pursuant to Civil Local Rule 5-1(i)(3), I hereby certify that the content of this document is acceptable to Andrew D. Skale, attorney for Plaintiff, and that I obtained Andrew D. Skale and David C. Kiernan's authorization to file this document, indicated by a /s/ in lieu of signature(s) on this document.

/s/ Margret M. Caruso
Margret M. Caruso

- 11 -
JOINT CASE MANAGEMENT STATEMENT
(Case No. 3:25-cv-04861-TLT)