UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IYO, INC., <br>         Plaintiff, <br>   v. <br> IO PRODUCTS, INC., et al., <br>         Defendants. | Case No. 25-cv-04861-TLT <br><br> **ORDER DENYING PLAINTIFF'S MOTION TO HOLD DEFENDANTS IN CONTEMPT AND IMPOSE SANCTIONS** <br><br> Re: Dkt. No. 67 |

This trademark dispute concerns whether use of the mark "IO" causes confusion, mistake, and/or deception with Plaintiff IYO, Inc. ("Plaintiff")'s registered mark "IYO." ECF 1, ¶¶ 129–30. To maintain the status quo pending this dispute, the Court issued a narrow order temporarily restraining Defendants IO Products, Inc., Open AI Inc., OpenAI LLC, Sam Altman, and Sir Jonathan Paul Ive (collectively, "Defendants") from using the disputed mark only in certain circumstances. Plaintiff now alleges that Defendants' actions fall within the narrow scope of activity prohibited by the Court.

Before the Court is Plaintiff's motion for an order holding Defendants in civil contempt for their alleged violation of the Court's temporary restraining order ("TRO"), ECF 51. ECF 67. Plaintiff also moves for an order directing Defendants to remove material(s) which violate the TRO, and for the Court to issue monetary sanctions. *Id.*

Having considered the parties' briefs, the relevant legal authority, oral argument, and for the reasons below, the Court **DENIES** Plaintiff's motion to hold Defendants in civil contempt and impose sanctions.

I.    BACKGROUND

    A. Facts

The parties in this action dispute whether use of the mark "IO" causes confusion, mistake,

and/or deception with Plaintiff's registered mark "IYO."  *See* ECF 1, ¶¶ 129–30.  The Court has set out the factual background of this case in its prior TRO Order.  ECF 51.  The Court assumes the parties' familiarity with the case's factual background and only cites such background to the extent it is necessary for this Order.

On May 21, 2025, Defendants announced the merger between Defendants OpenAI and IO Products, Inc., and a plan to develop new products under the IO brand (hereinafter, "May 21, 2025 announcement").  *See* Declaration of Andrew D. Skale ("Skale Decl."), Ex. A (Defendants' announcement webpage, dated May 21, 2025).  The May 21, 2025 announcement included an explanation of the merger and new IO brand, and a video of Defendants discussing the project.  Skale Decl., Ex. A.

On June 9, 2025, Plaintiff brought multiple claims against Defendants and filed a motion for a TRO based on Plaintiff's trademark infringement claim.  ECF 1, 6.  Plaintiff sought to broadly enjoin Defendants from using Plaintiff's IYO mark and any mark confusingly similar thereto, without limitation.  ECF 6.  The Court declined to enjoin a broad range of conduct and instead issued a narrow TRO on June 20, 2025.  ECF 51.

The June 20, 2025 TRO temporarily restrained Defendants "[f]rom using the IYO mark, and any mark confusingly similar thereto, including the IO mark in connection with the marketing or sale of related products."  ECF 51.

Following the Court's TRO, Defendants removed the May 21, 2025 announcement from their webpage.  Skale Decl., ¶ 3; *id.*, Ex. B (Defendants' website following the removal of the May 21, 2025 announcement).  Because Defendants' website later displayed an error message stating, "[t]his page is temporarily down due to a court order following a trademark complaint from IYO about our use of the name 'io.'" *id.*, Plaintiff argues that Defendants conceded that the original announcement on May 21, 2025, violated the TRO.  ECF 67 at 3.

On July 9, 2025, Defendants posted again on their website (hereinafter, "July 9, 2025 post").  ECF 79-1, Declaration of Hannah Wong ("Wong Decl."), ¶ 7.  The July 9, 2025 post is titled, "A letter from Sam & Jony," and has two subheadings.  Skale Decl., Ex. C.  The first subheading is, "Update July 9, 2025."  *Id.*  This section of text announces that the "io Products,

Inc. team has officially merged with OpenAI." *Id.* The second subheading is, "May 21, 2025." *Id.* This section of text contains a revised version the May 21, 2025 announcement text. *See* Skale Decl., Ex. D. The July 9, 2025 post does not include a video. Skale Decl., Ex. C.

Plaintiff argues that the July 9, 2025 post violates the TRO because it contains content similar to the May 21, 2025 announcement. ECF 67. Defendants argue that the July 9, 2025 post only announces Defendants' merger and contained revised text "to ensure that no reference to 'io' could be misinterpreted as the name of a product." ECF 79 at 5 (quoting Wong Decl., ¶ 7). The July 9, 2025 post is the subject of Plaintiff's motion. ECF 67.

### B. Procedural History

On June 9, 2025, Plaintiff filed a complaint against Defendants alleging: (1) trademark infringement under 15 U.S.C. § 1114, (2) false design and unfair competition under 15 U.S.C. § 1125(a), (3) violation California Unfair Competition Law ("UCL"), (4) common law false designation of origin and unfair competition, (5) contributory infringement, and (6) inducement of infringement. ECF 1, ¶¶ 128–76.

On June 9, 2025, Plaintiff also filed a motion for a TRO based on its trademark infringement claim. ECF 6. On June 12, 2025, Defendants timely filed an opposition. ECF. On June 15, 2025, Plaintiff filed a reply. ECF 35. On June 16, 2025, Defendants filed objections to Plaintiff's reply evidence. Oral argument was on June 17, 2025. ECF 41.

On June 20, 2025, the Court issued a TRO. ECF 51. The TRO temporarily restrained Defendants "[f]rom using the IYO mark, and any mark confusingly similar thereto, including the IO mark in connection with the marketing or sale of related products." *Id.* at 21. The TRO restrained Defendants until an order on motion for a preliminary injunction. *Id.* The TRO also set a briefing schedule for Plaintiff's motion for a preliminary injunction and set a hearing on October 7, 2025. *Id.* "Failure to timely file a motion for preliminary injunction will result in immediate lift of the TRO." *Id.*

On June 26, 2025, Defendants appealed the TRO to the Court of Appeals for the Ninth Circuit. ECF 53. Oral argument is scheduled for Friday, November 21, 2025. *See IYO, Inc. v. IO Products, Inc., et al.*, No. 25-04028.

On July 3, 2025, the parties stipulated "for purposes of judicial economy and to avoid concurrent proceedings," to stay this action while Defendants' appeal is pending at the Ninth Circuit. ECF 55. In the stipulation, the parties requested to continue the hearing on Plaintiff's motion for a preliminary injunction to March 17, 2026. *Id.* at 3.

On July 7, 2025, the Court denied the parties' stipulation to stay proceedings. ECF 62.

On July 17, 2025, the Court issued a tentative case management and scheduling order, setting a hearing on Plaintiff's motion for a preliminary injunction on January 27, 2026, and a hearing on Defendants' motion to dismiss on the same date. ECF 74. On July 23, 2025, the parties submitted a joint request to set the preliminary injunction hearing on April 14, 2026, instead of January 27, 2026. ECF 77 at 1–2. The Court adopted the parties' request and set the preliminary injunction hearing on April 14, 2026. ECF 78.

On July 11, 2025, Plaintiff moved for an order to show cause (1) why the Court should not hold Defendants in contempt of Court for violating the temporary restraining order ("TRO") issued on June 20, 2025, (2) directing Defendants to remove materials which may violate the TRO, and (3) imposing monetary sanctions against Defendants. ECF 67. Plaintiff also requested the opportunity to brief the amount of its fees and costs following the hearing on its motion. *Id.* Defendants filed an opposition on July 25, 2025. ECF 79. Plaintiff filed a reply on July 30, 2025. ECF 80. The Court heard oral argument on September 9, 2025.

**II.     LEGAL STANDARD**

Civil contempt "consists of a party's disobedience to a specific and definite court order by failure to take all reasonable steps within the party's power to comply." *Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1130 (9th Cir. 2006) (citing *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993)). "[T]he Court may grant a motion for an order of contempt if it finds that Defendants (1) violated a court order, (2) beyond substantial compliance, (3) not based on a good faith and reasonable interpretation of the order, (4) by clear and convincing evidence." *Jones v. Nat'l R.R. Passenger Corp.*, No. 15-cv-02726, 2025 WL 416158, at *1 (N.D. Cal. Feb. 6, 2025) (citing *In re Dual-Deck*, 10 F.3d at 695). "The moving party must also demonstrate that noncompliance was more than 'a few technical violations.'"

4

1  *Valjakka v. Netflix Inc.*, No. 22-cv-01490, 2025 WL 2263684, at *2 (N.D. Cal. July 10, 2025). In

2  applying the clear and convincing evidence standard, the Ninth Circuit has held that "[f]ew

3  persons are in a better position to understand the meaning of a consent decree than the district

4  judge who oversaw and approved it." *Vertex Distrib., Inc. v. Falcon Foam Plastics, Inc.,* 689 F.2d

5  885, 893 (9th Cir. 1982).

6      If a party is in found to be in contempt of the Court's TRO, the Court has discretion to

7  decide whether to impose sanctions. *See General Signal Corp. v. Donallco, Inc.,* 787 F.2d 1376,

8  1379 (9th Cir.1986). The purpose of imposing civil contempt sanctions is to coerce compliance or

9  compensate for non-compliance; civil contempt is not punitive. *Koninklijke Philips Elecs. N.V. v.*

10  *KXD Tech., Inc.*, 539 F.3d 1039, 1042 (9th Cir. 2008).

11  **III.     DISCUSSION**

12      Plaintiff argues that Defendants' reposting of Defendants' May 21, 2025 announcement on

13  July 9, 2025 violated the Court's TRO. ECF 67 at 6. Plaintiff argues that the July 9, 2025 post

14  has the same effect as the May 21, 2025 announcement. *Id.* Plaintiff thus argues that the Court

15  should (A) hold Defendants in contempt and (B) impose sanctions. ECF 67.

16          **A.  Plaintiff Fails to Show Contempt by Clear and Convincing Evidence**

17      To justify holding Defendants in civil contempt, Plaintiff must show that Defendants

18  violated the TRO, beyond substantial compliance, that the violation was not based on a good faith

19  and reasonable interpretation of the order, and by clear and convincing evidence. *In re Dual-*

20  *Deck*, 10 F.3d at 695.

21      Plaintiff argues that it has shown by clear and convincing evidence that (i) Defendants'

22  July 9, 2025 post violated the Court's TRO; (ii) the violation was more than just a "technical"

23  violation; and (iii) Defendants' alleged violation was not based on a good faith and reasonable

24  interpretation of the TRO. ECF 67 at 6–7; ECF 80 at 2–6.

25          **i.  Defendants Did Not Violate the Court's Narrow Temporary Restraining Order**

26

27  Plaintiff argues that Defendants' July 9, 2025 post violates the Court's TRO because (1)

28  the July 9, 2025 post contains similar content to Defendants' May 21, 2025 announcement; and (2)

1  / / /

2  the July 9, 2025 post announces an upcoming IO product line in violation of the TRO.  ECF 67 at

3  6–7; ECF 80 at 2–5.

### 1. The Court's TRO Maintained the Status Quo and Did Not Find that Defendants' May 21, 2025 Announcement Constituted Infringement

Plaintiff argues that Defendants' violation of the TRO is clear and convincing because the Court's TRO enjoined the content contained in Defendants' May 21, 2025 announcement, and the July 9, 2025 post contains the same content as the May 21, 2025 announcement.  ECF 67 at 6; ECF 80 at 2–4.  Defendants argue that the TRO focused on future infringement and did not enjoin the content in the May 21, 2025 announcement.  ECF 79 at 6–8.

"Civil contempt in this context consists of a party's disobedience to a *specific and definite* court order." *In re Dual-Deck*, 10 F.3d at 695 (emphasis added).  The Court first addresses the "plain language" of the TRO that Plaintiff seeks to enforce.  *See Halo Elecs., Inc., v. XFMRS, Inc.*, No. 7-cv-06222, 2012 WL 1604858, at *4 (N.D. Cal. May 7, 2012) (starting with "the language of the order").

Here, the plain language of the TRO, which was issued on June 20, 2025, discussed the fact that "Defendants have not yet released a product with the disputed mark" and "temporarily restrained" Defendants "[f]rom using the IYO mark, and any mark confusingly similarly thereto, including the IO mark in connection with the marketing or sale of related products."  ECF 51 at 8, 20–21.  The TRO neither directed Defendants to remove the May 21, 2025 announcement nor held that the May 21, 2025 announcement constituted infringement.  *See id.* at 21.  Plaintiff's interpretation of the TRO as encompassing the May 21, 2025 announcement misinterprets the "specific and definite" TRO issued by the Court.

Whether Defendants' subsequent removal of the May 21, 2025 announcement from their website constitutes a concession that the TRO enjoined the content in that post, or whether the announcement was removed "in an abundance of caution," is inapposite and does not change the plain language of the TRO.  *See* ECF 67 at 3; ECF 79 at 1–2.  Plaintiff does not provide any binding or persuasive authority supporting the suggestion that the actions of the restrained party

6

1    *after* issuance of a TRO can have the effect of defining or even expanding the scope of the TRO.

2    The scope of the TRO is defined by the language of the TRO itself—not the parties' actions. *Cf*

3    *Vertex Distrib.,* 689 F.2d at 893 (holding consent judgment does not "explicitly" state the terms

4    plaintiff argues for; "[h]ad [plaintiff] wished such a limitation, it should have negotiated for it and

5    included that prohibition in the language… we do not wish to rewrite [the consent judgment] by

6    holding").

7    Accordingly, Plaintiff's arguments regarding Defendants' May 21, 2025 announcement,

8    which preceded the TRO, do not provide clear and convincing evidence that Defendants' July 9,

9    2025 post violated the TRO.

### 2. Defendants' July 9, 2025 Post Does Not Announce an Upcoming Product Line or Use the Disputed Mark in Connection with the Marketing or Sale of Related Products

12   Plaintiff argues that two features of the July 9, 2025 post demonstrate a violation of the

13   TRO by clear and convincing evidence: use of the disputed mark, and the general function of the

14   announcement as "marketing material" for an upcoming product line. ECF 67 at 6–8; ECF 80 at

15   2–6. Defendants argue that the announcement does not violate the TRO because each reference to

16   the disputed mark can be reasonably interpreted as a company name, not a product, and the

17   announcement does not market any products. ECF 79 at 8–10.

18   Clear and convincing evidence requires more than just a showing that Defendants' actions

19   were "questionable." *See Halo Elecs.*, 2012 WL 1604858, at *4 (holding no contempt when

20   alleged contemnor's conduct was "questionable" but moving party failed to meet clear and

21   convincing standard); *Faizi v. Temori*, No. 22-cv-04224, 2023 WL 7563805, at *2 (N.D. Cal. Nov.

22   13, 2023) (finding no "clear and convincing evidence" of contempt where moving party "fails to

23   identify in sufficient detail matters that would inform the [c]ourt's determination of" the alleged

24   violation). A clear and convincing finding of contempt is reserved for when there is "no question"

25   that a party violated the Court's order. *See, e.g.*, *Calvillo Manriquez v. Devos*, 411 F. Supp. 3d

26   535, 540 (N.D. Cal) (finding contempt where evidence showed defendants sending payment due

27   notices to borrowers in violation of order enjoining debt collection).

28   Here, although the parties concede that the disputed mark appears four times in the July 9,

7

1  2025 post, the Court's TRO was limited to use of the disputed mark "*in connection with the*
2  *marketing or sale of related products*." ECF 51 at 21 (emphasis added). Plaintiff fails to provide
3  clear and convincing evidence that the July 9, 2025 post was made in connection with the
4  marketing or sale of related products. *See* ECF 67 at 7 ("There is no good faith interpretation of
5  the TRO that permits Defendants to continue marketing competing products under the 'io
6  Products, Inc.' company name *or to continue referencing the IO brand*.") (emphasis added); ECF
7  80 at 1 (referring to IO as a "banned brand"). The record demonstrates that the July 9, 2025 post
8  was made in the context of launching Defendants' brand and announcing the merger between
9  OpenAI and IO Products, Inc. *See* Skale Decl., Ex. C. Defendants' general use of the company
10 name, unrelated to marketing or sale of related products, is not clear and convincing evidence of
11 contempt. *Cf Vertex Distrib.*, 689 F.2d at 889 (affirming no contempt where party failed to show
12 clear and convincing evidence of consent judgment interpretation that prohibited the disputed
13 conduct). Indeed, the Court explicitly declined to issue an order barring all uses of the disputed
14 mark "without limitation." ECF 51 at 21; *see* ECF 6-1 at 2; ECF 6-2 at 25. During oral argument
15 and in Plaintiff's answering brief filed in the Ninth Circuit, Plaintiff conceded that the TRO is
16 "narrowly tailored" in this way. *See* Appellee IYO, Inc.'s Answering Brief at 2, *IYO, Inc. v. IO
17 Products, Inc., et al.*, No. 25-04028 (9th Cir. Aug. 14, 2025).
18     Moreover, during oral argument, Plaintiff failed to identify a product being marketed "in
19 connection with" the four uses of the disputed mark. The only evidence Plaintiff offered was the
20 announcement's reference to "products that inspire," *see* Skale Decl., Ex. C., and Plaintiff cited
21 the following language as evidence of "marketing content",

> We gathered together the best hardware and software engineers, the best technologists, physicists, scientists, researchers and experts in product development and manufacturing… The new team, focused on developing products that inspire, empower and enable, will now merge with OpenAI to work more intimately with the research, engineering and product teams in San Francisco.

26 Skale Decl., Ex. C. Plaintiff fails to connect these general statements to the marketing or sale of
27 related products. Plaintiff does not explain how Defendants' general marketing about Defendants'
28 brand constituted the marketing or sale of a specific product. Nor does Plaintiff provide binding

8

or persuasive authorities that support such a broad interpretation of what "marketing… products" entails. ECF 67 at 2.

Accordingly, the Court finds that the July 9, 2025 post's general use of the disputed mark does not provide clear and convincing evidence that Defendants violated the Court's narrow TRO, which temporarily restrained Defendants from using the disputed mark "in connection with the marketing or sale of related products." *Faizi*, 2023 WL 7563805, at *2 (finding no clear and convincing evidence of contempt where motion only "recites, at a very high level," defendant's conduct and "fails to identify sufficient detail").

        **ii.    The Court Need Not Consider Whether Defendants Substantially Complied or Whether Defendants' Actions Were Based on a Good Faith and Reasonable Interpretation of the TRO.**

Plaintiff argues that Defendants (1) did not substantially comply with the TRO because Defendants' violations were more than "technical," and (2) Defendants' violations were not based on a good faith and reasonable interpretation of the Court's TRO. ECF 67 at 6–7; ECF 80 at 2–6. Defendants argue that if the Court finds that Defendants violated the TRO, revisions made to the July 9, 2025 post demonstrate that Defendants "substantial[lly] compli[ed]" and their actions were based on a good faith interpretation of the Court's TRO. ECF 79 at 8–10.

Generally, if a violation of the Court's TRO is shown by clear and convincing evidence, Defendants may raise "substantial compliance" as a valid defense or show that the alleged violation was "based on a good faith and reasonable interpretation" of the TRO. *In re Dual-Deck*, 10 F.3d at 695 (citing *Vertex Distrib.*, 689 F.2d at 889; *Reno Air Racing Ass'n*, 452 F.3d at 1130 ("[A] person should not be held in contempt if his action 'appears to be based on a good faith and reasonable interpretation of the court's order.'"). "Substantial compliance" with the TRO is not defeated by "a few technical violations" where every reasonable effort has been made to comply. *In re Dual-Deck*, 10 F.3d at 695.

Here, because Plaintiff has not met its burden to show by clear and convincing evidence that Defendants violated the narrow scope of the TRO, the Court need not examine whether Defendants have a valid defense as to their noncompliance. *Jones*, 2025 WL 416158, at *1 (holding "substantial compliance" defense only considered "[o]nce the moving party has met its

9

burden" to show a violation of the order).

However, the differences between the May 21, 2025 announcement and the July 9, 2025 post appear to be more than "cosmetic revisions" and they support a finding of substantial compliance with the TRO, not a finding of contempt. *Halo Elecs.*, 2012 WL 1604858, at *4 (holding "harmless technical violations" not enough to prove contempt by clear and convincing evidence). Defendants titled the July 9, 2025 post, "A letter from Sam & Jony," Skale Decl., Ex. C, when compared to the May 21, 2025 announcement's title of "Sam & Jony introduce io," on May 21, 2025, *id.*, Ex. A. Defendants also removed a line of text from the May 21, 2025 announcement that referenced their "ambitions to develop, engineer and manufacture a new family of products." *Id.*, Ex. D. Finally, the July 9, 2025 post does not include Defendants' video from the May 21, 2025 announcement. Skale Decl., Ex. C. Although the video in the May 21, 2025 announcement described Defendants' plan to create products that "allow users to interact with their smartphones, computers, AI, and the internet without the use of screens, keyboards, mice, or other similar interfaces," ECF 6-2 at 9 (citing ECF 1 ¶¶ 96–97), Defendants did not repost the video. Skale Decl., Ex. C. Nowhere in the July 9, 2025 post do Defendants discuss "a prototype," ECF 1 ¶ 102, or other product design plans.

Given the collective impact of these changes, the Court finds that the July 9, 2025 post demonstrates at least substantial compliance with the Court's TRO. *In re Dual-Deck*, 10 F.3d at 695 (finding no contempt where defendant went to "great lengths to avoid" violation).

\*    \*    \*

Accordingly, the Court finds that Plaintiff has not met its burden to show by clear and convincing evidence that Defendants violated the Court's narrow TRO that temporarily restrains use of the disputed mark in connection with the marketing or sale of related products. Because the Court finds no violation of the TRO, the Court need not address whether Defendants have any valid defenses to noncompliance.

### B. Sanctions are Not Warranted

Plaintiff argues that if the Court finds Defendants in civil contempt for violating the TRO, sanctions are warranted. ECF 67 at 7. Defendants argue that if the Court finds them in contempt,

1 sanctions are not appropriate because Plaintiff has not offered sufficient justification for the
2 amounts requested.  ECF 80 at 1–12.

Because the Court finds that Plaintiff has not met its burden to show that Defendants violated the TRO by clear and convincing evidence, sanctions are not warranted and the Court need not reach Plaintiff's remaining argument.  *See Koninklijke*, 539 F.3d at 1042 (holding sanctions for civil contempt must have "coercive" or "compensatory" purpose).

### IV.     CONCLUSION

For the reasons stated above, the Court **DENIES** Plaintiff's motion to hold Defendants in civil contempt and impose sanctions.

The Court maintains the further case management conference scheduled for January 15, 2026, at 2:00 p.m. via videoconference.  The joint case management statement is due by January 8, 2026.

All prior scheduling orders remain in full force and effect.  See, ECF 51, 78.

This motion resolves ECF 67.

IT IS SO ORDERED.

Dated: September 18, 2025

TRINA L. THOMPSON
United States District Judge