**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 3 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| IYO, INC., <br><br>　　　　Plaintiff - Appellee, <br><br> v. <br><br> IO PRODUCTS, INC.; OPENAI, INC.; OPENAI, LLC; SAM ALTMAN; JONATHAN PAUL IVE, <br><br>　　　　Defendants - Appellants. | No. 25-4028 <br><br> D.C. No. 3:25-cv-04861-TLT <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Trina L. Thompson, District Judge, Presiding

Argued and Submitted November 21, 2025
San Francisco, California

Before: S.R. THOMAS, BRESS, and MENDOZA, Circuit Judges.

　　Defendants IO Products, Inc. (IO), OpenAI, Inc., OpenAI, LLC, Sam Altman, and Jonathan Paul Ive appeal the district court's order granting Plaintiff IYO, Inc.'s (IYO) motion for a temporary restraining order (TRO), which prevents Defendants from using the "IO" mark in connection with the marketing or sale of products

---

　　[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

related to IYO's products. We affirm.

1. We review "de novo a challenge to our appellate jurisdiction over an interlocutory appeal." *Pauluk v. Savage*, 836 F.3d 1117, 1120 (9th Cir. 2016). "An order denominated a TRO that possesses the qualities of a preliminary injunction is a reviewable interlocutory order." *Serv. Emps. Int'l Union v. Nat'l Union of Healthcare Workers*, 598 F.3d 1061, 1067 (9th Cir. 2010). Here, the order on review satisfies the two criteria that distinguish "between a 'true' TRO and an appealable preliminary injunction." *E. Bay Sanctuary Covenant v. Trump*, 932 F.3d 742, 762–63 (9th Cir. 2018). A contested process, including an adversarial hearing, was held before the district court. *See id.* And the order extends well past the 14 days specified by Rule 65(b) for TROs. *See id.* We therefore have appellate jurisdiction under 28 U.S.C. § 1292(a)(1). *See, e.g.*, *Newsom v. Trump*, 141 F.4th 1032, 1043–44 (9th Cir. 2025).

2. "Ripeness is a question of law, and it is reviewed de novo." *MHC Financing Ltd. P'ship v. City of San Rafael*, 714 F.3d 1118, 1130 (9th Cir. 2013). "A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998) (quotations omitted). For a trademark claim to be ripe, the plaintiff must allege "actual or imminent infringement." *Name.Space, Inc. v. Internet Corp. for Assigned Names & Nos.*, 795 F.3d 1124, 1133 (9th Cir. 2015).

Defendants argue that this case is not ripe because IO has not yet released or advertised a product and has no plans to do so for at least a year. But trademark infringement "does not require any actual *sale* of goods and services." *Bosley Med. Inst., Inc. v. Kremer*, 403 F.3d 672, 679 (9th Cir. 2005). Using a confusing mark "in connection with . . . advertising . . . goods" is also actionable under the Lanham Act. 15 U.S.C. § 1114(1)(a). Here, Defendants' May 21, 2025 video announcement was specifically designed to generate anticipation for IO's first product. IYO therefore has a "colorable claim" that the May 21 video was itself an infringing advertisement. *La Quinta Worldwide LLC v. Q.R.T.M., S.A. de C.V.*, 762 F.3d 867, 873 (9th Cir. 2014).

At a minimum, however, the case is ripe because IO's alleged infringement is sufficiently imminent. Although the specifics of IO's product have not been released, IO's product, as the district court found, (1) already has a working prototype, (2) will compete with IYO's product, (3) will be marketed in connection with the disputed mark, and (4) will be released in at least a year. Defendants' announcement video confirms that IO plans to release a product sometime in 2026. IYO's suit is thus sufficiently concrete to satisfy Article III. *Cf. La Quinta*, 762 F.3d at 871–74.

3. We review the district court's finding of likelihood of confusion for clear error. *Lahoti v. Vericheck, Inc.*, 636 F.3d 501, 505 (9th Cir. 2011). IYO alleges a

theory of "reverse confusion," where "consumers dealing with the senior mark holder believe that they are doing business with the junior one," because the junior user is more well-known. *Ironhawk Techs., Inc. v. Dropbox, Inc.*, 2 F.4th 1150, 1159–60 (9th Cir. 2021). Here, the district court did not err in finding that IYO had shown a likelihood of confusion at this stage of the proceedings.

In determining whether consumers are likely to be confused by an alleged infringement, we are guided by the eight factors considered in *AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341 (9th Cir. 1979). Here, the two factors that are "always" important—similarity of the marks, and relatedness of the goods—both favor IYO. *Brookfield Commc'ns, Inc. v. W. Coast Ent. Corp.*, 174 F.3d 1036, 1054 (9th Cir. 1999). "Similarity of the marks is tested on three levels: sight, sound, and meaning." *Sleekcraft*, 599 F.2d at 350 (citation omitted). The marks "IO" and "IYO" only differ by one letter and are pronounced identically. *See Dreamwerks Prod. Grp., Inc. v. SKG Studio*, 142 F.3d 1127, 1131 (9th Cir. 1998) (emphasizing the "perfect similarity of sound" between "Dreamworks" and "Dreamwerks"). The companies' goods are also related, as both companies describe their products as replacing traditional computers and providing a more natural way to interact with artificial intelligence (AI). *See Ironhawk*, 2 F.4th at 1163 ("Goods and services are related when they are complementary, sold to the same class of purchasers, or similar in use and function."). While IO has not announced any details about its products yet,

correspondence from IO described it as "competitive" with IYO.

The other *Sleekcraft* factors also support the district court's conclusion, as they either favor IYO or are neutral. For example, the strength of the mark factor favors IYO, because "IYO" is conceptually strong and "IO" is commercially strong, as evidenced by the extensive coverage of IO's launch in national media outlets. *See id.* at 1162 (noting that the proper comparison is between the conceptual strength of the senior user's mark and the commercial strength of the junior user's mark). The degree of consumer care factor is neutral, because IYO's product is somewhat expensive, yet both companies market their products to the general public. *See id.* at 1167 (factor considers "the sophistication of the customers," including whether a "reasonably prudent customer would take the time to distinguish between the two product lines" (quotations omitted)). The marketing channel convergence factor carries "little to no weight," because internet marketing is now "ubiquitous." *Lerner & Rowe PC v. Brown Engstrand & Shely LLC*, 119 F.4th 711, 725–26 (9th Cir. 2024). And the actual confusion factor slightly favors IYO, because the reaction of IYO's investors to IO's launch can serve as a "proxy" for consumer confusion, at least to some extent. *See Rearden LLC v. Rearden Com., Inc.*, 683 F.3d 1190, 1215–16 (9th Cir. 2012).

4. We review the district court's finding of irreparable harm for clear error. *Adidas Am., Inc. v. Skechers USA, Inc.*, 890 F.3d 747, 757 (9th Cir. 2018). A

plaintiff is "entitled to a rebuttable presumption of irreparable harm . . . upon a finding of likelihood of success on the merits" for infringement of a registered mark "in the case of a motion for a preliminary injunction or temporary restraining order." 15 U.S.C. § 1116(a).  Here, the district court did not clearly err in finding irreparable harm, based on the declarations from IYO's CEO and investors which indicate that IO's launch jeopardized IYO's ongoing fundraising efforts.  The TRO also prevents Defendants from using the "IO" mark in ways that would erode IYO's brand.  *See Adidas Am.*, 890 F.3d at 756 ("[E]vidence of loss of control over business reputation and damage to goodwill can constitute irreparable harm." (quotations omitted)).

In affirming the district court, we note that the district court's relief is limited in scope.  As shown by the district court's recent denial of IYO's contempt motion during the pendency of this appeal, Dist. Ct. Dkt. ECF No. 91, the TRO does not prevent all uses of the "IO" mark.  It only applies to the marketing or sale of "related products," which we construe to mean products that are sufficiently similar to IYO's AI-based "audio computer."  The TRO would not encompass IO using the "IO" mark in connection with unrelated products.

**AFFIRMED.**