1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MINTZ LEVIN COHN FERRIS
GLOVSKY AND POPEO, P.C.
Andrew D. Skale (211096)
ADSkale@mintz.com
Laura Franco (186765)
LFranco@mintz.com
Anthony J. Viola (*pro hac vice*)
AJViola@mintz.com
Kara M. Cormier (*pro hac vice*)
KMCormier@mintz.com
44 Montgomery Street, 36th Floor
San Francisco, CA 94104
Telephone: 415.432.6000

*Attorneys for Plaintiff*
*IYO, INC.*

QUINN EMANUEL URQUHART
& SULLIVAN, LLP
Margret M. Caruso (Bar No. 243473)
margretcaruso@quinnemanuel.com
Sara L. Pollock (SBN 281076)
sarapollock@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone:     (650) 801-5000
Facsimile:     (650) 801-5100

*Attorneys for Defendants io Products, Inc., OpenAI,*
*Inc., OpenAI, LLC, and Sam Altman*

JONES DAY
David Kiernan (Bar No. 215335)
dkiernan@jonesday.com
555 California Street 26th Floor
San Francisco, California 94104
Telephone:     (415) 875-5745

Meredith Wilkes (admitted *pro hac vice*)
mwilkes@jonesday.com
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone     (216) 586-7231

*Attorneys for Defendant Sir Jonathan Paul Ive*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IYO, INC. | ) Case No. 3:25-cv-04861 |
| | ) |
| Plaintiff, | ) **JOINT CASE MANAGEMENT** |
| | ) **STATEMENT** |
| vs. | ) |
| | ) Case Assigned to Honorable Trina L. |
| | ) Thompson in Courtroom 9 |
| IO PRODUCTS, INC., OPENAI, INC., | ) |
| OPENAI, LLC, SAM ALTMAN, and SIR | ) Complaint Filed:  June 9, 2025 |
| JONATHAN PAUL IVE, | ) |
| | ) |
| Defendants. | ) |
| | ) |

The parties to the above-entitled action jointly submit this JOINT CASE MANAGEMENT STATEMENT pursuant to the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-10(d).

**1.    Jurisdiction & Service**

There are no issues regarding personal jurisdiction, venue, or service.  All defendants authorized their attorneys of record to accept service of the Summons and Complaint (ECF 1, 16). *See* ECF 52.

**2.    Facts**

**Plaintiff's statement:** Plaintiff alleges that Defendants willfully infringed its registered and common law trademark rights. Plaintiff seeks injunctive relief, disgorgement, restitution, monetary damages, statutory damages, treble damages, punitive damages, interest, costs, reasonable attorney's fees, and related relief. Plaintiff disagrees with Defendants' purported statement of facts.

**Defendants' statement:** Plaintiff's lawsuit is a last-ditch effort by a flailing company to reach into the pockets of Defendants.  Before filing suit, Plaintiff sought investment from certain Defendants and ultimately proposed that they acquire Plaintiff.  After those Defendants declined Plaintiff's repeated propositions for money in part because Plaintiff's product failed during demonstrations, Plaintiff filed this suit, claiming that Defendants' use of the "io" name infringed on Plaintiff's "iyO" mark, despite the fact that Plaintiff had known of Defendants' use of "io" since March 4, 2025 and done nothing.  Defendants have not announced, let alone released, a product, and there is thus no evidence from which consumer confusion could be found likely.

**3.    Legal Issues**

The parties identify the following disputed points of law based on the current pleadings:

- Whether Plaintiff is entitled to a preliminary injunction enjoining Defendants from using the IYO mark, and any mark confusingly similar thereto (which Plaintiff contends includes the "io" name), in connection with the marketing or sale of related products;

- Whether Defendants violated Section 32 of the Lanham Act, 15 U.S.C. § 1114;

- Whether Defendants violated Section 43(a)(1)(A)of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A);

- Whether Defendants violated the Unfair Competition Law ("UCL"), Cal. Bus & Prof. Code § 17200 *et seq.*;

- Whether Defendants violated California's common law of false designation of origin and unfair competition;

- Whether Defendants' conduct contributed to infringement of Plaintiff's trademark rights;

- Whether Defendants' conduct induces infringement of Plaintiff's trademark rights;

- Whether Plaintiff is entitled to punitive and/or treble damages;

- Whether Plaintiff is entitled to a permanent injunction enjoining Defendants from using the IYO mark, and any mark confusingly similar thereto (which Plaintiff contends includes the "io" name), in connection with the marketing or sale of related products; and

- Whether any party is entitled to attorneys' fees.

**4.    <u>Motions</u>**

On June 9, 2025, Plaintiff filed its suit in the U.S. District Court for the Northern District of California against Defendants.  That same day, Plaintiff moved for a temporary restraining order (TRO) and preliminary injunction.

On June 20, 2025, following expedited briefing and a hearing, the Court granted Plaintiff's motion for a TRO.  The order barred Defendants from using the "IO" mark "in connection with the marketing or sale of related products" until an order on a motion for a preliminary injunction.

On June 26, 2025, Defendants filed a notice of appeal, challenging the TRO.  On December 3, 2025, the Ninth Circuit issued a memorandum disposition unanimously affirming the Court's order.  The TRO remains in effect until an order on the motion for a preliminary injunction, which is set for hearing on April 14, 2026.  The Court set the following briefing schedule: Motion by February 20, 2026, Opposition by March 13, 2026, and Reply by March 27, 2026.  ECF 78.

On July 11, 2025, Plaintiff filed a motion, seeking to hold Defendants in civil contempt for violation of the TRO and for monetary sanctions. After briefing and argument, the Court denied Plaintiff's motion in its entirety on September 18, 2025.

The Court also set a briefing schedule for Defendants' planned Motion to Dismiss that aligns with the briefing and hearing schedule for the preliminary injunction motion, with the motion due on February 20, 2026. *Id.* Defendants are evaluating whether they will file a motion to dismiss or answer on or before this deadline.

No other motions are currently anticipated.

**5.**    **Amendment of Pleadings**

As additional relevant facts are discovered, Plaintiff may seek leave to amend its Complaint consistent with Fed. R. Civ. P. 15. Defendants have not yet filed any pleadings. If they need to amend pleadings, other than as of right, they may seek leave to amend consistent with FRCP 15.

**6.**    **Evidence Preservation**

The parties have taken reasonable and proportionate steps to preserve evidence relevant to issues reasonably evident in this action. The parties have also reviewed the Guidelines Relating to the Discovery of Electronically Stored Information. The parties have agreed to have continuing discussions over whether an exchange of custodian lists and search terms would be beneficial.

**7.**    **Disclosures**

The parties have served their initial disclosures.

**8.**    **Discovery**

The parties have both propounded written discovery and intend to work cooperatively to produce relevant documents and respond to written demands. Plaintiff has also served subpoenas *duces tecum* on Apollo Projects and LoveFrom.

**9.**    **Class Actions**

N/A.

**10.**    **Related Cases**

Plaintiff previously notified the Court of the following potentially related case:

**Case name:** IYO Inc. v. Dan Sargent and Does 1-10

**Docket:** CGC-25-627029

**Court location:** Superior Court of California, County of San Francisco

Although none of the Defendants in this case are currently parties to the above-identified action, which involves different claims, Plaintiff lists it in an abundance of caution.[1]

## 11.    Relief

**Plaintiff's statement**: Plaintiff seeks the following relief: (a) injunctive; (b) compensatory damages; (c) restitution; (d) disgorgement; (e) treble damages; (f) punitive damages; (g) statutory damages; (h) attorneys' fees and costs; (i) prejudgment interest; and (j) any other relief that the Court deems necessary or proper. The amount of damages is yet to be calculated.

**Defendants' Statement**: Defendants deny that Plaintiff is entitled to the requested relief and will seek attorneys' fees and costs.

## 12.    Settlement and ADR

The parties have a mediation scheduled before the Honorable Lisa J. Cisernos on January 28, 2026.

## 13.    Other References

The parties will discuss whether the case is suitable for other references following the January 28 settlement conference.

## 14.    Narrowing of Issues

**Plaintiff's Statement**: Plaintiff identifies the following issues as ones that can be potentially narrowed by agreement: (a) the history of the parties' interactions; and (b) one or more of the *Sleekcraft* likelihood of confusion factors.  Since these issues will largely be determined by the facts and expert opinions that will be explored more fully in future discovery, Plaintiff believes

---

[1] Local Rule 3-12 provides: "An action is related to another when: (1) The actions concern substantially the same parties, property, transaction, or event; and (2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges."

the best option for potentially narrowing these issues is to revisit them later on as the case progresses. Plaintiff contests some or all of Defendants' proposed stipulated facts.

**Defendants' Statement:** Defendants propose the parties stipulate to the following facts for purposes of a future hearing on Plaintiff's motion for preliminary injunction:

(i)     Plaintiff did not use the iyO mark in commerce until February 2024;

(ii)    Plaintiff did not use the iyO ONE term in commerce until April 2024;

(iii)    Prior to initiating this action on June 9, 2025, Plaintiff had not engaged in any paid advertising;

(iv)    Plaintiff has not fulfilled any customer order for the iyO ONE;

(v)    Defendants have not announced any product named "io";

(vi)    Defendants have not advertised any product named "io";

(vii)    Defendants have not sold any product bearing an "io" name; and

(viii)    Defendants have not disclosed the form factor for any product designed by the company io Products, Inc.

**15.    Expedited Trial Procedure**

N/A.

**16.    Scheduling**

The Court entered a scheduling order on July 24, 2025.  ECF 78.  The parties do not currently anticipate any requested changes to that schedule.

**17.    Trial**

Plaintiff has demanded a trial by jury.  The parties believe trial will take no more than 7 court days.

**18.    Disclosure of Non-party Interested Entities or Persons**

The parties filed Certifications of Interested Entities or Persons pursuant to Civil Local Rule 3-15.  Nothing has changed since those filings.

**19.    Professional Conduct.**

All attorneys of record have reviewed the Guidelines for Profession Conduct for the Northern District of California.

**20.    <u>Other Matters</u>.**

The parties do not have any other matters to address at this time.

Dated: January 8, 2026          MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C.


By:    */s/ Andrew D. Skale*

Andrew D. Skale (211096)
Laura Franco (186765)
Anthony J. Viola (*pro hac vice*)
Kara M. Cormier (*pro hac vice*)

Attorneys for Plaintiff
IYO, INC.


Dated: January 8, 2026          QUINN EMANUEL URQUHART & SULLIVAN, LLP


By:    */s/ Margaret M. Caruso*

Margret M. Caruso
Sara L. Pollock

Attorneys for Defendants
io Products, Inc., OpenAI, Inc., OpenAI, LLC and Sam Altman


Dated: January 8, 2026          JONES DAY


By:    */s/ Meredith M. Wilkes*

David C. Kiernan
Meredith M. Wilkes

Attorneys for Defendant
Sir Jonathan Paul Ive

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CIVIL L.R. 5-1(i)(3) ATTESTATION**

Pursuant to Civil Local Rule 5-1(i)(3), I hereby certify that the content of this document is acceptable to Margaret M. Caruso and Meredith Wilkes, attorneys for Defendants, and that I obtained Ms. Caruso's and Ms. Wilkes' authorization to file this document, indicated by a /s/ in lieu of signature(s) on this document.

*/s/ Andrew D. Skale*
Andrew D. Skale

601382246v.2