QUINN EMANUEL URQUHART
& SULLIVAN, LLP
Margret M. Caruso (Bar No. 243473)
margretcaruso@quinnemanuel.com
Sara L. Pollock (SBN 281076)
sarapollock@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone:      (650) 801-5000
Facsimile:      (650) 801-5100

*Attorneys for Defendants io Products, Inc., OpenAI,
Inc., OpenAI, LLC, and Sam Altman*

JONES DAY
David Kiernan (Bar No. 215335)
dkiernan@jonesday.com
555 California Street 26th Floor
San Francisco, California 94104
Telephone:      (415) 875-5745

Meredith Wilkes (*pro hac vice forthcoming*)
mwilkes@jonesday.com
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone      (216) 586-7231

*Attorneys for Defendant Sir Jonathan Paul Ive*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IYO, INC.<br><br>Plaintiff,<br><br>v.<br><br>IO PRODUCTS, INC., OPENAI, INC., OPENAI, LLC, SAM ALTMAN, and SIR JONATHAN PAUL IVE,<br><br>Defendants. | Case No. 3:25-cv-4861-TLT<br><br>**DEFENDANTS' ADMINISTRATIVE MOTION TO EXTEND TIME FOR BRIEFING AND HEARING ANY MOTION FOR PRELIMINARY INJUNCTION** |

**INTRODUCTION**

Pursuant to Local Rules 6-3, 16-2(d), and 7-11, and this Court's Case Management And Scheduling Order (ECF 78), Defendants OpenAI, Inc., OpenAI, LLC, (collectively, "OpenAI"), io Products, Inc., Sam Altman, and Sir Jonathan Paul Ive (collectively, "Defendants") respectfully move for an order to extend the hearing for any motion for preliminary injunction to January 12, 2027 (or thereafter as convenient for the Court) and to reschedule the briefing accordingly: motion due November 5, 2026; opposition due December 3, 2026 (4 weeks after motion); reply due December 17, 2026 (2 weeks after opposition).

Per the Court's order, the TRO would remain in place until the hearing on the continued PI motion (if Plaintiff seeks one).  ECF 51 at 21.  This renders a preliminary injunction unnecessary in the meantime, ensures no prejudice to Plaintiff, and would greatly conserve judicial resources.  Indeed, a preliminary injunction motion is unlikely to ever be necessary given two significant changed circumstances since the issuance of the TRO in June 2025.  First, following OpenAI's acquisition of io Products, Inc., Defendants have reevaluated the branding of their forthcoming hardware products in light of OpenAI's existing brands and have decided not to use the "io" name in connection with the advertising, marketing, or sale of any artificial intelligence-enabled hardware products.  Second, Defendants previously confirmed in June 2025 that the release date for the first product was at least a year away, and it remains the case that no hardware product will ship for at least a year from today, *i.e.*, February 2027.  These facts render an April 2026 preliminary injunction hearing both unnecessary and impractical.  Defendants' motion is supported by good cause and will serve the interests of justice without prejudicing either party.

**PROCEDURAL AND FACTUAL BACKGROUND**

On June 9, 2025, Plaintiff filed its Complaint against Defendants, asserting claims for federal trademark infringement and associated state law claims.  ECF 1.  Later that day, Plaintiff moved for a temporary restraining order ("TRO") and preliminary injunction.  ECF 6.

On June 12, 2025, Defendants opposed Plaintiff's motion, noting that the release of their first hardware product was "at least a year away."  ECF 25 at 9.  On June 20, 2025, following a hearing, the Court granted Plaintiff's motion for a TRO.  The TRO barred Defendants from using

the "IO" mark "in connection with the marketing or sale of related products" until the Court issued a further order on a motion for a preliminary injunction.  ECF 51 at 21.  The Court declined to rule on Plaintiff's request for a preliminary injunction, citing the "limited record," and specified that any preliminary injunction motion should be heard at a later date.  ECF 51 at 1 n.1, 21.

On July 24, 2025, the Court entered a case management scheduling order setting the following schedule for Plaintiff's motion for preliminary injunction: Motion by February 20, 2026, Opposition by March 13, 2026, Reply by March 27, 2026, and Hearing on April 14, 2026.  ECF 78.

On July 9, 2025, OpenAI finalized its acquisition of io Products, Inc.  Following the acquisition, Defendants conducted a review of product-naming strategy and how future consumer hardware offerings will fit within the broader OpenAI brand.  Welinder Decl., ¶ 2.  As a result of that review, Defendants have decided not to use the name "io" (or "IYO," or any capitalization of either) in connection with the naming, advertising, marketing, or sale of any artificial intelligence-enabled hardware products.  *Id.*  Defendants have also gained further clarity regarding their product release timeline, and now expect OpenAI's first hardware device will not ship before the end of February 2027.  *Id.* ¶ 3.

On January 27, 2026, Defendants informed Plaintiff of this update on their product release timeline and asked if Plaintiff would agree to push the PI hearing back to January of 2027.  Pollock Decl., ¶ 2.  Plaintiff agreed to consider it, but on January 29 reported that it was willing to extend the PI hearing by no more than a month.  *Id.* On February 2, 2026, counsel for Defendants notified counsel for Plaintiff of OpenAI's decision regarding not using the "io" name for the hardware product, offered to provide a client declaration to this effect, and requested Plaintiff's consent to stipulate to dissolving the TRO and vacating the PI motion schedule, given that there is no longer any need for an injunction concerning something OpenAI has never done and will not do—nor a predicate for finding a likelihood of confusion.  *Id.* ¶ 3.  Plaintiff responded that it would not agree to extend the PI briefing and would pursue the PI, claiming it needed an order to ensure against use of the name.  *Id.* ¶ 4.  On February 5, to provide Plaintiff with additional assurances, Defendants proposed extending the schedule for a motion for preliminary injunction until November 2026 through January 2027—a proposal that would also extend the duration of the TRO and thus give the

MOTION FOR ADMINISTRATIVE RELIEF TO MODIFY SCHEDULING ORDER

Plaintiff the continued order it claimed to need. *Id.* On February 6, 2026, Plaintiff rejected this proposal without explanation, stating that it was prepared to proceed with filing a motion for preliminary injunction on February 20, 2026—notwithstanding Defendants' decision to not use the "io" name and offer to extend the TRO. *Id.* ¶ 6.

## LEGAL STANDARD

Federal Rule of Civil Procedure 6(b)(1) permits the Court to extend the time for any action to be taken "for good cause." Federal Rule of Civil Procedure 16(b)(4) provides that a scheduling order may be modified "for good cause and with the judge's consent." The good cause standard "primarily considers the diligence of the party seeking the amendment" and "the moving party's reasons for seeking modification." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "A court has the discretion to find good cause based on 'an overall evaluation of the rights of the parties, the ends of justice, and judicial economy.'" *Herrera v. Los Angeles Unified Sch. Dist.*, 2018 WL 6004545, at *4 (C.D. Cal. Sept. 12, 2018) (citing *U.S. v. Dang*, 488 F.3d 1135, 1142 (9th Cir. 2007)).

Because a trial court possesses "inherent power" to control its docket and calendar, this Court is endowed with broad discretion to modify a scheduling order. *Mediterranean Enterprises, Inc. v. Ssangyong Constr. Co., Ltd.*, 708 F.2d 1458, 1465 (9th Cir. 1983). A district court's decision to deny or grant a continuance will be disturbed only upon the "clearest showing" of "actual and substantial prejudice to the complaining litigant." *Martel v. County of Los Angeles*, 56 F.3d 993, 995 (9th Cir. 1995).

## ARGUMENT

Defendants have demonstrated good cause to extend the PI motion schedule in light of changed circumstances—their decision not to use the "io" name in connection with the sale or advertising of their forthcoming hardware products and the further extension of a release date. It is no longer necessary for the parties to litigate a preliminary injunction, as there is no possibility of any ongoing harm to Plaintiff's business interests. Indeed, Defendants' proposal, which keeps the current TRO in place, maintains the status quo. In light of the good cause for granting an extension and the absence of prejudice to either party, Defendants' motion for an extension should be granted.

***First***, this Court may promote judicial efficiency and further the interests of justice by extending the preliminary injunction schedule and maintaining the existing TRO. Discovery, briefing and hearing a full motion for preliminary injunction would be a costly and time-consuming undertaking—one that is entirely unnecessary given Defendants' decision not to use the "io" name. Defendants' proposal safeguards Plaintiff from any possible ongoing harm by keeping the TRO in place through a decision on any preliminary injunction motion, which should be unnecessary. Indeed, Defendants' decision not to use the "io" name and agreement to maintain the TRO eliminates the need (and basis) for a motion for preliminary injunction. *See, e.g.*, *Metromedia Steakhouses Co., L.P. v. Resco Mgmt., Inc.*, 168 B.R. 483, 488 (D.N.H. 1994) ("In view of the fact that the restaurant in question has been closed, any request by Metromedia for injunctive relief relating to the operation of that restaurant is moot.").

Proceeding with the preliminary injunction motion as scheduled would be a waste of time and resources. It would require expedited discovery now and could lead to later depositions of the same witnesses in the future. Moreover, it would require the Court to apply the *Sleekcraft* factors in an absolute vacuum—to evaluate whether confusion is likely concerning products that will not be sold or advertised in connection with the "io" (or "iyO") name, for which there is no product packaging, no marketing, and which is still more than one year from release. There is no precedent for engaging in preliminary injunction practice under the current circumstances.

***Second***, Defendants have exercised diligence by (a) immediately informing Plaintiff of the decision not to the use the "io" name; (b) immediately engaging in good faith discussions to try to avoid unnecessary motion practice; and (c) timely bringing this administrative motion one business day after learning Plaintiff's intention to move forward with a preliminary injunction motion on February 20. "In general, the focus of the diligence inquiry is on the time between the moving party's discovery of new facts and its asking leave of the court to file an amended pleading." *Lindsey v. Elsevier Inc.*, 2017 WL 3492151, at *3 (S.D. Cal. Aug. 15, 2017) (granting motion where party "filed the instant motion timely after discovering [relevant] facts"). Here, Defendants sought relief one business day after Plaintiff's refusal to agree to modify the schedule. Defendants' actions were well within the timeframes courts have found to demonstrate diligence. *See Sierrapine v. Refiner*

MOTION FOR ADMINISTRATIVE RELIEF TO MODIFY SCHEDULING ORDER

*Prods. Mfg., Inc.*, 2010 WL 11578511, at \*2 (E.D. Cal. Jan. 19, 2010) (diligence demonstrated where "the time between the discovery of the new information and the time of filing this motion was around one month").

***Third***, there is no prejudice to Plaintiff because Defendants are seeking to extend the schedule for a motion for preliminary injunction without moving to set aside the TRO. The purpose of a preliminary injunction in a trademark case is to preserve the status quo and prevent irreparable harm during litigation. *See Herb Reed Enters., LLC v. Fla. Ent. Mgmt., Inc.*, 736 F.3d 1239, 1249-51 (9th Cir. 2013). Here, the existing TRO already accomplishes this: it bars Defendants from using the "IO" mark in connection with the marketing or sale of related products. While Defendants' voluntary commitment already eliminates any possibility that Plaintiff may be harmed, the extension of the TRO provides Plaintiff with additional assurances against any conceivable hardship.

Conversely, requiring Defendants to proceed with the current briefing schedule would impose unnecessary burdens on the parties and the Court by forcing litigation over a mark Defendants have never used in connection with the sale or advertising of a product and now have affirmatively decided not to use in connection with the sale or advertising of their forthcoming hardware products. The intervening developments since the Court set this schedule in July 2025—particularly OpenAI's acquisition of io Products, Inc., subsequent branding decisions, and updates to the release timeline—constitute changed circumstances that justify the requested extension.

Vacating the preliminary injunction schedule need not delay the ultimate resolution of this case, and Defendants seek to alter no other deadlines through this motion.

## CONCLUSION

For the reasons set forth above, Defendants respectfully request that the Court modify the hearing date and briefing deadlines for any motion for a preliminary injunction as follows:

| Motion | November 5, 2026 |
|---|---|
| Opposition | December 3, 2026 |
| Reply | December 17, 2026 |
| Hearing | January 12, 2027 at 2:00 p.m. (or thereafter as convenient for the Court) |

DATED:   February 9, 2026            QUINN EMANUEL URQUHART
                                     & SULLIVAN, LLP


By _____ */s/ Margret M. Caruso* _____
          Margret M. Caruso
          *Attorneys for Defendants io Products, Inc.,*
          *OpenAI, Inc., OpenAI, LLC, and Sam Altman*


DATED:   February 9, 2026            JONES DAY


By _____ */s/ David Kiernan* _____
          David Kiernan
          *Attorneys for Defendant Sir Jonathan Paul Ive*

Case No. 3:25-cv-4861-TLT

MOTION FOR ADMINISTRATIVE RELIEF TO MODIFY SCHEDULING ORDER

**ATTESTATION**

I, Margret M. Caruso, am the ECF user whose ID and password are being used to file the above document.  In compliance with Local Rule 5-1(i)(3), I hereby attest that David Kiernan has concurred in the filing of the above document.

By  */s/ Margret M. Caruso*
Margret M. Caruso