MINTZ, LEVIN, COHN, FERRIS,
GLOVSKY AND POPEO, P.C.
Andrew D. Skale (211096)
ADSkale@mintz.com
Laura Franco (186765)
LFranco@mintz.com
Anthony J. Viola (*pro hac vice*)
AJViola@mintz.com
Kara M. Cormier (*pro hac vice*)
KMCormier@mintz.com
44 Montgomery Street, 36th Floor
San Francisco, CA 94104
Tel.: (415) 432-6000

*Attorneys for Plaintiff IYO, INC.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IYO, INC.<br><br>Plaintiff,<br><br>v.<br><br>IO PRODUCTS, INC., OPENAI, INC., OPENAI, LLC, SAM ALTMAN, and SIR JONATHAN PAUL IVE,<br><br>Defendants. | Case No. 3:25-cv-4861-TLT<br><br>**PLAINTIFF IYO, INC.'S MEMO OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO POSTPONE THE PRELIMINARY INJUNCTION**<br><br>Complaint Filed: June 9, 2025<br>Hearing Date: -- |

MINTZ, LEVIN, COHN,
FERRIS, GLOVSKY AND
POPEO, P.C.
ATTORNEYS AT LAW
SAN DIEGO

PLAINTIFF IYO, INC.'S MEMO OF POINTS AND AUTHORITIES IN OPPOSITION TO
DEFENDANTS' MOTION TO POSTPONE THE PRELIMINARY INJUNCTION

Defendants' motion is the latest entry in a now-familiar pattern of obstruction, delay, and strategic gamesmanship. For eight months, Defendants have taken every opportunity to avoid a ruling on IYO's request for preliminary injunctive relief—first by pursuing a meritless Ninth Circuit appeal of the TRO, and now by asking the Court to postpone the PI hearing for nearly a year based on purported "changed circumstances," which are neither changed nor new. Most recently, and most tellingly, Defendants refused IYO's offer to stipulate to a preliminary injunction ("PI")—without any admission of liability—despite simultaneously insisting that they have no intention of using the infringing mark. What Defendants do not explain is why, if they truly are not planning to use the mark, they would not agree to the very relief they claim is unnecessary?

Defendants' motion rests on assertions that collapse under their own evidence: (i) they claim "immediate" disclosure of a branding decision supposedly made in July 2025, yet they waited more than half a year to tell IYO and the Court; (ii) they claim urgency, as if the schedule—set in July 2025—were news to them; and (iii) they insist that postponing the PI will "conserve resources," even as they simultaneously refuse to produce documents, stonewall standard discovery, and demand draconian protective-order terms.

This is not diligence. It is not good cause. It is bad faith. Defendants know the scheduled PI hearing is approaching; they know they have no defense to entry of a PI; and they know their delay tactics have run out. Their last-minute motion – about which they never notified IYO – is an attempt to derail IYO's briefing and avoid judicial scrutiny for as long as possible. A temporary restraining order does not protect IYO through trial; a PI does. By seeking to postpone the PI while extending the TRO indefinitely, Defendants are ensuring that these same issues will have to be re-briefed and re-litigated down the road.

This Court should not reward such conduct. Defendants' maneuvering is also notable for what it implicitly concedes: they know that the doctrine of voluntary cessation does not moot the request for preliminary relief. Courts routinely reject attempts by an accused infringer to evade injunctive proceedings by claiming they have allegedly "stopped" the challenged conduct— especially where, as here, the cessation comes only after months of litigation, an adverse TRO, and on the eve of Plaintiff's PI filing. Indeed, Defendants' refusal to stipulate to a PI—while insisting

MINTZ, LEVIN, COHN,
FERRIS, GLOVSKY AND
POPEO, P.C.
ATTORNEYS AT LAW
SAN DIEGO

1

PLAINTIFF IYO, INC.'S MEMO OF POINTS AND AUTHORITIES IN OPPOSITION TO
DEFENDANTS' MOTION TO POSTPONE THE PRELIMINARY INJUNCTION

there is no need for one—confirms that the risk of resumption remains.

Defendants do not want to argue mootness head-on. They know they cannot meet the "formidable burden" required to establish that their conduct could not reasonably recur, particularly where the existing record—which the Ninth Circuit already held supports injunctive relief—has not changed. So instead, they attempt an end-run around settled law by styling their request as an "administrative" motion for delay. But repackaging the argument does not change the doctrine: their eleventh-hour announcement that they have "decided" not to use the IO mark—after eight months of TRO-restricted non-use—does not eliminate IYO's entitlement to a preliminary injunction, nor does it justify postponing it.

IYO has waited long enough. The PI should proceed as scheduled.

## I.   ARGUMENT

### A.   Defendants Have Not Shown Good Cause

A scheduling order may only be modified upon a showing of good cause, which is non-existent here. Defendants rely on purported "changed circumstances," but none of the facts are new, and even if they were, they would not justify postponing the PI for nearly a year.

#### i.   The Purported Product Delay Was Known During the TRO

Defendants assert that OpenAI now expects its first hardware device to ship no earlier than February 2027. But Defendants themselves previously represented—and the Ninth Circuit appeal confirms—that the release was always "at least a year away." The same representation appears in the TRO briefing. Thus, the supposed "new" fact of the product's distant launch has been known since mid-2025 and therefore cannot constitute grounds for revising the Court's PI schedule.

#### ii.   Defendants' Purported "Non-Use" of the IO Mark Is Not "New"

Defendants contend they have "decided not to use the 'io' name" for their hardware product. But for the past eight months, Defendants have been subject to a TRO barring such use. Their so-called "decision" is therefore nothing more than compliance with the existing order. In fact, Defendants brought this motion because they know that their claim of voluntary cessation (the only defense they have to the Plaintiff's impending PI motion) does not moot IYO's request for preliminary relief. Indeed, their bold assertion (at 5) that there is "no precedent for engaging in

- 2 -

MINTZ, LEVIN, COHN,
FERRIS, GLOVSKY AND
POPEO, P.C.
ATTORNEYS AT LAW

PLAINTIFF IYO, INC.'S MEMO OF POINTS AND AUTHORITIES IN OPPOSITION TO
DEFENDANTS' MOTION TO POSTPONE THE PRELIMINARY INJUNCTION

preliminary injunction practice under the current circumstances" is demonstrably false. It is "well settled that a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000). The Ninth Circuit is equally clear that voluntary cessation moots injunctive relief "only if it is absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *LGS Architects, Inc. v. Concordia Homes of Nev.*, 434 F.3d 1150, 1153 (9th Cir. 2006). Defendants bear a "formidable burden" to make this showing, and "[m]ere representations" or promises of cessation are insufficient. *Id.* at 1154. Put simply, Defendants cannot escape preliminary injunctive review by declaring—eight months into a TRO—that they have voluntarily complied with the very restrictions the TRO already imposes. Because there is no voluntary cessation here, they are attempting to circumvent the PI via this motion for a delay.

Also noteworthy are the inconsistencies between the Welinder declaration and Defendants' brief. Defendants represent that: they "immediately informed Plaintiff" of their branding decision; and they filed this administrative motion "one business day after learning Plaintiff intended to move forward" with the PI. ECF 105 at 5. However, Mr. Welinder declares (ECF 105-2 at ¶ 2) that Defendants made their branding decision in July 2025 ("As a result of that [July 2025] review, Defendants have decided not to use the name 'io' …"). *Id.* Yet, they then waited more than six months to tell IYO and the Court — waiting six months is not "immediate." In fact, it is the opposite of diligence.

### B.    The Timing of this Motion Smacks of Gamesmanship

Defendants' filing is transparently aimed at distracting IYO from preparing its February 20 brief, which Defendants have known about for months. IYO has invested substantial resources in expert testimony and drafting. Postponing the briefing now will prejudice IYO, causing it to incur substantial additional fees. Defendants' suggestion that they acted promptly once they "learned" IYO would proceed with the PI makes no sense. Defendants have known since July 2025—when the Court entered the case management schedule—that IYO's PI motion was due February 20, 2026. There is nothing "timely" about waiting until February 9, 2026, to seek a

- 3 -

PLAINTIFF IYO, INC.'S MEMO OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO POSTPONE THE PRELIMINARY INJUNCTION

year-long postponement. If Defendants cared about judicial economy, they would have disclosed all of this in July 2025 and asked the Court to modify the schedule then. Instead, they waited until the eve of filing to purposefully prejudice Plaintiff.

Defendants' discovery conduct reinforces their intent to delay. They have refused to produce any documents whatsoever in response to 92 document demands – necessitating an impending motion to compel and hampering IYO's ability to prepare its PI case. They have also refused to agree to the Court's standard protective order and instead propose extreme restrictions on IYO's access to documents—asserting that IYO's counsel may review certain materials only at defense counsel's office under Defendants' supervision. This is not how federal cases are litigated. The only material typically subject to such supervised review is sensitive source code (as contemplated by the model protective order), and IYO has already agreed to those protections. Defendants' refusal to follow standard practice shows the current motion is part of a broader strategy to obstruct timely review of their conduct and block IYO from preparing its PI motion.

### C.     Defendants' Proposed TRO Extension Prejudices IYO

First, Plaintiff has already spent hundreds of thousands of dollars preparing its PI motion, including expert testimony.  If the PI is moved a full year out to January 2027, all that work will have to be redone.  If Defendants wanted a different hearing date, they should have made that request in July 2025 – not a week and a half before Plaintiff is to file its opening brief.

Second, a temporary restraining order is, by definition, temporary. Defendants propose extending the TRO until January 2027—approximately 19 months from its issuance. Defendants' request would invert the normal order of proceedings: they seek to preserve the TRO indefinitely while avoiding a PI ruling altogether. That is prejudicial and deprives IYO of its right to meaningful injunctive relief. The appropriate path is to proceed to a PI, which will establish the governing injunction during the pendency of the case. And of course, Defendants cite no case in which a court extended a TRO for such a lengthy period of time.

It has become clear that Defendants' delay tactic is motivated by a goal of outspending and outlasting IYO. Before Defendants' May 21, 2025, announcement, IYO was "a thriving company valued in the hundreds of millions of dollars," with strong funding, a manufacturing path for the

PLAINTIFF IYO, INC.'S MEMO OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO POSTPONE THE PRELIMINARY INJUNCTION

IYO ONE, and significant brand equity. Rugolo Decl. ¶4. Now, IYO has been unable to secure a single new investor, despite the TRO and despite its "persistent and extensive efforts." *Id.* ¶3. Defendants' pattern of conduct reflects a calculated effort to weaken IYO competitively and, through delay and interference, put it out of business rather than litigate the merits on an even playing field. *See id.* ¶5. If the PI motion is delayed until 2027, it will jeopardize the January 2028 trial date further, prejudicing IYO because Defendants will likely appeal. Any such appeal would risk pushing the January 2028 trial date back by another year or more.

In short, if Defendants genuinely believe there is no need for a PI because they will not use the IO name, then they can simply stipulate to a PI. IYO offered that option with an agreement not to use the stipulation as evidence of liability. But Defendants refused. Their refusal—while also insisting there is no "need" for PI proceedings (ECF 105 at 3)—reveals their true objective: delay, not efficiency. This dispute has been ongoing since June 2025. IYO has already waited eight months for a PI hearing due to Defendants' appeal and repeated delay tactics. Enough is enough. The Court should allow the PI briefing to proceed.

## II.   CONCLUSION

After igniting confusion with a high-profile rollout, Defendants delayed this case through a meritless appeal, revealed a six-month-old rebranding decision on the eve of IYO's opening brief, resisted ordinary discovery and a standard protective order, and now seek to push off the PI under the guise of "administrative" efficiency. The doctrine of voluntary cessation exists to prevent this kind of tactics-driven effort to evade merits review. The Court should deny Defendants' motion and allow the PI to proceed as scheduled. If, however, the Court is inclined to grant the motion, Defendants should have to reimburse IYO for the significant costs it incurred in preparing its February 20 filing.

MINTZ, LEVIN, COHN,
FERRIS, GLOVSKY AND
POPEO, P.C.
ATTORNEYS AT LAW

- 5 -

PLAINTIFF IYO, INC.'S MEMO OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO POSTPONE THE PRELIMINARY INJUNCTION

Dated:  February 12, 2026

Respectfully submitted,

MINTZ LEVIN COHN FERRIS
GLOVSKY AND POPEO, P.C.

By: */s/ Andrew D. Skale*
Andrew D. Skale (211096)
Laura Franco (186765)
Anthony J. Viola (*pro hac vice*)
Kara M. Cormier (*pro hac vice*)

*Attorneys for Plaintiff IYO, Inc.*

MINTZ, LEVIN, COHN,
FERRIS, GLOVSKY AND
POPEO, P.C.
ATTORNEYS AT LAW

- 6 -

PLAINTIFF IYO, INC.'S MEMO OF POINTS AND AUTHORITIES IN OPPOSITION TO
DEFENDANTS' MOTION TO POSTPONE THE PRELIMINARY INJUNCTION