QUINN EMANUEL URQUHART
& SULLIVAN, LLP
Margret M. Caruso (Bar No. 243473)
margretcaruso@quinnemanuel.com
Sara L. Pollock (SBN 281076)
sarapollock@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone:     (650) 801-5000
Facsimile:     (650) 801-5100

*Attorneys for Defendants io Products, Inc., OpenAI, Inc., OpenAI, LLC, and Sam Altman*

JONES DAY
David Kiernan (Bar No. 215335)
dkiernan@jonesday.com
555 California Street 26th Floor
San Francisco, California 94104
Telephone:     (415) 875-5745

Meredith Wilkes (pro hac vice)
mwilkes@jonesday.com
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone     (216) 586-7231

*Attorneys for Defendant Sir Jonathan Paul Ive*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IYO, INC.,<br><br>           Plaintiff,<br><br>     v.<br><br>IO PRODUCTS, INC., OPENAI, INC., OPENAI, LLC, SAM ALTMAN, and SIR JONATHAN PAUL IVE,<br><br>           Defendants. | Case No. 3:25-cv-4861-TLT<br><br>**DEFENDANTS' REPLY IN SUPPORT OF ADMINISTRATIVE MOTION TO EXTEND TIME FOR BRIEFING AND HEARING ANY MOTION FOR PRELIMINARY INJUNCTION** |

Defendants submit this limited reply to four mischaracterizations in Plaintiff's opposition.

***First***, Plaintiff's suggestion that Defendants are attempting to tactically push back the preliminary injunction because they know the voluntary cessation doctrine weighs against them is a red herring given that ***Defendants' proposal extends the TRO until the PI is heard in January 2027***. Plaintiff's argument is also unfounded. The facts here do not involve "voluntary cessation" of infringing conduct because Defendants never ***started*** advertising or selling any "io" branded product. *See, e.g.,* ECF 91 at 6 ("The Court's TRO . . . Did Not Find that Defendants' May 21, 2025 Announcement Constituted Infringement"). It is axiomatic that there can be no "cessation" of conduct that never occurred. What existed at the TRO stage was a possibility of future use; that possibility has been eliminated by a definitive business decision.

***Second***, Plaintiff misconstrues the Welinder Declaration, which did not state that the decision not to use "io" was reached in July 2025. It was not. Mr. Welinder noted that "[i]n July 2025, OpenAI completed its acquisition of io Products, Inc." Welinder Decl. ¶ 2. Then, "[a]s part of the ***post-acquisition integration process***, Defendants conducted a review of their product-naming strategy . . . ." *Id.* (emphasis added). Defendants did not finalize the decision not to use the name "io" for their hardware products until February 2, 2026, and defense counsel informed Plaintiff's counsel that ***very same day***. Pollock Decl. ¶ 3.

***Third***, Plaintiff mischaracterizes the parties' communications and the timeline of them. After the settlement conference concluded on January 26, Defendants proposed continuing the PI hearing to January 2027 based on Defendants' more definitive knowledge about the ship date of OpenAI's first product—i.e., not before February 2027—a year from now. Pollock Dec. ¶ 2. Accordingly, pushing the hearing—while keeping the TRO in place—would allow the PI to be heard on a more settled and complete record. Plaintiff's counsel responded enthusiastically, saying he would discuss the proposal with his client. After receiving no response, Defendants requested a follow-up call on January 28th. Plaintiff's counsel was busy that day, but offered to speak the next. During the call on January 29th, Plaintiff's counsel reported that Plaintiff would agree to push the hearing by one month. On February 2nd, Defendants finalized their decision not to use the "io"

name and immediately informed Plaintiff's counsel that same day, offering to provide a client declaration confirming the decision and requesting that Plaintiff thus stipulate to taking the PI off calendar as moot.  Pollock Decl. ¶ 3.  On February 5th, Defendants sent Plaintiff a draft stipulation and proposed order, reflecting their proposal.  Plaintiff responded by proposing: (a) converting the TRO into a PI; or (b) going forward with the PI hearing in which case "the parties can brief the mootness issue[.]"  On a call later that afternoon, Plaintiff's counsel stated that Plaintiff was insisting on a stipulated PI because it desired the protection of a Court order.  Defendants' counsel pointed out that there were no factual grounds for a PI as, at a minimum, no "imminent" harm could be found based on the changed facts.

In a good faith effort to resolve the issue, later that day, Defendants re-proposed continuing the PI hearing to January 2027 with the TRO extended in the interim, which would provide Plaintiff with precisely the assurances it claimed it needed—the exact relief it seeks through this motion. Plaintiff's lead counsel responded enthusiastically—calling it a "creative solution" and promising to work his "magic" to "sell" the idea to his client.  But as of late Friday afternoon on February 6th, Defendants had still received no response, despite sending two follow-up emails.  Finally, at 5:30 p.m., Plaintiff emailed back that it would be moving forward with its PI motion.  No further explanation was given.  Defendants promptly moved for relief the next business day.  At no point during these discussions did Plaintiff mention the expert costs it now claims, that it was working with experts at all, or offer any reasons for rejecting Defendants' proposal other than that it wanted the reassurance of a Court order—which the TRO provides.

*Fourth*, Defendants have not engaged in discovery misconduct.  Both sides served discovery the same day in December and later mutually agreed to extend their deadlines for responding. Plaintiff served **92** overbroad document requests, many of which had no apparent connection to a trademark dispute, such as requests for "All Documents and Communications Relating To AI experiences delivered through a natural language interface," "the role hardware plays in AI adoption and defensibility," and "the role of natural language interface devices in creating enterprise value for Defendants."  Nevertheless, On Friday, February 6, Defendants timely provided substantive

responses to dozens of requests to the extent they sought documents that would be relevant in a trademark dispute—responding that no responsive, relevant documents exist.

## CONCLUSION

Proceeding with a preliminary injunction hearing under these circumstances would waste the Court's and the parties' time and resources. Defendants' motion preserves the status quo, alters no other deadlines in this case, and should be granted.

DATED: February 13, 2026          QUINN EMANUEL URQUHART
                                  & SULLIVAN, LLP


                                  By      */s/ Margret M. Caruso*
                                     Margret M. Caruso
                                     *Attorneys for Defendants io Products, Inc.,
                                     OpenAI, Inc., OpenAI, LLC, and Sam Altman*

DATED: February 13, 2026          JONES DAY


                                  By      */s/ Meredith M. Wilkes*
                                     Meredith M. Wilkes
                                     *Attorneys for Defendant Sir Jonathan Paul Ive*

**ATTESTATION**

I, Margret M. Caruso, am the ECF user whose ID and password are being used to file the above document. In compliance with Local Rule 5-1(i)(3), I hereby attest that Meredith M. Wilkes has concurred in the filing of the above document.

By  /s/ Margret M. Caruso
Margret M. Caruso