QUINN EMANUEL URQUHART
& SULLIVAN, LLP
Margret M. Caruso (Bar No. 243473)
margretcaruso@quinnemanuel.com
Sara L. Pollock (Bar No. 281076)
sarapollock@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

*Attorneys for Defendants io Products, Inc., OpenAI, Inc., OpenAI, LLC, and Sam Altman*

JONES DAY
David Kiernan (Bar No. 215335)
dkiernan@jonesday.com
555 California Street 26th Floor
San Francisco, California 94104
Telephone: (415) 875-5745

Meredith Wilkes (*pro hac vice forthcoming*)
mwilkes@jonesday.com
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone (216) 586-7231

*Attorneys for Defendant Sir Jonathan Paul Ive*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IYO, INC.<br><br>Plaintiff,<br><br>v.<br><br>IO PRODUCTS, INC., OPENAI, INC., OPENAI, LLC, SAM ALTMAN, and SIR JONATHAN PAUL IVE,<br><br>Defendants. | Case No. 3:25-cv-4861-TLT<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION UNDER FED. R. CIV. P. 12(b)(1)** |

# NOTICE OF MOTION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on April 14, at 2:00 p.m., or as soon thereafter as this motion may be heard, in the courtroom of the Honorable Judge Trina L. Thompson, Courtroom 9, 450 Golden Gate Avenue, San Francisco, California 94102, Defendants io Products, Inc., OpenAI, Inc., OpenAI, LLC, Sam Altman, and Sir Jonathan Paul Ive will and hereby do move the Court for an order dismissing with prejudice Plaintiff IYO, Inc.'s Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1). Dismissal is appropriate because there is no longer a justiciable controversy and this Court therefore lacks subject matter jurisdiction over this case.

This motion is based on this Notice of Motion, the Memorandum of Points and Authorities set forth below, the accompanying Declaration of Margret M. Caruso dated February 20, 2026, the exhibits thereto, and all papers on file in this action, and any other matters that may be presented to this Court at the hearing or otherwise.

DATED: February 20, 2026

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By */s/ Margret M. Caruso*
Margret M. Caruso
*Attorneys for Defendants io Products, Inc., OpenAI, Inc., OpenAI, LLC, and Sam Altman*

DATED: February 20, 2026

JONES DAY

By */s/ David Kiernan*
David Kiernan
*Attorneys for Defendant Sir Jonathan Paul Ive*

# TABLE OF CONTENTS

Page

INTRODUCTION ........ 1

PROCEDURAL AND FACTUAL BACKGROUND ........ 1

A. Plaintiff Files Complaint Alleging Trademark Infringement ........ 1

B. The District Court Holds The Dispute Is Ripe Based On Factual Finding Of Imminence ........ 2

C. The Court Clarifies The Merger Announcement Is Not Infringing ........ 2

D. The Ninth Circuit Affirms The TRO ........ 3

E. Defendants Decide Not To Use The “io” Name ........ 3

LEGAL STANDARD ........ 4

ARGUMENT ........ 5

I. IYO’S TRADEMARK INFRINGEMENT CLAIMS DO NOT PRESENT A LIVE CONTROVERSY ........ 5

II. PLAINTIFF’S OTHER CLAIMS MUST BE DISMISSED WITH ITS TRADEMARK INFRINGEMENT CLAIMS ........ 8

CONCLUSION ........ 8

# TABLE OF AUTHORITIES

**Page**

## Cases

*Already, LLC v. Nike, Inc.*, 568 U.S. 85 (2013) .......... 4, 6, 7

*Alvarez v. Smith*, 558 U.S. 87 (2009) .......... 4

*Americopters, LLC v. FAA*, 441 F.3d 726 (9th Cir. 2006) .......... 5

*AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341 (9th Cir. 1979) .......... 7, 8

*Andersen v. Stability AI Ltd.*, 700 F. Supp. 3d 853 (N.D. Cal. 2023) .......... 8

*Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167 (2000) .......... 6

*Growler Station, Inc. v. Foundry Growler Station, LLC*, 2018 WL 6164301 (C.D. Cal. July 19, 2018) .......... 8

*JGX, Inc. v. Handlery*, 2018 WL 984856 (N.D. Cal. Feb. 20, 2018) .......... 2

*Kythera Biopharmaceuticals, Inc. v. Lithera, Inc.*, 998 F. Supp. 2d 890 (C.D. Cal. 2014) .......... 2

*La Quinta Worldwide LLC v. Q.R.T.M., S.A. de C.V.*, 762 F.3d 867 (9th Cir. 2014) .......... 3

*Langer v. Music City Hotel LP*, 2021 WL 5919825 (N.D. Cal. Dec. 15, 2021) .......... 7

*LegalForce RAPC Worldwide, P.C. v. LegalForce, Inc.*, 2023 WL 6930330 (N.D. Cal. Oct. 19, 2023), *aff'd sub nom.*, 124 F.4th 1122 (9th Cir. 2024) .......... 2, 7

*LGS Architects, Inc. v. Concordia Homes of Nev.*, 434 F.3d 1150 (9th Cir. 2006) .......... 6

*Mattel, Inc. v. Walking Mountain Prods.*, 353 F.3d 792 (9th Cir. 2003) .......... 8

*name.space, Inc. v. Internet Corp. for Assigned Names & Numbers*, 2013 WL 2151478 (C.D. Cal. Mar. 4, 2013), *aff'd,* 795 F.3d 1124 (9th Cir. 2015)........ 4, 5, 6

*Network Automation, Inc. v. Advanced Sys. Concepts, Inc.*, 638 F.3d 1137 (9th Cir. 2011)........ 8

*Obesity Rsch. Inst., LLC v. Fiber Rsch. Int'l, LLC*, 2017 WL 1174739 (S.D. Cal. Mar. 29, 2017)........ 5

*United States v. Webb*, 219 F.3d 1127 (9th Cir. 2000)........ 3

*WeWork Companies Inc. v. WePlus (Shanghai) Tech. Co.*, 2020 WL 83845 (N.D. Cal. Jan. 7, 2020) ........ 6, 7

*Wolfe v. Strankman*, 392 F.3d 358 (9th Cir. 2004)........ 5

*Y.Y.G.M. SA v. Redbubble, Inc.*, 2020 WL 3984528 (C.D. Cal. July 10, 2020) ........ 8

**Statutes**

U.S.C. § 1114 ........ 5

U.S.C. § 1125 ........ 5

**Other Authorities**

Fed. R. Civ. Proc. 12(b)(1)........ 5, 6

## INTRODUCTION

Plaintiff's lawsuit presents no ripe case or controversy for this Court to adjudicate. The crux of Plaintiff's Complaint—that Defendants infringed Plaintiff's IYO trademark in connection with Defendants' plans to "develop a family of products which will allow users to interact with their smartphones, computers, AI, and the internet without the use of screens, keyboards, mice, or other similar physical interfaces" using the name "io" (*see* ECF 1 ("Compl.") ¶¶ 6, 93-105)—has been rendered entirely moot. While Defendants' 2025 merger announcement made reference to the name of the company OpenAI acquired, io, it was an open question at the time—and not addressed by any public statements—what the name of any of the products would be. Since then, that question has been answered: neither any individual product nor the family name of the products will be called "io." Because Defendants will not use the name "io" to advertise or sell products, there is no live case or controversy concerning any of the alleged claims, and thus there is no Article III jurisdiction over this action. Because Plaintiff cannot cure this jurisdictional defect, this Court should dismiss Plaintiff's lawsuit without leave to amend.

## PROCEDURAL AND FACTUAL BACKGROUND

### A. Plaintiff Files Complaint Alleging Trademark Infringement

On June 9, 2025, Plaintiff filed this lawsuit, asserting six counts against Defendants: two counts of federal trademark infringement (Counts 1 & 2), one count of common law trademark infringement (Count 4), two vicarious liability theories related to trademark infringement (Counts 5 & 6), and one count of unfair competition under California state law, which mirrors Plaintiff's trademark infringement claims (Count 3).

Plaintiff's Complaint was premised on an "announcement by Defendant OpenAI" that it had acquired "a new venture, IO, the name of which is a homophone of Plaintiff's IYO name, and the purpose of which is to launch a product … competitive with IYO's product," that would "re-imagine what it means to use a computer." Compl. ¶¶ 6, 14, 97-102. Plaintiff alleged it faces harm from Defendants' "imminent and impending" infringement that would accrue when Defendants launched offerings in connection with the io name. *Id.* ¶¶ 118-21.

B. The District Court Holds The Dispute Is Ripe Based On Factual Finding Of Imminence

The same day that it filed its Complaint, Plaintiff moved for a temporary restraining order ("TRO") and preliminary injunction. ECF 6. On June 12, 2025, Defendants opposed Plaintiff's motion, arguing that Plaintiff's claims were not ripe because Defendants had not actually sold or advertised any product and the release of their first hardware product was "at least a year away." ECF 25 at 9. During the hearing on Plaintiff's TRO, when defense counsel noted that a TRO would indicate that "the defendants have engaged in some kind of wrongdoing when, in fact, this whole issue is premature," the Court responded that it was "mindful of that, and this is an opportunity to educate the public that a temporary restraining order is just an order to keep things status quo until things are fully briefed and the Court is fully informed." 6/17/25 Tr. at 37:3-20. On June 20, 2025, following the hearing, the Court granted Plaintiff's motion for a TRO. ECF 51.

The Court's TRO decision recognized that "because Defendants have not yet released a product with the disputed mark, ***IYO cannot allege actual infringement***." ECF 51 at 8 (citing *LegalForce RAPC Worldwide, P.C. v. LegalForce, Inc.*, 2023 WL 6930330, at *7 (N.D. Cal. Oct. 19, 2023), *aff'd sub nom.*, 124 F.4th 1122 (9th Cir. 2024) and *JGX, Inc. v. Handlery*, 2018 WL 984856, at *3 (N.D. Cal. Feb. 20, 2018)) (emphasis added). Nonetheless, the Court found a ripe dispute, reasoning that Plaintiff's allegations "are sufficient to establish an ***imminent*** injury for the purposes of ripeness." *Id.* (citing *JGX, Inc.*, 2018 WL 984856, at *4, and *Kythera Biopharmaceuticals, Inc. v. Lithera, Inc.*, 998 F. Supp. 2d 890, 902 (C.D. Cal. 2014)) (emphasis added). The Court's ripeness holding rested on Plaintiff's allegations that (1) "Defendants have [a] working prototype"; (2) "the product will compete with Plaintiff's product"; (3) "***the product will be called by the disputed mark***"; and (4) "the product will be released in at least a year." *Id.* (citing Compl. ¶¶ 78, 102 and ECF 26 (Tan Decl.) ¶16) (emphasis added).

On June 26, 2025, Defendants appealed the TRO to the Court of Appeals for the Ninth Circuit. ECF 53.

C. The Court Clarifies The Merger Announcement Is Not Infringing

On July 9, 2025, OpenAI finalized its acquisition of io Products, Inc. That day, it posted a

revised merger announcement that did not refer to any specific product or include a video. *See* ECF 67-5. Two days later, on July 11, 2025, while Defendants' appeal was pending, Plaintiff moved to hold Defendants in civil contempt and impose sanctions, alleging that the July 9, 2025 announcement violated the TRO. ECF 67.

On September 18, 2025, the Court denied Plaintiff's motion. ECF 91. The Court clarified that the TRO did not enjoin the revised July 9, 2025 announcement, which it found "Does Not … Use the Disputed Mark in Connection with the Marketing or Sale of Related Products." *Id.* at 7. The Court explained that Defendants' original May 21, 2025 announcement had not been prohibited by the TRO, and that "Plaintiff's interpretation of the TRO as encompassing the May 21, 2025 announcement misinterprets the 'specific and definite' TRO issued by the Court." *Id.* at 6; *see also id.* at 2 (defining May 21, 2025 announcement to include the accompanying video). The Court expressly rejected Plaintiff's argument "that the May 21, 2025 announcement constituted infringement." *Id.* at 6.

D. <u>The Ninth Circuit Affirms The TRO</u>

On December 3, 2025, the Ninth Circuit affirmed the Court's TRO. ECF 96. The Ninth Circuit agreed that the case is ripe "because IO's alleged infringement is sufficiently ***imminent***." *Id.* at 3 (emphasis added) (citing *La Quinta Worldwide LLC v. Q.R.T.M., S.A. de C.V.*, 762 F.3d 867, 871-74 (9th Cir. 2014)). It reasoned, "IO's product, as the district court found, (1) already has a working prototype, (2) will compete with IYO's product, (3) ***will be marketed in connection with the disputed mark***, and (4) will be released in at least a year." *Id.* (emphasis added). The Ninth Circuit did not indicate it was reversing any of this Court's jurisdictional factual findings, which it could have done only under a clear error standard of review. *Id.*; *see United States v. Webb*, 219 F.3d 1127, 1129 (9th Cir. 2000) ("Where questions of jurisdiction hinge on factual determinations, the district court's findings of fact are reviewed for clear error").

E. <u>Defendants Decide Not To Use The "io" Name</u>

Following OpenAI's acquisition of io Products, Inc. Defendants conducted a review of product-naming strategy and how future consumer hardware offerings will fit within the broader OpenAI brand. Caruso Decl., Ex. A (Welinder Decl. ISO Admin Motion, ECF 105-2) ¶ 2

(hereinafter "Welinder Decl."). As a result of that review, Defendants decided not to use the name "io" (or "IYO," or any capitalization of either) in connection with the naming, advertising, marketing, or sale of any artificial intelligence-enabled hardware products. *Id.* Defendants have also gained further clarity regarding their product release timeline and now expect OpenAI's first hardware device will not ship before the end of February 2027. *Id.* ¶ 3.

On January 26, 2026, Defendants informed Plaintiff of this update on their product release timeline. Caruso Decl. Ex. B (Pollock Decl. ISO Admin Motion, ECF 105-1) ¶ 2. On February 2, 2026, counsel for Defendants notified counsel for Plaintiff of OpenAI's decision regarding not using the "io" name for the hardware product and offered to provide a client declaration to this effect. *Id.* ¶ 3. On February 9, 2026, Defendants publicly filed a declaration from Peter Welinder, a Vice President and General Manager for OpenAI, stating that "Defendants have decided not to use the name 'io' (or 'IYO,' or any capitalization of either) in connection with the naming, advertising, marketing, or sale of any artificial intelligence-enabled products." Welinder Decl. ¶ 2.

## LEGAL STANDARD

"Article III of the Constitution grants the Judicial Branch authority to adjudicate 'Cases' and 'Controversies.'" *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90 (2013). The Supreme Court has "repeatedly held that an 'actual controversy' must exist not only 'at the time the complaint is filed,' but through 'all stages" of the litigation." *Id.* at 90-91 (quoting *Alvarez v. Smith*, 558 U.S. 87, 92 (2009)). A case becomes moot—and therefore no longer a "Case" or "Controversy" for purposes of Article III standing—"when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Already, LLC*, 568 U.S. at 91, 95 ("the case is moot because the challenged conduct cannot reasonably be expected to recur."). "In seeking to invoke this Court's jurisdiction, Plaintiff bears the burden of proving that jurisdiction exists." *name.space, Inc. v. Internet Corp. for Assigned Names & Numbers*, 2013 WL 2151478, at *4 (C.D. Cal. Mar. 4, 2013), *aff'd,* 795 F.3d 1124 (9th Cir. 2015).

A complaint "that lacks Article III standing must be dismissed for lack of subject matter jurisdiction. … Because standing is essential for a federal court to have subject matter jurisdiction, the issue of standing is properly raised in a Rule 12(b)(1) motion to dismiss." *Obesity Rsch. Inst.,*

*LLC v. Fiber Rsch. Int'l, LLC*, 2017 WL 1174739, at *2 (S.D. Cal. Mar. 29, 2017) (citations omitted). When moving under Rule 12(b)(1), a party may assert a factual challenge, "present[ing] evidence that disputes allegations that, by themselves, would otherwise be sufficient to invoke jurisdiction." *name.space*, 2013 WL 2151478, at *4 (citing *Wolfe v. Strankman,* 392 F.3d 358, 362 (9th Cir. 2004)). The court "is not confined by the facts contained in the four corners of the complaint—it may consider facts and need ***not*** assume the truthfulness of the complaint." *Americopters, LLC v. FAA,* 441 F.3d 726, 732 n.4 (9th Cir. 2006) (emphasis original).

## ARGUMENT

### I. IYO'S TRADEMARK INFRINGEMENT CLAIMS DO NOT PRESENT A LIVE CONTROVERSY

Trademark infringement claims require a plaintiff to prove that the defendant has used the challenged term in interstate commerce "in connection with the sale, offering for sale, distribution, or advertising of any goods or services" in a way that causes confusion. 15. U.S.C. §§ 1114, 1125. Because Defendants have not done so, and will not do so, there is no live dispute. Welinder Decl., ¶ 2.

This Court previously found Plaintiff's allegations sufficient to establish "an imminent injury" for the purpose of ripeness of Plaintiff's motion for a temporary restraining order based on Plaintiff's allegations that "Defendants have [a] working prototype, ECF 1, ¶ 102, the product will compete with Plaintiff's product, *id.* ¶ 78, ***the product will be called by the disputed mark***, *id.*, and the product will be released in at least a year." ECF 51 at 8 (emphasis added). Although it was not ever accurate that Defendants had stated that the product would "be called by the disputed mark," that premise, as alleged by Plaintiff, was the hook upon which jurisdiction rested. *Id.*; *accord* ECF 96 at 3.

Since then, material developments have established that the alleged injury cannot be "imminent"—and will never occur—because Defendants have determined that their forthcoming hardware products will definitively *not* be called by the disputed mark. Welinder Decl. ¶ 2. Defendants' decision not to use the name "io" or any capitalization of that name, in connection with their forthcoming products, whether as a product name, a company name, or otherwise (*id.*), moots

the Court's prior finding of "imminent injury" for purposes of ripeness. All risk of imminent injury has been eliminated and, along with it, jurisdiction. *E.g., WeWork Companies Inc. v. WePlus (Shanghai) Tech. Co.*, 2020 WL 83845, at *3-4 (N.D. Cal. Jan. 7, 2020) ("When the complaint was filed, Defendant *did* intend to open an office in San Francisco and *had* placed [the] logo [] on the building," but dismissing trademark complaint as moot after defendant "abandoned any plans" to open a location using the disputed mark and removed all references from its website); *see also Already, LLC*, 568 U.S. at 95 ("Given the covenant's broad language, and given that Already has asserted no concrete plans to engage in conduct not covered by the covenant, we can conclude the case is moot because the challenged conduct cannot reasonably be expected to recur.").

Plaintiff presumably will argue the Court need not accept Defendants' representations, but in ruling on a Rule 12(b)(1) motion, the complaint's allegations do not suffice and here they are contradicted by Defendants' declarations. *WeWork Companies Inc.*, 2020 WL 83845, at *2. Further, because no actual infringement ever took place in the first instance, *see* ECF 51 at 8, and now it definitively never will, this dispute is unlike the voluntary cessation cases Plaintiff cited in opposition to Defendant's administrative motion to modify the case management dates. ECF 107 at 4 (citing *LGS Architects, Inc. v. Concordia Homes of Nev.,* 434 F.3d 1150, 1153 (9th Cir. 2006) (voluntary cessation will only result in mootness "if it is absolutely clear that the allegedly wrongful behavior could not reasonably be expected to ***recur***") (emphasis added); *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000) (same)).

There is no risk of any prohibited conduct ***re***curring, because no infringing activity ever occurred. Thus, the facts of this case have become even further removed from possible infringement than those rejected in *name.space, Inc.*, 795 F.3d 1124 (affirming dismissal of trademark claim as unripe). A dispute is ripe only "when it can be decided without considering contingent future events that may or may not occur as anticipated, or indeed may not occur at all." *Id*. at 1132 (internal citations and quotation marks omitted). Because Plaintiff's claim rests on "contingent future events that … may not occur at all," *id.,* there is no live controversy to adjudicate.

Even if the Court were to apply heightened burdens associated with the voluntary cessation doctrine, Defendants satisfy them. "The standard is not ***if*** trademark infringement ***might*** occur

between the parties in the future, but if there is a present risk of it occurring or if the Defendant could easily return to the allegedly wrongful behavior." *WeWork Companies Inc.*, 2020 WL 83845, at *4 (emphasis original). There is no legitimate risk that the Defendants will announce and/or launch future artificial intelligence hardware products that will be marketed with the "io" name—i.e., the allegedly wrongful behavior targeted in Plaintiff's Complaint. *See, e.g.*, Compl. ¶¶ 6, 14, 93-105. Defendants have not re-posted their non-infringing May 21, 2025 announcement even in the months after the Court clarified that it was not prohibited, and Defendants have represented under penalty of perjury that they will not use the "io" name in connection with such products. Welinder Decl. ¶ 2; *see, e.g.*, *Langer v. Music City Hotel LP*, 2021 WL 5919825, at *8 (N.D. Cal. Dec. 15, 2021) (finding voluntary cessation inapplicable where Defendants had "little incentive to remove [the changes made to their website] and every incentive to maintain the [updated information] to prevent further legal liability"); *see also LegalForce RAPC Worldwide, P.C.*, 2023 WL 6930330, at *7-8, *aff'd sub nom.* 124 F.4th 1122 (granting with prejudice motion to dismiss complaint even where defendants had plans to bring their products to market, when there was no evidence the plans involved use of the allegedly infringing name).

The facts here are at least as definitive regarding future conduct as those the Supreme Court found sufficient to establish mootness in *Already, LLC.* 568 U.S. at 95. As the record makes clear, Plaintiff's concerns regarding future use of the name "io" are merely "conjectural or hypothetical speculation" and "do[] not give rise to the sort of concrete and actual injury necessary to establish Article III standing." *Already, LLC*, 568 U.S. at 97; *see also WeWork Companies Inc.*, 2020 WL 83845, at *4. Indeed, in these circumstances, it would be a complete waste of judicial effort to analyze the *Sleekcraft* factors that courts use to assess the likelihood-of-confusion element of trademark infringement. Without any use of the challenged mark, there can be no "similarity of the marks," with no product that will be marketed or sold using the challenged mark, there is no relevant assessment to be made of "proximity of the goods," "degree of care likely to be exercised by the purchaser," marketplace "context," "marketing channels," or "likelihood of expansion of the product lines." *Network Automation, Inc. v. Advanced Sys. Concepts, Inc.,* 638 F.3d 1137, 1143 n.2 (9th Cir. 2011) (citing *AMF Inc. v. Sleekcraft Boats,* 599 F.2d 341 (9th Cir. 1979), *abrogated on*

*other grounds by Mattel, Inc. v. Walking Mountain Prods.,* 353 F.3d 792, 810 n.19 (9th Cir. 2003)). Plaintiff's trademark infringement claims (Counts 1, 2, and 4) based on a disputed name that has not been, and will not be, used to sell or advertise goods should be dismissed.

## II. PLAINTIFF'S OTHER CLAIMS MUST BE DISMISSED WITH ITS TRADEMARK INFRINGEMENT CLAIMS

Dismissal of Plaintiff's trademark claims requires dismissal of its remaining claims as well. Plaintiff's UCL claim (Count 3) rests on the same allegations as its trademark claim (*see* Compl. ¶¶ 151-158), and it must be dismissed for the same reasons. *See Growler Station, Inc. v. Foundry Growler Station, LLC*, 2018 WL 6164301, at *10 (C.D. Cal. July 19, 2018) (dismissing "substantially congruent" UCL claim where Plaintiff had failed to plead trademark infringement). Plaintiff's vicarious liability claims (Counts 5 and 6) necessarily depend on a non-moot direct infringement claim—which does not now exist. *See Y.Y.G.M. SA v. Redbubble, Inc.*, 2020 WL 3984528, at *7 (C.D. Cal. July 10, 2020) ("In order to support a finding of vicarious infringement, there must be a finding of direct infringement by the allegedly controlled party."); *Andersen v. Stability AI Ltd.*, 700 F. Supp. 3d 853, 869 (N.D. Cal. 2023) ("Because plaintiffs have not alleged claims of direct infringement against DeviantArt or Midjourney, the vicarious infringement claims cannot be sustained against them."). These claims too must therefore be dismissed, leaving no live issues for judicial determination.

## CONCLUSION

For the reasons set forth above, Defendants respectfully request that the Court dismiss Plaintiff's Complaint with prejudice and vacate the temporary restraining order.

DATED: February 20, 2026

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By /s/ Margret M. Caruso
Margret M. Caruso
*Attorneys for Defendants io Products, Inc., OpenAI, Inc., OpenAI, LLC, and Sam Altman*

DATED: February 20, 2026

JONES DAY

By /s/ David Kiernan
David Kiernan
*Attorneys for Defendant Sir Jonathan Paul Ive*

**ATTESTATION**

I, Margret M. Caruso, am the ECF user whose ID and password are being used to file the above document. In compliance with Local Rule 5-1(i)(3), I hereby attest that David Kiernan has concurred in the filing of the above document.

By *<u>/s/ Margret M. Caruso</u>*
Margret M. Caruso