**VIA ECF**                                                                February 26, 2026

Honorable Judge Trina L. Thompson
United States District Court, Northern District of California
450 Golden Gate Avenue, Courtroom 9
San Francisco, CA 94102

Re:    *IYO, Inc. v. IO Products, Inc.,* No. 3:25-cv-04861-TLT
       <u>Joint Letter regarding Discovery Dispute re RFPs</u>

Dear Judge Thompson,

The Parties write jointly, pursuant to ¶21 of the Court's Standing Order for Civil Cases to request the Court's assistance resolving a discovery dispute about Defendants' responses to Plaintiff IYO's First Set of Requests for Production (Nos. 1-92) ("RFPs").

**<u>Plaintiff IYO's Summary of the Dispute</u>**. Following several stipulated extensions, Defendants served their responses and objections on February 6, 2026, ***refusing to produce <u>a single document</u>***. *See* **Ex. 1**. For example, they refuse to produce any documents regarding: (i) the prototype or its claimed functionality, even though their own statements put those topics clearly at issue; (ii) any of the work or other products they described in their own declarations; or (iii) the interactions between the parties, even though such communications are known to exist from prior briefing.

This motion to compel concerns: (1) 21 RFPs (Nos. 9, 21–23, 27–29, 37, 60–63, 73–80, and 89) for which Defendants outright refused to produce documents; (2) 46 RFPs (Nos. 1-8, 10-20, 30-35, 41-46, 48-54, 58, 64-65, 70-72, and 82-83) for which Defendants claimed that no responsive documents exist "relating to any device that has been or will be sold or advertised as an 'io'-branded product"; and (3) 4 RFPs (Nos. 24-26, and 87) for which Defendants denied the premise of the RFP and implicitly suggested that they would not produce responsive documents.[1]

IYO's RFPs bear directly on the *Sleekcraft* factors relevant to its trademark infringement claim, as well as its claimed damages.[2]

---

[1] IYO reserves its right to move as to the remaining RFPs not the subject of this motion, and as to Defendants' boilerplate objections.

[2] Defendants flatly refused to produce documents responsive to multiple RFPs, including requests seeking documents related to: "the selection, adoption, or approval of the company name IO Products, Inc." (RFP 21); "whether other company names were considered besides IO Products, Inc. and what those names were" (RFP 22); "trademark searches, clearance reports, or availability analyses conducted in connection with the name 'IO'" (RFP 23); documents "Defendants may use, rely upon, refer to, or introduce as evidence at any hearing or trial in this Lawsuit, or in support of or in opposition to any motion" (RFP 80); and "IYO's demonstrations of its products to Defendants during the May 1, 2025 meeting" (RFP 89). Defendants also falsely claimed that no responsive documents exist for several RFPs, including those seeking documents related to: "the design, development, engineering, testing, or evaluation of any IO Device, including all versions, iterations, and Prototypes" (RFP 1); the Prototype (RFP 6); "the amount spent on advertising, marketing, or promoting any IO Device" (RFP 20); communications between the parties (RFP 30); communications related to IYO, Jason Rugolo, his TED talk, or any IYO product(s)" (RFP 32); the products purchased by Tang Yew Tan or at his direction as referenced in the Tan Declaration (RFP 42); and "internal discussions or evaluations of any IO Device in comparison to Plaintiff IYO's product(s)" (RFP 44).

IYO defined "IO Device" as "(i) the device and/or prototype device developed and/or under development by Defendants which Mr. Altman states in the Announcement Video he has made use of, (ii) any hardware or software device developed, designed, manufactured, or contemplated by Defendants that is intended to allow users to interact with smartphones, computers, artificial intelligence, or the internet without the use of screens, keyboards, mice, or similar physical interfaces, and (iii) all prototypes, iterations, and/or versions of any of the foregoing."

Defendants objected to this definition, arguing that because "Defendants have not publicly released any device" using the IO mark and do not intend to do so, "there are no responsive documents relating to any device that has been or will be sold or advertised as an 'io' branded device." *See* Ex. 1. This refusal is patently improper. Defendants seek to curtail the scope of discovery based on what amounts to a mere denial of ongoing liability. But that is not how discovery works. IYO is entitled to test in discovery the bona fides of Defendants' declarations, denials and litigation positions. *Hard Drive Prods. v. Doe*, 2011 U.S. Dist. LEXIS 130055, at *9 (N.D. Cal. Nov. 8, 2011) (defendants' denial of liability is not a basis to deny discovery); *Petconnect Rescue, Inc. v. Salinas*, 2022 U.S. Dist. LEXIS 80467, at *7 (S.D. Cal. May 3, 2022) (same).

Defendants have made representations about the prototype, its naming, and the company IO Products Inc. *See, e.g.*, ECF 26 at ¶ 16 (describing device form, schedule, and fluidity of development); ECF 29 at ¶ 2 (choosing "the name 'io' . . . to develop a family of devices that would allow people to use AI in new ways"). All of these representations fall squarely within the proper scope of discovery. Moreover, Defendants have not disclosed the name they intend to use, which could still be confusingly similar, and they remain free to change course at any time. There is therefore no basis to conclude that documents post-May 21, 2025, are irrelevant.

Discovery is also not mooted simply because Defendants claim that they do not intend to use the IO mark in the future. Indeed, the Ninth Circuit already found that IYO has a colorable claim that "Defendants' May 21, 2025 video announcement," which "was specifically designed to generate anticipation for IO's first product" "was itself an infringing advertisement." *Iyo, Inc. v. IO Prods.*, 2025 LX 561502, at *2-3 (9th Cir. Dec. 3, 2025) (noting that Defendants' conduct established ripeness even without a consumer facing product). Defendants completely ignore this binding precedent and instead wrongly argue that the Ninth Circuit "affirmed" a finding by this Court "that Defendants had not advertised a product." This Court actually declined to make a finding on the merits, but it *did* find that IYO had shown a likelihood of success on the merits. ECF 51 at 18. And that is what the Ninth Circuit affirmed after finding IYO's claim of infringement colorable.

Defendants' RFP responses are also directly contradicted by their sworn declarations and initial disclosures. For example, Defendants assert that IO Products "has no employees." Ex. 1. But their own declarants previously testified to the contrary. *See* ECF 28 Hankey Decl. ¶ 1 ("I am a co-founder and the Chief Product Officer of Defendant io Products, Inc."); ECF 26 Tan Decl. ¶ 1 ("I am a co-founder and the Chief Hardware Officer of Defendant io Products, Inc."). Defendants even *admitted* the existence of responsive documents in their Initial Disclosures, including "Documents sufficient to show the acquisition of the 'io.com' domain in August 2023" and "Communications between Defendants, on the one hand, and Plaintiff's agents and employees, including Jason Rugolo, on the other hand." *See* **Ex. 2**. Defendants cannot now claim they have

no relevant documents. And, as discussed above, their assertion that they will not use the IO mark going forward does not render discovery moot.

None of Defendants' other protestations are meritorious. First, Defendants claim that IYO "has itself produced zero documents in response to Defendants' discovery." But that is misleading. IYO did not refuse to produce documents; it agreed to produce and discovery is ongoing. By contrast, Defendants have flatly refused to produce any documents whatsoever—asserting that no responsive documents exist for dozens of requests, despite their own declarations and disclosures demonstrating otherwise. Second, Defendants' characterizations of the parties' meet and confer are inaccurate. IYO never agreed that communications between the parties need not be produced and its counsel ran through numerous RFPs to discuss relevance and the known existence of documents. Third, Defendants balk at the brevity of this letter brief, harping that IYO did not detail the relevance of each and every RFP; but IYO is limited by this Court's discovery dispute process to less than 2.5 pages. It is happy to provide further briefing upon request.

In short, IYO is plainly entitled to the requested documents to adequately prepare its case on the *Sleekcraft* factors, assess its damages, and test the veracity of Defendants' statements and representations. As such, IYO respectfully requests that the Court overrule all Defendants' objections and require them to provide full and complete production without further delay.

**Defendants' Summary of the Dispute.** Plaintiff (which has itself produced *zero* documents in response to Defendants' discovery) mischaracterizes Defendants' responses and seeks to compel documents that have nothing to do with the sale, marketing, or functionality of a device that was or will be called "io," or anything else related to the trademark claims asserted.  Plaintiff's 92 requests were disproportionate to the dispute from the moment they were served.  74 requests demanded "All Documents and Communications" "related to" overbroad topics, such as "the design, development and engineering" of virtually any hardware device Defendants ever contemplated (RFP 1), all communications related to the purchase of io Products, Inc. by OpenAI (RFP 60), "the role of natural language interface devices in creating enterprise value" (RFP 85), and "the role hardware plays in AI adoption and defensibility" (RFP 90).

But whatever sliver of relevance the requests may once have had disappeared entirely on February 2, 2026, when Defendants confirmed to Plaintiff that they had decided not to use the name "io" (or "IYO," or any capitalization of either) in connection with the naming, advertising, marketing, or sale of any artificial intelligence-enabled hardware products.  Dkt. 112, 105-1 ¶ 3, Dkt. 105-2 (Welinder Decl.).  That mooted the case by eliminating the foundation on which the Court's ripeness finding rested—*i.e.*, that Defendants would release a device under the "io" name.  *See* Dkt. 112, 51 at 8.  But Plaintiff refused to drop the case or agree to another extension.  Accordingly, later that week, Defendants timely responded to Plaintiff's requests, explaining in response to 55 RFPs that no responsive documents existed regarding any device that would be sold or advertised in connection with the "io" name.  During the parties' meet and confer, Defendants' counsel raised the overbreadth of Plaintiff's requests and asked if Plaintiff could explain the relevance of what else it was seeking or narrow any of its requests to some relevant issues.  Plaintiff refused.

***Plaintiff's Requests Are Irrelevant And Not Proportionate To The Needs Of The Case.*** Even if the Court finds that jurisdiction exists after Defendants decided not to use "io" on any products and denies the motion to dismiss (Dkt. 112), Plaintiff does not justify its sweeping requests nor

identify any document that is relevant and proportionate to a trademark dispute that Defendants refused to produce. *See* Fed. R. Civ. P. 26(b)(1) (discovery must be "relevant" and "proportional to the needs of the case"); *see also Sec. & Exch. Comm'n v. Payward, Inc.*, 2024 WL 5135602, at *2 (N.D. Cal. Dec. 16, 2024) ("[T]he moving party has the burden of demonstrating relevance.").

Plaintiff does not mention, much less defend the relevance or proportionality of entire categories of RFPs it purports to compel, such as those relating to the merger (RFPs 60-64), the "PresidioTech" entity (RFPs 73-79), communications with specific third parties (RFPs 70-71), and a demand for a physical sample of *every* version of *every* prototype device Defendants have created (RFP 6). As such, Plaintiff failed to carry its burden. These requests are not before the Court in any meaningful form, and there is no basis to find Defendants' responses are deficient. Plaintiff argues that it was hamstrung by the Court's discovery procedures, but it could have (1) narrowed its requests; or (2) moved for additional pages under Local Rule 7-11. It did neither.

As to the remaining requests, Plaintiff argues in general terms that they are relevant to the *Sleekcraft* factors and to damages, but Plaintiff offers no request-specific analysis to support that conclusion. *See Lambda Labs, Inc. v. Lambda, Inc.*, 2020 WL 3542180, at *2 (N.D. Cal. June 30, 2020) (denying motion where moving party offered "briefly stated, high-level explanations of relevance coupled with a gesture toward dozens of specific RFPs" rather than the required RFP-by-RFP analysis). Defendants' responses already address these requests to the extent they call for relevant information—by confirming there is no information for any device that has been or will be called "io," the only circumstance under which any infringement could possibly occur.

Plaintiff's apparent position is that because Defendants publicly acknowledged working on one prototype AI device—without ever revealing its name, features, form factor, price, packaging, marketing approach, or sales channels—Plaintiff is entitled to compel production of *all* documents "relating to" *every one* of Defendants' confidential devices and business negotiations. But the sine qua non of trademark infringement is likelihood of confusion, which asks "whether a 'reasonably prudent *consumer' in the marketplace* is likely to be confused as to the origin of" Defendants' product. *Punchbowl, Inc. v. AJ Press, LLC*, 90 F.4th 1022, 1027 (9th Cir. 2024) (citation omitted) (emphasis added). Information that has never been made public—and that, pursuant to Defendants' declaration, will never be made public in connection with the "io" name—cannot, as a matter of law, affect that inquiry. *See Myung Ga, Inc. v. Myung Ga of MD, Inc.*, 2011 WL 3476828, at *5 n.4 (D. Md. Aug. 8, 2011) ("All of the factors in the likelihood of confusion test go to publicly available facts, as the entire issue is whether the public is likely to be confused"). Put another way, the marketplace cannot be confused by information it has never seen and will never see, and Plaintiff cannot have been damaged by information that is not publicly known, nor information that has no connection to the "io" name upon which all of Plaintiff's claims are based.

Plaintiff contends it needs this discovery to "test" Defendants' assertions regarding the "io" name, but it fails to identify any appropriately tailored request that would do so. And it makes no effort to explain how Defendants' engineering files, merger communications, and sixty-nine other broad document categories have anything to do with the bona fide nature of a decision Defendants made earlier this month—long after Plaintiff served its requests. Plaintiff's expedient explanation for its "last-ditch fishing expedition" for anything that could give rise to a legal claim does not justify the relief it seeks. *Schobinger v. Twitter*, 2025 WL 52746, at *2 (N.D. Cal. Jan. 9, 2025) (denying request for "broad" discovery on a "weak" claim: Plaintiff "could have addressed proportionality by refining [its] request during the . . . meet and confer process. Instead, [it] doubled down[.]").

***Defendants' Objections are Proper***.  Even if Plaintiff had articulated relevance and proportionality for some request (it has not), Plaintiff fails to show how Defendants' objections are improper. Plaintiff's brief challenges only one of Defendants' objections—to the definition of "IO Device"— while ignoring the rest.  But even as to that issue, Plaintiff omits the core of Defendants' position: that the definition sweeps in products with no plans to bear the "io" name, including prototypes that were merely "contemplated" but never developed.  Plaintiff makes no showing that Defendants' detailed objections to this definition (Ex. 1 at 3–4) should be overruled.

Defendants' other objections are specific to each request and raise significant issues with Plaintiff's requests.  In addition to their relevance and overbreadth objections, Defendants have objected to, *inter alia*, requests that call for unnecessary trade secret information (*e.g.*, RFPs 1-6, 8, 13); requests that appear to call for privileged information (RFPs 28-29, 60); requests that are duplicative and vague (RFPs 82-83); and requests for which Defendants cannot produce information until there is a protective order (RFPs 1-29, 31-35, 41-54, 58, 60-65, 70-80, 82-83, 89).  Plaintiff provides no basis to overrule any of these objections.

***Defendants' Responses are Truthful***.  Plaintiff does not establish any contradiction in Defendants' responses.  *First,* Defendants did not contradict their June 2024 declarations by stating that io Products, Inc. now has no employees.  After those declarations were filed, io Products, Inc. merged into OpenAI and no longer has any employees.  *Second,* Defendants did not contradict this Court's or the Ninth Circuit's findings by stating they have never advertised a product under the "io" name. This Court ***repeatedly*** found that Defendants had not advertised a product named "io," and its findings were affirmed by the Ninth Circuit.  *See* Dkt. 51 at 8 ("IYO cannot allege actual infringement"); Dkt. 91 at 6 (rejecting argument "that the May 21, 2025 announcement constituted infringement").  But even if this Court somehow found otherwise, the only public information relevant to Defendants' May 21, 2025 announcement is the announcement itself – not the sweeping discovery sought by Plaintiff.  *Third*, Defendants did not contradict their initial disclosures, which were made when there was a possibility of Defendants using "io" as a product name.  Further, at the meet and confer, Defendants explained that they were willing to produce communications exchanged between the parties but reasonably questioned whether Plaintiff—which is in possession of those same communications—truly required production.  Plaintiff indicated this was not a high priority. *Lastly*, Plaintiff's claim that the parties "ran through numerous" requests on the meet and confer is false; the parties discussed at most 6 of the 71 requests at issue.

***Courts in this District Deny Overreaches Like This One.***  Plaintiff's letter suffers from the same defects as those the Court found in the moving party's letter in *Commure, Inc. v. Canopy Works, Inc.*, No. 5:24-cv-02592-NW (N.D. Cal.), Dkt. 271 at 5.  It articulates no meaningful basis for the relief it seeks and presents no dispute the Court can resolve on this record.  As in that case, in which the movant sought a blanket order overruling all objections to 24 discovery requests calling for "all documents and communications" across sweeping categories, Plaintiff did not "present[] the dispute in a form in which it can be resolved."  2025 U.S. Dist. LEXIS 107420, at *7.

If the Court is nevertheless inclined to address any issue in Plaintiff's letter, Plaintiff's request should be denied because it failed to explain the relevance and proportionality in a trademark case of (i) the production of every engineering, testing, and other technical document for products that have never and will never be marketed or sold in connection with the "io" name; (ii) unreleased information about devices that have never been, and will never be, released under the "io" brand; or (iii) any other documents Plaintiff seeks.

**MEET AND CONFER CERTIFICATION**

Pursuant to the Civil Local Rule 37-1, the Plaintiff hereby represents that it has met and conferred in good faith to resolve the matter prior to filing this joint statement but have reached an impasse. A conference on this matter was conducted via Zoom by the parties on February 10, 2026.

Defendants do not agree that Plaintiff's request is brought in good faith, or that the parties have reached an impasse on Plaintiff's requests, nearly all of which have never been discussed.

RESPECTFULLY SUBMITTED this 26 day of February, 2026.


Dated:  February 26, 2026        MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C.
By:      */s/ Andrew D. Skale*
Andrew D. Skale (211096)
Laura Franco (186765)
Anthony J. Viola (pro hac vice)
Kara M. Cormier (pro hac vice)

*Attorneys for Plaintiff*
IYO, INC.

Dated:   February 26, 2026       QUINN EMANUEL URQUHART & SULLIVAN, LLP
By:      */s/ Margret M. Caruso*
Margret M. Caruso
Sara L. Pollock

*Attorneys for Defendants*
io Products, Inc., OpenAI, Inc., OpenAI, LLC and Sam Altman

Dated:   February 26, 2026       JONES DAY
By:      */s/Meredith M. Wilkes*
David C. Kiernan
Meredith M. Wilkes

*Attorneys for Defendant*
Sir Jonathan Paul Ive

6

# EXHIBIT 1

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Margret M. Caruso (Bar No. 243473)
margretcaruso@quinnemanuel.com
Sara L. Pollock (Bar No. 281076)
sarapollock@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone:     (650) 801-5000
Facsimile:     (650) 801-5100

*Attorneys for Defendants io Products, Inc.,*
*OpenAI, Inc., OpenAI, LLC, and Sam Altman*

JONES DAY
David Kiernan (Bar No. 215335)
dkiernan@jonesday.com
555 California Street, 26th Floor
San Francisco, California 94104
Telephone:     (415) 875-5745

Meredith Wilkes (pro hac vice)
mwilkes@jonesday.com
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone:     (216) 586-7231

*Attorneys for Defendant Sir Jonathan Paul Ive*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| IYO, INC., | Case No. 3:25-cv-4861 |
|---|---|
| Plaintiff, | **DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF IYO, INC.'S REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS PROPOUNDED ON DEFENDANTS (SET ONE)** |
| vs. | |
| IO PRODUCTS, INC., OPENAI, INC., OPENAI, LLC, SAM ALTMAN, and SIR JONATHAN PAUL IVE, | |
| Defendants. | Case Assigned to Honorable Trina L. Thompson in Courtroom 9 |
| | Complaint Filed:     June 9, 2025 |

Case No. 3:25-cv-4861

DEFENDANTS' RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS PROPOUNDED ON DEFENDANTS (SET ONE)

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendants io Products, Inc., OpenAI, Inc., OpenAI, LLC, Sam Altman, and Sir Jonathan Paul Ive (collectively, "Defendants"), by and through their attorneys, hereby provide their objections and responses to the First Set of Requests for Production (the "Requests," or each individually, a "Request") issued by Plaintiff iyO, Inc. ("Plaintiff").

## GENERAL OBJECTIONS

To the extent that any of Plaintiff's Requests are vague and ambiguous, Defendants will not engage in fact-finding or draw conclusions beyond what is required by the Federal Rules of Civil Procedure when responding to these Requests for documents.

1. Defendants object to the Requests, including the Definitions and General Instructions, to the extent that they purport to impose upon Defendants obligations beyond those imposed by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of California, or any other applicable rule or law. Without waiver or limitation of any of the objections set forth below, Defendants will construe the Requests consistently with the applicable rules.

2. Defendants object to these Requests, including the Definitions and General Instructions, to the extent that they are irrelevant, vague, ambiguous, unintelligible, cumulative or duplicative of other discovery in this case, overbroad, unduly burdensome, disproportionate to the needs of the case, or do not specify the documents or information sought with reasonable particularity.

3. Defendants object to these Requests, including the Definitions and General Instructions, to the extent that they seek information protected by any relevant privilege or legal protection, including, without limitation, the attorney-client privilege, the work product doctrine, common interest privilege, or any other applicable privilege. Such information will not be provided in response to the Requests, and any inadvertent disclosure thereof shall not be deemed a waiver of any privilege with respect to such information, or of any work product doctrine protections which may attach thereto. Consistent with the foregoing privileges, Defendants will not produce documents or information from their counsel of record in this matter in response to any Request

notwithstanding that such counsel may have acquired documents, knowledge, or information responsive to that Request in the course of representing Defendants.

4. Defendants object to the Requests, including the Definitions and General Instructions, to the extent they presume the existence of certain facts, or are based on assumptions, neither proven by Plaintiff, nor admitted by Defendants. Defendants' willingness to respond to any Request does not constitute in any manner Defendants' admission to any of the assertions set forth or assumed in a request, nor constitute a waiver of Defendants' objections thereto.

5. Defendants object to the definitions of "Defendants," "You," and "Your" as vague, ambiguous, overbroad, unduly burdensome, costly, oppressive, and not proportional to the needs of the case, considering the factors provided by Rule 26(b)(1) of the Federal Rules of Civil Procedure, to the extent this definition captures entities or individuals over whose knowledge or information Defendants do not have access, custody or control. As used by Defendants in their responses to the Requests, "Defendants" "You," or "Your" means Defendant io Products, Inc., OpenAI, Inc. and its subsidiaries, OpenAI, LLC and its subsidiaries, Sam Altman, and Sir Jonathan Paul Ive.

6. Defendants object to the definition of "Communication" or "Communications" as vague, ambiguous, overly broad, unduly burdensome, and not proportional to the needs of the case, to the extent that it: (i) is not limited to items within Defendants' possession, custody, and/or control; (ii) requires information protected by the attorney-client privilege, work product doctrine, or other applicable protection; (iii) purports to include "oral" communications; and (iv) includes sound recordings and other formats that are not reasonably searchable. Defendants will respond in accordance with their obligations under the applicable rules governing this case.

7. Defendants object to the definition of "Document" or "Documents" as overbroad, unduly burdensome, and not proportional to the needs of the case, including to the extent that it (i) is inconsistent with the definition of documents under Federal Rule of Civil Procedure 34(a), (ii) includes Documents which are not in Defendants' possession, custody, or control; and (iii) includes "imagines," an illegible word. Defendants will respond in accordance with their obligations under the applicable rules governing this case.

DEFENDANTS' RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS PROPOUNDED ON DEFENDANTS (SET ONE)

8.     Defendants object to the definition of "Electronically Stored Information" as overbroad, unduly burdensome, and not proportional to the needs of the case, including to the extent that it (i) includes information on backup tapes and other recovery and archival systems that are not reasonably accessible or to which the benefits of access are outweighed by the costs of recovery; (ii) includes voicemail, audio and video recordings, and other formats that are not reasonably searchable; (iii) purports to impose "translat[ion]" requirements on Defendants; (iv) includes other file formats, such as text messages, that are not relevant or not proportional to the needs of this case; and (v) includes documents which are not in Defendants' possession, custody, or control.  Further, to the extent an ESI Order is entered in this case, Defendants' Requests related to information implicated by that ESI Order will not impose on Defendants any further obligations outside of the ESI order, unless mutually agreed to in writing.

9.     Defendants object to the definitions of "Identify" and "Identifying" as vague, ambiguous, overbroad, unduly burdensome, costly, oppressive, and not proportional to the needs of the case, considering the factors provided by Fed. R. Civ. P. 26(b)(1), to the extent this definition purports to include stating all facts known that bear upon the matter that is subject to the inquiry, including every person involved in such facts.

10.    Defendants object to the definitions of "Relating To" and "Relate To" as vague, overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it encompasses information "directly or indirectly" connected to a subject through terms such as "pertaining to," "reflecting," "evidencing," or "referring to," which render the definition virtually limitless in scope.

11.    Defendants object to the definition of "IO Device" as overbroad, vague, irrelevant, and disproportionate to the needs of this case under Fed. R. Civ. P. 26(b)(1) to the extent it seeks documents beyond those relating to any device that was or will be sold or advertised as an "io" branded device .  Further, the definition's inclusion of devices merely "contemplated" by Defendants would capture any informal brainstorming, preliminary concept, or speculative discussion, regardless of whether such ideas ever progressed beyond passing thought and regardless of whether this effort bore any connection whatsoever with the "io" name.  Similarly, the phrase

-3-                                              Case No. 3:25-cv-4861

"any hardware or software device" meeting broad functional criteria is untethered to any specific product or conduct at issue and is overbroad, unduly burdensome, and not proportional to the needs of the case. Defendants have not publicly released any device, confirmed details of any prototype, or described what any such device would be—yet Plaintiff's definition presupposes the existence and characteristics of such products, improperly embedding contested factual assertions. The definition is also vague and ambiguous as to what constitutes a "software device" or a "similar physical interface[]" and what level of development satisfies "under development." The definition is also overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it covers "all prototypes, iterations, and/or versions of any of the foregoing," whether or not these prototypes have been announced or are ever likely to be announced and regardless of the stage of development of these prototypes. Finally, responding to discovery premised on this definition would require disclosure of trade secrets, confidential R&D strategies, and information potentially protected by attorney-client privilege and work product doctrine.

12. Defendants object to the definition of "Prototype(s)" as overbroad, vague, and disproportionate to the needs of this case under Fed. R. Civ. P. 26(b)(1). Defendants incorporate by reference their objection to the term "IO Device," set forth above. The definition is also overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it includes "any physical … model" or "sample" which Altman has been given, including the specific, "functioning prototype" mentioned in the Announcement Video, and to the extent it includes any "digital model, sample or mockup," regardless of the stage of development of these prototypes.

13. Defendants object to the definition of "CAD Drawings" as overbroad, vague, and disproportionate to the needs of this case under Fed. R. Civ. P. 26(b)(1). Defendants incorporate by reference their objection to the term "IO Device," set forth above.

14. Defendants object to General Instruction C to the extent it purports to request documents outside of Defendants' possession, custody, or control, such as documents on the "personal" devices of non-parties. Defendants further object to General Instruction C to the extent it is inconsistent with any agreement of the parties or order of the Court regarding the appropriate ESI custodians for this matter.

15.    Defendants object to General Instructions B, D-J and L as overbroad, vague, and disproportionate to the needs of this case under Fed. R. Civ. P. 26(b)(1), and inconsistent with the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of California, and/or this Court's Model Order Regarding the Discovery of Electronically Stored Information. Without waiver or limitation of any of the objections set forth below, Defendants will construe the Requests consistently with the applicable rules.

16.    Defendants' decision to provide any requested information, notwithstanding the objectionable nature of any of the Requests, is not: (a) a concession that the information is relevant to this proceeding; (b) a waiver of Defendants' General Objections or Specific Objections to Interrogatories; or (c) an agreement that requests for similar information will be treated in a similar manner.

17.    Defendants object to the time periods called for in the Requests, on the grounds that they are arbitrary, overly broad, unduly burdensome and are not proportional to the needs of the case, considering Plaintiff's positions taken in this case and the factors provided by Fed. R. Civ. P. 26(b)(1), or are otherwise beyond the scope of permissible discovery. For all Requests, Defendants will limit their responses to the time period beginning January 1, 2023, unless otherwise specified.

18.    Defendants object to Requests, including the Definitions and General Instructions, to the extent they seek information regarding activities outside the United States. Trademark rights are territorial and limited to use within the United States. For all Requests, Defendants will limit their responses to activities and information within the United States.

**SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**

All Documents and Communications Relating To the design, development, engineering, testing, or evaluation of any IO Device, including all versions, iterations, and Prototypes.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Defendants incorporate by reference each and all of their general objections, including their objections to Plaintiff's definitions and instructions and including specifically their objection to Plaintiff's definitions of "IO Device" and "Prototype." Defendants further object to this Request to

-5-                                                                Case No. 3:25-cv-4861

the extent it seeks documents beyond those relating to any device that was or will be sold or advertised as an "io" branded device and which are therefore irrelevant to this action and disproportionate to the needs of the case. Defendants further object that the Request seeks trade secret information that Plaintiff has not demonstrated a need for, particularly at this time. Defendants further object that this Request is not probative of any claim or defense, as the requested information concerning prototypes and unreleased products does not bear on the issues in this trademark dispute. Defendants further object to this Request as improper and premature because it appears to seek discovery related to unasserted trade secret claims and before Plaintiff has articulated its own trade secret(s). Defendants further object to this Request to the extent it seeks "all" documents and communications rather than documents sufficient to show or documents limited to specific search terms, thereby requiring an unreasonably expansive, costly, and burdensome collection likely yielding irrelevant or duplicative material. Defendants further object to this request, including use of the terms "All" and "Relating To," as overly broad, unduly burdensome, vague, not relevant to the claims or defenses in this action, and not proportional to the needs of the case. It is not proportional, feasible, or relevant to respond to requests for production of "[a]ll Documents and Communications Relating To" an undefined phrase such as "design, development, engineering, testing, or evaluation" for, *inter alia*, "all versions, iterations, and Prototypes," nor is it proportional, feasible, or relevant to produce documents regarding devices that have never been publicly announced and may never be publicly announced. Documents and communications relating to "development," "engineering," and "testing," especially of prototypes that have not been advertised or offered for sale, are not relevant or proportional to the claims and defenses at issue in this trademark dispute. Defendants further object to this Request because it lacks any meaningful limitation on what it seeks, including in terms of time, place, or subject matter. Defendants further object that this request seeks confidential or proprietary information, including without limitation, confidential business information, proprietary and/or competitively sensitive information, third party confidential information, or trade secrets. Defendants will provide any responsive documents only in a manner consistent with the Protective Order and any ESI Order entered by the Court in this matter. Defendants further object to this Request to the extent that it seeks information protected

from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other privileges or immunities.

Subject to and without waiver of the foregoing objections, Defendants respond as follows: there are no responsive documents relating to any device that has been or will be sold or advertised as an "io" branded product.

**REQUEST FOR PRODUCTION NO. 2:**

All Documents and Communications Relating To any Prototype of any IO Device, including but not limited to photographs, videos, specifications, bills of materials, and test results.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Defendants incorporate by reference each and all of their general objections, including their objections to Plaintiff's definitions and instructions and including specifically their objection to Plaintiff's definitions of "IO Device" and "Prototype." Defendants further object to this Request to the extent it seeks documents beyond those relating to any device that was or will be sold or advertised as an "io" branded device and which are therefore irrelevant to this action and disproportionate to the needs of the case. Defendants object that the Request seeks trade secret information that Plaintiff has not demonstrated a need for, particularly at this time. Defendants further object that this Request is not probative of any claim or defense, as the requested information concerning prototypes and unreleased products does not bear on the issues in this trademark dispute. Defendants further object to this Request as improper and premature because it appears to seek discovery related to unasserted trade secret claims and before Plaintiff has articulated its own trade secret(s). Defendants further object to this Request to the extent it seeks "all" documents and communications rather than documents sufficient to show or documents limited to specific search terms, thereby requiring an unreasonably expansive, costly, and burdensome collection likely yielding irrelevant or duplicative material. Defendants further object to this request, including use of the terms "All" and "Relating To," as overly broad, unduly burdensome, vague, not relevant to the claims or defenses in this action, and not proportional to the needs of the case. It is not proportional, feasible, or relevant to respond to requests for production of "[a]ll Documents and Communications Relating To any Prototype of any IO Device" for, *inter alia*, "all versions,

iterations, and Prototypes," nor is it proportional, feasible, or relevant to produce documents regarding devices that have never been publicly announced and may never be publicly announced. Documents and communications relating to "specifications," "bills of materials," and "test results," especially of prototypes that have not been advertised or offered for sale, are not relevant or proportional to the claims and defenses at issue in this trademark dispute. Defendants further object to this Request because it lacks any meaningful limitation on what it seeks, including in terms of time, place, or subject matter. Defendants further object that this request seeks confidential or proprietary information, including without limitation, confidential business information, proprietary and/or competitively sensitive information, third party confidential information, or trade secrets. Defendants will provide any responsive documents only in a manner consistent with the Protective Order and any ESI Order entered by the Court in this matter. Defendants further object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other privileges or immunities.

Subject to and without waiver of the foregoing objections, Defendants respond as follows: there are no responsive documents relating to any device that has been or will be sold or advertised as an "io" branded product.

**REQUEST FOR PRODUCTION NO. 3:**

All Documents and Communications Relating To all drawings, sketches, renderings, blueprints, and CAD Drawings of any IO Device, including all versions, iterations, Prototypes, and native CAD drawing files.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Defendants incorporate by reference each and all of their general objections, including their objections to Plaintiff's definitions and instructions and including specifically their objection to Plaintiff's definitions of "IO Device" and "Prototype." Defendants further object to this Request to the extent it seeks documents beyond those relating to any device that was or will be sold or advertised as an "io" branded device and which are therefore irrelevant to this action and disproportionate to the needs of the case. Defendants object that the Request seeks trade secret information that Plaintiff has not demonstrated a need for, particularly at this time. Defendants

further object that this Request is not probative of any claim or defense, as the requested information concerning prototypes and unreleased products does not bear on the issues in this trademark dispute. Defendants further object to this Request as improper and premature because it appears to seek discovery related to unasserted trade secret claims and before Plaintiff has articulated its own trade secret(s). Defendants further object to this Request to the extent it seeks "all" documents and communications rather than documents sufficient to show or documents limited to specific search terms, thereby requiring an unreasonably expansive, costly, and burdensome collection likely yielding irrelevant or duplicative material. Defendants further object to this request, including use of the terms "All" and "Relating To," as overly broad, unduly burdensome, vague, not relevant to the claims or defenses in this action, and not proportional to the needs of the case. It is not proportional, feasible, or relevant to respond to requests for production of "[a]ll Documents and Communications Relating To" an unlimited phrase such as "all drawings, sketches, renderings, blueprints, and CAD Drawings" for, *inter alia*, "all versions, iterations, and Prototypes, and native CAD drawing files," nor is it proportional, feasible, or relevant to produce documents regarding devices that have never been publicly announced and may never be publicly announced. Documents and communications relating to "CAD Drawings" and "native CAD drawing files," especially of prototypes that have not been advertised or offered for sale, are not relevant or proportional to the claims and defenses at issue in this trademark dispute. Defendants further object to this Request because it lacks any meaningful limitation on what it seeks, including in terms of time, place, or subject matter. Defendants further object that this request seeks confidential or proprietary information, including without limitation, confidential business information, proprietary and/or competitively sensitive information, third party confidential information, or trade secrets. Defendants will provide any responsive documents only in a manner consistent with the Protective Order and any ESI Order entered by the Court in this matter. Defendants further object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other privileges or immunities.

DEFENDANTS' RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS PROPOUNDED ON DEFENDANTS (SET ONE)

Subject to and without waiver of the foregoing objections, Defendants respond as follows: there are no responsive documents relating to any device that has been or will be sold or advertised as an "io" branded product.

**REQUEST FOR PRODUCTION NO. 4:**

Documents sufficient to show the external appearance, internal structure, and physical dimensions of any IO Device, including all versions, iterations, and Prototypes.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Defendants incorporate by reference each and all of their general objections, including their objections to Plaintiff's definitions and instructions and including specifically their objection to Plaintiff's definitions of "IO Device" and "Prototype." Defendants further object to this Request to the extent it seeks documents beyond those relating to any device that was or will be sold or advertised as an "io" branded device and which are therefore irrelevant to this action and disproportionate to the needs of the case. Defendants object that the Request seeks trade secret information that Plaintiff has not demonstrated a need for, particularly at this time. Defendants further object that this Request is not probative of any claim or defense, as the requested information concerning physical dimensions, prototypes and unreleased products does not bear on the issues in this trademark dispute. Defendants further object to this Request as improper and premature because it appears to seek discovery related to unasserted trade secret claims and before Plaintiff has articulated its own trade secret(s). Defendants further object to this request, including use of the terms "All" and "Relating To," as overly broad, unduly burdensome, vague, not relevant to the claims or defenses in this action, and not proportional to the needs of the case. It is not proportional, feasible, or relevant to respond to requests for production for, *inter alia*, "all versions, iterations, and Prototypes" nor is it proportional, feasible, or relevant to produce documents regarding devices that have never been publicly announced and may never be publicly announced. Documents regarding the "internal structure" of any device, especially of prototypes that have not been advertised or offered for sale, are not relevant or proportional to the claims and defenses at issue in this trademark dispute. Defendants further object to this Request because it lacks any meaningful limitation on what it seeks, including in terms of time, place, or subject matter. Defendants further

object that this request seeks confidential or proprietary information, including without limitation, confidential business information, proprietary and/or competitively sensitive information, third party confidential information, or trade secrets. Defendants will provide any responsive documents only in a manner consistent with the Protective Order and any ESI Order entered by the Court in this matter. Defendants further object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other privileges or immunities.

Subject to and without waiver of the foregoing objections, Defendants respond as follows: there are no responsive documents relating to any device that has been or will be sold or advertised as an "io" branded product.

**REQUEST FOR PRODUCTION NO. 5:**

All Documents and Communications Relating To the functionality, features, capabilities, and intended uses of any IO Device, including all versions, iterations, and Prototypes.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Defendants incorporate by reference each and all of their general objections, including their objections to Plaintiff's definitions and instructions and including specifically their objection to Plaintiff's definitions of "IO Device" and "Prototype." Defendants further object to this Request to the extent it seeks documents beyond those relating to any device that was or will be sold or advertised as an "io" branded device and which are therefore irrelevant to this action and disproportionate to the needs of the case. Defendants object that the Request seeks trade secret information that Plaintiff has not demonstrated a need for, particularly at this time. Defendants further object that this Request is not probative of any claim or defense, as the requested information concerning prototypes, unreleased products, and the intended functionality of the current prototype, does not bear on the issues in this trademark dispute. Defendants further object to this Request as improper and premature because it appears to seek discovery related to unasserted trade secret claims and before Plaintiff has articulated its own trade secret(s). Defendants further object to this Request to the extent it seeks "all" documents and communications rather than documents sufficient to show or documents limited to specific search terms, thereby requiring an unreasonably expansive,

costly, and burdensome collection likely yielding irrelevant or duplicative material. Defendants further object to this request, including use of the terms "All" and "Relating To," as overly broad, unduly burdensome, vague, not relevant to the claims or defenses in this action, and not proportional to the needs of the case. It is not proportional, feasible, or relevant to respond to requests for production of "[a]ll Documents and Communications Relating To" an unlimited phrase such as "the functionality, features, capabilities, and intended uses" for, *inter alia*, "all versions, iterations, and Prototypes," nor is it proportional, feasible, or relevant to produce documents regarding devices that have never been publicly announced and may never be publicly announced. Defendants further object to this Request because it lacks any meaningful limitation on what it seeks, including in terms of time, place, or subject matter. Defendants further object that this request seeks confidential or proprietary information, including without limitation, confidential business information, proprietary and/or competitively sensitive information, third party confidential information, or trade secrets. Defendants will provide any responsive documents only in a manner consistent with the Protective Order and any ESI Order entered by the Court in this matter. Defendants further object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other privileges or immunities.

Subject to and without waiver of the foregoing objections, Defendants respond as follows: there are no responsive documents relating to any device that has been or will be sold or advertised as an "io" branded product.

**REQUEST FOR PRODUCTION NO. 6:**

A representative physical sample of each and every IO Device each and every Prototype of any IO Device.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Defendants incorporate by reference each and all of their general objections, including their objections to Plaintiff's definitions and instructions and including specifically their objection to Plaintiff's definitions of "IO Device" and "Prototype." Defendants further object to this Request to the extent it seeks documents beyond those relating to any device that was or will be sold or advertised as an "io" branded device and which are therefore irrelevant to this action and

disproportionate to the needs of the case. Defendants object that the Request seeks trade secret information that Plaintiff has not demonstrated a need for, particularly at this time. Defendants further object that this Request is not probative of any claim or defense, as the requested information concerning prototypes and unreleased products does not bear on the issues in this trademark dispute. Defendants further object to this Request as improper and premature because it appears to seek discovery related to unasserted trade secret claims and before Plaintiff has articulated its own trade secret(s). Defendants further object to this request because it fails to set forth a "reasonable time, place, and manner for the inspection and for performing related acts" as required by Federal Rule of Civil Procedure 34(b)(1). It is not reasonable for Defendants to be required to produce a sample of highly confidential prototype devices that exist in limited quantities without any limits specified on the duration of the inspection, the parameters of the inspection, and/or the safekeeping of such devices. Defendants further object to this request, including use of the terms "All" and "Relating To," as overly broad, unduly burdensome, vague, not relevant to the claims or defenses in this action, and not proportional to the needs of the case. It is not proportional, feasible, or relevant to respond to requests for production for, *inter alia*, samples of "each and every IO Device each [sic] and every Prototype of any IO Device," nor is it proportional, feasible, or relevant to produce samples of devices that have never been publicly announced and may never be publicly announced or of devices that exist only in limited quantities and therefore may disrupt Defendants' business operations to the extent they are required for inspection. Defendants further object to this request as premature, as there has been no showing that documentary discovery is insufficient to provide details regarding these devices. Defendants further object to this Request because it lacks any meaningful limitation on what it seeks, including in terms of time, place, or subject matter. Defendants further object that this request seeks confidential or proprietary information, including without limitation, confidential business information, proprietary and/or competitively sensitive information, third party confidential information, or trade secrets. Defendants will provide any responsive documents only in a manner consistent with the Protective Order and any ESI Order entered by the Court in this matter. Defendants further object to this Request to the extent that it seeks information protected

DEFENDANTS' RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS PROPOUNDED ON DEFENDANTS (SET ONE)

from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other privileges or immunities.

Subject to and without waiver of the foregoing objections, Defendants respond as follows: there are no samples relating to any device that has been or will be sold or advertised as an io product.

**REQUEST FOR PRODUCTION NO. 7:**

All Documents and Communications Relating To the development of any IO Device, including project plans, timelines, schedules, milestones, roadmaps, design reviews, and any changes or revisions to such timelines.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Defendants incorporate by reference each and all of their general objections, including their objections to Plaintiff's definitions and instructions and including specifically their objection to Plaintiff's definition of "IO Device." Defendants further object to this Request to the extent it seeks documents beyond those relating to any device that was or will be sold or advertised as an "io" branded device and which are therefore irrelevant to this action and disproportionate to the needs of the case. Defendants object that the Request seeks trade secret information that Plaintiff has not demonstrated a need for, particularly at this time. Defendants further object that this Request is not probative of any claim or defense, as the requested information does not bear on the issues in this trademark dispute. Defendants further object to this Request as improper and premature because it appears to seek discovery related to unasserted trade secret claims and before Plaintiff has articulated its own trade secret(s). Defendants further object to this Request to the extent it seeks "all" documents and communications rather than documents sufficient to show or documents limited to specific search terms, thereby requiring an unreasonably expansive, costly, and burdensome collection likely yielding irrelevant or duplicative material. Defendants further object to this request, including use of the terms "All" and "Relating To," as overly broad, unduly burdensome, vague, not relevant to the claims or defenses in this action, and not proportional to the needs of the case. It is not proportional, feasible, or relevant to respond to requests for production of "[a]ll Documents and Communications Relating To" an undefined phrase such as the "development," or

of "project plans, timelines, schedules, milestones, roadmaps, design reviews, and any changes or revisions to such timelines" for "any IO Device," nor is it proportional, feasible, or relevant to produce documents regarding devices that have never been publicly announced and may never be publicly announced. Documents and communications relating to the "development," "project plan," or "design reviews" of any IO Device, especially of prototypes that have not been advertised or offered for sale, are not relevant or proportional to the claims and defenses at issue in this trademark dispute. Defendants further object to this Request because it lacks any meaningful limitation on what it seeks, including in terms of time, place, or subject matter. Defendants further object that this request seeks confidential or proprietary information, including without limitation, confidential business information, proprietary and/or competitively sensitive information, third party confidential information, or trade secrets. Defendants will provide any responsive documents only in a manner consistent with the Protective Order and any ESI Order entered by the Court in this matter. Defendants further object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other privileges or immunities.

Subject to and without waiver of the foregoing objections, Defendants respond as follows: there are no responsive documents relating to any device that has been or will be sold or advertised as an "io" branded product.

**REQUEST FOR PRODUCTION NO. 8:**

All Documents and Communications Relating To any planned or proposed changes to any IO Device or to any Prototype.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Defendants incorporate by reference each and all of their general objections, including their objections to Plaintiff's definitions and instructions and including specifically their objection to Plaintiff's definitions of "IO Device" and "Prototype." Defendants further object to this Request to the extent it seeks documents beyond those relating to any device that was or will be sold or advertised as an "io" branded device and which are therefore irrelevant to this action and disproportionate to the needs of the case. Defendants object that the Request seeks trade secret

-15-                                                        Case No. 3:25-cv-4861

information that Plaintiff has not demonstrated a need for, particularly at this time. Defendants further object that this Request is not probative of any claim or defense, as the requested information concerning prototypes and unreleased products does not bear on the issues in this trademark dispute. Defendants further object to this Request as improper and premature because it appears to seek discovery related to unasserted trade secret claims and before Plaintiff has articulated its own trade secret(s). Defendants further object to this Request to the extent it seeks "all" documents and communications rather than documents sufficient to show or documents limited to specific search terms, thereby requiring an unreasonably expansive, costly, and burdensome collection likely yielding irrelevant or duplicative material. Defendants further object to this request, including use of the terms "All" and "Relating To," as overly broad, unduly burdensome, vague, not relevant to the claims or defenses in this action, and not proportional to the needs of the case. It is not proportional, feasible, or relevant to produce documents regarding devices that have never been publicly announced and may never be publicly announced. Defendants further object that this Request is vague as to "planned or proposed changes." Defendants further object that this Request seeks confidential or proprietary information, including without limitation, confidential business information, proprietary and/or competitively sensitive information, third party confidential information, or trade secrets. Defendants will provide any responsive documents only in a manner consistent with the Protective Order and any ESI Order entered by the Court in this matter. Defendants further object that this Request seeks forward-looking proprietary business plans not relevant to any claim or defense. Defendants further object to this Request because it lacks any meaningful limitation on what it seeks, including in terms of time, place, or subject matter. Defendants further object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other privileges or immunities.

Subject to and without waiver of the foregoing objections, Defendants respond as follows: there are no responsive documents relating to any device that has been or will be sold or advertised as an "io" branded product.

DEFENDANTS' RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS PROPOUNDED ON DEFENDANTS (SET ONE)

**REQUEST FOR PRODUCTION NO. 9:**

Documents sufficient to show who besides Sam Altman has used any version of the Prototype.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Defendants incorporate by reference each and all of their general objections, including their objections to Plaintiff's definitions and instructions and including specifically their objection to Plaintiff's definitions of "IO Device" and "Prototype." Defendants further object to this Request to the extent it seeks documents beyond those relating to any device that was or will be sold or advertised as an "io" branded device and which are therefore irrelevant to this action and disproportionate to the needs of the case. Defendants object that the Request seeks trade secret information that Plaintiff has not demonstrated a need for, particularly at this time. Defendants further object that this Request is not probative of any claim or defense, as the requested information concerning prototypes and unreleased products does not bear on the issues in this trademark dispute. Defendants further object to this request, including use of the terms "All" and "Relating To," as overly broad, unduly burdensome, vague, not relevant to the claims or defenses in this action, and not proportional to the needs of the case. It is not proportional, feasible, or relevant to produce documents regarding devices that have never been publicly announced and may never be publicly announced. Defendants further object that this Request is not probative of any claim or defense, as the distribution of unannounced prototypes does not bear on the issues in this trademark dispute. Defendants further object to this Request as improper and premature because it appears to seek discovery related to unasserted trade secret claims and before Plaintiff has articulated its own trade secret(s). Defendants further object that this Request seeks confidential or proprietary information, including without limitation, confidential business information, proprietary and/or competitively sensitive information, third party confidential information, trade secrets, and private information of third parties. Defendants will provide any responsive documents only in a manner consistent with the Protective Order and any ESI Order entered by the Court in this matter. Defendants further object to this Request because it lacks any meaningful limitation on what it seeks, including in terms of time, place, or subject matter. Defendants further object to this Request to the extent that it seeks

information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other privileges or immunities.

Subject to and without waiver of the foregoing objections, Defendants respond as follows: Defendants will not produce documents or things in response to this Request.

**REQUEST FOR PRODUCTION NO. 10:**

All Documents and Communications Relating To any beta testing, focus groups, or other consumer research Relating To any IO Device or to any Prototype, or in which consumers or participants used an IO Device or any Prototype.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Defendants incorporate by reference each and all of their general objections, including their objections to Plaintiff's definitions and instructions and including specifically their objection to Plaintiff's definitions of "IO Device" and "Prototype." Defendants further object to this Request to the extent it seeks documents beyond those relating to any device that was or will be sold or advertised as an "io" branded device and which are therefore irrelevant to this action and disproportionate to the needs of the case. Defendants object that the Request seeks trade secret information that Plaintiff has not demonstrated a need for, particularly at this time. Defendants further object that this Request is not probative of any claim or defense, as the requested information concerning prototypes and unreleased products does not bear on the issues in this trademark dispute. Defendants further object to this Request to the extent it seeks "all" documents and communications rather than documents sufficient to show or documents limited to specific search terms, thereby requiring an unreasonably expansive, costly, and burdensome collection likely yielding irrelevant or duplicative material. Defendants further object to this request, including use of the terms "All" and "Relating To," as overly broad, unduly burdensome, vague, not relevant to the claims or defenses in this action, and not proportional to the needs of the case. It is not proportional, feasible, or relevant to produce documents regarding devices that have never been publicly announced and may never be publicly announced. Defendants further object to this Request to the extent that any beta testing, focus groups, or other consumer research does not bear on trademark issues. Defendants further object to this Request as improper and premature because it appears to seek

discovery related to unasserted trade secret claims and before Plaintiff has articulated its own trade secret(s). Defendants further object that this Request is vague as to "beta testing," "focus groups," "other consumer research." Defendants further object that this Request seeks confidential or proprietary information, including without limitation, confidential business information, proprietary and/or competitively sensitive information, third party confidential information, trade secrets, and private information of third parties. Defendants will provide any responsive documents only in a manner consistent with the Protective Order and any ESI Order entered by the Court in this matter. Defendants further object that this Request is duplicative of Request for Production Nos. 12, 15 and 36. Defendants further object to this Request because it lacks any meaningful limitation on what it seeks, including in terms of time, place, or subject matter. Defendants further object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other privileges or immunities. Defendants object to the extent this Request seeks information regarding activities outside the United States.

Subject to and without waiver of the foregoing objections, Defendants respond as follows: there are no responsive documents relating to any device that has been or will be sold or advertised as an "io" branded product.

**REQUEST FOR PRODUCTION NO. 11:**

Documents sufficient to show the total amount Defendants have spent, to date, on the design, development, engineering, and/or manufacturing of any Prototype of any IO Device, including but not limited to budgets, invoices, contracts, purchase orders, payment records, accounting summaries or other financial records reflecting such expenditures.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Defendants incorporate by reference each and all of their general objections, including their objections to Plaintiff's definitions and instructions and including specifically their objection to Plaintiff's definitions of "IO Device" and "Prototype." Defendants further object to this Request to the extent it seeks documents beyond those relating to any device that was or will be sold or advertised as an "io" branded device and which are therefore irrelevant to this action and disproportionate to the needs of the case. Defendants object that the Request seeks trade secret

-19-                                                                    Case No. 3:25-cv-4861

information that Plaintiff has not demonstrated a need for, particularly at this time. Defendants further object that this Request is not probative of any claim or defense, as the requested information concerning prototypes and unreleased products does not bear on the issues in this trademark dispute. Defendants further object that this Request seeks premature damages discovery; Defendants' expenses are wholly irrelevant to Plaintiff's claims given that Defendants have made no consumer sales of any hardware products. Defendants further object to this request, including use of the terms "All" and "Relating To," as overly broad, unduly burdensome, vague, not relevant to the claims or defenses in this action, and not proportional to the needs of the case. It is not proportional, feasible, or relevant to respond to requests for production of any "budgets, invoices, contracts, purchase orders, [or] payment records," or why similar, summary information is insufficient. Defendants further object to this Request as improper and premature because it appears to seek discovery related to unasserted trade secret claims and before Plaintiff has articulated its own trade secret(s). Defendants further object that this Request seeks confidential or proprietary information, including without limitation, confidential business information, proprietary and/or competitively sensitive information, third party confidential information, or trade secrets. Defendants will provide any responsive documents only in a manner consistent with the Protective Order and any ESI Order entered by the Court in this matter. Defendants further object that this Request is irrelevant to the extent that development costs are not relevant to likelihood of confusion. Defendants further object that this Request is unduly burdensome because it requires compilation of financial data across multiple sources. Defendants further object to this Request because it lacks any meaningful limitation on what it seeks, including in terms of time, place, or subject matter.

Subject to and without waiver of the foregoing objections, Defendants respond as follows: there are no responsive documents relating to any device that has been or will be sold or advertised as an "io" branded product.

**REQUEST FOR PRODUCTION NO. 12:**

All Documents and Communications Relating To the intended or target consumer audience for any IO Device, including demographic analyses, user personas, segmentation studies, and marketing strategy documents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Defendants incorporate by reference each and all of their general objections, including their objections to Plaintiff's definitions and instructions and including specifically their objection to Plaintiff's definition of "IO Device." Defendants further object to this Request to the extent it seeks documents beyond those relating to any device that was or will be sold or advertised as an "io" branded device and which are therefore irrelevant to this action and disproportionate to the needs of the case. Defendants object that the Request seeks trade secret information that Plaintiff has not demonstrated a need for, particularly at this time. Defendants further object that this Request is not probative of any claim or defense, as the requested information does not bear on the issues in this trademark dispute. Defendants further object to this Request to the extent it seeks "all" documents and communications rather than documents sufficient to show or documents limited to specific search terms, thereby requiring an unreasonably expansive, costly, and burdensome collection likely yielding irrelevant or duplicative material. Defendants further object to this request, including use of the terms "All" and "Relating To," as overly broad, unduly burdensome, vague, not relevant to the claims or defenses in this action, and not proportional to the needs of the case. It is not proportional, feasible, or relevant to respond to requests for production of "[a]ll Documents and Communications Relating To" unlimited phrases such as "the intended or target consumer audience for any IO device," nor is it proportional, feasible, or relevant to produce documents regarding devices that have never been publicly announced and may never be publicly announced. Defendants further object that this Request seeks confidential or proprietary information, including without limitation, confidential business information, proprietary and/or competitively sensitive information, third party confidential information, or trade secrets. Defendants will provide any responsive documents only in a manner consistent with the Protective Order and any ESI Order entered by the Court in this matter. Defendants further object that this Request is duplicative of Request for Production Nos. 15 and 16. Defendants further object to this Request because it lacks any meaningful limitation on what it seeks, including in terms of time, place, or subject matter. Defendants further object that this Request calls for speculation to the extent that Defendants cannot identify the characteristics, intentions, or percentages of customers who do not yet exist for a product

that has not been released.  Defendants further object to the extent this Request seeks information not tracked in the ordinary course of Defendants' business.  Defendants further object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other privileges or immunities.  Defendants object to the extent this Request seeks information regarding activities outside the United States.

Subject to and without waiver of the foregoing objections, Defendants respond as follows: there are no responsive documents relating to any device that has been or will be sold or advertised as an "io" branded product.

**REQUEST FOR PRODUCTION NO. 13:**

All Documents and Communications Relating To pricing strategy for any IO Device, including proposed retail price, wholesale price, cost models, margin analyses, and any changes or revisions to pricing assumptions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Defendants incorporate by reference each and all of their general objections, including their objections to Plaintiff's definitions and instructions and including specifically their objection to Plaintiff's definition of "IO Device."  Defendants further object to this Request to the extent it seeks documents beyond those relating to any device that was or will be sold or advertised as an "io" branded device and which are therefore irrelevant to this action and disproportionate to the needs of the case.  Defendants object that the Request seeks trade secret information that Plaintiff has not demonstrated a need for, particularly at this time.  Defendants further object that this Request is not probative of any claim or defense, as the requested information does not bear on the issues in this trademark dispute.  Defendants further object to this Request to the extent it seeks "all" documents and communications rather than documents sufficient to show or documents limited to specific search terms, thereby requiring an unreasonably expansive, costly, and burdensome collection likely yielding irrelevant or duplicative material.  Defendants further object to this request, including use of the terms "All" and "Relating To," as overly broad, unduly burdensome, vague, not relevant to the claims or defenses in this action, and not proportional to the needs of the case.  It is not proportional, feasible, or relevant to respond to requests for production of "[a]ll Documents and

-22-                                                                    Case No. 3:25-cv-4861

Communications Relating To" an unlimited phrase such as "pricing strategy," "retail price, wholesale price, cost models, margin analyses, and any changes or revisions to pricing assumptions," nor is it proportional, feasible, or relevant to produce documents regarding devices that have never been publicly announced and may never be publicly announced, and have not been commercially manufactured. Defendants further object that this Request calls for speculation to the extent it seeks anticipated or "proposed" pricing that has not been finalized. Defendants further object to the extent this Request seeks information not tracked in the ordinary course of Defendants' business. Defendants further object that this Request seeks confidential or proprietary information, including without limitation, confidential business information, proprietary and/or competitively sensitive information, third party confidential information, or trade secrets. Defendants will provide any responsive documents only in a manner consistent with the Protective Order and any ESI Order entered by the Court in this matter. Defendants further object that this Request seeks premature damages discovery. Defendants further object to this Request because it lacks any meaningful limitation on what it seeks, including in terms of time, place, or subject matter. Defendants further object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other privileges or immunities. Defendants object to the extent this Request seeks information regarding activities outside the United States.

Subject to and without waiver of the foregoing objections, Defendants respond as follows: there are no responsive documents relating to any device that has been or will be sold or advertised as an "io" branded product.

**REQUEST FOR PRODUCTION NO. 14:**

All Documents and Communications Relating To anticipated or planned sales channels for any IO Device, including direct-to-consumer, online platforms, retail partnerships, distributors, and any related agreements or negotiations.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Defendants incorporate by reference each and all of their general objections, including their objections to Plaintiff's definitions and instructions and including specifically their objection to

-23-                                                    Case No. 3:25-cv-4861

Plaintiff's definition of "IO Device." Defendants further object to this Request to the extent it seeks documents beyond those relating to any device that was or will be sold or advertised as an "io" branded device and which are therefore irrelevant to this action and disproportionate to the needs of the case. Defendants object that the Request seeks trade secret information that Plaintiff has not demonstrated a need for, particularly at this time. Defendants further object that this Request is not probative of any claim or defense, as the requested information does not bear on the issues in this trademark dispute. Defendants further object to this Request to the extent it seeks "all" documents and communications rather than documents sufficient to show or documents limited to specific search terms, thereby requiring an unreasonably expansive, costly, and burdensome collection likely yielding irrelevant or duplicative material. Defendants further object to this request, including use of the terms "All" and "Relating To," as overly broad, unduly burdensome, vague, not relevant to the claims or defenses in this action, and not proportional to the needs of the case, particularly with respect to the terms. It is not proportional, feasible, or relevant to respond to requests for production of "[a]ll Documents and Communications Relating To" unlimited phrases such as "anticipated or planned sales channels" and "related agreements or negotiations," nor is it proportional, feasible, or relevant to produce documents regarding devices that have never been publicly announced and may never be publicly announced. Defendants further object that this Request calls for speculation to the extent it seeks "anticipated" or "planned" channels that have not been finalized. Defendants further object that this Request seeks confidential or proprietary information, including without limitation, confidential business information, proprietary and/or competitively sensitive information, third party confidential information, or trade secrets. Defendants will provide any responsive documents only in a manner consistent with the Protective Order and any ESI Order entered by the Court in this matter. Defendants further object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other privileges or immunities. Defendants further object to this Request because it lacks any meaningful limitation on what it seeks, including in terms of time, place, or subject matter. Defendants object to the extent this Request seeks information regarding activities outside the United States.

Subject to and without waiver of the foregoing objections, Defendants respond as follows: there are no responsive documents relating to any device that has been or will be sold or advertised as an "io" branded product.

**REQUEST FOR PRODUCTION NO. 15:**

All Documents and Communications Relating To market research, consumer surveys, focus groups, or competitive analyses conducted in connection with any IO Device, including summaries, reports, and underlying data.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Defendants incorporate by reference each and all of their general objections, including their objections to Plaintiff's definitions and instructions and including specifically their objection to Plaintiff's definition of "IO Device." Defendants further object to this Request to the extent it seeks documents beyond those relating to any device that was or will be sold or advertised as an "io" branded device and which are therefore irrelevant to this action and disproportionate to the needs of the case. Defendants object that the Request seeks trade secret information that Plaintiff has not demonstrated a need for, particularly at this time. Defendants further object that this Request is not probative of any claim or defense, as the requested information concerning market research for prototypes and unreleased products does not bear on the issues in this trademark dispute. Defendants further object to this Request to the extent it seeks "all" documents and communications rather than documents sufficient to show or documents limited to specific search terms, thereby requiring an unreasonably expansive, costly, and burdensome collection likely yielding irrelevant or duplicative material. Defendants further object to this request, including use of the terms "All" and "Relating To," as overly broad, unduly burdensome, vague, not relevant to the claims or defenses in this action, and not proportional to the needs of the case, particularly with respect to the term "in connection with." It is not proportional, feasible, or relevant to produce documents regarding devices that have never been publicly announced and may never be publicly announced. Defendants further object that this Request seeks confidential or proprietary information, including without limitation, confidential business information, proprietary and/or competitively sensitive information, third party confidential information, or trade secrets. Defendants will provide any

responsive documents only in a manner consistent with the Protective Order and any ESI Order entered by the Court in this matter.  Defendants further object that this Request is unduly burdensome because it requests "underlying data" without limitation.  Defendants further object that this Request is duplicative of Request for Production Nos. 10, 12 and 40.  Defendants further object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other privileges or immunities.  Defendants further object to this Request because it lacks any meaningful limitation on what it seeks, including in terms of time, place, or subject matter.  Defendants object to the extent this Request seeks information regarding activities outside the United States.

Subject to and without waiver of the foregoing objections, Defendants respond as follows: there are no responsive documents relating to any device that has been or will be sold or advertised as an "io" branded product.

**REQUEST FOR PRODUCTION NO. 16:**

All Documents and Communications Relating To marketing plans, strategies, or campaigns for any IO Device, including drafts, budgets, timelines, and approvals.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Defendants incorporate by reference each and all of their general objections, including their objections to Plaintiff's definitions and instructions and including specifically their objection to Plaintiff's definition of "IO Device."  Defendants further object to this Request to the extent it seeks documents beyond those relating to any device that was or will be sold or advertised as an "io" branded device and which are therefore irrelevant to this action and disproportionate to the needs of the case.  Defendants object that the Request seeks trade secret information that Plaintiff has not demonstrated a need for, particularly at this time.  Defendants further object that this Request is not probative of any claim or defense, as the requested information concerning preliminary marketing plans for prototypes and unreleased products does not bear on the issues in this trademark dispute.  Defendants further object to this Request to the extent it seeks "all" documents and communications rather than documents sufficient to show or documents limited to specific search terms, thereby requiring an unreasonably expansive, costly, and burdensome collection likely yielding irrelevant

or duplicative material. Defendants further object to this request, including use of the terms "All" and "Relating To," as overly broad, unduly burdensome, vague, not relevant to the claims or defenses in this action, and not proportional to the needs of the case. It is not proportional, feasible, or relevant to respond to requests for production of "[a]ll Documents and Communications Relating To" unlimited phrases such as "marketing plans, strategies, or campaigns" and "drafts, budgets, timelines, and approvals," nor is it proportional, feasible, or relevant to produce documents regarding devices that have never been publicly announced and may never be publicly announced. Defendants further object that this Request seeks confidential or proprietary information, including without limitation, confidential business information, proprietary and/or competitively sensitive information, third party confidential information, or trade secrets. Defendants will provide any responsive documents only in a manner consistent with the Protective Order and any ESI Order entered by the Court in this matter. Defendants further object that this Request is duplicative of Request for Production Nos. 12, 17 and 18. Defendants further object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other privileges or immunities. Defendants further object to this Request because it lacks any meaningful limitation on what it seeks, including in terms of time, place, or subject matter. Defendants object to the extent this Request seeks information regarding activities outside the United States.

Subject to and without waiver of the foregoing objections, Defendants respond as follows: there are no responsive documents relating to any device that has been or will be sold or advertised as an "io" branded product.

**REQUEST FOR PRODUCTION NO. 17:**

All Documents and Communications Relating To branding decisions for any IO Device, or any packaging for any IO Device, including logo design, trade dress, color schemes, typography, and brand guidelines.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Defendants incorporate by reference each and all of their general objections, including their objections to Plaintiff's definitions and instructions and including specifically their objection to

Plaintiff's definition of "IO Device." Defendants further object to this Request to the extent it seeks documents beyond those relating to any device that was or will be sold or advertised as an "io" branded device and which are therefore irrelevant to this action and disproportionate to the needs of the case. Defendants object that the Request seeks trade secret information that Plaintiff has not demonstrated a need for, particularly at this time. Defendants further object that this Request is not probative of any claim or defense, as the requested information concerning branding for prototypes and unreleased products does not bear on the issues in this trademark dispute. Defendants further object to this Request to the extent it seeks "all" documents and communications rather than documents sufficient to show or documents limited to specific search terms, thereby requiring an unreasonably expansive, costly, and burdensome collection likely yielding irrelevant or duplicative material. Defendants further object to this request, including use of the terms "All" and "Relating To," as overly broad, unduly burdensome, vague, not relevant to the claims or defenses in this action, and not proportional to the needs of the case. It is not proportional, feasible, or relevant to respond to requests for production of "[a]ll Documents and Communications Relating To" unlimited phrases such as "branding decisions" and "brand guidelines," nor is it proportional, feasible, or relevant to produce documents regarding devices that have never been publicly announced and may never be publicly announced. Defendants further object that this Request seeks confidential or proprietary information, including without limitation, confidential business information, proprietary and/or competitively sensitive information, third party confidential information, or trade secrets. Defendants will provide any responsive documents only in a manner consistent with the Protective Order and any ESI Order entered by the Court in this matter. Defendants further object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other privileges or immunities. Defendants further object to this Request because it lacks any meaningful limitation on what it seeks, including in terms of time, place, or subject matter.

Subject to and without waiver of the foregoing objections, Defendants respond as follows: there are no responsive documents relating to any device that has been or will be sold or advertised as an "io" branded product.

**REQUEST FOR PRODUCTION NO. 18:**

All Documents and Communications Relating To advertising for any IO Device, including drafts, storyboards, scripts, mockups, and final versions of advertisements (including the Video Announcement).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Defendants incorporate by reference each and all of their general objections, including their objections to Plaintiff's definitions and instructions and including specifically their objection to Plaintiff's definition of "IO Device." Defendants further object to this Request to the extent it seeks documents beyond those relating to any device that was or will be sold or advertised as an "io" branded device and which are therefore irrelevant to this action and disproportionate to the needs of the case. Defendants object that the Request seeks trade secret information that Plaintiff has not demonstrated a need for, particularly at this time. Defendants further object that this Request is not probative of any claim or defense, as the requested information concerning potential advertising for prototypes and unreleased products does not bear on the issues in this trademark dispute. Defendants further object to this Request to the extent it seeks "all" documents and communications rather than documents sufficient to show or documents limited to specific search terms, thereby requiring an unreasonably expansive, costly, and burdensome collection likely yielding irrelevant or duplicative material. Defendants further object to this request, including use of the terms "All" and "Relating To," as overly broad, unduly burdensome, vague, not relevant to the claims or defenses in this action, and not proportional to the needs of the case. It is not proportional, feasible, or relevant to respond to requests for production of "[a]ll Documents and Communications Relating To" unlimited phrases such as "advertising" and "drafts, storyboards, scripts, [or] mockups," nor is it proportional, feasible, or relevant to produce documents regarding devices that have never been publicly announced and may never be publicly announced. Defendant objects that the Request misstates facts as it mischaracterizes the "Video Announcement" as "advertising for any IO Device." Defendants further object that this Request seeks confidential or proprietary information, including without limitation, confidential business information, proprietary and/or competitively sensitive information, third party confidential information, or trade secrets. Defendants will provide

-29-                                                        Case No. 3:25-cv-4861

any responsive documents only in a manner consistent with the Protective Order and any ESI Order entered by the Court in this matter. Defendants further object that this Request is duplicative of Request for Production No. 16. Defendants further object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other privileges or immunities. Defendants further object to this Request because it lacks any meaningful limitation on what it seeks, including in terms of time, place, or subject matter. Defendants object to the extent this Request seeks information regarding activities outside the United States.

Subject to and without waiver of the foregoing objections, Defendants respond as follows: there are no responsive documents relating to any device that has been or will be sold or advertised as an "io" branded product.

**REQUEST FOR PRODUCTION NO. 19:**

All Documents and Communications Relating To public reactions, media coverage, social media engagement, or consumer feedback to IO's announcements on or around May 21 and July 9, 2024.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Defendants incorporate by reference each and all of their general objections. Defendants further object to this Request to the extent it seeks documents beyond those relating to any device that was or will be sold or advertised as an "io" branded device and which are therefore irrelevant to this action and disproportionate to the needs of the case. Defendants further object that this Request is not probative of any claim or defense, as the requested information concerning media and public reactions to a merger announcement do not bear on the issues in this trademark dispute. Defendants further object to this Request to the extent it seeks "all" documents and communications rather than documents sufficient to show or documents limited to specific search terms, thereby requiring an unreasonably expansive, costly, and burdensome collection likely yielding irrelevant or duplicative material. Defendants further object that this Request is vague as to "public reactions," "media coverage," "social media engagement," "consumer feedback." Defendants further object to this request, including use of the terms "All" and "Relating To," as overly broad, unduly

-30-                                                    Case No. 3:25-cv-4861

burdensome, vague, not relevant to the claims or defenses in this action, and not proportional to the needs of the case.  It is not proportional, feasible, or relevant to respond to requests for production of "[a]ll Documents and Communications Relating To" unlimited phrases such as "public reactions, media coverage, social media engagement, or consumer feedback."  Defendants further object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other privileges or immunities.  Defendants further object to this Request because it lacks any meaningful limitation on what it seeks, including in terms of time, place, or subject matter.  Defendants object to the extent this Request is duplicative, including of Request Nos. 37-39.  Defendants object to the extent the Request seeks documents in Plaintiff's possession, or in public sources equally available to Plaintiff.  Defendants object to the extent this Request seeks information regarding activities outside the United States.

Subject to and without waiver of the foregoing objections, Defendants respond as follows: there are no responsive documents relating to any device that has been or will be sold or advertised as an "io" branded product.

**REQUEST FOR PRODUCTION NO. 20:**

Documents sufficient to show the amount spent on advertising, marketing, or promoting any IO Device.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Defendants incorporate by reference each and all of their general objections, including their objections to Plaintiff's definitions and instructions and including specifically their objection to Plaintiff's definition of "IO Device."  Defendants further object to this Request to the extent it seeks documents beyond those relating to any device that was or will be sold or advertised as an "io" branded device and which are therefore irrelevant to this action and disproportionate to the needs of the case.  Defendants object that the Request seeks trade secret information that Plaintiff has not demonstrated a need for, particularly at this time.  Defendants further object that this Request is not probative of any claim or defense, as the requested information does not bear on the issues in this trademark dispute.  Defendants further object that this Request seeks premature damages discovery.  Defendants further object that this Request seeks confidential or proprietary information, including

-31-    Case No. 3:25-cv-4861

without limitation, confidential business information, proprietary and/or competitively sensitive information, third party confidential information, or trade secrets. Defendants will provide any responsive documents only in a manner consistent with the Protective Order and any ESI Order entered by the Court in this matter. Defendants further object to this Request because it lacks any meaningful limitation on what it seeks, including in terms of time, place, or subject matter. Defendants object to the extent this Request seeks information regarding activities outside the United States.

Subject to and without waiver of the foregoing objections, Defendants respond as follows: there are no responsive documents relating to any device that has been or will be sold or advertised as an "io" branded product.

**REQUEST FOR PRODUCTION NO. 21:**

All Documents and Communications Relating To the selection, adoption, or approval of the company name IO Products, Inc., including internal discussions, presentations, and decision-making materials.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Defendants incorporate by reference each and all of their general objections. Defendants further object to this Request to the extent it seeks documents beyond those relating to any "io" branded device that was or will be sold or advertised, or the name of a company that sold or advertised an "io" branded device, which are therefore irrelevant to this action and disproportionate to the needs of the case. Defendants further object that this Request is not probative of any claim or defense, as the requested information does not bear on the remaining issues in this trademark dispute. Defendants further object to this Request to the extent it seeks "all" documents and communications rather than documents sufficient to show or documents limited to specific search terms, thereby requiring an unreasonably expansive, costly, and burdensome collection likely yielding irrelevant or duplicative material. Defendants further object to this request, including use of the terms "All" and "Relating To," as overly broad, unduly burdensome, vague, not relevant to the claims or defenses in this action, and not proportional to the needs of the case, including as to use of the phrase "adoption." Defendants further object that this Request seeks confidential or

proprietary information, including without limitation, confidential business information, proprietary and/or competitively sensitive information, third party confidential information, or trade secrets. Defendants will provide any responsive documents only in a manner consistent with the Protective Order and any ESI Order entered by the Court in this matter. Defendants further object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other privileges or immunities. Defendants further object to this Request because it lacks any meaningful limitation on what it seeks, including in terms of time, place, or subject matter.

Subject to and without waiver of the foregoing objections, Defendants respond as follows: Defendants will not produce documents or things in response to this Request.

**REQUEST FOR PRODUCTION NO. 22:**

Documents sufficient to show whether other company names were considered besides IO Products, Inc. and what those names were.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Defendants incorporate by reference each and all of their general objections. Defendants further object to this Request to the extent it seeks documents beyond those relating to any "io" branded device that was or will be sold or advertised, or the names considered by a company that sold or advertised an "io" branded device, which are therefore irrelevant to this action and disproportionate to the needs of the case. Defendants further object that this Request is not probative of any claim or defense, as the requested information does not bear on the remaining issues in this trademark dispute. Defendants further object that this Request seeks confidential or proprietary information, including without limitation, confidential business information, proprietary and/or competitively sensitive information, third party confidential information, or trade secrets. Defendants will provide any responsive documents only in a manner consistent with the Protective Order and any ESI Order entered by the Court in this matter. Defendants further object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other privileges or immunities.

Subject to and without waiver of the foregoing objections, Defendants respond as follows: Defendants will not produce documents or things in response to this Request.

**REQUEST FOR PRODUCTION NO. 23:**

All Documents and Communications Relating To the formation and registration of IO Products, Inc., including Documents showing who was involved in the decision to form and register IO Products, Inc.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Defendants incorporate by reference each and all of their general objections. Defendants further object to this Request to the extent it seeks documents beyond those relating to any "io" branded device that was or will be sold or advertised, or the corporate history of a company that sold or advertised an "io" branded device, which are therefore irrelevant to this action and disproportionate to the needs of the case. Defendants further object to this Request to the extent it seeks "all" documents and communications rather than documents sufficient to show or documents limited to specific search terms, thereby requiring an unreasonably expansive, costly, and burdensome collection likely yielding irrelevant or duplicative material. Defendants further object to this request, including use of the terms "All" and "Relating To," as overly broad, unduly burdensome, vague, not relevant to the claims or defenses in this action, and not proportional to the needs of the case. Defendants further object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other privileges or immunities. Defendants further object that this Request is unduly burdensome because formation documents are publicly available. Defendants further object to this Request because it lacks any meaningful limitation on what it seeks, including in terms of time, place, or subject matter.

Subject to and without waiver of the foregoing objections, Defendants respond as follows: Defendants will not produce documents or things in response to this Request.

**REQUEST FOR PRODUCTION NO. 24:**

Documents sufficient to show who works for or is employed by IO Products, Inc., including their start dates.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Defendants incorporate by reference each and all of their general objections. Defendants further object to this Request to the extent it seeks documents beyond those relating to any "io" branded device that was or will be sold or advertised, or the operations of a company that sold or advertised an "io" branded device, which are therefore irrelevant to this action and disproportionate to the needs of the case. Defendants further object that this Request seeks private information regarding employees. Defendants further object to this request, including use of the terms "All" and "Relating To," as overly broad, unduly burdensome, vague, not relevant to the claims or defenses in this action, and not proportional to the needs of the case. Defendants further object that this Request seeks confidential or proprietary information, including without limitation, confidential business information, proprietary and/or competitively sensitive information, third party confidential information, trade secrets, and private information of third parties. Defendants will provide any responsive documents only in a manner consistent with the Protective Order and any ESI Order entered by the Court in this matter. Defendants further object that this Request is vague as to "sufficient." Defendants further object to this Request because it lacks any meaningful limitation on what it seeks, including in terms of time, place, or subject matter.

Subject to and without waiver of the foregoing objections, Defendants respond as follows: io Products, Inc. has no employees.

**REQUEST FOR PRODUCTION NO. 25:**

All Documents and Communications Relating To the selection, adoption, or approval of the name "IO" for any product(s), including internal discussions, presentations, and decision-making materials.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Defendants incorporate by reference each and all of their general objections. Defendants further object to this Request to the extent it seeks documents beyond those relating to any "io" branded device that was or will be sold or advertised. Defendants further object to this Request to the extent it seeks "all" documents and communications rather than documents sufficient to show or documents limited to specific search terms, thereby requiring an unreasonably expansive, costly,

and burdensome collection likely yielding irrelevant or duplicative material.  Defendants further object that this Request is duplicative of Request for Production Nos. 21, 22 and 23.  Defendants further object that no product has been named "io."  Defendants further object to this request, including use of the terms "All" and "Relating To," as overly broad, unduly burdensome, vague, not relevant to the claims or defenses in this action, and not proportional to the needs of the case.  Defendants further object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other privileges or immunities.  Defendants further object that this Request seeks confidential or proprietary information, including without limitation, confidential business information, proprietary and/or competitively sensitive information, third party confidential information, or trade secrets.  Defendants will provide any responsive documents only in a manner consistent with the Protective Order and any ESI Order entered by the Court in this matter.  Defendants further object to this Request because it lacks any meaningful limitation on what it seeks, including in terms of time, place, or subject matter.

Subject to and without waiver of the foregoing objections, Defendants respond as follows: Defendants have not used "io" as the name of any products advertised or offered for sale.

**REQUEST FOR PRODUCTION NO. 26:**

Documents sufficient to show whether other names were considered besides "IO" for any IO Device and what those other names were.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Defendants incorporate by reference each and all of their general objections, including their objections to Plaintiff's definitions and instructions and including specifically their objection to Plaintiff's definition of "IO Device."  Defendants further object that this Request is duplicative of Request for Production Nos. 21, 22 and 23.  Defendants further object to this Request to the extent it seeks documents beyond those relating to any "io" branded device that was or will be sold or advertised, or the operations of a company that sold or advertised an "io" branded device, which are therefore irrelevant to this action and disproportionate to the needs of the case.  Defendants further object that no product has been named "io."  Defendants further object that this Request seeks

confidential or proprietary information, including without limitation, confidential business information, proprietary and/or competitively sensitive information, third party confidential information, or trade secrets. Defendants will provide any responsive documents only in a manner consistent with the Protective Order and any ESI Order entered by the Court in this matter. Defendant also objects to the characterization that "IO" was considered as a "name" for "any IO Device" because no such facts have been established. Defendants further object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other privileges or immunities.

Subject to and without waiver of the foregoing objections, Defendants respond as follows: Defendants have not used "io" as the name of any products they advertised or offered for sale, nor have they used any other name for any "IO Device" advertised or offered for sale.

**REQUEST FOR PRODUCTION NO. 27:**

All Documents and Communications Relating To the acquisition of the io.com domain.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Defendants incorporate by reference each and all of their general objections. Defendants further object to this Request to the extent it seeks documents beyond those relating to any "io" branded device that was or will be sold or advertised, or the acquisition of a domain name that sold or advertised an "io" branded device, which are therefore irrelevant to this action and disproportionate to the needs of the case. Defendants further object to this Request to the extent it seeks "all" documents and communications rather than documents sufficient to show or documents limited to specific search terms, thereby requiring an unreasonably expansive, costly, and burdensome collection likely yielding irrelevant or duplicative material. Defendants further object to this request, including use of the terms "All" and "Relating To," as overly broad, unduly burdensome, vague, not relevant to the claims or defenses in this action, and not proportional to the needs of the case. Defendants further object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other privileges or immunities. Defendants further object that this Request seeks confidential or proprietary information, including without limitation, confidential business information,

-37-    Case No. 3:25-cv-4861

proprietary and/or competitively sensitive information, third party confidential information, or trade secrets. Defendants will provide any responsive documents only in a manner consistent with the Protective Order and any ESI Order entered by the Court in this matter. Defendants further object to this Request because it lacks any meaningful limitation on what it seeks, including in terms of time, place, or subject matter.

Subject to and without waiver of the foregoing objections, Defendants respond as follows: Defendants will not produce documents or things in response to this Request.

**REQUEST FOR PRODUCTION NO. 28:**

All Documents and Communications Relating To any trademark searches, clearance reports, or availability analyses conducted in connection with the name "IO" either in relation to the company name or the name of any product.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Defendants incorporate by reference each and all of their general objections. Defendants object that this Request seeks information protected by the attorney-client privilege and work product doctrine. Defendants further object to this Request to the extent it seeks documents beyond those relating to any "io" branded device that was or will be sold or advertised, or the due diligence conducted regarding the naming of a product sold or advertised as an "io" branded device, which are therefore irrelevant to this action and disproportionate to the needs of the case. Defendants further object to this Request to the extent it seeks "all" documents and communications rather than documents sufficient to show or documents limited to specific search terms, thereby requiring an unreasonably expansive, costly, and burdensome collection likely yielding irrelevant or duplicative material. Defendants further object that the request, including use of the terms "All" and "Relating To," is overly broad, unduly burdensome, vague, not relevant to the claims or defenses in this action, and not proportional to the needs of the case. Defendants further object to this Request because it lacks any meaningful limitation on what it seeks, including in terms of time, place, or subject matter. Defendants object to the extent this Request seeks information regarding activities outside the United States.

Subject to and without waiver of the foregoing objections, Defendants respond as follows: Defendants will not produce documents or things in response to this Request.

**REQUEST FOR PRODUCTION NO. 29:**

All Documents and Communications Relating To any legal opinions, risk assessments, or due diligence regarding potential conflicts between the name "IO" and any other mark, including Plaintiffs' "IYO" mark.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Defendants incorporate by reference each and all of their general objections. Defendants further object to this Request to the extent it seeks documents beyond those relating to any "io" branded device that was or will be sold or advertised, or the due diligence conducted regarding the naming of any product sold or advertised as an "io" branded device, which are therefore irrelevant to this action and disproportionate to the needs of the case. Defendants further object that this Request is not probative of any claim or defense, as the requested information does not bear on the remaining issues in this trademark dispute. Defendants object that this Request seeks information protected by the attorney-client privilege and work product doctrine, as legal opinions and risk assessments are privileged and constitute attorney work product. Defendants further object to this Request to the extent it seeks "all" documents and communications rather than documents sufficient to show or documents limited to specific search terms, thereby requiring an unreasonably expansive, costly, and burdensome collection likely yielding irrelevant or duplicative material. Defendants further object that the request, including use of the terms "All" and "Relating To," is overly broad, unduly burdensome, vague, not relevant to the claims or defenses in this action, and not proportional to the needs of the case. Defendants further object to this Request because it lacks any meaningful limitation on what it seeks, including in terms of time, place, or subject matter. Defendants object to the extent this Request seeks information regarding activities outside the United States.

Subject to and without waiver of the foregoing objections, Defendants respond as follows: Defendants will not produce documents or things in response to this Request.

DEFENDANTS' RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS PROPOUNDED ON DEFENDANTS (SET ONE)

**REQUEST FOR PRODUCTION NO. 30:**

All Documents and Communications between any of the Defendants or their representatives (including but not limited to Tang Yew Tan, Evans Hankey, Scott Cannon, Peter Welinder, Marwan Rammah, Evan Sharp, and Ryan Cohen) on the one hand, and IYO or Jason Rugolo, on the other hand, including emails, letters, text messages, meeting invitations, notes, and instant messages.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Defendants incorporate by reference each and all of their general objections. Defendants further object to this Request to the extent it seeks documents that are not relevant to the sale or advertising of any "io" branded device that was or will be sold or advertised and which are therefore irrelevant to this action and disproportionate to the needs of the case. Defendants further object to this Request to the extent it seeks "all" documents and communications rather than documents sufficient to show or documents limited to specific search terms, thereby requiring an unreasonably expansive, costly, and burdensome collection likely yielding irrelevant or duplicative material. Defendants further object that this Request calls for documents that are already in Plaintiff's possession. Defendants further object to this request, including use of the terms "All," "Relating To," and "representatives" as overly broad, unduly burdensome, vague, not relevant to the claims or defenses in this action, and not proportional to the needs of the case. Defendants further object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other privileges or immunities. Defendants further object to this Request because it lacks any meaningful limitation on what it seeks, including in terms of time, place, or subject matter. Defendants further object to this Request to the extent it seeks documents which are not in Defendants' possession, custody, or control. Defendants object to this request to the extent it seeks information from anyone other than the named individual defendants or the employees of the corporate defendants, including its embedded assumption that Evan Sharp or Ryan Cohen were representatives of any of the Defendants or had anything to do with the development or planning of any of the product concepts worked on by io Products Inc. because these individuals' documents are irrelevant to the issues in this action and/or

DEFENDANTS' RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS PROPOUNDED ON DEFENDANTS (SET ONE)

disproportionate to the needs of this case. Defendants object to the extent the Request seeks documents in Plaintiff's possession, or in sources equally available to Plaintiff.

Subject to and without waiver of the foregoing objections, Defendants respond as follows: there are no responsive documents relating to any device that has been or will be sold or advertised as an "io" branded product.

**REQUEST FOR PRODUCTION NO. 31:**

All Documents and Communications Relating To any meetings (virtual or in-person) between Defendants or their representatives (including but not limited to Tang Yew Tan, Evans Hankey, Scott Cannon, Peter Welinder, Marwan Rammah, Evan Sharp, and Ryan Cohen) on the one hand, and IYO or Jason Rugolo, including agendas, notes, minutes, and summaries.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Defendants incorporate by reference each and all of their general objections. Defendants further object to this Request to the extent it seeks documents that are not relevant to the sale or advertising of any "io" branded device that was or will be sold or advertised and which are therefore irrelevant to this action and disproportionate to the needs of the case. Defendants further object that this Request is not probative of any claim or defense, as the requested information does not bear on the remaining issues in this trademark dispute. Defendants further object to this Request to the extent it seeks "all" documents and communications, unlimited as to when and why they were created, and rather than documents sufficient to show or documents limited to specific search terms, purposes, times, and authors, thereby requiring an unreasonably expansive, costly, and burdensome collection likely yielding irrelevant or duplicative material. Defendants further object that the request, including use of the terms "All" and "Relating To," is overly broad, unduly burdensome, vague, not relevant to the claims or defenses in this action, and not proportional to the needs of the case. Defendants further object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other privileges or immunities. Defendants further object to this Request because it lacks any meaningful limitation on what it seeks, including in terms of time, place, or subject matter. Defendants object to this request to the extent it seeks information from anyone other than the named individual

-41-                                                                                    Case No. 3:25-cv-4861

defendants or the employees of the corporate defendants, including its embedded assumption that Evan Sharp or Ryan Cohen were representatives of any of the Defendants or had anything to do with the development or planning of any of the product concepts worked on by io Products Inc. because these individuals' documents are irrelevant to the issues in this action and/or disproportionate to the needs of this case. Defendants object to the extent the Request seeks documents in Plaintiff's possession.

Subject to and without waiver of the foregoing objections, Defendants respond as follows: there are no responsive documents relating to any device that has been or will be sold or advertised as an "io" branded device.

**REQUEST FOR PRODUCTION NO. 32:**

All Documents and Communications Relating To IYO, Jason Rugolo, his TED talk, or any IYO product(s), including internal discussions, notes of product assessment, presentations, or reports.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Defendants incorporate by reference each and all of their general objections. Defendants further object to this Request to the extent it seeks documents that are not relevant to the sale or advertising of any "io" branded device that was or will be sold or advertised and which are therefore irrelevant to this action and disproportionate to the needs of the case. Defendants further object that this Request is not probative of any claim or defense, as the requested information does not bear on the remaining issues in this trademark dispute. Defendants further object to this Request to the extent it seeks "all" documents and communications, unlimited as to when and why they were created, rather than documents sufficient to show or documents limited to specific search terms, purposes, times, and authors, thereby requiring an unreasonably expansive, costly, and burdensome collection likely yielding irrelevant or duplicative material. Defendants further object to this request, including use of the terms "All" and "Relating To," as overly broad, unduly burdensome, vague, not relevant to the claims or defenses in this action, and not proportional to the needs of the case. Defendants further object to this Request to the extent that it seeks information protected from

disclosure by the attorney-client privilege, the attorney work-product doctrine and any other privileges or immunities.

Subject to and without waiver of the foregoing objections, Defendants respond as follows: there are no responsive documents relating to any device that has been or will be sold or advertised as an "io" branded product.

**REQUEST FOR PRODUCTION NO. 33:**

All Documents and Communications Relating To when any of the Defendants first learned of IYO, Jason Rugolo, or any IYO product(s), including but not limited to all Documents and Communications reflecting, evidencing, or referring to the circumstances, timing, or manner in which any Defendant became aware of IYO, Jason Rugolo, or any IYO product(s).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Defendants incorporate by reference each and all of their general objections. Defendants further object to this Request to the extent it seeks documents that are not relevant to the sale or advertising of any "io" branded device that was or will be sold or advertised and which are therefore irrelevant to this action and disproportionate to the needs of the case. Defendants further object that this Request is not probative of any claim or defense, as the requested information does not bear on the remaining issues in this trademark dispute. Defendants further object to this Request to the extent it seeks "all" documents and communications rather than documents sufficient to show or documents limited to specific search terms, thereby requiring an unreasonably expansive, costly, and burdensome collection likely yielding irrelevant or duplicative material. Defendants further object to this request, including use of the terms "All" and "Relating To," as overly broad, unduly burdensome, vague, not relevant to the claims or defenses in this action, and not proportional to the needs of the case. Defendants further object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other privileges or immunities. Defendants further object that this Request is vague as to "circumstances," "timing," "manner."

Subject to and without waiver of the foregoing objections, Defendants respond as follows: there are no responsive documents relating to any device that has been or will be sold or advertised as an "io" branded product.

**REQUEST FOR PRODUCTION NO. 34:**

All Documents and Communications Relating To any internal discussion, analysis, or evaluation by any Defendant or their representative regarding IYO, Jason Rugolo, or IYO's products, including but not limited to the potential for competition, market overlap, or the impact of IYO's business on Defendants' plans.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

Defendants incorporate by reference each and all of their general objections. Defendants further object to this Request to the extent it seeks documents that are not relevant to the sale or advertising of any "io" branded device that was or will be sold or advertised and which are therefore irrelevant to this action and disproportionate to the needs of the case. Defendants further object that this Request is not probative of any claim or defense, as the requested information does not bear on the remaining issues in this trademark dispute. Defendants further object to this Request to the extent it seeks "all" documents and communications rather than documents sufficient to show or documents limited to specific search terms, thereby requiring an unreasonably expansive, costly, and burdensome collection likely yielding irrelevant or duplicative material. Defendants further object to this request, including use of the terms "All" and "Relating To," as overly broad, unduly burdensome, vague, not relevant to the claims or defenses in this action, and not proportional to the needs of the case. Defendants further object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other privileges or immunities. Defendants further object that this Request is duplicative of Request for Production Nos. 32, 44 and 45.

Subject to and without waiver of the foregoing objections, Defendants respond as follows: there are no responsive documents relating to any device that has been or will be sold or advertised as an "io" branded device.

**REQUEST FOR PRODUCTION NO. 35:**

All Documents and Communications Relating To any consideration, proposal, or decision by Defendants or their representatives regarding the potential acquisition of, investment in, or collaboration with IYO, including any internal analyses, meeting notes, or Communications reflecting reasons for declining such opportunities.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Defendants incorporate by reference each and all of their general objections. Defendants further object to this Request to the extent it seeks documents that are not relevant to the sale or advertising of any "io" branded device that was or will be sold or advertised and which are therefore irrelevant to this action and disproportionate to the needs of the case. Defendants further object that this Request is not probative of any claim or defense, as the requested information does not bear on the remaining issues in this trademark dispute. Defendants further object to this Request to the extent it seeks "all" documents and communications rather than documents sufficient to show or documents limited to specific search terms, thereby requiring an unreasonably expansive, costly, and burdensome collection likely yielding irrelevant or duplicative material. Defendants further object to this request, including use of the terms "All" and "Relating To," as overly broad, unduly burdensome, vague, not relevant to the claims or defenses in this action, and not proportional to the needs of the case. Defendants further object that this Request seeks confidential or proprietary information, including without limitation, confidential business information, proprietary and/or competitively sensitive information, third party confidential information, or trade secrets. Defendants will provide any responsive documents only in a manner consistent with the Protective Order and any ESI Order entered by the Court in this matter. Defendants further object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other privileges or immunities. Defendants further object to this Request because it lacks any meaningful limitation on what it seeks, including in terms of time, place, or subject matter. Defendants further object to this Request to the extent it seeks documents from "representatives" as vague, overbroad, and not proportional to the needs of

the case, and to the extent it seeks documents which are not in Defendants' possession, custody, or control.

Subject to and without waiver of the foregoing objections, Defendants respond as follows: there are no responsive documents relating to any device that has been or will be sold or advertised as an "io" branded device.

**REQUEST FOR PRODUCTION NO. 36:**

All Documents and Communications Relating To any actual, potential, or perceived confusion, inquiry, or comment by any consumer, customer, member of the public, market participant, or investor regarding the similarity, relationship, or possible association between IYO, IYO's products, or IYO's business, and Defendants, Defendants' products, or Defendants' business including but not limited to complaints, questions, reports, internal analyses, surveys, studies, or Communications reflecting or addressing such confusion.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Defendants incorporate by reference each and all of their general objections. Defendants further object to this Request to the extent it seeks "all" documents and communications rather than documents sufficient to show or documents limited to specific search terms, thereby requiring an unreasonably expansive, costly, and burdensome collection likely yielding irrelevant or duplicative material. Defendants further object to this request, including use of the terms "All" and "Relating To," as overly broad, unduly burdensome, vague, not relevant to the claims or defenses in this action, and not proportional to the needs of the case. Defendants further object that this Request is vague as to "actual," "potential," "perceived confusion." Defendants further object that this Request seeks confidential or proprietary information, including without limitation, confidential business information, proprietary and/or competitively sensitive information, third party confidential information, trade secrets, and private information of third parties. Defendants will provide any responsive documents only in a manner consistent with the Protective Order and any ESI Order entered by the Court in this matter. Defendants further object that this Request is improperly compound, seeking multiple categories of documents in a single request. Defendants further object to this Request to the extent that it seeks information protected from disclosure by the attorney-

client privilege, the attorney work-product doctrine and any other privileges or immunities. Defendants further object to this Request because it lacks any meaningful limitation on what it seeks, including in terms of time, place, or subject matter. Defendants further object that this Request calls for speculation to the extent it requires Defendants to identify the subjective mental states of third parties or to characterize whether any third party experienced "confusion." Defendants object to the extent this Request seeks information regarding activities outside the United States.

Subject to and without waiver of the foregoing objections, Defendants respond as follows: following a reasonable and diligent search, there are no documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 37:**

All Documents and Communications Relating To any analysis or assessment of market reaction to Defendants' public announcements or posts on or around May 21 and July 9, 2025.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

Defendants incorporate by reference each and all of their general objections. Defendants further object to this Request to the extent it seeks documents that are not relevant to the sale or advertising of any "io" branded device that was or will be sold or advertised and which are therefore irrelevant to this action and disproportionate to the needs of the case. Defendants further object to this Request to the extent it seeks "all" documents and communications rather than documents sufficient to show or documents limited to specific search terms, thereby requiring an unreasonably expansive, costly, and burdensome collection likely yielding irrelevant or duplicative material. Defendants further object to this request, including use of the terms "All" and "Relating To," as overly broad, unduly burdensome, vague, not relevant to the claims or defenses in this action, and not proportional to the needs of the case. Defendants further object that this Request seeks confidential or proprietary information, including without limitation, confidential business information, proprietary and/or competitively sensitive information, third party confidential information, or trade secrets. Defendants will provide any responsive documents only in a manner consistent with the Protective Order and any ESI Order entered by the Court in this matter. Defendants further object that this Request is duplicative, including of Requests for Production Nos. 19, 38, and 39. Defendants further object to this Request because it lacks any meaningful limitation

-47-                                                          Case No. 3:25-cv-4861

on what it seeks, including in terms of time, place, or subject matter.  Defendants further object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other privileges or immunities.  Defendants object to the extent this Request seeks information regarding activities outside the United States.

Subject to and without waiver of the foregoing objections, Defendants respond as follows: Defendants will not produce documents or things in response to this Request.

**REQUEST FOR PRODUCTION NO. 38:**

All Documents and Communications Relating To any internal discussions or evaluations of the impact of the May 21 and July 9, 2025 announcements, including without limitation as Relating To consumer perception, brand recognition, or competitive positioning.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

Defendants incorporate by reference each and all of their general objections.  Defendants further object to this Request to the extent it seeks documents that are not relevant to the sale or advertising of any "io" branded device that was or will be sold or advertised and which are therefore irrelevant to this action and disproportionate to the needs of the case.  Defendants further object to this Request to the extent it seeks "all" documents and communications rather than documents sufficient to show or documents limited to specific search terms, thereby requiring an unreasonably expansive, costly, and burdensome collection likely yielding irrelevant or duplicative material. Defendants further object to this request, including use of the terms "All" and "Relating To," as overly broad, unduly burdensome, vague, not relevant to the claims or defenses in this action, and not proportional to the needs of the case.  Defendants further object that this Request seeks confidential or proprietary information, including without limitation, confidential business information, proprietary and/or competitively sensitive information, third party confidential information, or trade secrets.  Defendants will provide any responsive documents only in a manner consistent with the Protective Order and any ESI Order entered by the Court in this matter. Defendants further object that this Request is duplicative, including of Request for Production Nos. 19, 37, and 39.  Defendants further object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine and

any other privileges or immunities. Defendants further object to this Request because it lacks any meaningful limitation on what it seeks, including in terms of time, place, or subject matter. Defendants object to the extent this Request seeks information regarding activities outside the United States.

Subject to and without waiver of the foregoing objections, Defendants respond as follows: Defendants will not produce documents or things in response to this Request.

**REQUEST FOR PRODUCTION NO. 39:**

All Documents and Communications Relating To any tracking or monitoring of social media, press coverage, or public commentary concerning IO Products, Inc., Open AI's investment in or purchase of IO Products, Inc, any IO Device, any Prototype, and/or Plaintiff or any of Plaintiff's products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

Defendants incorporate by reference each and all of their general objections, including their objections to Plaintiff's definitions and instructions and including specifically their objection to Plaintiff's definitions of "IO Device" and "Prototype." Defendants further object to this Request to the extent it seeks documents that are not relevant to the sale or advertising of any "io" branded device that was or will be sold or advertised and which are therefore irrelevant to this action and disproportionate to the needs of the case. Defendants object to the extent that the Request seeks trade secret information that Plaintiff has not demonstrated a need for, particularly at this time. Defendants further object that this Request is not probative of any claim or defense, as the requested information does not bear on the issues in this trademark dispute. Defendants further object to this Request to the extent it seeks "all" documents and communications rather than documents sufficient to show or documents limited to specific search terms, thereby requiring an unreasonably expansive, costly, and burdensome collection likely yielding irrelevant or duplicative material. Defendants further object to this request, including use of the terms "All" and "Relating To," as overly broad, unduly burdensome, vague, not relevant to the claims or defenses in this action, and not proportional to the needs of the case. Defendants further object that this Request is unduly burdensome because it seeks all monitoring of broad categories of social media and press. Defendants further object that

this Request is duplicative of Request for Production Nos. 19, 37, and 38.  Defendants further object to this Request because it lacks any meaningful limitation on what it seeks, including in terms of time, place, or subject matter.  Defendants further object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other privileges or immunities.  Defendants object to the extent this Request seeks information regarding activities outside the United States.

Subject to and without waiver of the foregoing objections, Defendants respond as follows: Defendants will not produce documents or things in response to this Request.

**REQUEST FOR PRODUCTION NO. 40:**

All Documents and Communications Relating To any competitive analyses, benchmarking, assessments of, or comparisons involving other products in the AI-enabled audio market, including without limitation any such analyses, benchmarking, assessments, or comparisons performed or directed to be performed by Tang Yew Tan, and/or the work described in paragraph 4 of the Tan Declaration.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

Defendants incorporate by reference each and all of their general objections.  Defendants further object to this Request to the extent it seeks documents that are not relevant to the sale or advertising of any "io" branded device that was or will be sold or advertised and which are therefore irrelevant to this action and disproportionate to the needs of the case.   Defendants object that the Request seeks trade secret information that Plaintiff has not demonstrated a need for, particularly at this time.  Defendants further object that this Request is not probative of any claim or defense, as the requested information does not bear on the issues in this trademark dispute. Defendants further object to this Request as improper and premature because it appears to seek discovery related to unasserted trade secret claims and before Plaintiff has articulated its own trade secret(s). Defendants further object to this Request to the extent it seeks "all" documents and communications rather than documents sufficient to show or documents limited to specific search terms, thereby requiring an unreasonably expansive, costly, and burdensome collection likely yielding irrelevant or duplicative material.  Defendants further object to this request, including use

-50-    Case No. 3:25-cv-4861

of the terms "All" and "Relating To," as overly broad, unduly burdensome, vague, not relevant to the claims or defenses in this action, and not proportional to the needs of the case, including with respect to the terms "AI-enabled audio market," "assessments of," and "comparisons involving." Defendants further object that this Request seeks confidential or proprietary information, including without limitation, confidential business information, proprietary and/or competitively sensitive information, third party confidential information, or trade secrets. Defendants will provide any responsive documents only in a manner consistent with the Protective Order and any ESI Order entered by the Court in this matter. Defendants further object that this Request is duplicative of Request for Production Nos. 15, 34, 44 and 45. Defendants further object to this Request because it lacks any meaningful limitation on what it seeks, including in terms of time, place, or subject matter. Defendants further object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other privileges or immunities. Defendants object to the extent this Request seeks information regarding activities outside the United States.

Subject to and without waiver of the foregoing objections, Defendants respond as follows: there are no responsive documents relating to any device that has been or will be sold or advertised as an "io" branded device.

**REQUEST FOR PRODUCTION NO. 41:**

All Documents and Communications Relating To the "industry exploration," including but not limited to evaluations, analyses, or prototyping of form factors, and any purchases or testing of competitor products, as referenced in paragraph 4 of the Tan Declaration.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

Defendants incorporate by reference each and all of their general objections. Defendants further object to this Request to the extent it seeks documents that are not relevant to the sale or advertising of any "io" branded device that was or will be sold or advertised and which are therefore irrelevant to this action and disproportionate to the needs of the case. Defendants object that the Request seeks trade secret information that Plaintiff has not demonstrated a need for, particularly at this time. Defendants further object that this Request is not probative of any claim

or defense, as the requested information does not bear on the issues in this trademark dispute. Defendants further object to this Request as improper and premature because it appears to seek discovery related to unasserted trade secret claims and before Plaintiff has articulated its own trade secret(s).  Defendants further object to this Request to the extent it seeks "all" documents and communications rather than documents sufficient to show or documents limited to specific search terms, thereby requiring an unreasonably expansive, costly, and burdensome collection likely yielding irrelevant or duplicative material.  Defendants further object to this request, including use of the terms "All" and "Relating To," as overly broad, unduly burdensome, vague, not relevant to the claims or defenses in this action, and not proportional to the needs of the case.  Defendants further object that this Request seeks confidential or proprietary information, including without limitation, confidential business information, proprietary and/or competitively sensitive information, third party confidential information, or trade secrets.  Defendants will provide any responsive documents only in a manner consistent with the Protective Order and any ESI Order entered by the Court in this matter.  Defendants further object that this Request is vague as to "industry exploration," "form factors."  Defendants further object to this Request because it lacks any meaningful limitation on what it seeks, including in terms of time, place, or subject matter. Defendants further object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other privileges or immunities.  Defendants object to the extent this Request seeks information regarding activities outside the United States.

Subject to and without waiver of the foregoing objections, Defendants respond as follows: there are no responsive documents relating to any device that has been or will be sold or advertised as an "io" branded product.

**REQUEST FOR PRODUCTION NO. 42:**

Documents sufficient to show what products Tang Yew Tan purchased or that were purchased at his direction as referenced in the Tan Declaration.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

Defendants incorporate by reference each and all of their general objections. Defendants further object to this Request to the extent it seeks documents that are not relevant to the sale or advertising of any "io" branded device that was or will be sold or advertised and which are therefore irrelevant to this action and disproportionate to the needs of the case. Defendants further object that this Request is irrelevant because product purchases for general market research do not bear on the claims in this action. Defendants further object to this Request as improper and premature because it appears to seek discovery related to unasserted trade secret claims and before Plaintiff has articulated its own trade secret(s). Defendants further object that this Request seeks confidential or proprietary information, including without limitation, confidential business information, proprietary and/or competitively sensitive information, third party confidential information, trade secrets, and private information of third parties. Defendants will provide any responsive documents only in a manner consistent with the Protective Order and any ESI Order entered by the Court in this matter. Defendants further object to this Request because it lacks any meaningful limitation on what it seeks, including in terms of time, place, or subject matter. Defendants further object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other privileges or immunities.

Subject to and without waiver of the foregoing objections, Defendants respond as follows: there are no responsive documents relating to any device that has been or will be sold or advertised as an "io" branded product.

**REQUEST FOR PRODUCTION NO. 43:**

All Documents and Communications Relating To Your assessment of market positioning for any IO Device, including presentations, reports, and strategy documents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

Defendants incorporate by reference each and all of their general objections, including their objections to Plaintiff's definitions and instructions and including specifically their objection to Plaintiff's definition of "IO Device." Defendants further object to this Request to the extent it

seeks documents beyond those relating to any "io" branded device that was or will be sold or advertised and which are therefore irrelevant to this action and disproportionate to the needs of the case. Defendants object that the Request seeks trade secret information that Plaintiff has not demonstrated a need for, particularly at this time. Defendants further object that this Request is not probative of any claim or defense, as the requested information does not bear on the issues in this trademark dispute. Defendants further object to this Request as improper and premature because it appears to seek discovery related to unasserted trade secret claims and before Plaintiff has articulated its own trade secret(s). Defendants further object to this Request to the extent it seeks "all" documents and communications rather than documents sufficient to show or documents limited to specific search terms, thereby requiring an unreasonably expansive, costly, and burdensome collection likely yielding irrelevant or duplicative material. Defendants further object to this request, including use of the terms "All" and "Relating To," as overly broad, unduly burdensome, vague, not relevant to the claims or defenses in this action, and not proportional to the needs of the case. Defendants further object that this Request seeks confidential or proprietary information, including without limitation, confidential business information, proprietary and/or competitively sensitive information, third party confidential information, or trade secrets. Defendants will provide any responsive documents only in a manner consistent with the Protective Order and any ESI Order entered by the Court in this matter. Defendants further object that this Request is duplicative of Request for Production Nos. 12, 15 and 40. Defendants further object to this Request because it lacks any meaningful limitation on what it seeks, including in terms of time, place, or subject matter. Defendants further object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other privileges or immunities. Defendants object to the extent this Request seeks information regarding activities outside the United States.

Subject to and without waiver of the foregoing objections, Defendants respond as follows: there are no responsive documents relating to any device that has been or will be sold or advertised as an "io" branded product.

**REQUEST FOR PRODUCTION NO. 44:**

All Documents and Communications Relating To any internal discussions or evaluations of any IO Device in comparison to Plaintiff IYO's product(s).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

Defendants incorporate by reference each and all of their general objections, including their objections to Plaintiff's definitions and instructions and including specifically their objection to Plaintiff's definition of "IO Device." Defendants further object to this Request to the extent it seeks documents beyond those relating to any "io" branded device that was or will be sold or advertised and which are therefore irrelevant to this action and disproportionate to the needs of the case. Defendants object that the Request seeks trade secret information that Plaintiff has not demonstrated a need for, particularly at this time. Defendants further object that this Request is not probative of any claim or defense, as the requested information does not bear on the issues in this trademark dispute. Defendants further object to this Request as improper and premature because it appears to seek discovery related to unasserted trade secret claims and before Plaintiff has articulated its own trade secret(s). Defendants further object to this Request to the extent it seeks "all" documents and communications rather than documents sufficient to show or documents limited to specific search terms, thereby requiring an unreasonably expansive, costly, and burdensome collection likely yielding irrelevant or duplicative material. Defendants further object to this request, including use of the terms "All" and "Relating To," as overly broad, unduly burdensome, vague, not relevant to the claims or defenses in this action, and not proportional to the needs of the case. Defendants further object that this Request is duplicative of Request for Production Nos. 34, 40 and 45. Defendants further object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other privileges or immunities. Defendants further object to this Request because it lacks any meaningful limitation on what it seeks, including in terms of time, place, or subject matter.

Subject to and without waiver of the foregoing objections, Defendants respond as follows: there are no responsive documents relating to any device that has been or will be sold or advertised as an "io" branded product.

**REQUEST FOR PRODUCTION NO. 45:**

All Documents and Communications Relating To any evaluation, analysis, or assessment by Defendants or their representatives of IYO, IYO's products (including VAD PRO and IYO ONE), technology, business model, or market positioning, including but not limited to technical reviews, product testing, competitive benchmarking, and internal reports or presentations.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

Defendants incorporate by reference each and all of their general objections. Defendants further object to this Request to the extent it seeks documents that are not relevant to the sale or advertising of any device that was or will be sold or advertised as an "io" branded device and which are therefore irrelevant to this action and disproportionate to the needs of the case. Defendants object that the Request seeks trade secret information that Plaintiff has not demonstrated a need for, particularly at this time. Defendants further object to this Request as improper and premature because it appears to seek discovery related to unasserted trade secret claims and before Plaintiff has articulated its own trade secret(s). Defendants further object to this Request to the extent it seeks "all" documents and communications rather than documents sufficient to show or documents limited to specific search terms, thereby requiring an unreasonably expansive, costly, and burdensome collection likely yielding irrelevant or duplicative material. Defendants further object to this request, including use of the terms "All" and "Relating To," as overly broad, unduly burdensome, vague, not relevant to the claims or defenses in this action, and not proportional to the needs of the case. Defendants further object that this Request is duplicative of Request for Production Nos. 32, 34, 40 and 44. Defendants further object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other privileges or immunities. Defendants further object to this Request because it lacks any meaningful limitation on what it seeks, including in terms of time, place, or subject matter.

Subject to and without waiver of the foregoing objections, Defendants respond as follows: there are no responsive documents relating to any device that has been or will be sold or advertised as an "io" branded device.

**REQUEST FOR PRODUCTION NO. 46:**

All Documents and Communications Relating To the purchase, acquisition, receipt, or use of any IYO product (including VAD PRO or IYO ONE) by Defendants or their representatives (including Marwan Rammah), including but not limited to purchase orders, invoices, shipping records, internal Communications, and any notes or reports regarding product features, performance or design.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

Defendants incorporate by reference each and all of their general objections. Defendants further object to this Request to the extent it seeks documents that are not relevant to the sale or advertising of any device that was or will be sold or advertised as an "io" branded device and which are therefore irrelevant to this action and disproportionate to the needs of the case. Defendants object that the Request seeks trade secret information that Plaintiff has not demonstrated a need for, particularly at this time. Defendants further object to this Request to the extent it seeks "all" documents and communications rather than documents sufficient to show or documents limited to specific search terms, thereby requiring an unreasonably expansive, costly, and burdensome collection likely yielding irrelevant or duplicative material, including to the extent it seeks "Communications" and to the extent it seeks information related to any "use." Defendants further object to this request, including use of the terms "All," "Relating To," and "representatives" as overly broad, unduly burdensome, vague, not relevant to the claims or defenses in this action, and not proportional to the needs of the case. Defendants further object to this Request as improper and premature because it appears to seek discovery related to unasserted trade secret claims and before Plaintiff has articulated its own trade secret(s). Defendants further object that this Request seeks confidential or proprietary information, including without limitation, confidential business information, proprietary and/or competitively sensitive information, third party confidential information, or trade secrets. Defendants will provide any responsive documents only in a manner consistent with the Protective Order and any ESI Order entered by the Court in this matter. Defendants further object that this Request is duplicative of Request for Production Nos. 32, 34 and 45. Defendants further object to this Request because it lacks any meaningful limitation on what it

seeks, including in terms of time, place, or subject matter. Defendants further object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other privileges or immunities.

Subject to and without waiver of the foregoing objections, Defendants respond as follows: there are no responsive documents relating to any device that has been or will be sold or advertised as an "io" branded device.

**REQUEST FOR PRODUCTION NO. 47:**

All Documents and Communications Relating To any agreements, contracts, or statements of work between You and Luxshare, Goertek, or any other manufacturing or assembly partners for any IO Device.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

Defendants incorporate by reference each and all of their general objections, including their objections to Plaintiff's definitions and instructions and including specifically their objection to Plaintiff's definition of "IO Device." Defendants further object to this Request to the extent it seeks documents beyond those relating to any device that was or will be sold or advertised as an "io" branded device and which are therefore irrelevant to this action and disproportionate to the needs of the case. Defendants object that the Request seeks trade secret information that Plaintiff has not demonstrated a need for, particularly at this time. Defendants further object that this Request is not probative of any claim or defense, as the requested information does not bear on the issues in this trademark dispute. Defendants further object to this Request as improper and premature because it appears to seek discovery related to unasserted trade secret claims and before Plaintiff has articulated its own trade secret(s). Defendants further object to this Request to the extent it seeks "all" documents and communications rather than documents sufficient to show or documents limited to specific search terms, thereby requiring an unreasonably expansive, costly, and burdensome collection likely yielding irrelevant or duplicative material. Defendants further object to this request, including use of the terms "All" and "Relating To," as overly broad, unduly burdensome, vague, not relevant to the claims or defenses in this action, and not proportional to the needs of the case. The documents requested in this request appear to have no relevance to this trademark action.

-58-                                                                 Case No. 3:25-cv-4861

It is not proportional, feasible, or relevant to respond to requests for production of "[a]ll Documents and Communications Relating To" any "agreements, contracts, or statements of work" with "any…manufacturing or assembly partners for any IO Device," nor is it proportional, feasible, or relevant to produce documents regarding devices that have never been publicly announced and may never be publicly announced.  Defendants further object that this Request is irrelevant because manufacturing relationships have no bearing on the claims or defenses in this action.  Defendants further object that this Request seeks confidential or proprietary information, including without limitation, confidential business information, proprietary and/or competitively sensitive information, third party confidential information, trade secrets, and private information of third parties.  Defendants will provide any responsive documents only in a manner consistent with the Protective Order and any ESI Order entered by the Court in this matter.  Defendants further object to this Request because it lacks any meaningful limitation on what it seeks, including in terms of time, place, or subject matter.   Defendants further object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other privileges or immunities.  Defendants object to the extent this Request seeks information regarding activities outside the United States.

Subject to and without waiver of the foregoing objections, Defendants respond as follows: there are no responsive documents relating to any device that has been or will be sold or advertised as an "io" branded device.

**REQUEST FOR PRODUCTION NO. 48:**

All Documents and Communications Relating To any assembly plan, production process, test build, pilot run, or prototype assembly conducted by Luxshare, Goertek, or other manufacturing partners for any IO Device.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

Defendants incorporate by reference each and all of their general objections, including their objections to Plaintiff's definitions and instructions and including specifically their objection to Plaintiff's definition of "IO Device."  Defendants further object to this Request to the extent it seeks documents beyond those relating to any device that was or will be sold or advertised as an "io"

branded device and which are therefore irrelevant to this action and disproportionate to the needs of the case.    Defendants object that the Request seeks trade secret information that Plaintiff has not demonstrated a need for, particularly at this time.  Defendants further object that this Request is not probative of any claim or defense, as the requested information does not bear on the issues in this trademark dispute.  Defendants further object to this Request as improper and premature because it appears to seek discovery related to unasserted trade secret claims and before Plaintiff has articulated its own trade secret(s).  Defendants further object to this Request to the extent it seeks "all" documents and communications rather than documents sufficient to show or documents limited to specific search terms, thereby requiring an unreasonably expansive, costly, and burdensome collection likely yielding irrelevant or duplicative material.  Defendants further object to this request, including use of the terms "All" and "Relating To," as overly broad, unduly burdensome, vague, not relevant to the claims or defenses in this action, and not proportional to the needs of the case.  The documents requested in this request appear to have no relevance to this trademark action. It is not proportional, feasible, or relevant to respond to requests for production of "[a]ll Documents and Communications Relating To" any "assembly plan, production process, test build, pilot run, or prototype assembly" with "any…manufacturing or assembly partners for any IO Device," nor is it proportional, feasible, or relevant to produce documents regarding devices that have never been publicly announced and may never be publicly announced. Defendants further object that this Request is irrelevant because manufacturing processes have no bearing on the claims or defenses in this action.    Defendants further object that this Request seeks confidential or proprietary information, including without limitation, confidential business information, proprietary and/or competitively sensitive information, third party confidential information, trade secrets, and private information of third parties.  Defendants will provide any responsive documents only in a manner consistent with the Protective Order and any ESI Order entered by the Court in this matter. Defendants further object to this Request because it lacks any meaningful limitation on what it seeks, including in terms of time, place, or subject matter.  Defendants further object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the

DEFENDANTS' RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS PROPOUNDED ON DEFENDANTS (SET ONE)

attorney work-product doctrine and any other privileges or immunities.  Defendants object to the extent this Request seeks information regarding activities outside the United States.

Subject to and without waiver of the foregoing objections, Defendants respond as follows: there are no responsive documents relating to any device that has been or will be sold or advertised as an "io" branded device.

**REQUEST FOR PRODUCTION NO. 49:**

All Documents and Communications Relating To the manufacturing timeline for any IO Device, including project plans, schedules, milestones, roadmaps, design reviews, and any changes or revisions to such timelines.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

Defendants incorporate by reference each and all of their general objections, including their objections to Plaintiff's definitions and instructions and including specifically their objection to Plaintiff's definition of "IO Device."  Defendants further object to this Request to the extent it seeks documents beyond those relating to any device that was or will be sold or advertised as an "io" branded device and which are therefore irrelevant to this action and disproportionate to the needs of the case.  Defendants object that the Request seeks trade secret information that Plaintiff has not demonstrated a need for, particularly at this time.  Defendants further object that this Request is not probative of any claim or defense, as the requested information does not bear on the issues in this trademark dispute.  Defendants further object to this Request as improper and premature because it appears to seek discovery related to unasserted trade secret claims and before Plaintiff has articulated its own trade secret(s).  Defendants further object to this Request to the extent it seeks "all" documents and communications rather than documents sufficient to show or documents limited to specific search terms, thereby requiring an unreasonably expansive, costly, and burdensome collection likely yielding irrelevant or duplicative material.  Defendants further object to this request, including use of the terms "All" and "Relating To," as overly broad, unduly burdensome, vague, not relevant to the claims or defenses in this action, and not proportional to the needs of the case.  It is not proportional, feasible, or relevant to respond to requests for production of "[a]ll Documents and Communications Relating To" any "project plans, schedules, milestones, roadmaps,

-61-                                        Case No. 3:25-cv-4861

design reviews, and any changes or revisions to such timelines," nor is it proportional, feasible, or relevant to produce documents regarding devices that have never been publicly announced and may never be publicly announced. Defendants further object that this Request seeks confidential or proprietary information, including without limitation, confidential business information, proprietary and/or competitively sensitive information, third party confidential information, or trade secrets. Defendants will provide any responsive documents only in a manner consistent with the Protective Order and any ESI Order entered by the Court in this matter. Defendants further object that this Request is duplicative of Request for Production Nos. 7 and 51. Defendants further object to this Request because it lacks any meaningful limitation on what it seeks, including in terms of time, place, or subject matter. Defendants further object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other privileges or immunities.

Subject to and without waiver of the foregoing objections, Defendants respond as follows: there are no responsive documents relating to any device that has been or will be sold or advertised as an "io" branded device.

**REQUEST FOR PRODUCTION NO. 50:**

All Documents and Communications Relating To production ramp plans, capacity forecasts, and readiness assessments for any IO Device, including internal reports and vendor Communications.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

Defendants incorporate by reference each and all of their general objections, including their objections to Plaintiff's definitions and instructions and including specifically their objection to Plaintiff's definition of "IO Device." Defendants further object to this Request to the extent it seeks documents beyond those relating to any device that was or will be sold or advertised as an "io" branded device and which are therefore irrelevant to this action and disproportionate to the needs of the case. Defendants object that the Request seeks trade secret information that Plaintiff has not demonstrated a need for, particularly at this time. Defendants further object that this Request is not probative of any claim or defense, as the requested information does not bear on the issues in this

trademark dispute. Defendants further object to this Request as improper and premature because it appears to seek discovery related to unasserted trade secret claims and before Plaintiff has articulated its own trade secret(s). Defendants further object to this Request to the extent it seeks "all" documents and communications rather than documents sufficient to show or documents limited to specific search terms, thereby requiring an unreasonably expansive, costly, and burdensome collection likely yielding irrelevant or duplicative material. Defendants further object to this request, including use of the terms "All" and "Relating To," as overly broad, unduly burdensome, vague, not relevant to the claims or defenses in this action, and not proportional to the needs of the case. It is not proportional, feasible, or relevant to respond to requests for production of "[a]ll Documents and Communications Relating To" any "production ramp plans, capacity forecasts, and readiness assessments," including "vendor Communications," nor is it proportional, feasible, or relevant to produce documents regarding devices that have never been publicly announced and may never be publicly announced. Defendants further object that this Request seeks confidential or proprietary information, including without limitation, confidential business information, proprietary and/or competitively sensitive information, third party confidential information, trade secrets, and private information of third parties. Defendants will provide any responsive documents only in a manner consistent with the Protective Order and any ESI Order entered by the Court in this matter. Defendants further object to this Request because it lacks any meaningful limitation on what it seeks, including in terms of time, place, or subject matter. Defendants further object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other privileges or immunities.

Subject to and without waiver of the foregoing objections, Defendants respond as follows: there are no responsive documents relating to any device that has been or will be sold or advertised as an "io" branded device.

**REQUEST FOR PRODUCTION NO. 51:**

All Documents and Communications Relating To targeted launch windows for any IO Device, including internal discussions, planning documents, and any changes or revisions to anticipated release dates.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

Defendants incorporate by reference each and all of their general objections, including their objections to Plaintiff's definitions and instructions and including specifically their objection to Plaintiff's definition of "IO Device." Defendants further object to this Request to the extent it seeks documents beyond those relating to any device that was or will be sold or advertised as an "io" branded device and which are therefore irrelevant to this action and disproportionate to the needs of the case. Defendants object that the Request seeks trade secret information that Plaintiff has not demonstrated a need for, particularly at this time. Defendants further object that this Request is not probative of any claim or defense, as the requested information does not bear on the issues in this trademark dispute. Defendants further object to this Request as improper and premature because it appears to seek discovery related to unasserted trade secret claims and before Plaintiff has articulated its own trade secret(s). Defendants further object to this Request to the extent it seeks "all" documents and communications rather than documents sufficient to show or documents limited to specific search terms, thereby requiring an unreasonably expansive, costly, and burdensome collection likely yielding irrelevant or duplicative material. Defendants further object to the extent this Request seeks "internal discussions" and "any changes or revisions to anticipated release dates," which are not relevant or proportional to the claims or defenses at issue in this trademark dispute. Defendants further object to this request, including use of the terms "All" and "Relating To," as overly broad, unduly burdensome, vague, not relevant to the claims or defenses in this action, and not proportional to the needs of the case. It is not proportional, feasible, or relevant to respond to requests for production of "[a]ll Documents and Communications Relating To" any "internal discussions, planning documents, and any changes or revisions to anticipated dates," nor is it proportional, feasible, or relevant to produce documents regarding devices that have never been publicly announced and may never be publicly announced. Defendants further object that this Request seeks confidential or proprietary information, including without limitation, confidential business information, proprietary and/or competitively sensitive information, third party confidential information, or trade secrets. Defendants will provide any responsive documents only in a manner consistent with the Protective Order and any ESI Order entered by the Court in this

matter. Defendants further object that this Request is duplicative of Request for Production Nos. 7 and 49. Defendants further object to this Request because it lacks any meaningful limitation on what it seeks, including in terms of time, place, or subject matter. Defendants further object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other privileges or immunities. Defendants object to the extent this Request seeks information regarding activities outside the United States.

Subject to and without waiver of the foregoing objections, Defendants respond as follows: there are no responsive documents relating to any device that has been or will be sold or advertised as an "io" branded device.

**REQUEST FOR PRODUCTION NO. 52:**

All Documents and Communications Relating To any projections, analyses, or internal discussions concerning anticipated shipment volumes for any IO Device, including but not limited to plans to ship 100 million units, as referenced in the *Wall Street Journal* article titled, "What Sam Altman Told OpenAI About the Secret Device He's Making With Jony Ive," dated May 21, 2025 (available at: https://www.wsj.com/tech/ai/what-sam-altman-told-openai-about-the-secret-device-hes-making-with-jony-ive-f1384005?gaa_at=eafs&gaa_n=AWEtsqfNm5Abg05lzwIMWNv6LkCIUlr5jmJZIQzu2oh9EGqzfTLhzfosCUpB&gaa_ts=69334691&gaa_sig=IHg4VsvKonu1alWwbJkwL-6B3b3R4v7b5by8ECtqyKROX4EhU0qqW0ORHn8971J0bk58BatLdain9GD82ojesw%3D%3D).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

Defendants incorporate by reference each and all of their general objections, including their objections to Plaintiff's definitions and instructions and including specifically their objection to Plaintiff's definition of "IO Device." Defendants further object to this Request to the extent it seeks documents beyond those relating to any device that was or will be sold or advertised as an "io" branded device and which are therefore irrelevant to this action and disproportionate to the needs of the case. Defendants object that the Request seeks trade secret information that Plaintiff has not demonstrated a need for, particularly at this time. Defendants further object that this Request is overbroad and not probative of any claim or defense, including because requested information

concerning unreleased and unadvertised products, particularly those that have been superseded, is irrelevant and does not bear on the issues in this trademark dispute. Defendants further object to this Request to the extent it seeks "all" documents and communications rather than documents sufficient to show or documents limited to specific search terms, thereby requiring an unreasonably expansive, costly, and burdensome collection likely yielding irrelevant or duplicative material. Defendants further object to this request, including use of the terms "All" and "Relating To," as overly broad, unduly burdensome, vague, not relevant to the claims or defenses in this action, and not proportional to the needs of the case. It is not proportional, feasible, or relevant to produce documents regarding devices that have never been publicly announced and may never be publicly announced. Defendants further object to this Request as improper and premature because it appears to seek discovery related to unasserted trade secret claims and before Plaintiff has articulated its own trade secret(s). Defendants further object that this Request seeks confidential or proprietary information, including without limitation, confidential business information, proprietary and/or competitively sensitive information, third party confidential information, or trade secrets. Defendants will provide any responsive documents only in a manner consistent with the Protective Order and any ESI Order entered by the Court in this matter. Defendants further object that this Request seeks premature damages discovery. Defendants further object to this Request because it lacks any meaningful limitation on what it seeks, including in terms of time, place, or subject matter. Defendants further object that this Request calls for speculation to the extent it seeks "anticipated" shipment volumes or projections that have not been finalized. Defendants further object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other privileges or immunities. Defendants object to the extent this Request seeks information regarding activities outside the United States.

Subject to and without waiver of the foregoing objections, Defendants respond as follows: there are no responsive documents relating to any device that has been or will be sold or advertised as an "io" branded device.

DEFENDANTS' RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS PROPOUNDED ON DEFENDANTS (SET ONE)

**REQUEST FOR PRODUCTION NO. 53:**

All Documents and Communications Relating To any draft, preliminary, or final versions of user manuals, quick-start guides, setup instructions, or other end-user documentation for any IO Device.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

Defendants incorporate by reference each and all of their general objections, including their objections to Plaintiff's definitions and instructions and including specifically their objection to Plaintiff's definition of "IO Device." Defendants further object to this Request to the extent it seeks documents beyond those relating to any device that was or will be sold or advertised as an "io" branded device and which are therefore irrelevant to this action and disproportionate to the needs of the case.   Defendants object that the Request seeks trade secret information that Plaintiff has not demonstrated a need for, particularly at this time. Defendants further object that this Request is not probative of any claim or defense, as the requested information does not bear on the issues in this trademark dispute. Defendants further object to this Request as improper and premature because it appears to seek discovery related to unasserted trade secret claims and before Plaintiff has articulated its own trade secret(s). Defendants further object to this Request to the extent it seeks "all" documents and communications rather than documents sufficient to show or documents limited to specific search terms, thereby requiring an unreasonably expansive, costly, and burdensome collection likely yielding irrelevant or duplicative material.   Defendants further object to this request, including use of the terms "All" and "Relating To," as overly broad, unduly burdensome, vague, not relevant to the claims or defenses in this action, and not proportional to the needs of the case. It is not proportional, feasible, or relevant to produce documents regarding devices that have never been publicly announced and may never be publicly announced. Defendants further object that this Request seeks confidential or proprietary information, including without limitation, confidential business information, proprietary and/or competitively sensitive information, third party confidential information, or trade secrets. Defendants will provide any responsive documents only in a manner consistent with the Protective Order and any ESI Order entered by the Court in this matter. Defendants further object to this Request because it lacks any meaningful limitation on

-67-                                                    Case No. 3:25-cv-4861

what it seeks, including in terms of time, place, or subject matter.  Defendants further object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other privileges or immunities.  Defendants object to the extent this Request seeks information regarding activities outside the United States.

Subject to and without waiver of the foregoing objections, Defendants respond as follows: there are no responsive documents relating to any device that has been or will be sold or advertised as an "io" branded device.

**REQUEST FOR PRODUCTION NO. 54:**

All Documents and Communications Relating To any changes, modifications, or alterations made to any IO Device Prototype since the May 21, 2025 Announcement Video.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

Defendants incorporate by reference each and all of their general objections, including their objections to Plaintiff's definitions and instructions and including specifically their objection to Plaintiff's definitions of "IO Device" and "Prototype."  Defendants further object to this Request to the extent it seeks documents beyond those relating to any device that was or will be sold or advertised as an "io" branded device and which are therefore irrelevant to this action and disproportionate to the needs of the case.    Defendants object that the Request seeks trade secret information that Plaintiff has not demonstrated a need for, particularly at this time.  Defendants further object that this Request is not probative of any claim or defense, as the requested information concerning prototypes and unreleased products does not bear on the issues in this trademark dispute. Defendants further object to this Request as improper and premature because it appears to seek discovery related to unasserted trade secret claims and before Plaintiff has articulated its own trade secret(s).  Defendants further object to this Request to the extent it seeks "all" documents and communications rather than documents sufficient to show or documents limited to specific search terms, thereby requiring an unreasonably expansive, costly, and burdensome collection likely yielding irrelevant or duplicative material.  Defendants further object to this request, including use of the terms "All" and "Relating To," as overly broad, unduly burdensome, vague, not relevant to the claims or defenses in this action, and not proportional to the needs of the case.  It is not

-68-                                                                            Case No. 3:25-cv-4861

proportional, feasible, or relevant to respond to requests for production of "[a]ll Documents and Communications Relating To" any "changes, modifications, or alterations made to any IO Device Prototype," no matter how small or insignificant, nor is it proportional, feasible, or relevant to produce documents regarding devices that have never been publicly announced and may never be publicly announced. Defendants further object that this Request seeks confidential or proprietary information, including without limitation, confidential business information, proprietary and/or competitively sensitive information, third party confidential information, or trade secrets. Defendants will provide any responsive documents only in a manner consistent with the Protective Order and any ESI Order entered by the Court in this matter. Defendants further object to this Request because it lacks any meaningful limitation on what it seeks, including in terms of time, place, or subject matter. Defendants further object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other privileges or immunities.

Subject to and without waiver of the foregoing objections, Defendants respond as follows: there are no responsive documents relating to any device that has been or will be sold or advertised as an "io" branded device.

**REQUEST FOR PRODUCTION NO. 55:**

All Documents and Communications Relating To the specifications, technical requirements, and performance characteristics of any audio component of any IO Device, including speaker modules, drivers, and related hardware.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

Defendants incorporate by reference each and all of their general objections, including their objections to Plaintiff's definitions and instructions and including specifically their objection to Plaintiff's definition of "IO Device." Defendants further object to this Request to the extent it seeks documents beyond those relating to any device that was or will be sold or advertised as an "io" branded device and which are therefore irrelevant to this action and disproportionate to the needs of the case. Defendants object that the Request seeks trade secret information that Plaintiff has not demonstrated a need for, particularly at this time. Defendants further object that this Request is not

probative of any claim or defense, as the requested information does not bear on the issues in this trademark dispute.  Defendants further object to this Request as improper and premature because it appears to seek discovery related to unasserted trade secret claims and before Plaintiff has articulated its own trade secret(s).  Defendants further object to this Request to the extent it seeks "all" documents and communications rather than documents sufficient to show or documents limited to specific search terms, thereby requiring an unreasonably expansive, costly, and burdensome collection likely yielding irrelevant or duplicative material.  Defendants further object to this request, including use of the terms "All" and "Relating To," as overly broad, unduly burdensome, vague, not relevant to the claims or defenses in this action, and not proportional to the needs of the case, including as to "technical requirements, and performance characteristics."  It is not proportional, feasible, or relevant to this trademark matter respond to requests for production of "[a]ll Documents and Communications Relating To" an undefined phrase such as "specifications, technical requirements, and performance characteristics of any audio component of any IO Device," nor is it proportional, feasible, or relevant to produce documents regarding devices that have never been publicly announced and may never be publicly announced.  Defendants further object that this Request seeks confidential or proprietary information, including without limitation, confidential business information, proprietary and/or competitively sensitive information, third party confidential information, or trade secrets.  Defendants will provide any responsive documents only in a manner consistent with the Protective Order and any ESI Order entered by the Court in this matter.  Defendants further object to this Request because it lacks any meaningful limitation on what it seeks, including in terms of time, place, or subject matter.  Defendants further object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other privileges or immunities.

Subject to and without waiver of the foregoing objections, Defendants respond as follows: there are no responsive documents relating to any device that has been or will be sold or advertised as an "io" branded device.

DEFENDANTS' RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS PROPOUNDED ON DEFENDANTS (SET ONE)

**REQUEST FOR PRODUCTION NO. 56:**

All Documents and Communications Relating To any agreements, contracts, or statements of work between You and the suppliers or manufacturers of any audio component used in any IO Device, including drafts and final versions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

Defendants incorporate by reference each and all of their general objections, including their objections to Plaintiff's definitions and instructions and including specifically their objection to Plaintiff's definition of "IO Device." Defendants further object to this Request to the extent it seeks documents beyond those relating to any device that was or will be sold or advertised as an "io" branded device and which are therefore irrelevant to this action and disproportionate to the needs of the case. Defendants object that the Request seeks trade secret information that Plaintiff has not demonstrated a need for, particularly at this time. Defendants further object that this Request is not probative of any claim or defense, as the requested information does not bear on the issues in this trademark dispute. Defendants further object to this Request as improper and premature because it appears to seek discovery related to unasserted trade secret claims and before Plaintiff has articulated its own trade secret(s). Defendants further object to this Request to the extent it seeks "all" documents and communications rather than documents sufficient to show or documents limited to specific search terms, thereby requiring an unreasonably expansive, costly, and burdensome collection likely yielding irrelevant or duplicative material. Defendants further object to this request, including use of the terms "All" and "Relating To," as overly broad, unduly burdensome, vague, not relevant to the claims or defenses in this action, and not proportional to the needs of the case. It is not proportional, feasible, or relevant to this trademark matter respond to requests for production of "[a]ll Documents and Communications Relating To any agreements, contracts, or statements of work between You and [any] suppliers or manufacturers…including drafts and final versions," nor is it proportional, feasible, or relevant to produce documents regarding devices that have never been publicly announced and may never be publicly announced. Defendants further object that this Request seeks confidential or proprietary information, including without limitation, confidential business information, proprietary and/or competitively sensitive information, third

-71-　　　　　　　　　Case No. 3:25-cv-4861

party confidential information, or trade secrets. Defendants will provide any responsive documents only in a manner consistent with the Protective Order and any ESI Order entered by the Court in this matter. Defendants further object to this Request because it lacks any meaningful limitation on what it seeks, including in terms of time, place, or subject matter. Defendants further object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other privileges or immunities. Defendants object to the extent this Request seeks information regarding activities outside the United States.

Subject to and without waiver of the foregoing objections, Defendants respond as follows: there are no responsive documents relating to any device that has been or will be sold or advertised as an "io" branded device.

**REQUEST FOR PRODUCTION NO. 57:**

All Documents and Communications Relating To the number of employees or personnel engaged in the design, development, or marketing of any IO Device.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

Defendants incorporate by reference each and all of their general objections, including their objections to Plaintiff's definitions and instructions and including specifically their objection to Plaintiff's definition of "IO Device." Defendants further object to this Request to the extent it seeks documents beyond those relating to any device that was or will be sold or advertised as an "io" branded device and which are therefore irrelevant to this action and disproportionate to the needs of the case. Defendants object that the Request seeks trade secret information that Plaintiff has not demonstrated a need for, particularly at this time. Defendants further object that this Request is not probative of any claim or defense, as the requested information    does not bear on the issues in this trademark dispute. Defendants further object to this Request to the extent it seeks "all" documents and communications rather than documents sufficient to show or documents limited to specific search terms, thereby requiring an unreasonably expansive, costly, and burdensome collection likely yielding irrelevant or duplicative material. Defendants further object that this Request is duplicative of Request for Production No. 24. Defendants further object to this request, including use of the terms "All" and "Relating To," as overly broad, unduly burdensome, vague, not

relevant to the claims or defenses in this action, and not proportional to the needs of the case. Defendants further object that this Request seeks confidential or proprietary information, including without limitation, confidential business information, proprietary and/or competitively sensitive information, third party confidential information, trade secrets, and private information of third parties. Defendants will provide any responsive documents only in a manner consistent with the Protective Order and any ESI Order entered by the Court in this matter. Defendants further object that this Request is irrelevant because headcount has no bearing on the claims or defenses in this action. Defendants further object to this Request because it lacks any meaningful limitation on what it seeks, including in terms of time, place, or subject matter. Defendants further object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other privileges or immunities.

Subject to and without waiver of the foregoing objections, Defendants respond as follows: there are no responsive documents relating to any device that has been or will be sold or advertised as an "io" branded device.

**REQUEST FOR PRODUCTION NO. 58:**

All Documents and Communications Relating To organizational charts, reporting structures, or team compositions for any departments or groups involved with the design, development, or marketing of any IO Device.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

Defendants incorporate by reference each and all of their general objections, including their objections to Plaintiff's definitions and instructions and including specifically their objection to Plaintiff's definition of "IO Device." Defendants further object to this Request to the extent it seeks documents beyond those relating to any device that was or will be sold or advertised as an "io" branded device and which are therefore irrelevant to this action and disproportionate to the needs of the case. Defendants object that the Request seeks trade secret information that Plaintiff has not demonstrated a need for, particularly at this time. Defendants further object that this Request is not probative of any claim or defense, as the requested information does not bear on the issues in this trademark dispute. Defendants further object to this Request to the extent it seeks "all" documents

and communications rather than documents sufficient to show or documents limited to specific search terms, thereby requiring an unreasonably expansive, costly, and burdensome collection likely yielding irrelevant or duplicative material. Defendants further object that this Request is duplicative of Request for Production No. 24. Defendants further object to this request, including use of the terms "All" and "Relating To," as overly broad, unduly burdensome, vague, not relevant to the claims or defenses in this action, and not proportional to the needs of the case. Defendants further object that this Request seeks confidential or proprietary information, including without limitation, confidential business information, proprietary and/or competitively sensitive information, third party confidential information, or trade secrets. Defendants further object that this Request is irrelevant because organizational structure has no bearing on the claims or defenses in this action. Defendants further object to this Request because it lacks any meaningful limitation on what it seeks, including in terms of time, place, or subject matter.

Subject to and without waiver of the foregoing objections, Defendants respond as follows: there are no responsive documents relating to any device that has been or will be sold or advertised as an "io" branded device.

**REQUEST FOR PRODUCTION NO. 59:**

All Documents and Communications Relating To recruiting plans, hiring strategies, or job postings for roles associated with the development, manufacturing, or marketing of any IO Device.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

Defendants incorporate by reference each and all of their general objections, including their objections to Plaintiff's definitions and instructions and including specifically their objection to Plaintiff's definition of "IO Device." Defendants further object to this Request to the extent it seeks documents beyond those relating to any device that was or will be sold or advertised as an "io" branded device and which are therefore irrelevant to this action and disproportionate to the needs of the case. Defendants object that the Request seeks trade secret information that Plaintiff has not demonstrated a need for, particularly at this time. Defendants further object that this Request is not probative of any claim or defense, as the requested information     does not bear on the issues in this trademark dispute. Defendants further object to this Request to the extent it seeks "all"

documents and communications rather than documents sufficient to show or documents limited to specific search terms, thereby requiring an unreasonably expansive, costly, and burdensome collection likely yielding irrelevant or duplicative material. Defendants further object to this request, including use of the terms "All" and "Relating To," as overly broad, unduly burdensome, vague, not relevant to the claims or defenses in this action, and not proportional to the needs of the case. It is not proportional, feasible, or relevant to this trademark matter respond to requests for production of "[a]ll Documents and Communications Relating To recruiting plans, hiring strategies, or job postings." Defendants further object that this Request seeks confidential or proprietary information, including without limitation, confidential business information, proprietary and/or competitively sensitive information, third party confidential information, trade secrets, and private information of third parties. Defendants will provide any responsive documents only in a manner consistent with the Protective Order and any ESI Order entered by the Court in this matter. Defendants further object to this Request because it lacks any meaningful limitation on what it seeks, including in terms of time, place, or subject matter. Defendants further object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other privileges or immunities.

Subject to and without waiver of the foregoing objections, Defendants respond as follows: there are no responsive documents relating to any device that has been or will be sold or advertised as an "io" branded device.

**REQUEST FOR PRODUCTION NO. 60:**

All Documents and Communications Relating To the negotiation, purchase, or investment in IO Products Inc. by OpenAI, including but not limited to letters of intent, term sheets, drafts, final agreements, correspondence, meeting notes, presentations, and board materials.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

Defendants incorporate by reference each and all of their general objections. Defendants further object to this Request to the extent it seeks documents beyond those relating to any device that was or will be sold or advertised as an "io" branded device and which are therefore irrelevant to this action and disproportionate to the needs of the case. Defendants further object to this Request

to the extent it seeks "all" documents and communications rather than documents sufficient to show or documents limited to specific search terms, thereby requiring an unreasonably expansive, costly, and burdensome collection likely yielding irrelevant or duplicative material.  Defendants further object to this request, including use of the terms "All" and "Relating To," as overly broad, unduly burdensome, vague, not relevant to the claims or defenses in this action, and not proportional to the needs of the case.  It is not proportional, feasible, or relevant to this trademark matter respond to requests for production of "[a]ll Documents and Communications Relating To the negotiation, purchase, or investment in IO Products[,] Inc. by OpenAI," no matter how peripheral or whether they bear any relation to the claims brought by Plaintiff.  The transaction terms between Defendant OpenAI and Defendant io Products do not bear on likelihood of confusion.  Defendants further object that this Request seeks premature damages discovery.   Defendants further object that this Request seeks confidential or proprietary information, including without limitation, confidential business information, proprietary and/or competitively sensitive information, third party confidential information, or trade secrets.  Defendants will provide any responsive documents only in a manner consistent with the Protective Order and any ESI Order entered by the Court in this matter.  Defendants further object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other privileges or immunities.

Subject to and without waiver of the foregoing objections, Defendants respond as follows: Defendants will not produce documents or things in response to this Request.

**REQUEST FOR PRODUCTION NO. 61:**

All Documents and Communications Relating To the transaction between IO Products Inc. and OpenAI announced in May 2025, including how the purchase price for IO Products, Inc. was determined, including but not limited to analyses, models, presentations, board or committee materials, correspondence, and any internal or external Communications regarding the basis for or calculation of the purchase price.

DEFENDANTS' RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS PROPOUNDED ON DEFENDANTS (SET ONE)

**RESPONSE TO REQUEST FOR PRODUCTION NO. 61:**

Defendants incorporate by reference each and all of their general objections. Defendants further object to this Request to the extent it seeks documents beyond those relating to any device that was or will be sold or advertised as an "io" branded device and which are therefore irrelevant to this action and disproportionate to the needs of the case. Defendants further object to this Request to the extent it seeks "all" documents and communications rather than documents sufficient to show or documents limited to specific search terms, thereby requiring an unreasonably expansive, costly, and burdensome collection likely yielding irrelevant or duplicative material. Defendants further object to this request, including use of the terms "All" and "Relating To," as overly broad, unduly burdensome, vague, not relevant to the claims or defenses in this action, and not proportional to the needs of the case. It is not proportional, feasible, or relevant to this trademark matter respond to requests for production of "[a]ll Documents and Communications Relating To the transaction between IO Products[,] Inc. and OpenAI announced in May 2025," no matter how peripheral or whether they bear any relation to the claims brought by Plaintiff. The transaction terms between Defendant OpenAI and Defendant io Products do not bear on likelihood of confusion. Defendants further object that this Request seeks confidential or proprietary information, including without limitation, confidential business information, proprietary and/or competitively sensitive information, third party confidential information, or trade secrets. Defendants will provide any responsive documents only in a manner consistent with the Protective Order and any ESI Order entered by the Court in this matter. Defendants further object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other privileges or immunities. Defendants further object that this Request seeks premature damages discovery. Defendants further object that this Request is duplicative of Request for Production No. 60. Defendants further object to this Request because it lacks any meaningful limitation on what it seeks, including in terms of time, place, or subject matter.

Subject to and without waiver of the foregoing objections, Defendants respond as follows: Defendants will not produce documents or things in response to this Request.

**REQUEST FOR PRODUCTION NO. 62:**

All Documents and Communications Relating To any internal or external valuation of IO Products Inc. conducted in connection with OpenAI's investment in it or purchase of it, including but not limited to valuation reports, fairness opinions, financial models, presentations, and correspondence with any third-party advisors, consultants, or investment banks.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 62:**

Defendants incorporate by reference each and all of their general objections. Defendants further object to this Request to the extent it seeks documents beyond those relating to any device that was or will be sold or advertised as an "io" branded device and which are therefore irrelevant to this action and disproportionate to the needs of the case. Defendants further object to this Request to the extent it seeks "all" documents and communications rather than documents sufficient to show or documents limited to specific search terms, thereby requiring an unreasonably expansive, costly, and burdensome collection likely yielding irrelevant or duplicative material. Defendants further object to this request, including use of the terms "All" and "Relating To," as overly broad, unduly burdensome, vague, not relevant to the claims or defenses in this action, and not proportional to the needs of the case. It is not proportional, feasible, or relevant to this trademark matter dispute. The company-wide valuation of Defendant io Products has no bearing on the claims or defenses in this action. Defendants further object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other privileges or immunities. Defendants further object to this Request to the extent it prematurely seeks expert discovery and analysis before the scheduled time for such disclosures. Defendants further object that this Request seeks premature damages discovery. Defendants further object that this Request seeks confidential or proprietary information, including without limitation, confidential business information, proprietary and/or competitively sensitive information, third party confidential information, trade secrets, and private information of third parties. Defendants will provide any responsive documents only in a manner consistent with the Protective Order and any ESI Order entered by the Court in this matter. Defendants further object that this Request is duplicative of Request for Production Nos. 60 and 61. Defendants further object to this Request

because it lacks any meaningful limitation on what it seeks, including in terms of time, place, or subject matter.

Subject to and without waiver of the foregoing objections, Defendants respond as follows: Defendants will not produce documents or things in response to this Request.

**REQUEST FOR PRODUCTION NO. 63:**

All Documents and Communications Relating To the valuation of any trademark, trade name, or brand associated with IO Products, Inc., including without limitation, any such valuation created in connection with OpenAI's investment in or purchase of it, including but not limited to analyses, reports, presentations, or correspondence regarding the value assigned to any intellectual property.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 63:**

Defendants incorporate by reference each and all of their general objections. Defendants further object to this Request to the extent it seeks documents beyond those relating to any device that was or will be sold or advertised as an "io" branded device and which are therefore irrelevant to this action and disproportionate to the needs of the case. Defendants further object to this Request to the extent it seeks "all" documents and communications rather than documents sufficient to show or documents limited to specific search terms, thereby requiring an unreasonably expansive, costly, and burdensome collection likely yielding irrelevant or duplicative material. Defendants further object that this Request seeks premature damages discovery. Defendants further object to this request, including use of the terms "All" and "Relating To," as overly broad, unduly burdensome, vague, not relevant to the claims or defenses in this action, and not proportional to the needs of the case. Defendants further object that this Request seeks confidential or proprietary information, including without limitation, confidential business information, proprietary and/or competitively sensitive information, third party confidential information, or trade secrets. Defendants will provide any responsive documents only in a manner consistent with the Protective Order and any ESI Order entered by the Court in this matter. Defendants further object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other privileges or immunities. Defendants further object that this Request

is duplicative of Request for Production Nos. 60, 61 and 62.  Defendants further object to this Request because it lacks any meaningful limitation on what it seeks, including in terms of time, place, or subject matter.  Defendants object to the extent this Request seeks information regarding activities outside the United States.

Subject to and without waiver of the foregoing objections, Defendants respond as follows: Defendants will not produce documents or things in response to this Request.

**REQUEST FOR PRODUCTION NO. 64:**

All Documents and Communications Relating To the valuation of any Prototype, product, or technology developed by IO Products, Inc., including any dollar amount or other value assigned to any prototype, product, or technology in connection with OpenAI's purchase or investment.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 64:**

Defendants incorporate by reference each and all of their general objections, including their objections to Plaintiff's definitions and instructions and including specifically their objection to Plaintiff's definitions of "IO Device" and "Prototype."  Defendants further object to this Request to the extent it seeks documents beyond those relating to any "io" branded device that was or will be sold or advertised and which are therefore irrelevant to this action and disproportionate to the needs of the case.  Defendants object that the Request seeks trade secret information that Plaintiff has not demonstrated a need for, particularly at this time.  Defendants further object that this Request is not probative of any claim or defense, as the requested information concerning prototypes and unreleased products does not bear on the issues in this trademark dispute. Defendants further object to this Request to the extent it seeks "all" documents and communications rather than documents sufficient to show or documents limited to specific search terms, thereby requiring an unreasonably expansive, costly, and burdensome collection likely yielding irrelevant or duplicative material.  Defendants further object to this request, including use of the terms "All" and "Relating To," as overly broad, unduly burdensome, vague, not relevant to the claims or defenses in this action, and not proportional to the needs of the case.  The valuation of any prototype, let alone unannounced prototypes, or other technology valuation has no bearing on the claims or defenses in this action.  Defendants further object that this Request seeks

confidential or proprietary information, including without limitation, confidential business information, proprietary and/or competitively sensitive information, third party confidential information, or trade secrets. Defendants will provide any responsive documents only in a manner consistent with the Protective Order and any ESI Order entered by the Court in this matter. Defendants further object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other privileges or immunities. Defendants further object that this Request seeks premature damages discovery. Defendants further object that this Request is duplicative of Request for Production Nos. 60, 61, 62 and 63. Defendants further object to this Request because it lacks any meaningful limitation on what it seeks, including in terms of time, place, or subject matter.

Subject to and without waiver of the foregoing objections, Defendants respond as follows: there are no responsive documents relating to any device that has been or will be sold or advertised as an "io" branded device.

**REQUEST FOR PRODUCTION NO. 65:**

All Documents and Communications Relating To any public statement, press release, blog post, website content, social media post, interview, or other public communication made by any Defendant concerning any IO Device, IO Products, Inc., IYO, Inc., IYO's products, Jason Rugolo, or this Lawsuit, including but not limited to the May 21, 2025 Announcement Video, the July 9, 2025 merger announcement, the June 24, 2025 post on X from Sam Altman (available at: https://x.com/sama/status/1937606794362388674), and the statements by Sam Altman and Sir Jonathan Paul Ive reported in *Tom's Guide* (available at: https://www.tomsguide.com/ai/thats-it-its-so-simple-openais-sam-altman-teases-screenless-device-with-jony-ive) , *Windows Central* (available at: https://www.windowscentral.com/artificial-intelligence/jony-ive-and-sam-altman-confirm-openai-finally-has-a-prototype-for-its-super-secret-ai-device-set-to-launch-in-less-than-2-years), and *The Verge* (available at: https://www.theverge.com/news/672357/openai-ai-device-sam-altman-jony-ive).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 65:**

Defendants incorporate by reference each and all of their general objections, including their objections to Plaintiff's definitions and instructions and including specifically their objection to Plaintiff's definition of "IO Device." Defendants further object to this Request to the extent it seeks documents beyond those relating to any "io"branded device that was or will be sold or advertised and which are therefore irrelevant to this action and disproportionate to the needs of the case. Defendants object that the Request seeks trade secret information that Plaintiff has not demonstrated a need for, particularly at this time. Defendants further object that this Request is not probative of any claim or defense, as the requested information concerning prototypes and unreleased products does not bear on the issues in this trademark dispute. Defendants further object to this Request to the extent it is compound and seeks "all" documents and communications rather than documents sufficient to show or documents limited to specific search terms, thereby requiring an unreasonably expansive, costly, and burdensome collection likely yielding irrelevant or duplicative material. Defendants further object to this request, including use of the terms "All" and "Relating To," as overly broad, unduly burdensome, vague, not relevant to the claims or defenses in this action, and not proportional to the needs of the case. Defendants further object that this Request seeks publicly available information obtainable from other sources. Defendants further object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other privileges or immunities. Defendants further object that this Request is improperly compound, seeking multiple categories of public communications. Defendants further object to this Request because it lacks any meaningful limitation on what it seeks, including in terms of time, place, or subject matter. Defendants object to the extent the Request seeks documents in Plaintiff's possession, or in public sources equally available to Plaintiff. Defendants object to the extent this Request seeks information regarding activities outside the United States.

Subject to and without waiver of the foregoing objections, Defendants respond as follows: there are no responsive documents relating to any device that has been or will be sold or advertised as an "io" branded product.

**REQUEST FOR PRODUCTION NO. 66:**

All Documents and Communications received from Daniel Burton Sargent ("Daniel Sargent") or between Daniel Sargent and any of the Defendants or their representatives (including but not limited to IO Products, Inc., OpenAI, Inc., OpenAI, LLC, Sam Altman, Sir Jonathan Paul Ive, Tang Yew Tan, Evans Hankey, or any other employee, agent, or representative of Defendants), Relating To IYO, IYO's products, technology, business plans, intellectual property, or any confidential or proprietary information of IYO.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 66:**

Defendants incorporate by reference each and all of their general objections. Defendants further object to this Request to the extent it seeks documents beyond those relating to any device that was or will be sold or advertised as an "io" branded device and which are therefore irrelevant to this action and disproportionate to the needs of the case. Defendants further object to this Request to the extent it seeks "all" documents and communications rather than documents sufficient to show or documents limited to specific search terms and/or a specific time period, thereby requiring an unreasonably expansive, costly, and burdensome collection likely yielding irrelevant or duplicative material. Defendants further object to this request, including use of the terms "All" and "Relating To," as overly broad, unduly burdensome, vague, not relevant to the claims or defenses in this action, and not proportional to the needs of the case. Defendants object that this Request is designed to seek discovery in a separate lawsuit, which is improper. *See IYO, Inc. v. Sargent*, Case No. CGS-25-627029 (Cal. Sup. Ct. 2025). This Request appears to have no relevance to this trademark matter. Defendants further object to this Request as improper and premature because it appears to seek discovery related to unasserted trade secret claims and before Plaintiff has articulated its own trade secret(s). Defendants further object to this Request to the extent it seeks documents from "representatives" lack a sufficient nexus to the case and are vague, overbroad, and not proportional to the needs of the case, and to the extent it seeks documents which are not in Defendants' possession, custody, or control. Defendants further object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product

-83-                                              Case No. 3:25-cv-4861

doctrine and any other privileges or immunities. Defendants further object that this Request assumes facts not in evidence and not admitted by Defendants.

Subject to and without waiver of the foregoing objections, Defendants respond as follows: Defendants will not produce documents or things in response to this Request.

**REQUEST FOR PRODUCTION NO. 67:**

All Documents and Communications Relating To any information, documents, files, drawings, models, samples, or data provided, disclosed, or shown by Daniel Sargent to any of the Defendants or their representatives, including but not limited to any CAD drawings, product designs, prototypes, or trade secrets of IYO.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 67:**

Defendants incorporate by reference each and all of their general objections. Defendants further object to this Request to the extent it seeks documents beyond those relating to any device that was or will be sold or advertised as an "io" branded device and which are therefore irrelevant to this action and disproportionate to the needs of the case. Defendants further object to this Request to the extent it seeks "all" documents and communications rather than documents sufficient to show or documents limited to specific search terms or a specific time period, thereby requiring an unreasonably expansive, costly, and burdensome collection likely yielding irrelevant or duplicative material. Defendants further object to this request, including use of the terms "All" and "Relating To," as overly broad, unduly burdensome, vague, not relevant to the claims or defenses in this action, and not proportional to the needs of the case. Defendants object that this Request is designed to seek discovery in a separate lawsuit, which is improper. *See IYO, Inc. v. Sargent*, Case No. CGS-25-627029 (Cal. Sup. Ct. 2025). This Request appears to have no relevance to this trademark matter. Defendants further object to this Request as improper and premature because it appears to seek discovery related to unasserted trade secret claims and before Plaintiff has articulated its own trade secret(s). Defendants object and will not produce any filings from any lawsuit to which iyO is a party and to which iyO thus has equal access. Defendants further object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other privileges or immunities. Defendants further object to this

-84-                                                        Case No. 3:25-cv-4861

Request to the extent it prematurely seeks expert discovery and analysis before the scheduled time for such disclosures. Defendants further object that this Request assumes facts not in evidence and not admitted by Defendants. Defendants further object that this Request is vague as to "information," "documents," "files," "drawings," "models," "samples," "data." Defendants further object that this Request is duplicative of Request for Production No. 66.

Subject to and without waiver of the foregoing objections, Defendants respond as follows: following a reasonable and diligent search, there are no documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 68:**

All Documents and Communications Relating To any meetings, interviews, discussions, or contacts between Daniel Sargent and any of the Defendants or their representatives, including but not limited to emails, text messages, instant messages, calendar invitations, meeting notes, or summaries

**RESPONSE TO REQUEST FOR PRODUCTION NO. 68:**

Defendants incorporate by reference each and all of their general objections. Defendants further object to this Request to the extent it seeks documents beyond those relating to any device that was or will be sold or advertised as an "io" branded device and which are therefore irrelevant to this action and disproportionate to the needs of the case. Defendants further object to this Request to the extent it seeks "all" documents and communications rather than documents sufficient to show or documents limited to specific search terms, thereby requiring an unreasonably expansive, costly, and burdensome collection likely yielding irrelevant or duplicative material. Defendants further object to this request, including use of the terms "All" and "Relating To," as overly broad, unduly burdensome, vague, not relevant to the claims or defenses in this action, and not proportional to the needs of the case. Defendants object that this Request is designed to seek discovery in a separate lawsuit, which is improper. *See IYO, Inc. v. Sargent*, Case No. CGS-25-627029 (Cal. Sup. Ct. 2025). Defendants further object that this Request is not probative of any claim or defense, as the requested information does not bear on the issues in this trademark dispute. Defendants further object to this Request as improper and premature because it appears to seek discovery related to unasserted trade secret claims and before Plaintiff has articulated its own trade secret(s). Defendants object and will

not produce any filings from any lawsuit to which iyO is a party and to which iyO thus has equal access. Defendants further object that this Request is duplicative of Request for Production Nos. 66 and 67. Defendants further object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other privileges or immunities.

Subject to and without waiver of the foregoing objections, Defendants respond as follows: Defendants will not produce documents or things in response to this Request.

**REQUEST FOR PRODUCTION NO. 69:**

All Documents and Communications Relating To any employment applications, resumes, portfolios, or other materials submitted by Daniel Sargent to any of the Defendants or their representatives, and any responses, evaluations, or decisions regarding such applications.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 69:**

Defendants incorporate by reference each and all of their general objections. Defendants further object to this Request to the extent it seeks documents beyond those relating to any device that was or will be sold or advertised as an "io" branded device and which are therefore irrelevant to this action and disproportionate to the needs of the case. Defendants further object to this Request to the extent it seeks "all" documents and communications rather than documents sufficient to show or documents limited to specific search terms, thereby requiring an unreasonably expansive, costly, and burdensome collection likely yielding irrelevant or duplicative material. Defendants further object to this request, including use of the terms "All" and "Relating To," as overly broad, unduly burdensome, vague, not relevant to the claims or defenses in this action, and not proportional to the needs of the case. Defendants object that this Request is designed to seek discovery in a separate lawsuit, which is improper. *See IYO, Inc. v. Sargent*, Case No. CGS-25-627029 (Cal. Sup. Ct. 2025). Defendants further object that this Request is not probative of any claim or defense, as the requested information does not bear on the issues in this trademark dispute. Defendants further object to this Request as improper and premature because it appears to seek discovery related to unasserted trade secret claims and before Plaintiff has articulated its own trade secret(s). Defendants object and will not produce any filings from any lawsuit to which iyO is a party and to which iyO thus has equal

access. Defendants further object to the extent that this Request is duplicative of Request for Production Nos. 66, 67, and 68. Defendants further object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other privileges or immunities.

Subject to and without waiver of the foregoing objections, Defendants respond as follows: Defendants will not produce documents or things in response to this Request.

**REQUEST FOR PRODUCTION NO. 70:**

All Documents and Communications Relating To any contact, communication, or meeting between Tang Yew Tan and Pegatron, or any representative, employee, agent, or affiliate of Pegatron, including but not limited to any statements, comments, or representations concerning IYO, IYO's business, products, or reputation, or Jason Rugolo.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 70:**

Defendants incorporate by reference each and all of their general objections. Defendants further object to this Request to the extent it seeks documents that are not relevant to the sale or advertising of any "io" branded device that was or will be sold or advertised and which are therefore irrelevant to this action and disproportionate to the needs of the case. Defendants further object to this Request to the extent it seeks "all" documents and communications rather than documents sufficient to show or documents limited to specific search terms, thereby requiring an unreasonably expansive, costly, and burdensome collection likely yielding irrelevant or duplicative material. Defendants further object to this Request to the extent it seeks documents from "representative, employee, agent, or affiliate " as vague, overbroad, and not proportional to the needs of the case, and to the extent it seeks documents which are not in Defendants' possession, custody, or control. Defendants further object to this request, including use of the terms "All" and "Relating To," as overly broad, unduly burdensome, vague, not relevant to the claims or defenses in this action, and not proportional to the needs of the case. Defendants further object that this Request is not probative of any claim or defense, as the requested information does not bear on the issues in this trademark dispute. Defendants further object to this Request as improper and premature because it appears to seek discovery related to unasserted trade secret claims and before Plaintiff has articulated its own

-87-                                     Case No. 3:25-cv-4861

trade secret(s).  Defendants further object to this Request to the extent it prematurely seeks expert discovery and analysis before the scheduled time for such disclosures. Defendants further object to this Request because it lacks any meaningful limitation on what it seeks, including in terms of time, place, or subject matter.  Defendants further object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other privileges or immunities.

Subject to and without waiver of the foregoing objections, Defendants respond as follows: there are no responsive documents relating to any device that has been or will be sold or advertised as an "io" branded device.

**REQUEST FOR PRODUCTION NO. 71:**

All Documents and Communications between Defendants or their representatives and any third party (including but not limited to Steve Zadesky, Christopher Stringer, or other former Apple employees) Relating To IYO, IYO's products, or Jason Rugolo.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 71:**

Defendants incorporate by reference each and all of their general objections.  Defendants further object to this Request to the extent it seeks documents that are not relevant to the sale or advertising of any "io" branded device that was or will be sold or advertised and which are therefore irrelevant to this action and disproportionate to the needs of the case.  Defendants further object to this Request to the extent it seeks "all" documents and communications rather than documents sufficient to show or documents limited to specific search terms, thereby requiring an unreasonably expansive, costly, and burdensome collection likely yielding irrelevant or duplicative material. Defendants further object to this request, including use of the terms "All" and "Relating To," as overly broad, unduly burdensome, vague, not relevant to the claims or defenses in this action, and not proportional to the needs of the case, including to the extent they seek documents that postdate the complaint.  Defendants further object to this Request to the extent it prematurely seeks expert discovery and analysis before the scheduled time for such disclosures. Defendants further object to this Request as improper and premature because it appears to seek discovery related to unasserted trade secret claims and before Plaintiff has articulated its own trade secret(s).  Defendants further

-88-                                    Case No. 3:25-cv-4861

object that this Request seeks confidential or proprietary information, including without limitation, confidential business information, proprietary and/or competitively sensitive information, third party confidential information, trade secrets, and private information of third parties.  Defendants will provide any responsive documents only in a manner consistent with the Protective Order and any ESI Order entered by the Court in this matter.  Defendants further object that this Request is vague as to "any third party."  Defendants further object that this Request is unduly burdensome to the extent it seeks communications with any undefined third party.  Defendants further object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other privileges or immunities.  Defendants further object to this Request because it lacks any meaningful limitation on what it seeks, including in terms of time, place, or subject matter.

Subject to and without waiver of the foregoing objections, Defendants respond as follows: there are no responsive documents relating to any device that has been or will be sold or advertised as an "io" branded device.

**REQUEST FOR PRODUCTION NO. 72:**

All audio, video, or stenographic recordings, transcripts, or minutes of any internal meeting, presentation, or discussion at which any IO Device, its development, launch plans, marketing strategy, or anticipated market impact were discussed, including but not limited to any such recordings transcripts, or minutes from the meeting referenced in the *Wall Street Journal* article titled, "What Sam Altman Told OpenAI About the Secret Device He's Making With Jony Ive," dated May 21, 2025 (available at: https://www.wsj.com/tech/ai/what-sam-altman-told-openai-about-the-secret-device-hes-making-with-jony-ive-f1384005?gaa_at=eafs&gaa_n=AWEtsqfNm5Abg05lzwIMWNv6LkCIUlr5jmJZIQzu2oh9EGqzfT LhzfosCUpB&gaa_ts=69334691&gaa_sig=IHg4VsvKonu1alWwbJkwL-6B3b3R4v7b5by8ECtqyKROX4EhU0qqW0ORHn8971J0bk58BatLdain9GD82ojesw%3D%3D), and any other meetings where any IO Device or its launch was a topic of discussion.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 72:**

Defendants incorporate by reference each and all of their general objections, including their objections to Plaintiff's definitions and instructions and including specifically their objection to Plaintiff's definition of "IO Device." Defendants further object to this Request to the extent it seeks documents that are not relevant to the sale or advertising of any "io" branded device that was or will be sold or advertised and which are therefore irrelevant to this action and disproportionate to the needs of the case. Defendants object that the Request seeks trade secret information that Plaintiff has not demonstrated a need for, particularly at this time. Defendants further object that this Request is not probative of any claim or defense, as the requested information does not bear on the issues in this trademark dispute. Defendants further object to this Request to the extent it seeks "all" documents and communications rather than documents sufficient to show or documents limited to specific search terms, thereby requiring an unreasonably expansive, costly, and burdensome collection likely yielding irrelevant or duplicative material. Defendants further object to this request, including use of the terms "All" and "Relating To," as overly broad, unduly burdensome, vague, not relevant to the claims or defenses in this action, and not proportional to the needs of the case. Defendants further object to this Request as improper and premature because it appears to seek discovery related to unasserted trade secret claims and before Plaintiff has articulated its own trade secret(s). Defendants further object that this Request seeks confidential or proprietary information, including without limitation, confidential business information, proprietary and/or competitively sensitive information, third party confidential information, or trade secrets. Defendants will provide any responsive documents only in a manner consistent with the Protective Order and any ESI Order entered by the Court in this matter. Defendants further object that this Request is unduly burdensome because it requires review of potentially voluminous audio and video files. Defendants further object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other privileges or immunities. Defendants further object to this Request because it lacks any meaningful limitation on what it seeks, including in terms of time, place, or subject matter.

DEFENDANTS' RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS PROPOUNDED ON DEFENDANTS (SET ONE)

Subject to and without waiver of the foregoing objections, Defendants respond as follows: there are no responsive documents relating to any device that has been or will be sold or advertised as an "io" branded device.

**REQUEST FOR PRODUCTION NO. 73:**

Documents sufficient to show the formal legal name of the entity or entities associated with the email domain: presidiotech.com.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 73:**

Defendants incorporate by reference each and all of their general objections. Defendants further object that this request is irrelevant and disproportionate to any issue in this trademark dispute, including because it is not relevant to the sale or advertising of any "io" branded device that was or will be sold or advertised  Defendants further object to this request, including use of the terms "All" and "Relating To," as overly broad, unduly burdensome, vague, not relevant to the claims or defenses in this action, and not proportional to the needs of the case. Defendants further object that this Request calls for information that may be publicly available through corporate registry searches.

Subject to and without waiver of the foregoing objections, Defendants respond as follows: Defendants will not produce documents or things in response to this Request.

**REQUEST FOR PRODUCTION NO. 74:**

Documents sufficient to show where any entity associated with the email domain "presidiotech.com" was formed or registered, including formation documents and filings.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 74:**

Defendants incorporate by reference each and all of their general objections. Defendants further object that this request is irrelevant and disproportionate to any issue in this trademark dispute, including because it is not relevant to the sale or advertising of any "io" branded device that was or will be sold or advertised or a domain name through which "io" branded products were sold or advertised. Defendants further object to this request, including use of the terms "All" and "Relating To," as overly broad, unduly burdensome, vague, not relevant to the claims or defenses in this action, and not proportional to the needs of the case. Defendants further object that this

-91-    Case No. 3:25-cv-4861

Request calls for information that may be publicly available through corporate registry searches. Defendants further object that this Request is duplicative of Request for Production No. 73.

Subject to and without waiver of the foregoing objections, Defendants respond as follows: Defendants will not produce documents or things in response to this Request.

**REQUEST FOR PRODUCTION NO. 75:**

Documents sufficient to identify the employees, founders, owners, or principals of any entity associated with the email domain: presidiotech.com.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 75:**

Defendants incorporate by reference each and all of their general objections. Defendants further object that this request is irrelevant and disproportionate to any issue in this trademark dispute, including because it is not relevant to the sale or advertising of any "io" branded device that was or will be sold or advertised, or the employees of a company that sold or advertised an "io" branded device. Defendants further object to this request, including use of the terms "All" and "Relating To," as overly broad, unduly burdensome, vague, not relevant to the claims or defenses in this action, and not proportional to the needs of the case. Defendants further object that this Request calls for information that may be publicly available through corporate registry searches. Defendants further object that this Request is duplicative of Request for Production No. 73 and 74.

Subject to and without waiver of the foregoing objections, Defendants respond as follows: Defendants will not produce documents or things in response to this Request.

**REQUEST FOR PRODUCTION NO. 76:**

Documents sufficient to describe the business purpose or activities of any entity associated with the email domain: presidiotech.com.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 76:**

Defendants incorporate by reference each and all of their general objections. Defendants further object that this request is irrelevant and disproportionate to any issue in this trademark dispute, including because it is not relevant to the sale or advertising of any "io" branded device that was or will be sold or advertised or the operations of a company that sold or advertised an "io" branded device. Defendants further object that this Request is vague as to "business purpose or

activities" Defendants further object to this request, including use of the terms "All" and "Relating To," as overly broad, unduly burdensome, vague, not relevant to the claims or defenses in this action, and not proportional to the needs of the case. Defendants further object that this Request is duplicative of Request for Production Nos. 73, 74 and 75. Defendants further object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other privileges or immunities.

Subject to and without waiver of the foregoing objections, Defendants respond as follows: Defendants will not produce documents or things in response to this Request.

**REQUEST FOR PRODUCTION NO. 77:**

Documents sufficient to show the relationship between any entity associated with the email domain "presidiotech.com" and any of the Defendants, including any agreements, shared resources, or overlapping personnel.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 77:**

Defendants incorporate by reference each and all of their general objections. Defendants further object that this request is irrelevant and disproportionate to any issue in this trademark dispute, including because it is not relevant to the sale or advertising of any "io" branded device that was or will be sold or advertised or the operations of an entity that sold or advertised an "io" branded device. Defendants further object that this Request is vague as to "the relationship between any entity associated with the email domain presidiotech.com and any of the Defendants." Defendants further object to this request, including use of the terms "All" and "Relating To," as overly broad, unduly burdensome, vague, not relevant to the claims or defenses in this action, and not proportional to the needs of the case. Defendants further object that this Request is duplicative of Request for Production Nos. 73, 74 and 75, and 76. Defendants further object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other privileges or immunities.

Subject to and without waiver of the foregoing objections, Defendants respond as follows: Defendants will not produce documents or things in response to this Request.

**REQUEST FOR PRODUCTION NO. 78:**

Documents sufficient to show the relationship between any entity associated with the email domain "presidiotech.com" and any industry exploration, market research, marketing, design development, prototyping, or commercialization of any IO Device.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 78:**

Defendants incorporate by reference each and all of their general objections, including their objections to Plaintiff's definitions and instructions and including specifically their objection to Plaintiff's definition of "IO Device." Defendants further object to this Request to the extent it seeks documents beyond those relating to any "io" branded device or any entity that sold or advertised an "io" branded product and which are therefore irrelevant to this action and disproportionate to the needs of the case. Defendants object that the Request seeks trade secret information that Plaintiff has not demonstrated a need for, particularly at this time. Defendants further object that this Request is not probative of any claim or defense, as the requested information concerning prototypes and unreleased products does not bear on the issues in this trademark dispute. Defendants further object that this Request is vague as to "industry exploration, market research, marketing, design development, prototyping, or commercialization of any IO Device." Defendants further object to this request, including use of the terms "All" and "Relating To," as overly broad, unduly burdensome, vague, not relevant to the claims or defenses in this action, and not proportional to the needs of the case. It is not proportional, feasible, or relevant to produce documents regarding devices that have never been publicly announced and may never be publicly announced. Defendants further object to this Request as improper and premature because it appears to seek discovery related to unasserted trade secret claims and before Plaintiff has articulated its own trade secret(s). Defendants further object that this Request seeks confidential or proprietary information, including without limitation, confidential business information, proprietary and/or competitively sensitive information, third party confidential information, or trade secrets. Defendants will provide any responsive documents only in a manner consistent with the Protective Order and any ESI Order entered by the Court in this matter. Defendants further object that this Request is duplicative of Request for Production Nos. 73, 74, 75, 76 and 77. Defendants further object to this Request to the

extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other privileges or immunities.

Subject to and without waiver of the foregoing objections, Defendants respond as follows: Defendants will not produce documents or things in response to this Request.

**REQUEST FOR PRODUCTION NO. 79:**

Documents sufficient to show whether any entity associated with the email domain "presidiotech.com" is currently active, dissolved, or otherwise ceased operations.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 79:**

Defendants incorporate by reference each and all of their general objections. Defendants further object that this request is irrelevant and disproportionate to any issue in this trademark dispute, including because it is not relevant to the sale or advertising of any "io" branded device that was or will be sold or advertised or a domain used to sell or advertise any "io" branded device. Defendants further object to this request, including use of the terms "All" and "Relating To," as overly broad, unduly burdensome, vague, not relevant to the claims or defenses in this action, and not proportional to the needs of the case. Defendants further object that this Request calls for information that may be publicly available through corporate registry searches. Defendants further object that this Request is duplicative of Request for Production Nos. 73, 74, 75, 76, 77 and 78. Defendants further object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other privileges or immunities.

Subject to and without waiver of the foregoing objections, Defendants respond as follows: Defendants will not produce documents or things in response to this Request.

**REQUEST FOR PRODUCTION NO. 80:**

All Documents and Communications that Defendants may use, rely upon, refer to, or introduce as evidence at any hearing or trial in this Lawsuit, or in support of or in opposition to any motion, including but not limited to dispositive motions, motions for summary judgment, or motions for preliminary or permanent injunctive relief.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 80:**

Defendants incorporate by reference each and all of their general objections. Defendants object that the Request seeks trade secret information that Plaintiff has not demonstrated a need for, particularly at this time. Defendants further object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other privileges or immunities. Defendants further object that this Request is premature because discovery is just beginning, Plaintiff has not filed their opening preliminary injunction brief, no party has moved for summary judgment, and Defendants cannot yet know what documents they will rely on in support of any such motions or any oppositions to such motions. Moreover, Defendants' exhibit list is not due for more than a year. Defendants will produce the documents it intends to rely on in connection with these motions at an appropriate time and consistent with the case schedule in this matter. Defendants further object that this Request is vague as to "the scope of documents Defendants "may" use, which is unknowable at this stage. Defendants further object that this Request is unduly burdensome because discovery is just beginning.

Subject to and without waiver of the foregoing objections, Defendants respond as follows: Defendants will not produce documents or things in response to this Request.

**REQUEST FOR PRODUCTION NO. 81:**

All Documents and Communications Relating To human factors research related to ear-worn products, including any analysis, studies, or evaluations conducted by or on behalf of Defendants.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 81:**

Defendants incorporate by reference each and all of their general objections. Defendants further object to this Request to the extent it seeks documents beyond those relating to any device that was or will be sold or advertised as an "io" branded device and which are therefore irrelevant to this action and disproportionate to the needs of the case. Defendants object that the Request seeks trade secret information that Plaintiff has not demonstrated a need for, particularly at this time. Defendants further object that this Request is not probative of any claim or defense. Defendants further object to this Request as improper and premature because it appears to seek discovery related to unasserted trade secret claims and before Plaintiff has articulated its own trade secret(s).

-96-    Case No. 3:25-cv-4861

Defendants further object to this Request to the extent it seeks "all" documents and communications rather than documents sufficient to show or documents limited to specific search terms, thereby requiring an unreasonably expansive, costly, and burdensome collection likely yielding irrelevant or duplicative material. Defendants further object to this request, including use of the terms "All" and "Relating To," as overly broad, unduly burdensome, vague, not relevant to the claims or defenses in this action, and not proportional to the needs of the case, particularly given that Defendants' First Hardware Product is not an in-ear device. It is unclear what "human factors research relating to ear-worn products" constitutes, and it is not relevant or proportional to produce such information regardless of its relationship to the "io" name, let alone "All Documents and Communications Relating To" this information. Defendants further object that this Request seeks confidential or proprietary information, including without limitation, confidential business information, proprietary and/or competitively sensitive information, third party confidential information, or trade secrets. Defendants will provide any responsive documents only in a manner consistent with the Protective Order and any ESI Order entered by the Court in this matter. Defendants further object to this Request because it lacks any meaningful limitation on what it seeks, including in terms of time, place, or subject matter. Defendants further object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other privileges or immunities.

Subject to and without waiver of the foregoing objections, Defendants respond as follows: there are no responsive documents relating to any device that has been or will be sold or advertised as an "io" branded device.

**REQUEST FOR PRODUCTION NO. 82:**

All Documents and Communications Relating To the development, implementation, or testing of ear-worn products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 82:**

Defendants incorporate by reference each and all of their general objections. Defendants further object to this Request to the extent it seeks documents beyond those relating to any device that was or will be sold or advertised as an "io" branded device and which are therefore irrelevant

to this action and disproportionate to the needs of the case. Defendants object that the Request seeks trade secret information that Plaintiff has not demonstrated a need for, particularly at this time. Defendants further object that this Request is not probative of any claim or defense. Defendants further object to this Request as improper and premature because it appears to seek discovery related to unasserted trade secret claims and before Plaintiff has articulated its own trade secret(s). Defendants further object to this Request to the extent it seeks "all" documents and communications rather than documents sufficient to show or documents limited to specific search terms, thereby requiring an unreasonably expansive, costly, and burdensome collection likely yielding irrelevant or duplicative material. Defendants further object to this request, including use of the terms "All" and "Relating To," as overly broad, unduly burdensome, vague, not relevant to the claims or defenses in this action, and not proportional to the needs of the case. It is not relevant or proportional to produce such information regardless of relationship to the "io" name, let alone "All Documents and Communications Relating To" this information, particularly given that Defendants' First Hardware Product is not an in-ear device. Defendants further object that this Request seeks confidential or proprietary information, including without limitation, confidential business information, proprietary and/or competitively sensitive information, third party confidential information, or trade secrets. Defendants will provide any responsive documents only in a manner consistent with the Protective Order and any ESI Order entered by the Court in this matter. Defendants further object to this Request because it lacks any meaningful limitation on what it seeks, including in terms of time, place, or subject matter. Defendants further object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other privileges or immunities.

Subject to and without waiver of the foregoing objections, Defendants respond as follows: there are no responsive documents relating to any device that has been or will be sold or advertised as an "io" branded device.

**REQUEST FOR PRODUCTION NO. 83:**

All Documents and Communications Relating To the development, implementation, or testing of spatial audio technology or spatial audio features for any IO Device or Prototype.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 83:**

Defendants incorporate by reference each and all of their general objections, including their objections to Plaintiff's definitions and instructions and including specifically their objection to Plaintiff's definitions of "IO Device" and "Prototype." Defendants further object to this Request to the extent it seeks documents beyond those relating to any device that was or will be sold or advertised as an "io" branded device and which are therefore irrelevant to this action and disproportionate to the needs of the case. Defendants object that the Request seeks trade secret information that Plaintiff has not demonstrated a need for, particularly at this time. Defendants further object that this Request is not probative of any claim or defense, as the requested information concerning prototypes and unreleased products does not bear on the issues in this trademark dispute. Defendants further object to this Request as improper and premature because it appears to seek discovery related to unasserted trade secret claims and before Plaintiff has articulated its own trade secret(s). Defendants further object to this Request to the extent it seeks "all" documents and communications rather than documents sufficient to show or documents limited to specific search terms, thereby requiring an unreasonably expansive, costly, and burdensome collection likely yielding irrelevant or duplicative material. Defendants further object to this request, including use of the terms "All" and "Relating To," as overly broad, unduly burdensome, vague, not relevant to the claims or defenses in this action, and not proportional to the needs of the case. It is not proportional, feasible, or relevant to respond to requests for production of "[a]ll Documents and Communications Relating To" an unlimited phrase such as "development, implementation, or testing of spatial audio technology or spatial audio features," nor is it proportional, feasible, or relevant to produce documents regarding devices that have never been publicly announced and may never be publicly announced. Defendants further object that this Request seeks confidential or proprietary information, including without limitation, confidential business information, proprietary and/or competitively sensitive information, third party confidential information, or trade secrets. Defendants will provide any responsive documents only in a manner consistent with the Protective Order and any ESI Order entered by the Court in this matter. Defendants further object that this Request is duplicative of Request for Production No. 55. Defendants further object to this Request

because it lacks any meaningful limitation on what it seeks, including in terms of time, place, or subject matter.  Defendants further object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other privileges or immunities.

Subject to and without waiver of the foregoing objections, Defendants respond as follows: there are no responsive documents relating to any device that has been or will be sold or advertised as an "io" branded device.

**REQUEST FOR PRODUCTION NO. 84:**

All Documents and Communications Relating To the research, design, development, or integration of natural language interfaces, screenless computing, and real time translation into any IO Device or Prototype.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 84:**

Defendants incorporate by reference each and all of their general objections, including their objections to Plaintiff's definitions and instructions and including specifically their objection to Plaintiff's definitions of "IO Device" and "Prototype."  Defendants further object to this Request to the extent it seeks documents beyond those relating to any device that was or will be sold or advertised as an "io" branded device and which are therefore irrelevant to this action and disproportionate to the needs of the case.  Defendants object that the Request seeks trade secret information that Plaintiff has not demonstrated a need for, particularly at this time.  Defendants further object that this Request is not probative of any claim or defense, as the requested information does not bear on the issues in this trademark dispute.  Defendants further object to this Request as improper and premature because it appears to seek discovery related to unasserted trade secret claims and before Plaintiff has articulated its own trade secret(s).  Defendants further object to this Request to the extent it seeks "all" documents and communications rather than documents sufficient to show or documents limited to specific search terms, thereby requiring an unreasonably expansive, costly, and burdensome collection likely yielding irrelevant or duplicative material.  Defendants further object that this Request is vague as to "natural language interfaces," "screenless computing." Defendants further object to this request, including use of the terms "All" and "Relating To," as

overly broad, unduly burdensome, vague, not relevant to the claims or defenses in this action, and not proportional to the needs of the case.  It is not proportional, feasible, or relevant to respond to requests for production of "[a]ll Documents and Communications Relating To" an unlimited phrase such as "the research, design, development, or integration of natural language interfaces, screenless computing, and real time translation," nor is it proportional, feasible, or relevant to produce documents regarding devices that have never been publicly announced and may never be publicly announced.  Defendants further object that this Request seeks confidential or proprietary information, including without limitation, confidential business information, proprietary and/or competitively sensitive information, third party confidential information, or trade secrets. Defendants will provide any responsive documents only in a manner consistent with the Protective Order and any ESI Order entered by the Court in this matter.  Defendants further object that this Request is improperly compound, combining multiple distinct technologies in a single request. Defendants further object that this Request is duplicative of Request for Production Nos. 1, 2, 3, 4 and 5.  Defendants further object to this Request because it lacks any meaningful limitation on what it seeks, including in terms of time, place, or subject matter.  Defendants further object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other privileges or immunities.

Subject to and without waiver of the foregoing objections, Defendants respond as follows: there are no responsive documents relating to any device that has been or will be sold or advertised as an "io" branded device.

**REQUEST FOR PRODUCTION NO. 85:**

All Documents and Communications Relating To the role of natural language interface devices in creating enterprise value for Defendants, including any strategic plans, presentations, or internal analyses.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 85:**

Defendants incorporate by reference each and all of their general objections. Defendants further object to this Request to the extent it seeks documents beyond those relating to any device that was or will be sold or advertised as an "io" branded device  and which are therefore irrelevant

to this action and disproportionate to the needs of the case.  Defendants object that the Request seeks trade secret information that Plaintiff has not demonstrated a need for, particularly at this time. Defendants further object that this Request is not probative of any claim or defense, as the requested information does not bear on the issues in this trademark dispute. Defendants further object to this Request as improper and premature because it appears to seek discovery related to unasserted trade secret claims and before Plaintiff has articulated its own trade secret(s).  Defendants further object to this Request to the extent it seeks "all" documents and communications rather than documents sufficient to show or documents limited to specific search terms, thereby requiring an unreasonably expansive, costly, and burdensome collection likely yielding irrelevant or duplicative material. Defendants further object to this request, including use of the terms "All" and "Relating To," as overly broad, unduly burdensome, vague, not relevant to the claims or defenses in this action, and not proportional to the needs of the case.  It is not proportional, feasible, or relevant to respond to requests for production of "[a]ll Documents and Communications Relating To" an undefined phrase such as "the role of natural language interface devices in creating enterprise value for Defendants," nor is it proportional, feasible, or relevant to produce documents regarding devices that have no connection to the "io" name.  Defendants further object that this Request is vague as to "enterprise value" and  "the role of natural language interface devices."  Defendants further object that this Request seeks confidential or proprietary information, including without limitation, confidential business information, proprietary and/or competitively sensitive information, third party confidential information, or trade secrets.  Defendants will provide any responsive documents only in a manner consistent with the Protective Order and any ESI Order entered by the Court in this matter.  Defendants further object to this Request because it lacks any meaningful limitation on what it seeks, including in terms of time, place, or subject matter.  Defendants further object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other privileges or immunities.

Subject to and without waiver of the foregoing objections, Defendants respond as follows: there are no responsive documents relating to any device that has been or will be sold or advertised as an "io" branded device.

DEFENDANTS' RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS PROPOUNDED ON DEFENDANTS (SET ONE)

**REQUEST FOR PRODUCTION NO. 86:**

All Documents and Communications Relating To internal discussions concerning any plan or intent by Defendants to interfere with IYO's manufacturing contracts, including any notes, memoranda, or emails.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 86:**

Defendants incorporate by reference each and all of their general objections. Defendants further object to this Request to the extent it seeks documents beyond those relating to any device that was or will be sold or advertised as an "io" branded device and which are therefore irrelevant to this action and disproportionate to the needs of the case. Defendants further object that this Request is not probative of any claim or defense, as the requested information does not bear on the issues in this trademark dispute. Defendants further object to this Request as improper and premature because it appears to seek discovery related to unasserted trade secret claims and before Plaintiff has articulated its own trade secret(s). Defendants further object to this Request to the extent it seeks "all" documents and communications rather than documents sufficient to show or documents limited to specific search terms, thereby requiring an unreasonably expansive, costly, and burdensome collection likely yielding irrelevant or duplicative material. Defendants further object to this request, including use of the terms "All" and "Relating To," as overly broad, unduly burdensome, vague, not relevant to the claims or defenses in this action, and not proportional to the needs of the case. Defendants further object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other privileges or immunities. Defendants further object that this Request assumes facts not in evidence and not admitted by Defendants. Defendants further object that this Request is vague as to what manufacturing contracts are at issue. Defendants further object to this Request because it lacks any meaningful limitation on what it seeks, including in terms of time, place, or subject matter.

Subject to and without waiver of the foregoing objections, Defendants respond as follows: following a reasonable and diligent search, there are no documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 87:**

Documents sufficient to show all Communications by Defendants Relating To Tang Yew Tan's request to review IYO's intellectual property during the acquisition conversations between Defendants and IYO in 2025.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 87:**

Defendants incorporate by reference each and all of their general objections. Defendants further object to this Request to the extent it seeks documents beyond those relating to any device that was or will be sold or advertised as an "io" branded device and which are therefore irrelevant to this action and disproportionate to the needs of the case. Defendants object to the extent that the Request seeks trade secret information that Plaintiff has not demonstrated a need for, particularly at this time. Defendants further object that this Request is not probative of any claim or defense, as the requested information does not bear on the issues in this trademark dispute. Defendants further object to this Request as improper and premature because it appears to seek discovery related to unasserted trade secret claims and before Plaintiff has articulated its own trade secret(s). Defendants further object that this Request misstates facts as Tang Yew Tan did not "request to review IYO's intellectual property" or engage in "acquisition conversations" with iyO, other than declining Jason Rugolo's requests to be acquired. Defendants further object to this Request as irrelevant, including because purported acquisition discussions have no bearing on the claims or defenses in this action. Defendants further object to this Request to the extent it seeks documents post-dating the filing of the complaint, which are irrelevant. Defendants further object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other privileges or immunities. Defendants further object to this request, including use of the terms "All" and "Relating To," as overly broad, unduly burdensome, vague, not relevant to the claims or defenses in this action, and not proportional to the needs of the case. Defendants further object to this Request because it lacks any meaningful limitation on what it seeks, including in terms of time, place, or subject matter.

Subject to and without waiver of the foregoing objections, Defendants respond as follows: Tang Yew Tan did not make a request that he be allowed to review IYO's intellectual property.

-104-                                                                 Case No. 3:25-cv-4861

**REQUEST FOR PRODUCTION NO. 88:**

All Documents and Communications Relating To Sam Altman's first observation or awareness of developers using large language models ("LLMs") to control application surfaces including any notes, emails, or reports.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 88:**

Defendants incorporate by reference each and all of their general objections. Defendants further object to this Request to the extent it seeks documents beyond those relating to any device that was or will be sold or advertised as an "io" branded device and which are therefore irrelevant to this action and disproportionate to the needs of the case. Defendants object that the Request seeks trade secret information that Plaintiff has not demonstrated a need for, particularly at this time. Defendants further object that this Request is not probative of any claim or defense, as the requested information does not bear on the issues in this trademark dispute. Defendants further object to this Request as improper and premature because it appears to seek discovery related to unasserted trade secret claims and before Plaintiff has articulated its own trade secret(s). Defendants further object to this Request to the extent it seeks "all" documents and communications rather than documents sufficient to show or documents limited to specific search terms, thereby requiring an unreasonably expansive, costly, and burdensome collection likely yielding irrelevant or duplicative material. Defendants further object to this request, including use of the terms "All" and "Relating To," as overly broad, unduly burdensome, vague, not relevant to the claims or defenses in this action, and not proportional to the needs of the case. Defendants further object that this Request is irrelevant because Sam Altman's awareness of LLM use in general has no bearing on the claims or defenses in this trademark action. Defendants further object that this Request is vague as to "application surfaces." Defendants further object that this Request is unduly burdensome because it requests all documents relating to awareness of an undefined category of technology. Defendants further object that this Request seeks confidential or proprietary information, including without limitation, confidential business information, proprietary and/or competitively sensitive information, third party confidential information, or trade secrets. Defendants will provide any responsive documents only in a manner consistent with the Protective Order and any ESI Order entered by the Court in

this matter. Defendants further object to this Request because it lacks any meaningful limitation on what it seeks, including in terms of time, place, or subject matter. Defendants further object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other privileges or immunities.

Subject to and without waiver of the foregoing objections, Defendants respond as follows: Defendants will not produce documents or things in response to this Request.

**REQUEST FOR PRODUCTION NO. 89:**

All Documents and Communications Relating To IYO's demonstrations of their products to Defendants during the May 1, 2025 meeting, including any evaluations, feedback, or follow-up discussions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 89:**

Defendants incorporate by reference each and all of their general objections. Defendants further object to this Request to the extent it seeks documents that are not relevant to the sale or advertising of any device that was or will be sold or advertised as an "io" branded device and which are therefore irrelevant to this action and disproportionate to the needs of the case. Defendants further object to this Request to the extent it seeks "all" documents and communications, unlimited as to when and why they were created, rather than documents sufficient to show or documents limited to specific search terms, purposes, timeframes, and/or authors, thereby requiring an unreasonably expansive, costly, and burdensome collection likely yielding irrelevant or duplicative material. Defendants further object to this request, including use of the terms "All" and "Relating To," as overly broad, unduly burdensome, vague, not relevant to the claims or defenses in this action, and not proportional to the needs of the case. Defendants further object that this Request seeks confidential or proprietary information, including without limitation, confidential business information, proprietary and/or competitively sensitive information, third party confidential information, or trade secrets. Defendants further object to this Request as improper and premature because it appears to seek discovery related to unasserted trade secret claims and before Plaintiff has articulated its own trade secret(s). Defendants will provide any responsive documents only in a manner consistent with the Protective Order and any ESI Order entered by the Court in this matter.

Defendants further object that this Request is duplicative of Request for Production Nos. 30, 31 and 32. Defendants further object to this Request because it lacks any meaningful limitation on what it seeks, including in terms of time, place, or subject matter. Defendants further object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other privileges or immunities.

Subject to and without waiver of the foregoing objections, Defendants respond as follows: Defendants will not produce documents or things in response to this Request.

**REQUEST FOR PRODUCTION NO. 90:**

All Documents and Communications Relating to the role hardware plays in AI adoption and defensibility.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 90:**

Defendants incorporate by reference each and all of their general objections. Defendants further object to this Request to the extent it seeks documents that are not relevant to the sale or advertising of any device that was or will be sold or advertised as an "io" branded device and which are therefore irrelevant to this action and disproportionate to the needs of the case. Defendants object that the Request seeks trade secret information that Plaintiff has not demonstrated a need for, particularly at this time. Defendants further object that this Request is not probative of any claim or defense, as the requested information does not bear on the issues in this trademark dispute. Defendants further object to this Request as improper and premature because it appears to seek discovery related to unasserted trade secret claims and before Plaintiff has articulated its own trade secret(s). Defendants further object to this Request to the extent it seeks "all" documents and communications rather than documents sufficient to show or documents limited to specific search terms, thereby requiring an unreasonably expansive, costly, and burdensome collection likely yielding irrelevant or duplicative material. Defendants further object that this Request is vague as to "the role hardware plays in AI adoption and defensibility." Defendants further object to this request, including use of the terms "All" and "Relating To," as overly broad, unduly burdensome, vague, not relevant to the claims or defenses in this action, and not proportional to the needs of the case. It is not proportional, feasible, or relevant to respond to requests for production of "[a]ll

Documents and Communications Relating To" an unlimited phrase such as "the role hardware plays in AI adoption and defensibility." Defendants further object that this Request seeks confidential or proprietary information, including without limitation, confidential business information, proprietary and/or competitively sensitive information, third party confidential information, or trade secrets. Defendants will provide any responsive documents only in a manner consistent with the Protective Order and any ESI Order entered by the Court in this matter. Defendants further object that this Request is irrelevant to the claims or defenses in this action; this Request has no relevance to the trademark matter. Defendants further object to this Request because it lacks any meaningful limitation on what it seeks, including in terms of time, place, or subject matter. Defendants further object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other privileges or immunities.

Subject to and without waiver of the foregoing objections, Defendants respond as follows: Defendants will not produce documents or things in response to this Request.

**REQUEST FOR PRODUCTION NO. 91:**

All Documents and Communications Relating to AI experiences delivered through a natural language interface that progressively learns and adapts to user preferences over time.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 91:**

Defendants incorporate by reference each and all of their general objections. Defendants further object to this Request to the extent it seeks documents that are not relevant to the sale or advertising of any device that was or will be sold or advertised as an "io" branded device and which are therefore irrelevant to this action and disproportionate to the needs of the case. Defendants object that the Request seeks trade secret information that Plaintiff has not demonstrated a need for, particularly at this time. Defendants further object that this Request is not probative of any claim or defense, as the requested information does not bear on the issues in this trademark dispute. Defendants further object to this Request as improper and premature because it appears to seek discovery related to unasserted trade secret claims and before Plaintiff has articulated its own trade secret(s). Defendants further object to this request, including use of the terms "All" and "Relating To," as overly broad, unduly burdensome, vague, not relevant to the claims or defenses in this action,

and not proportional to the needs of the case.  It is not proportional, feasible, or relevant to respond to requests for production of "[a]ll Documents and Communications Relating To" an unlimited phrase such as "AI experience delivered through a natural language interface that progressively learns and adapts to user preferences over time."  Defendants further object to this Request to the extent it seeks "all" documents and communications rather than documents sufficient to show or documents limited to specific search terms, thereby requiring an unreasonably expansive, costly, and burdensome collection likely yielding irrelevant or duplicative material.  Defendants further object that this Request is vague as to "AI experiences delivered through a natural language interface that progressively learns and adapts to user preferences over time."   Defendants further object that this Request seeks confidential or proprietary information, including without limitation, confidential business information, proprietary and/or competitively sensitive information, third party confidential information, or trade secrets.  Defendants will provide any responsive documents only in a manner consistent with the Protective Order and any ESI Order entered by the Court in this matter.  Defendants further object that this Request is unduly burdensome because "AI experiences delivered through a natural language interface" is extraordinarily broad.  Defendants further object that this Request is irrelevant to the claims or defenses in this action; this Request has no relevance to the trademark matter.  Defendants further object to this Request because it lacks any meaningful limitation on what it seeks, including in terms of time, place, or subject matter.  Defendants further object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other privileges or immunities.

Subject to and without waiver of the foregoing objections, Defendants respond as follows: Defendants will not produce documents or things in response to this Request.

**REQUEST FOR PRODUCTION NO. 92:**

All Documents and Communications Relating to the development and integration of screenless computing into the IO Device or Prototype.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 92:**

Defendants incorporate by reference each and all of their general objections, including their objections to Plaintiff's definitions and instructions and including specifically their objection to

Plaintiff's definitions of "IO Device" and "Prototype." Defendants further object to this Request to the extent it seeks documents beyond those relating to any device that was or will be sold or advertised as an "io" branded device and which are therefore irrelevant to this action and disproportionate to the needs of the case. Defendants object that the Request seeks trade secret information that Plaintiff has not demonstrated a need for, particularly at this time. Defendants further object to this Request as improper and premature because it appears to seek discovery related to unasserted trade secret claims and before Plaintiff has articulated its own trade secret(s). Defendants further object to this Request to the extent it seeks "all" documents and communications rather than documents sufficient to show or documents limited to specific search terms, thereby requiring an unreasonably expansive, costly, and burdensome collection likely yielding irrelevant or duplicative material. It is not proportional, feasible, or relevant to produce documents regarding devices that have never been publicly announced and may never be publicly announced. Defendants further object that this Request is vague as to "screenless computing." Defendants further object to this request, including use of the terms "All" and "Relating To," as overly broad, unduly burdensome, vague, not relevant to the claims or defenses in this action, and not proportional to the needs of the case. Defendants further object that this Request seeks confidential or proprietary information, including without limitation, confidential business information, proprietary and/or competitively sensitive information, third party confidential information, or trade secrets. Defendants will provide any responsive documents only in a manner consistent with the Protective Order and any ESI Order entered by the Court in this matter. Defendants further object that this Request is duplicative of Request for Production Nos. 1, 2, 3, 4, 5 and 84. Defendants further object to this Request because it lacks any meaningful limitation on what it seeks, including in terms of time, place, or subject matter. Defendants further object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other privileges or immunities.

Subject to and without waiver of the foregoing objections, Defendants respond as follows: there are no responsive documents relating to any device that has been or will be sold or advertised as an "io" branded device.

DATED:   February 6, 2026                QUINN EMANUEL URQUHART
                                         & SULLIVAN, LLP


By _____ */s/ Margret M. Caruso* _____
    Margret M. Caruso
    *Attorneys for Defendants io Products, Inc.,*
    *OpenAI, Inc., OpenAI, LLC, and Sam Altman*


DATED:   February 6, 2026                JONES DAY


By _____ */s/ David Kiernan* _____
    David Kiernan
    *Attorneys for Defendant Sir Jonathan Paul Ive*

DEFENDANTS' RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS AND
THINGS PROPOUNDED ON DEFENDANTS (SET ONE)

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who have consented to electronic service are being served with a copy of this document via email on February 6, 2026.

*/s/ Andrew M. Mather*
Andrew M. Mather

DEFENDANTS' RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS PROPOUNDED ON DEFENDANTS (SET ONE)

# EXHIBIT 2

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Margret M. Caruso (Bar No. 243473)
margretcaruso@quinnemanuel.com
Sara L. Pollock (Bar No. 281076)
sarapollock@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone:     (650) 801-5000
Facsimile:     (650) 801-5100

*Attorneys for Defendants io Products, Inc., OpenAI,*
*Inc., OpenAI, LLC, and Sam Altman*

JONES DAY
David Kiernan (Bar No. 215335)
dkiernan@jonesday.com
555 California Street 26th Floor
San Francisco, California 94104
Telephone:    (415) 875-5745

Meredith Wilkes (*pro hac vice*)
mwilkes@jonesday.com
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone     (216) 586-7231

*Attorneys for Defendant Sir Jonathan Paul Ive*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IYO, INC.,<br><br>                      Plaintiff,<br><br>          vs.<br><br>IO PRODUCTS, INC., OPENAI, INC.,<br>OPENAI, LLC, SAM ALTMAN, and SIR<br>JONATHAN PAUL IVE,<br><br>                      Defendants. | Case No. 3:25-cv-04861-TLT<br><br>**DEFENDANTS' RULE 26(A)(1) INITIAL DISCLOSURES** |

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, Defendants IO Products, Inc., OpenAI, Inc., OpenAI, LLC, Sam Altman, and Sir Jonathan Paul Ive (collectively "Defendants") hereby provide the following Initial Disclosures ("Disclosures") to Plaintiff iyO, Inc. ("Plaintiff" or "iyO").

## I.   INITIAL DISCLOSURE QUALIFICATIONS

1.   These Disclosures are based upon the complaint filed by Plaintiff and information currently known to Defendants and are provided without prejudice to producing, during discovery or at any point before or at trial, any additional data, information, or documents that are subsequently discovered, determined to be relevant for any purpose, or determined to have been omitted from these Disclosures.  By making these Disclosures, Defendants do not represent that they have or are able to identify every individual, document, or tangible thing related to this lawsuit.  Rather, these Disclosures represent a good faith effort by Defendants to identify information currently available to it that falls within the scope of Rule 26(a)(1).  Accordingly, these Disclosures do not include information that may be used solely for impeachment purposes.  In addition, discovery and further investigation and analysis may yield other information.

2.   Defendants reserve the right to supplement, correct, clarify, modify, alter, or otherwise amend these Disclosures as appropriate at any time, and/or to use documents not described herein. Defendants also reserve the right to use any documents or information disclosed or provided by any other party or person for any purpose to the fullest extent permitted by law, and Defendants reserve the right to rely upon the individuals identified below for subjects other than those identified in these Disclosures.

3.   These Disclosures are made without waiver of, and without prejudice to, any objections Defendants may have regarding the subject matter of these Disclosures or any documents or individuals identified herein.  Defendants expressly reserve all objections, including but not limited to relevance, attorney-client privilege, work-product protection, any other applicable privilege or protection against discovery under federal or state law, undue burden, materiality, overbreadth, proportionality, and admissibility.  Furthermore, these Disclosures are made with the expectation that a protective order, or some other limitation on the production and use of the

documents and information identified herein, will be agreed upon by the parties and entered by the Court.

4.    The above qualifications ("Initial Disclosure Qualifications") apply to each Disclosure made herein, and are incorporated by reference as if fully set forth in each and every Disclosure.

## II.    INITIAL DISCLOSURES

**A.    The name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would solely be for impeachment.**

Subject to and without waiving the Initial Disclosure Qualifications, Defendants believe that the following individuals (aside from the parties themselves) may have discoverable information that Defendants may use to support their claims or defenses.  Defendants reserve the right to supplement and/or amend this response as discovery warrants.  Direct contact with any of Defendants' current employees is not authorized, and all inquiries concerning such individuals should be made to counsel for Defendants.

| Name | Contact Information | Subject Matter |
|---|---|---|
| Tang Yew Tan | Contact through counsel:<br><br>Quinn Emanuel Urquhart & Sullivan, LLP<br>555 Twin Dolphin Drive, 5th Floor<br>Redwood Shores, California 94065<br>(650) 801-5000 | The founding and formation of io Products; form factor exploration, including purchase and attempted purchase of Plaintiff's products; communications with Plaintiff, including Plaintiff's demonstration of iyO One and attempted solicitation of funds. |
| Sam Altman | Contact through counsel:<br><br>Quinn Emanuel Urquhart & Sullivan, LLP<br>555 Twin Dolphin Drive, 5th Floor<br>Redwood Shores, California 94065<br>(650) 801-5000 | Information concerning founding and formation of io Products; the selection and adoption of the "io" name; acquisition of the "io.com" domain; communications with Plaintiff. |
| Jason Rugolo | Contact through counsel for Plaintiff | Plaintiff's products and marketing; Plaintiff's alleged trademark rights; Plaintiff's alleged harm; Plaintiff's efforts to solicit investments; alleged customer confusion, if any; |

| | | matters discussed in his declarations (Dkt. 6-6; Dkt. 35-1) |
|---|---|---|
| Neil Treat | Contact through counsel for Plaintiff | Plaintiff's products and marketing; Plaintiff's alleged trademark rights; Plaintiff's alleged harm; Plaintiff's efforts to solicit investments; alleged customer confusion, if any. |
| Anga Lao | Contact through counsel for plaintiff | Plaintiff's products; interactions with Plaintiff's consumers; Plaintiff's target customers; alleged customer confusion, if any. |
| David Rangel | Contact through counsel for plaintiff | Subject matter and preparation of his declaration (Dkt. 6-4) |
| Ed Catmull | Contact through counsel for plaintiff | Subject matter and preparation of his declaration (Dkt. 6-5) |

In addition to the individuals identified above, Defendants incorporate by reference the witnesses and their possible subjects of testimony disclosed by Plaintiff in its Initial Disclosures and any amended Disclosures, as well as those individuals identified by Plaintiff and Defendants through discovery, declaration, or other means, and those individuals whose names appear on produced documents, who are deposed, and whose depositions are noticed as if set forth in full herein. Defendants will disclose expert witnesses pursuant to the timing set forth in the case management order and Federal Rules of Civil Procedure.

**B.    A copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.**

Subject to and without waiving the Initial Disclosure Qualifications, below are the categories of documents that Defendants may use to support their claims and defenses. These descriptions do not include all documents believed to be in the possession, custody, or control of Plaintiff and third parties, which Defendants reserve the right to use. Nor do these descriptions include expert material that may be developed, which will be disclosed pursuant to the Federal Rules of Civil Procedure and the Court's scheduling order. Defendants reserve the right to supplement and/or amend this response as discovery warrants.

Without conceding that any io-branded goods or services currently exist or have been offered for sale, Defendants identify the following categories of documents concerning the claims in Plaintiff's Complaint (ECF No. 1) and Defendants' anticipated defenses:

1. Documents sufficient to show the acquisition of the "io.com" domain in August 2023;

2. Documents demonstrating Plaintiff's failure to fulfill customer orders for the iyO One;

3. Documents reflecting the target audience for iyO products;

4. Documents reflecting custom-molding required in connection with the purchase of iyO products;

5. Documents reflecting the common use of "io" in connection with technology; and

6. Communications between Defendants, on the one hand, and Plaintiff's agents and employees, including Jason Rugolo, on the other hand.

The foregoing documents are likely to be located at OpenAI's office at 1455 3rd Street, San Francisco, CA 94158 and/or Quinn Emanuel Urquhart & Sullivan, LLP, 555 Twin Dolphin Drive, 5th Floor Redwood Shores, California 94065, are publicly available, and/or, on information and belief, are already in the possession of Plaintiff.  In addition to the above identified categories of documents, Defendants incorporate by reference the categories of documents disclosed by Plaintiff in its Initial Disclosures and any amended Initial Disclosures, and any documents identified by Plaintiff through discovery, declaration, or other means.

**C.    A computation of each category of damages claimed by the disclosing party— who must also make available for inspection and copying as under Rule 34, the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.**

Defendants maintain that they are not liable to Plaintiff and Plaintiff is not entitled to recover any monetary remedy or any other remedy.

Defendants do not assert any claims for damages at this time.  Defendants reserve the right to assert counterclaims against Plaintiff in the future and to seek related damages, and they will

DEFENDANTS' RULE 26(A)(1) INITIAL DISCLOSURES

supplement their Disclosures accordingly at that time.  Defendants also reserve the right to seek costs, attorneys' fees, and/or other damages in this matter.

**D.    For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

Defendants state that there are insurance agreements under which insurance businesses may be liable to satisfy part or all of a judgment entered in this action or to indemnify or reimburse the OpenAI Defendants for payments made to satisfy any judgment. The OpenAI Defendants will provide for inspection and copying the aforementioned insurance agreements subject to the Protective Order entered in this matter.

Dated:   January 7, 2026

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By:   */s/ Margret M. Caruso*
　　　Margret M. Caruso

*Attorneys for Defendants io Products, Inc., OpenAI, Inc., OpenAI, LLC, and Sam Altman*

Dated:   January 7, 2026

JONES DAY

By:   */s/ Meredith M. Wilkes*
　　　Meredith M. Wilkes

*Attorneys for Defendant Sir Jonathan Paul Ive*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record are being served with a copy of this document via email on January 7, 2026.

By: /s/ Andrew M. Mather
Andrew M. Mather