MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.
Andrew D. Skale (211096)
ADSkale@mintz.com
Laura Franco (186765)
LFranco@mintz.com
Anthony J. Viola (*pro hac vice*)
AJViola@mintz.com
Kara M. Cormier (*pro hac vice*)
KMCormier@mintz.com
44 Montgomery Street, 36th Floor
San Francisco, CA 94104
Tel.: (415) 432-6000

*Attorneys for Plaintiff IYO, INC.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IYO, INC.<br><br>Plaintiff,<br><br>v.<br><br>IO PRODUCTS, INC., OPENAI, INC., OPENAI, LLC, SAM ALTMAN, and SIR JONATHAN PAUL IVE,<br><br>Defendants. | Case No. 3:25-cv-4861-TLT<br><br>**PLAINTIFF IYO, INC.'S ADMINISTRATIVE MOTION TO EXTEND TIME TO AMEND OR ADD PARTIES**<br><br>**Complaint Filed: June 9, 2025** |

MINTZ, LEVIN, COHN,
FERRIS, GLOVSKY AND
POPEO, P.C.
ATTORNEYS AT LAW
SAN DIEGO

**INTRODUCTION**

Pursuant to Civil Local Rules 6-3, 16-2(d), and 7-11, and this Court's Case Management and Scheduling Order (ECF 78), Plaintiff IYO, Inc. respectfully moves for an order extending the deadline to seek leave to amend the pleadings or add parties from March 6, 2026 to sixty (60) days after the Court enters a decision on Defendants' pending Motion to Dismiss (ECF 112) and Plaintiff's pending Motion to Compel (ECF 113).

Good cause supports this modest and targeted extension. First, OpenAI has a complex organizational structure, with many entities and no clear public structure disclosed. IYO learned in January 2026 that OpenAI had reorganized again (apparently in October 2025), prompting IYO to seek information—both informally and through discovery—regarding the current structure of the group and the entities involved in the allegations in the complaint. Defendants stonewalled IYO's effort to discover this organizational structure, refusing to produce documents on this topic and ignoring repeated inquiries from IYO's counsel, until yesterday, February 26, 2026, when Defendants' counsel sent an informal email asserting that OpenAI OpCo, LLC was the only relevant operating entity. While IYO appreciates that it has finally heard *something* from counsel on this issue, it should have a fair opportunity to test this assertion through discovery and documentary evidence.

Second, despite the Ninth Circuit's holding that IYO has a colorable claim that the May 21 announcement was itself an infringing advertisement, Defendants elected to move to dismiss based on a claimed lack of subject matter jurisdiction, rather than answer the complaint. The hearing on that motion is scheduled for April 14, 2026. While IYO maintains that the motion to dismiss is frivolous for a number of reasons, including the Ninth Circuit's binding ruling, it is nevertheless more prudent and efficient for the parties to receive guidance from the Court on that motion before being required to amend the pleadings or add parties. Indeed, if IYO were required to amend by March 6, the amendment would moot Defendants' pending motion to dismiss, only to invite renewed motion practice directed at a new pleading—precisely the type of inefficiency Rule 16 is designed to avoid.

Discovery remains open until December 4, 2026, and trial is not scheduled to commence

MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C. ATTORNEYS AT LAW SAN DIEGO

1

until January 10, 2028. No other case deadlines would be affected by the requested relief, and Defendants will suffer no prejudice from a limited extension tied to the Court's resolution of the pending motion. For these reasons, IYO respectfully requests that the deadline to seek leave to amend the pleadings or add parties be extended to sixty (60) days after the Court's decision on Defendants' Motion to Dismiss.

## LEGAL STANDARD

"Under Rule 16 of the Federal Rules of Civil Procedure, '[a] schedule may be modified [] for good cause and with the judge's consent.'" *O'Brien v. XPO CNW, Inc.*, 2017 U.S. Dist. LEXIS 79961, at *1 (N.D. Cal. May 22, 2017) (quoting Fed. R. Civ. P. 16(b)(4)). "The decision to modify a scheduling order is within the broad discretion of the district court." *Id.*; *In re Mosaic LLM Litig.*, 2026 U.S. Dist. LEXIS 10405, at *9 (N.D. Cal. Jan. 20, 2026) ("[D]istrict courts have a broad discretion to control the course of litigation under Rule 16.").

The good cause standard "'primarily considers the diligence of the party seeking the amendment.'" *Cards Against Humanity, LLC v. Loftek Tech. Co., LLC*, 2014 U.S. Dist. LEXIS 4686, at *9 (N.D. Cal. Jan. 13, 2014) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)) (finding good cause to "modify the deadline for amendment of pleadings"). The Court may also consider whether "judicial efficiency counsels in favor of permitting amendment to the scheduling order." *Maharaj v. Hertz Corp.*, No. 23-cv-04726-JSC, 2025 U.S. Dist. LEXIS 168360, at *5 (N.D. Cal. Aug. 28, 2025) (finding good cause to extend deadline in scheduling order).

## FACTS AND PROCEDURAL BACKGROUND

**A.    Defendants' Organizational Structure**

OpenAI has multiple different entities and holding companies and the full purpose and structure of each is not publicly reported. On September 8, 2025, Defendants' counsel represented that defendant io Products, Inc. was "an entity that no longer exists following its merger with OpenAI." Declaration of Andrew D. Skale, dated February 27, 2026 ("Skale Decl."), Ex. 1. In January 2026, IYO learned that OpenAI had reorganized. *Id.*, ¶ 3. As such, IYO began to inquire about what entity or entities now operate the io Products business. *Id.* In particular, during a call

MINTZ, LEVIN, COHN,
FERRIS, GLOVSKY AND
POPEO, P.C.
ATTORNEYS AT LAW

- 2 -

PLAINTIFF IYO, INC.'S ADMINISTRATIVE MOTION TO EXTEND TIME TO AMEND
OR ADD PARTIES

with opposing counsel on February 2, 2026, IYO's counsel asked Defendants' counsel to identify which entity was operating the io Products business. *Id.* at ¶ 4. Defense counsel represented that they did not readily know the answer to that question. *Id.* IYO followed up the next day, February 3, 2026, by email stating: "can you please confirm for us what OpenAI entity is now operating the io Products, Inc. business? We believe that after a reported restructuring, the correct entity may now be called OpenAI Group PBC, but we want to confirm with you." *Id.*, at ¶ 5 and Ex. 2. Defendants' counsel did not respond to that email, and so IYO's counsel followed up on February 7, 2026, writing: "Just following up on the below question: what OpenAI entity is now operating the io Products, Inc. business? We believe that after a reported restructuring, the correct entity may now be called OpenAI Group PBC, but we want to confirm with you." *Id.* Defense counsel did not respond to that email either. *Id.*

On February 26, 2026, IYO requested that Defendants stipulate to an extension of time for the parties to move for leave to amend or add parties, in part due to the issue concerning the identity of relevant OpenAI entities. *Id.* at ¶ 6 and Ex. 3. In response, Defendants revealed, for the first time, that the entity operating the io Products business is "OpenAI OpCo, LLC." Defendants refused to stipulate to extending the date and instead suggested that IYO take their word for it, without the benefit of any discovery. *Id.* (IYO also has a motion to compel pending because Defendants have refused to produce a single document. ECF 113.)

**B.     Procedural Background**

IYO filed this action on June 9, 2025, and moved for a TRO and Preliminary Injunction that same day. ECF 1-6. The Court granted IYO a TRO on June 20, 2025, barring Defendants from using the IO mark "in connection with the marketing or sale of related products." ECF 51 at 21. Defendants appealed the Court's TRO to the Ninth Circuit, which affirmed the District Court's finding in full and concluded that IYO had stated a colorable claim that Defendants' May 21 announcement was itself an infringing advertisement under the Lanham Act. ECF 96 at 3. Despite the Ninth Circuit's ruling, which unequivocally establishes the ripeness of this case and IYO's standing to bring this claim, Defendants moved to dismiss on the basis of ripeness/standing on February 20, 2026. ECF 112.

MINTZ, LEVIN, COHN,
FERRIS, GLOVSKY AND
POPEO, P.C.
ATTORNEYS AT LAW

- 3 -
PLAINTIFF IYO, INC.'S ADMINISTRATIVE MOTION TO EXTEND TIME TO AMEND
OR ADD PARTIES

## **ARGUMENT**

Rule 16's good-cause standard is satisfied where, as here, IYO has acted diligently and the requested modification promotes judicial efficiency without prejudicing the opposing party. *Johnson*, 975 F.2d at 609; *Maharaj*, 2025 U.S. Dist. LEXIS 168360, at *5. Both considerations strongly favor the modest extension IYO seeks.

First, IYO has acted with diligence in attempting to identify the proper OpenAI entities and potential additional parties. The record reflects that OpenAI's corporate structure is opaque, evolving, and not publicly disclosed in a reliable manner. After learning in January 2026 that OpenAI had again reorganized, IYO promptly and repeatedly sought clarification from Defendants regarding which entity now operates the io Products business. Defendants did not provide any response for weeks, despite multiple follow-up inquiries, and only disclosed—informally and without documentary support—on February 26, 2026, that "OpenAI OpCo, LLC" is purportedly the sole relevant operating entity.

This is not a case in which a plaintiff sat on information or failed to investigate. To the contrary, IYO sought the relevant facts promptly and through appropriate channels, including discovery. Defendants' refusal to produce any documents concerning corporate structure—and their failure even to answer basic questions until the eve of the amendment deadline—plainly impeded IYO's ability to determine whether amendment or joinder is necessary. Courts routinely find good cause where a party cannot meet a scheduling deadline because critical information lies uniquely in the possession of the opposing party. *See, e.g., O'Brien*, 2017 U.S. Dist. LEXIS 79961, at *2-4 (finding good cause where amendment depended on information learned through discovery).

Extending the amendment deadline until shortly after the Court resolves Defendants' pending motion to dismiss and its motion to compel will allow IYO to test Defendants' belated assertions through actual evidence, rather than being forced to amend blindly or forego potentially necessary parties based solely on defense counsel's say-so. Rule 16 does not require such gamesmanship. Not only will IYO be able to test Defendants' assertion, but IYO will be able reveal if other parties are also potentially liable in this case. The bottom line is it is unjust for Defendants

PLAINTIFF IYO, INC.'S ADMINISTRATIVE MOTION TO EXTEND TIME TO AMEND
OR ADD PARTIES

to keep IYO from seeing Defendants' corporate structure and test it, while allowing the date to amend to pass.

Second, judicial efficiency independently supports the requested extension. Defendants chose to file a motion to dismiss on jurisdictional grounds—despite the Ninth Circuit's binding ruling that IYO has a colorable Lanham Act claim—rather than answering the complaint. That motion is set for hearing on April 14, 2026. Requiring IYO to amend by March 6, before receiving guidance from the Court, would serve no purpose other than to generate serial motions to dismiss. Indeed, any amendment filed now would necessarily moot Defendants' pending motion, only to invite renewed motion practice attacking a superseding complaint.

Rule 16 exists to prevent precisely this type of inefficiency. *See Maharaj*, 2025 U.S. Dist. LEXIS 168360, at *5 (considering judicial efficiency in finding good cause). A short extension tethered to the Court's ruling will streamline the case, narrow the issues, and conserve both party and judicial resources.

Finally, Defendants will suffer no prejudice from the requested relief. Discovery remains open until December 4, 2026, and trial is not scheduled until January 10, 2028. No other deadlines will be affected. Defendants have been on notice since at least January that the identity of the proper OpenAI entities is disputed and they have yet to produce a single responsive document. By contrast, denying the extension would unfairly force IYO to choose between amending without critical information or risking forfeiture of amendment altogether—an outcome inconsistent with Rule 16's equitable purpose.

In short, IYO has been diligent, Defendants' own conduct necessitates the extension, and the requested relief promotes efficiency without prejudice. Good cause plainly exists to modify the scheduling order.

## CONCLUSION

For all these reasons, IYO requests a brief extension of the deadline for the parties to amend and/or add new parties until sixty (60) days after the Court's entry of decisions on Defendants' Motion to Dismiss.

MINTZ, LEVIN, COHN,
FERRIS, GLOVSKY AND
POPEO, P.C.
ATTORNEYS AT LAW

- 5 -

PLAINTIFF IYO, INC.'S ADMINISTRATIVE MOTION TO EXTEND TIME TO AMEND
OR ADD PARTIES

Dated:  February 27, 2026

Respectfully submitted,

MINTZ LEVIN COHN FERRIS
GLOVSKY AND POPEO, P.C.

By: */s/ Andrew D. Skale*
Andrew D. Skale (211096)
Laura Franco (186765)
Anthony J. Viola (*pro hac vice*)
Kara M. Cormier (*pro hac vice*)

*Attorneys for Plaintiff IYO, Inc.*

MINTZ, LEVIN, COHN,
FERRIS, GLOVSKY AND
POPEO, P.C.
ATTORNEYS AT LAW

- 6 -

PLAINTIFF IYO, INC.'S ADMINISTRATIVE MOTION TO EXTEND TIME TO AMEND
OR ADD PARTIES