QUINN EMANUEL URQUHART
& SULLIVAN, LLP
Margret M. Caruso (Bar No. 243473)
margretcaruso@quinnemanuel.com
Sara L. Pollock (Bar No. 281076)
sarapollock@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone:     (650) 801-5000
Facsimile:     (650) 801-5100

*Attorneys for Defendants io Products, Inc.,
OpenAI, Inc., OpenAI, LLC, and Sam Altman*

JONES DAY
David Kiernan (Bar No. 215335)
dkiernan@jonesday.com
555 California Street 26th Floor
San Francisco, California 94104
Telephone:     (415) 875-5745

Meredith Wilkes (*pro hac vice forthcoming*)
mwilkes@jonesday.com
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone     (216) 586-7231

*Attorneys for Defendant Sir Jonathan Paul Ive*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IYO, INC.<br><br>              Plaintiff,<br><br>        v.<br><br>IO PRODUCTS, INC., OPENAI, INC., OPENAI, LLC, SAM ALTMAN, and SIR JONATHAN PAUL IVE,<br><br>              Defendants. | Case No. 3:25-cv-4861-TLT<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF IYO, INC.'S MOTION TO EXTEND TIME** |

**INTRODUCTION**

Plaintiff's Motion for an Extension of Time to Amend or Add Parties is procedurally and substantively meritless, and it should be denied.

***First,*** the Motion fails to comply with the Civil Local Rules. Plaintiff failed to meet and confer with Defendants as required by Local Rule 16-2(d). Defendants invited such a conference, but Plaintiff did not respond. *See* Pollock Decl. Ex. A. In an apparent attempt to conceal this violation, Plaintiff then ***redacted*** Defendants' invitation to confer from the exhibits it submitted with its motion. *Compare id.* with ECF 114-5 (redacting relevant portion of email message offering a stipulation to avoid motion practice, or in the alternative, a meet and confer). This flouting of the local rules and concealment of the facts is, by itself, grounds to deny Plaintiff's motion.

***Second***, Plaintiff offers no good cause to justify its motion for relief. Despite vague references to a corporate restructuring that took place in October 2025, the OpenAI U.S. operating entity, OpenAI OpCo, LLC, has remained the relevant entity since Plaintiff filed this lawsuit. Pollock Decl., Ex. A. Plaintiff nonetheless waited seven months before even attempting to clarify whether it had named the correct entity, and more than a month beyond that before seeking relevant discovery. These significant delays undermine any notion that Plaintiff acted with diligence—yet Plaintiff will still face no prejudice if relief is not granted because it can easily amend its Complaint to substitute the correct party now without an extension. Indeed, Defendants offered to stipulate to such an amendment that would keep the current motion to dismiss briefing schedule on track.

***Third***, Defendants will be prejudiced if Plaintiff's request is granted. Significantly, and pursuant to a scheduling order which the Court entered in July 2025, Defendants have already moved to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction. ECF 112 at 1. No change of party names will cure that issue, and Plaintiff should not be permitted to use a case management modification as a vehicle to delay resolution of Defendants' motion and dismissal of this action. Plaintiff's remaining arguments are equally meritless, and its motion should be denied.

**BACKGROUND**

On June 9, 2025, Plaintiff filed its Complaint, naming io Products, Inc., OpenAI, Inc, OpenAI, LLC, Sam Altman, and Sir Jonathan Paul Ive as Defendants. ECF 1. Plaintiff at the time

made no attempt to confirm whether its Complaint had named the correct OpenAI entities.

On July 3, 2025, io Products, Inc. completed its merger with OpenAI.  ECF. 105-2 ¶ 2.  Plaintiff became aware of this announcement within days.  ECF 79.  Plaintiff still made no inquiries about whether it should name any different entities in light of this merger.  The OpenAI Defendants subsequently reorganized aspects of their corporate structure in October 2025; this re-organization was publicly reported.  Pollock Decl., Ex. A.  Regardless, after the reorganization, OpenAI OpCo, LLC, remained the relevant operating entity.  *Id*.

On January 7, 2026, Plaintiff briefly raised the issue of the named defendants on a meet and confer that focused primarily on discovery matters.  Pollock Decl. ¶ 2.  Specifically, the parties discussed that only a single 30(b)(6) deposition would be necessary, notwithstanding the fact that Plaintiff had named multiple entity Defendants.  *Id.*

On February 2, 2026, during a phone call regarding other matters, Plaintiff asked Defendants to identify which entity was responsible for the operations of the io Products, Inc. business that OpenAI acquired.  ECF 114-1 ¶ 4.  On February 3, Plaintiff followed up via email.  ECF 114-4.

On February 18, 2026, for the first time, Plaintiff served discovery requests regarding Defendants' affiliates and corporate structure.  Pollock Decl., Ex. B.  Plaintiff never asked for Defendants to expedite their responses to this discovery, which are not due until March 20, 2026.  Pollock Decl. ¶ 4.  Nonetheless, on February 26, 2026, Defendants confirmed that "OpenAI OpCo, LLC has been the operating entity since the lawsuit was filed and remains so after OpenAI's reorganization, which has been public news since October 2025."  *Id*., Ex. A.  Defendants also proposed a stipulation that OpenAI OpCo, LLC be substituted in place of the current entity Defendants, that the new entity Defendant will join the pending motion to dismiss, and that no other deadlines, including Plaintiff's opposition to the motion to dismiss, will change.  *Id.*  Defendants further offered to "***make ourselves available to discuss tomorrow afternoon***."  *Id.* (emphasis added).  Plaintiff did not respond to this request, then filed its Motion the following evening.

## ARGUMENT

### I.    PLAINTIFF'S MOTION IS PROCEDURALLY DEFECTIVE

The Court should deny the Motion.  First, the Motion is procedurally defective.  Local Rule

16-2(d) conditions relief from the case management schedule on an affirmation that counsel for the moving party "has conferred with all other counsel in an effort to reach agreement about the matter." Here, Plaintiff had the opportunity to confer with Defendants, but chose not to do so.  Pollock Decl., Ex. A.  Rather than acknowledge or explain this failure, Plaintiff *redacted* from its motion papers the very email in which Defendants extended an offer to confer.  ECF 114-5.  Plaintiff's decision to conceal its noncompliance rather than cure it is itself a concession that the failure was unjustified.  On the sole basis of Plaintiff's failure to meet and confer, its motion should be denied.  *Las Virgenes Mun. Water Dist.-Triunfo Sanitation Dist. v. McCarthy*, 2014 WL 5297806, at *2 (N.D. Cal. Oct. 15, 2014) (denying motion where "Plaintiff concedes that it did not meet and confer prior to the filing.")

Additionally, the declaration Plaintiff offers in support of its Motion is facially deficient.  *See* ECF. 114-1.  Local Rule 6-3 requires that any motion to change time be supported by a declaration that "[i]dentifies the substantial harm or prejudice that would occur if the Court did not change the time," "[d]iscloses all previous time modifications in the case, whether by stipulation or Court order," and "[d]escribes the effect the requested time modification would have on the schedule for the case."  L.R. 6-3.  Plaintiff's declaration addresses none of these requirements.  "A request that fails to comport with procedures set forth in a district court's local rules may be summarily denied."  *Mazzarerro v. United States*, 2011 WL 499972, at *3 (N.D. Cal. Feb. 8, 2011); *see also McCreary v. Celera Corp.*, 2011 WL 1399263, at *2 (N.D. Cal. Apr. 13, 2011) (denying motion to shorten time accompanied by a declaration that "satisfied none of the[] requirements" from the local rules); *Lucas v. Hertz Corp.*, 2012 WL 3638568, at *4-5 (N.D. Cal. Aug. 22, 2012) (similar).

## II.    PLAINTIFF'S MOTION IS SUBSTANTIVELY DEFICIENT

Even if it were procedurally proper, Plaintiff does not show good cause for its requested extension, as is required under Rule 16.  Plaintiff is free to substitute the correct entity name as a party before the current deadline of March 6, 2026.  ECF 78.  Indeed, Defendants offered a stipulation to that effect that would keep the current briefing schedule in place and not cause any further delay.  Pollock Decl., Ex. A.  Plaintiff needs no more time added to the case management deadline to obtain relief regarding naming the correct party.

Conspicuously, Plaintiff does not seek leave to amend solely to name the correct party—it seeks an indefinite extension of *at least* three additional months to amend for *any reason* without having identified what amendments it seeks to make, much less satisfying Rule 16(b)'s requirement of "good cause," which "primarily considers the diligence of the party seeking the amendment." *E-Z Living LLC v. A10 Cap., LLC*, 2022 WL 2079446, at *1 (S.D. Cal. June 9, 2022); *see also AbCellera Biologics Inc. v. Bruker Cellular Analysis, Inc.*, 2025 WL 2021885, at *3 (N.D. Cal. July 18, 2025) (denying motion to amend scheduling order, finding that the party's failure to seek discovery earlier exemplified a "lack of diligence."); *Gatlin v. Contra Costa Cnty.*, 2025 WL 1829178, at *2 (N.D. Cal. July 1, 2025) (denying motion to amend complaint to add new defendants due to lack of diligence where information was "not so factually distinct from what was alleged previously that these defendants could not have been named sooner"). Plaintiff has not offered any argument at all as to why it should be permitted *at least* three more months to amend *for any purpose*, and it has not in any way shown good cause for such an extension.

Even as to the discrete issue of the correct party name, the sole issue Plaintiff discusses in its motion, Plaintiff cannot show good cause. It had months to seek discovery about Defendants' current corporate structure but did not do so until February 18, 2026—*i.e.*, the week before it filed its motion. Pollock Decl., Ex. B. The earlier email discussions Plaintiff points to (Mot. 2-3) did not raise an extension of the amendment deadline; they requested that Defendants provide, via email, the name of the entity in which the division operates that includes the former employees of io Products, Inc. The email record demonstrates that Plaintiff was aware of a risk it had named the wrong entity, but it opted not to request formal discovery until mid-February and instead only sought confirmation via email. *Id.* Having made this tactical choice, Plaintiff cannot now argue that formal discovery is somehow essential.

Plaintiff's references to OpenAI's restructuring announcement (Mot. 3) fare no better. After that restructuring, which OpenAI announced in October, more than four months ago, the same entity still controlled and operated the business unit that now includes former io Products, Inc. employees. Pollock Decl., Ex. A. Plaintiff could have sought discovery about the name of that entity following the date of the merger in July 2025. It did not. Regardless, Defendants responded to Plaintiff's

email inquiry as to the name of the correct entity.  Ex. A.  Plaintiff still has sufficient time to amend its Complaint before the deadline.  Plaintiff offers no reason why the deadline for amendments must be extended given that it has the information it purports to need.  Plaintiff's suggestion that Defendants are lying about the appropriate party name (Mot. 3) is as illogical as it is offensive.  Defendants are seeking to dismiss the complaint; it is in their interest that the right parties be dismissed.

Plaintiff's motion for leave to amend *60 days after* the Court's decision on its motion to dismiss is not an administrative scheduling issue; it is a substantive attempt to circumvent the Court's scheduling order of seven months ago (ECF 78) and Defendants' motion to dismiss, timely filed pursuant to that order, on the grounds that there is no subject matter jurisdiction over this dispute (ECF 112 at 1).  If Plaintiff believes amendment could cure that jurisdictional defect, it is welcome to amend its Complaint now or argue accordingly in opposition to Defendants' motion.  But it should not be allowed to collaterally attack the core relief sought in Defendants' motion under the guise of an adjustment to the case schedule, much less give itself an additional *two months after* the Court's decision to try to develop a new theory of the case—especially in a case in which the Defendants had less than a *week* to respond to Plaintiff motion for injunctive relief.

Finally, even if Plaintiff's motion were otherwise appropriate and even if it had merit, it should be denied because Plaintiff offered no facts or arguments that "explain why the amendment would not be futile."  *Foskaris v. Experian Info. Sols., Inc.*, 808 F. App'x 436, 440 (9th Cir. 2020) (affirming denial of leave to amend, because "[i]t is not the court's duty . . . to peruse the record to formulate the parties' arguments.").  Without any showing that amendment could cure the jurisdictional defects Defendants have identified, granting Plaintiff's request would only risk further delay in the resolution of this non-justiciable controversy.

## CONCLUSION

Plaintiff has provided no valid basis—procedural or substantive—to extend the deadline to amend its Complaint.  For the foregoing reasons, Plaintiff's Motion should be denied.

DATED:  March 3, 2026                    QUINN EMANUEL URQUHART
                                         & SULLIVAN, LLP


                                         By_____/s/ Margret M. Caruso_____
                                             Margret M. Caruso
                                             *Attorneys for Defendants io Products, Inc.,*
                                             *OpenAI, Inc., OpenAI, LLC, and Sam Altman*


DATED:  March 3, 2026                    JONES DAY


                                         By_____/s/ David Kiernan_____
                                             David Kiernan
                                             *Attorneys for Defendant Sir Jonathan Paul Ive*

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO EXTEND TIME

## ATTESTATION

I, Margret M. Caruso, am the ECF user whose ID and password are being used to file the above document.  In compliance with Local Rule 5-1(i)(3), I hereby attest that David Kiernan has concurred in the filing of the above document.


By _____*/s/ Margret M. Caruso*_____
       Margret M. Caruso

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO EXTEND TIME