MINTZ, LEVIN, COHN, FERRIS,
GLOVSKY AND POPEO, P.C.
Andrew D. Skale (211096)
ADSkale@mintz.com
Micah Danzig (177923)
Mdanzig@mintz.com
Laura Franco (186765)
LFranco@mintz.com
Anthony J. Viola (*pro hac vice*)
AJViola@mintz.com
Kara M. Cormier (*pro hac vice*)
KMCormier@mintz.com
44 Montgomery Street, 36th Floor
San Francisco, CA 94104
Tel.: (415) 432-6000

*Attorneys for Plaintiff IYO, INC.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IYO, INC.<br><br>            Plaintiff,<br><br>      v.<br><br>IO PRODUCTS, INC., OPENAI, INC., OPENAI, LLC, OPENAI OPCO, LLC, SAM ALTMAN, SIR JONATHAN PAUL IVE, and TANG YEW TAN,<br><br>            Defendants. | Case No. 3:25-cv-4861-TLT<br><br>**PLAINTIFF IYO, INC.'S STATEMENT OF MOOTNESS CONCERNING DEFENDANTS' MOTION TO DISMISS**<br><br>Complaint Filed: June 9, 2025<br>Hearing Date: April 14, 2026 |

MINTZ, LEVIN, COHN,
FERRIS, GLOVSKY AND
POPEO, P.C.
ATTORNEYS AT LAW

**PLAINTIFF IYO, INC.'S STATEMENT OF MOOTNESS CONCERNING
DEFENDANTS' MOTION TO DISMISS**

This Court should deny Defendants' motion to dismiss (ECF 112) as moot. Defendants filed their motion to dismiss on February 20, 2026. Pursuant to FRCP 15(a)(1)(B), Plaintiff had 21 days thereafter to amend its complaint as of right, and it did so timely on March 13, 2026. *Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015) (explaining that the right to amend under Rule 15(a)(1)(B) is an "absolute right to amend" "as of right").

An "amended complaint supersedes the original" and thereafter, "the original pleading no longer performs any function" and is "treated [] as non-existent." *Id.* "Because the Defendants' motion to dismiss targeted the Plaintiff's [Original] Complaint, which [is] no longer in effect," "the motion to dismiss should … be deemed moot." *Id.* As such, the Court should deny Defendants' motion to dismiss as moot.[1]

Dated:  March 13, 2026

Respectfully submitted,

MINTZ LEVIN COHN FERRIS
GLOVSKY AND POPEO, P.C.

By:  /s/ Andrew D. Skale
Andrew D. Skale (211096)
Micah Danzig (177923)
Laura Franco (186765)
Anthony J. Viola (*pro hac vice*)
Kara M. Cormier (*pro hac vice*)

*Attorneys for Plaintiff IYO, Inc.*

---

[1] Defendants' Motion to Dismiss is frivolous and should be denied in any event because: (1) it disregards binding Ninth Circuit authority issued less than three months ago holding that IYO has a "colorable claim" that Defendants' May 21, 2025 announcement "was itself an infringing advertisement" under the Lanham Act. *Iyo, Inc. v. Io Prods., Inc.*, No. 25-4028, 2025 WL 3471705, at *1 (9th Cir. Dec. 3, 2025). That holding alone forecloses dismissal under binding Ninth Circuit precedent holding that this Court has subject matter jurisdiction as long as a colorable claim is stated. *La Quinta Worldwide LLC v. Q.R.T.M., S.A. de C.V.*, 762 F.3d 867, 873 (9th Cir. 2014); (2) Defendants' motion is argued under the wrong standard under clear Ninth Circuit authority (that Defendants even cited in their brief); and (3) Defendants have not met their formidable burden of showing that the case is moot under the voluntary cessation doctrine.

MINTZ, LEVIN, COHN,
FERRIS, GLOVSKY AND
POPEO, P.C.
ATTORNEYS AT LAW

**PLAINTIFF IYO, INC.'S STATEMENT OF MOOTNESS CONCERNING DEFENDANTS' MOTION TO DISMISS**