QUINN EMANUEL URQUHART
& SULLIVAN, LLP
Margret M. Caruso (Bar No. 243473)
margretcaruso@quinnemanuel.com
Sara L. Pollock (SBN 281076)
sarapollock@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone:    (650) 801-5000
Facsimile:    (650) 801-5100

*Attorneys for Defendants io Products, Inc., OpenAI,
Inc., OpenAI, LLC, and Sam Altman*

JONES DAY
David Kiernan (Bar No. 215335)
dkiernan@jonesday.com
555 California Street 26th Floor
San Francisco, California 94104
Telephone:    (415) 875-5745

Meredith Wilkes (*pro hac vice forthcoming*)
mwilkes@jonesday.com
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone    (216) 586-7231

*Attorneys for Defendant Sir Jonathan Paul Ive*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IYO, INC.<br><br>                        Plaintiff,<br><br>       v.<br><br>IO PRODUCTS, INC., OPENAI, INC., OPENAI, LLC, SAM ALTMAN, and SIR JONATHAN PAUL IVE,<br><br>                        Defendants. | Case No. 3:25-cv-4861-TLT<br><br>**DECLARATION OF SARA L. POLLOCK IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF IYO, INC.'S MOTION FOR A PRELIMINARY INJUNCTION** |

I, Sara L. Pollock, declare as follows:

1. I am an attorney licensed to practice in the State of California and am a partner of the law firm Quinn Emanuel Urquhart & Sullivan, LLP, counsel for Defendants io Products, Inc., OpenAI, Inc., OpenAI, LLC, and Sam Altman. I make this declaration in support of Defendants' Opposition to Plaintiff's Motion For A Preliminary Injunction. I have personal knowledge of the matters set forth in this declaration, and if called as a witness, I would testify competently to them.

2. Attached as **Exhibit A** is a true and correct copy of the Declaration of Peter Welinder in Support of Defendants' Administrative Motion to Extend Time for Briefing and Hearing Any Motion for Preliminary Injunction, which was filed in this action on February 13, 2026, at ECF 105-2.

3. Attached as **Exhibit B** is a true and correct copy of the Declaration of Tang Yew Tan in Support of Defendants' Opposition to Plaintiff iyO, Inc.'s Motion for a Temporary Restraining Order and Preliminary Injunction, which was filed in this action on June 12, 2025, at ECF 26.

4. Attached as **Exhibit C** is a true and correct copy of the Declaration of Sam Altman in Support of Defendants' Opposition to Plaintiff iyO, Inc.'s Motion for a Temporary Restraining Order and Preliminary Injunction, which was filed in this action on June 12, 2025, at ECF 29.

5. Attached as **Exhibit D** is a true and correct copy of the Declaration of Hannah Wong in Support of Defendants' Opposition to Motion for Order to Show Cause re: Contempt, which was filed in this action on July 25, 2025, at ECF 79-1.

6. Attached as **Exhibit E** is a true and correct copy of a podcast episode titled, "Moonshot Podcast Deep Dive: Jason Rugolo on iyO and the Future of Audio Wearables," posted to YouTube by the *X, The Moonshot Factory* YouTube channel, dated November 25, 2025, available at https://youtu.be/punwqj6lOGs?si=R9967b2icSVFEH3H&t=3403. Starting at the 56 minute and 43 second mark of the video, Jason Rugolo states the following:

> And the device is [one] we're actually really excited about. This is a first of a kind – you know, this is for tech early adopters, for audiophiles, for AI enthusiasts. It's expensive. You know, we're not trying to make a mass market device yet.

7. On February 6, 2026, following several mutually agreed extensions, the parties served responses to discovery that had been first served on December 19, 2025. Attached as **Exhibit F** is a true and correct copy of Plaintiff's Objections and Responses to Defendant OpenAI, Inc.'s First Set of Requests for Admissions, dated February 6, 2026.

8. Attached as **Exhibit G** is a true and correct copy of Plaintiff's Objections and Responses to Defendant OpenAI, Inc.'s First Set of Interrogatories, dated February 6, 2026.

9. Attached as **Exhibit H** is a true and correct copy of Plaintiff's Objections and Responses to Defendant OpenAI, Inc.'s First Set of Requests for Production, dated February 6, 2026. As of March 13, 2026, Plaintiff had produced no documents to Defendants in this action.

10. Attached as **Exhibit I** is a true and correct copy of a screen capture of https://www.iyo.ai/products/iyo-one, taken on October 8, 2025.

11. Attached as **Exhibit J** is a true and correct copy of a screen capture of https://www.iyo.ai/products/iyo-one, taken on March 11, 2026.

12. Attached as **Exhibit K** is a true and correct copy of a screen capture of https://www.iyo.audio/, taken on August 12, 2025.

13. Attached as **Exhibit L** is a compilation of selected posts and associated comments from Plaintiff's Instagram and X feeds.

14. Attached as **Exhibit M** is a true and correct copy of a screen capture of Plaintiff's X feed, showing its most recent posts, taken on March 12, 2026.

15. Attached as **Exhibit N** is a true and correct copy of a screen capture of the most recent post on Plaintiff's Instagram feed, taken on March 12, 2026.

16. Attached as **Exhibit O** is a compilation of news articles publicly reporting that Defendants no longer intend to use the "io" name for their hardware products.

17. Attached as **Exhibit P** is a compilation of selected posts made on X by Jason Rugolo following the issuance of the TRO in late June, 2025.

18. Attached as **Exhibit Q** is a true and correct copy of a screen capture of https://www.support.iyo.audio/impressions, taken on December 8, 2025.

DECLARATION OF SARA L. POLLOCK ISO OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION

19.     Attached as **Exhibit R** is a true and correct copy of the Trademark Official Gazette publication in relation to U.S. Application Serial Number 97033044 to Iyo, Inc.  I caused this URL to be visited, and this document downloaded, on March 11, 2026.

20.     Attached as **Exhibit S** is a true and correct copy of a screen capture of https://www.iyo.ai/products/vad-pro/, taken on March 4, 2026.

21.     Attached as **Exhibit T** is a true and correct copy of a *GoDaddy* article titled, "What are the most common domain extensions in 2026?", dated November 14, 2025, available at https://www.godaddy.com/resources/skills/most-common-domain-extensions.

22.     Attached as **Exhibit U** is a true and correct copy of a screen capture of a January 17, 2025 archived copy of the http://chatgpt.io webpage on the Wayback Machine, showing that the webpage redirected to Defendants' chatgpt.com website, taken on March 11, 2026.

23.     Attached as **Exhibit V** is a true and correct copy of several instances of public speculation regarding the form factor of Defendants' products, which were previously filed in this action on July 25, 2025 at ECF 79-5 through 79-7.

24.     Attached as **Exhibit W** is a true and correct copy of a screen capture of https://openai.com/sam-and-jony/, taken on March 12, 2026.

25.     Attached as **Exhibit X** is a true and correct copy of an October 6, 2025 Instagram post made by Plaintiff, showing Plaintiff's custom fitting process.

26.     Attached as **Exhibit Y** is a true and correct copy of a March 4, 2021 Business Insider Article entitled "Inside Google's top-secret project to give you superhuman hearing.  Code name: 'Wolverine," available at https://www.businessinsider.com/google-x-alphabet-hearing-project-wolverine-codename-augmented-reality-2021-3.   Subsequent posts from the same publication confirmed that Project Wolverine was "spun . . . out" of Google as iyO.  *See, e.g.*, https://www.businessinsider.com/iyo-google-x-moonshot-audio-devices-earbuds-2024-4.

27.     Attached as **Exhibit Z** are true and correct screen captures from Amazon.com showing laptops and smartphones available for purchase for $330 or less, taken on March 13, 2026.

28.     On February 2, 2026, following Defendants' decision not to use the name 'io' (or 'IYO,' or any capitalization of either) in connection with the naming, advertising, marketing, or sale

DECLARATION OF SARA L. POLLOCK ISO OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION

of any artificial intelligence-enabled products, Defendants advised Plaintiff's counsel on a call that a preliminary injunction was unnecessary. On February 3, 2026, Plaintiff's counsel responded via email and disagreed, insisting on a stipulated preliminary injunction. On a February 5, 2026 call, Plaintiff rationalized this decision by stating that Plaintiff required the protection of a court order. Defendants' counsel responded that there was no factual basis for a preliminary injunction, which requires a showing of imminent irreparable harm as well as a likelihood of success on the merits—both of which Defendants' abandonment of the "io" name for hardware foreclosed. Nonetheless, in a good-faith effort to resolve the dispute without further motion practice, Defendants proposed on a second call later that day continuing the preliminary injunction hearing to January 2027 and extending the temporary restraining order, which was predicated on preserving the status quo. On February 6, 2026, Plaintiff's counsel rejected this proposal via email.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 13th day of March, 2026 in Redwood Shores, California.

By     */s/ Sara L. Pollock*
       Sara L. Pollock

DECLARATION OF SARA L. POLLOCK ISO OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION

**ATTESTATION**

I, Margret M. Caruso, am the ECF user whose ID and password are being used to file the above document.  In compliance with Local Rule 5-1(i)(3), I hereby attest that Sara L. Pollock has concurred in the filing of the above document.


By       */s/ Margret M. Caruso*
          Margret M. Caruso

Case No. 3:25-cv-4861-TLT

DECLARATION OF SARA L. POLLOCK ISO OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION