# EXHIBIT D

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Margret M. Caruso (Bar No. 243473)
margretcaruso@quinnemanuel.com
Sara L. Pollock (SBN 281076)
sarapollock@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone:     (650) 801-5000
Facsimile:     (650) 801-5100

*Attorneys for Defendants io Products, Inc., OpenAI, Inc., OpenAI, LLC, and Sam Altman*

JONES DAY
David Kiernan (Bar No. 215335)
dkiernan@jonesday.com
555 California Street 26th Floor
San Francisco, California 94104
Telephone:     (415) 875-5745

Meredith Wilkes (*pro hac vice*)
mwilkes@jonesday.com
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone     (216) 586-7231

*Attorneys for Defendant Sir Jonathan Paul Ive*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| IYO, INC., <br><br> Plaintiff, <br><br> vs. <br><br> IO PRODUCTS, INC., OPENAI, INC., OPENAI, LLC, SAM ALTMAN and SIR JONATHAN PAUL IVE, <br><br> Defendants. | Case No. 3:25-cv-04861 <br><br> **DECLARATION OF HANNAH WONG IN SUPPORT OF DEFENDANTS' OPPOSITION TO MOTION FOR ORDER TO SHOW CAUSE RE CONTEMPT** <br><br> Judge: Hon. Trina L. Thompson <br> Hearing: September 9, 2025 at 10 am |

Docusign Envelope ID: DA5ECD23-5349-47E9-AFD6-5FDB46F3438D

# DECLARATION OF HANNAH WONG

I, Hannah Wong, declare:

1. I am the Chief Communications Officer of OpenAI. I make this declaration in support of Defendants' Opposition to Motion for Order to Show Cause Re Contempt. The facts stated in this declaration are true and correct based on my personal knowledge, and if called and sworn in as a witness, I could and would testify competently to those facts.

2. On May 21, 2025, OpenAI announced the impending merger between OpenAI and io Products, Inc. (the "May 21 announcement"). The May 21 announcement included a video embedded in it. Neither the May 21 announcement nor the video marketed or sold any products.

3. On June 20, 2025, OpenAI received and reviewed the Court's order granting Plaintiff iyO, Inc.'s Motion for Temporary Restraining Order (the "TRO"). The TRO states that Defendants may not use "io" "in connection with the marketing or sale of related products."

4. On June 20, 2025, after receiving the TRO, OpenAI removed the May 21 announcement from its website, as well as the video embedded in that announcement, which had linked to OpenAI's YouTube channel, while evaluating the scope of permissible references to the "io" name the TRO allowed.

5. Following the removal of the original written and video announcements, OpenAI received numerous press inquiries as to whether the merger between OpenAI and io Products, Inc. would still proceed, and learned of speculation on social media that it would not.

6. To address any misconceptions, OpenAI published a statement that the announcement had been removed as the result of a court order following a trademark complaint from iyO about use of the name "io."

7. On July 9, 2025, the date the merger was finalized, OpenAI posted a revised statement confirming that the merger had occurred. The purpose of the revised announcement was

2

Case No. 3:25-cv-04861

Docusign Envelope ID: DA5ECD23-5349-47E9-AED6-5EDB46F3438D

to put to rest any concerns about the status of the merger, and publicly announce that the merger had closed, as is standard and expected in the industry. OpenAI did not repost the video or any modified version of it. Although the May 21 announcement did not market or sell any products, nonetheless, OpenAI revised the July 9, 2025 statement to avoid any suggestion that it was marketing or selling any products in connection with the name "io." To that end:

    a.  The announcement changed the initial "io" reference to the corporate name of "io Products, Inc.," a company which I understand has never sold any products or offered any products for sale.

    b.  The two references to "io" without its full corporate name unambiguously refer to the company io Products, Inc., not to any products it is selling or marketing, because products are not "founded" and do not have "vision and values."

    c.  The reference to the future products the "new team" is working to develop states that the products will "inspire, empower and enable." In my experience, such a reference would not be viewed as marketing or sale of a product. It was not intended to hint at what a product might look like or what it will be called. Instead, it was a statement intended to reflect the team's values.

    d.  The reference to io's "ambitions to develop, engineer and manufacture a new family of products" was removed.

8. OpenAI has at all times sought to comply with the TRO and will take necessary steps to continue complying with it as long as it remains in effect.

Case No. 3:25-cv-04861

WONG DECLARATION

Docusign Envelope ID: DA5ECD23-5249-47E0-AED6-5FDB46F3438D

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.  Executed this 24th day of July, 2025, at Belmont, California.

By: Hannah Wong

Hannah Wong

Case No. 3:25-cv-04861

WONG DECLARATION