# EXHIBIT F

MINTZ, LEVIN, COHN, FERRIS,
GLOVSKY AND POPEO, P.C.
Andrew D. Skale (211096)
ADSkale@mintz.com
Laura Franco (186765)
LFranco@mintz.com
Anthony J. Viola (*pro hac vice*)
AJViola@mintz.com
Kara M. Cormier (*pro hac vice*)
KMCormier@mintz.com
44 Montgomery Street, 36th Floor
San Francisco, CA 94104
Tel.: (415) 432-6000

*Attorneys for Plaintiff Iyo, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| IYO, INC.,<br><br>           Plaintiff,<br><br>    vs.<br><br>IO PRODUCTS, INC., OPENAI, INC.,<br>OPENAI, LLC, SAM ALTMAN, and SIR<br>JONATHAN PAUL IVE,<br><br>           Defendants. | Case No.  3:25-cv-04861<br><br>**PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT OPENAI, INC.'S FIRST SET OF REQUESTS FOR ADMISSIONS**<br><br>Case Assigned to Honorable Trina L. Thompson in Courtroom 9<br><br>Complaint Filed:  June 9, 2025 |

PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT OPENAI, INC.'S
FIRST SET OF REQUESTS FOR ADMISSIONS (CASE NO. 3:25-CV-4861)

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, Plaintiff iyO, Inc. ("Plaintiff"), through its attorneys, Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C., hereby responds to Defendant OpenAI, Inc.'s ("OpenAI") First Set of Requests for Admissions (the "Requests") as follows:

## GENERAL OBJECTIONS

1.      Plaintiff objects to each of the Requests and "Definitions" to the extent that they seek to impose obligations on Plaintiff in excess of those required under the Federal Rules of Civil Procedure.

2.      Plaintiff objects to the Requests to the extent that they are overly broad, unduly burdensome, oppressive, and/or designed solely to harass Plaintiff.

3.      Plaintiff objects to the Requests to the extent that they are ambiguous or vague, not described with reasonable particularity, lack a readily discernible meaning, and/or require Plaintiff to speculate as to the information sought.

4.      Plaintiff objects to the Requests to the extent that they seek information not in the possession, custody, or control of Plaintiff.

5.      Plaintiff objects to the Requests to the extent that they seek information that is not relevant to any claim or defense in this action.

6.      Plaintiff objects to the Requests to the extent that they are not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

7.      Plaintiff objects to the Requests to the extent that they call for information protected from disclosure by the attorney-client privilege, the attorney work product doctrine or any other legally recognized privilege, immunity, or exemption from discovery.

8.      Plaintiff objects to the Requests to the extent they require Plaintiff to provide information beyond that obtained after a reasonably diligent search of Plaintiff's records.

9.      Plaintiff objects to the Requests to the extent that they seek disclosure of confidential information of third-party non-litigants.

10.      Plaintiff objects to the Requests to the extent they call for a legal conclusion.

11.      Plaintiff objects to each Request to the extent it assumes any fact, event, assumption, or legal conclusion is true or that any characterization is accurate.

12.      Plaintiff objects to the definition of "You," "Your" and/or "iyO" as overbroad to the extent it includes "predecessors, successors . . . former officers, directors, employees, representatives, and all persons or entities acting or purporting to act or that have acted or purported to have acted on behalf of any of the foregoing."  For purposes of these Responses, "You," "Your" and/or "iyO" shall mean iyO and its [present] officers, directors and employees.

13.      Each and all of the foregoing objections and limitations are hereby expressly incorporated into each and all of the following specific responses.  For particular emphasis, one or more of these General Objections may be reiterated in a specific response. The absence of any reiteration in a given specific response is neither intended as, nor shall be construed as, a limitation or waiver of any General Objection made herein.  Nor is the inclusion of a specific objection intended as, or to be construed as, a limitation or waiver of a General Objection or any other specific objection.

## REQUESTS FOR ADMISSIONS

**REQUEST NO. 1**:

Admit that You are not aware of any actual customer confusion resulting from Defendants' use of the word "io" in connection with the sale, offering for sale, distribution, or advertising of any goods or services.

**RESPONSE TO REQUEST NO. 1**:

Denied.

**REQUEST NO. 2**:

Admit that You did not offer any of the iyO Products You Have Sold Or Advertised for sale to consumers in 2022.

3

**RESPONSE TO REQUEST NO. 2**:

Plaintiff incorporates its foregoing General Objections as though fully set forth herein. Subject to and without waiver of the foregoing objections, Plaintiff admits that no IYO products were offered for sale to consumers in 2022.

**REQUEST NO. 3**:

Admit that You did not advertise any of the iyO Products You Have Sold Or Advertised for sale to consumers in 2022.

**RESPONSE TO REQUEST NO. 3**:

Plaintiff incorporates its foregoing General Objections as though fully set forth herein. Subject to and without waiver of the foregoing objections, Plaintiff admits that no IYO products were advertised for sale to consumers in 2022.

**REQUEST NO. 4**:

Admit that You did not offer any of the iyO Products You Have Sold Or Advertised for sale to consumers in 2023.

**RESPONSE TO REQUEST NO. 4**:

Plaintiff incorporates its foregoing General Objections as though fully set forth herein. Subject to and without waiver of the foregoing objections, Plaintiff admits that no IYO products were offered for sale to consumers in 2023.

**REQUEST NO. 5**:

Admit that You did not advertise any of the iyO Products You Have Sold Or Advertised to consumers in 2023.

**RESPONSE TO REQUEST NO. 5**:

Plaintiff incorporates its foregoing General Objections as though fully set forth herein. Subject to and without waiver of the foregoing objections, Plaintiff admits that no IYO products were advertised for sale to consumers in 2023.

**REQUEST NO. 6**:

Admit that the iyO VAD PRO was announced in April 2024.

**RESPONSE TO REQUEST NO. 6**:

Plaintiff incorporates its foregoing General Objections as though fully set forth herein. Subject to and without waiver of the foregoing objections, Plaintiff admits that it announced the launch of the VAD PRO product in April 2024.

**REQUEST NO. 7**:

Admit that the iyO ONE was announced in April 2024.

**RESPONSE TO REQUEST NO. 7**:

Plaintiff incorporates its foregoing General Objections as though fully set forth herein. Subject to and without waiver of the foregoing objections, Plaintiff admits that it announced the launch of the IYO ONE in April 2024.

**REQUEST NO. 8**:

Admit that the in-ear iyO Products You Have Sold Or Advertised require custom modeling for the earpiece.

**RESPONSE TO REQUEST NO. 8**:

Plaintiff incorporates its foregoing General Objections as though fully set forth herein. Subject to and without waiver of the foregoing objections, and subject to the entry of a suitable protective order, Plaintiff admits only that the VAD PRO and first generation of the IYO ONE require custom fitting but otherwise denies that the second generation of the IYO ONE requires custom fitting. Plaintiff limits its response regarding its in-ear products to the IYO ONE (first generation) and the VAD PRO.

**REQUEST NO. 9**:

Admit that the iyO ONE uses the same custom fitting process as the iyO VAD PRO.

**RESPONSE TO REQUEST NO. 9**:

Plaintiff incorporates its foregoing General Objections as though fully set forth herein. Subject to and without waiver of the foregoing objections, Plaintiff admits that the IYO ONE (first generation) uses the same custom fitting process as the VAD PRO.

PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT OPENAI, INC.'S
FIRST SET OF REQUESTS FOR ADMISSIONS (CASE NO. 3:25-CV-4861)

**REQUEST NO. 10**:

Admit that the iyO VAD PRO was not marketed as an artificial intelligence product before This Litigation was filed.

**RESPONSE TO REQUEST NO. 10**:

Plaintiff incorporates its foregoing General Objections as though fully set forth herein Plaintiff further objects to the term "artificial intelligence" as vague and ambiguous. Subject to and without waiver of the foregoing objections, Plaintiff denies this request.

**REQUEST NO. 11**:

Admit that You have not sold any in-ear products that do not require custom modeling for the earpiece.

**RESPONSE TO REQUEST NO. 11**:

Plaintiff incorporates its foregoing General Objections as though fully set forth herein. Subject to and without waiver of the foregoing objections, Plaintiff admits that it has not presently sold any in-ear products that do not require custom modeling for the earpiece. Plaintiff limits its response regarding its in-ear products to the IYO ONE (first generation) and the VAD PRO.

**REQUEST NO. 12**:

Admit that You have not sold any non in-ear computer products.

**RESPONSE TO REQUEST NO. 12**:

Denied.

**REQUEST NO. 13**:

Admit that the iyO ONE is being offered for sale for $999 for Wi-Fi-only.

**RESPONSE TO REQUEST NO. 13**:

Plaintiff incorporates its foregoing General Objections as though fully set forth herein. Subject to and without waiver of the foregoing objections, Plaintiff admits that the Wi-Fi-only version of the IYO ONE is currently offered for sale for $999.

**REQUEST NO. 14**:

Admit that the iyO ONE + LTE is being offered for sale for $1199 for Wi-Fi + LTE.

**RESPONSE TO REQUEST NO. 14**:

Plaintiff incorporates its foregoing General Objections as though fully set forth herein. Subject to and without waiver of the foregoing objections, Plaintiff admits that the Wi-Fi + LTE version of the IYO ONE is currently offered for sale for $1,199.

**REQUEST NO. 15**:

Admit that the cost of the custom fitting for the iyO Products You Have Sold or Advertised is charged to customers separately from the cost of each product.

**RESPONSE TO REQUEST NO. 15**:

Denied as stated.

**REQUEST NO. 16**:

Admit that You have been offering the iyO ONE for pre-sale since at least May 2024.

**RESPONSE TO REQUEST NO. 16**:

Plaintiff incorporates its foregoing General Objections as though fully set forth herein. Subject to and without waiver of the foregoing objections, Plaintiff admits that it has been offering the IYO ONE for pre-sale since at least May 2024.

**REQUEST NO. 17:**

Admit that no anticipated ship date for the iyO ONE Wi-Fi + LTE is publicly available.

**RESPONSE TO REQUEST NO. 17**:

Plaintiff incorporates its foregoing General Objections as though fully set forth herein. Subject to and without waiver of the foregoing objections, and subject to the entry of a suitable protective order, Plaintiff admits that its website currently states that the IYO ONE (Wi-Fi + LTE version) ship date is TBD.

**REQUEST NO. 18**:

Admit that you have publicly announced at least four delays to the expected ship date for the iyO ONE.

**RESPONSE TO REQUEST NO. 18**:

Plaintiff incorporates its foregoing General Objections as though fully set forth herein.

Plaintiff further objects to the request as vague for its failure to define what constitutes a "public announcement" and what constitutes a "delay." Subject to and without waiver of the foregoing objections, Plaintiff responds that it cannot admit or deny this request because its meaning is unclear.

**REQUEST NO. 19**:

Admit that Your "next iteration of the IYO ONE product" (Dkt. 35 at 12) is not available for pre-sale.

**RESPONSE TO REQUEST NO. 19**:

Plaintiff incorporates its foregoing General Objections as though fully set forth herein. Subject to and without waiver of the foregoing objections, Plaintiff admits that the "next iteration of the IYO ONE product" is not yet available for pre-sale.

**REQUEST NO. 20**:

Admit that the only website domains through which the iyO Products You Have Sold Or Advertised have been sold are iyo.audio and iyo.ai.

**RESPONSE TO REQUEST NO. 20**:

Plaintiff incorporates its foregoing General Objections as though fully set forth herein. Subject to and without waiver of the foregoing objections, Plaintiff admits that iyo.audio and iyo.ai are the only domains through which its products have been sold or advertised by Plaintiff.

**REQUEST NO. 21**:

Admit that the iyO Products You Have Sold Or Advertised have been sold only through Your website.

**RESPONSE TO REQUEST NO. 21**:

Denied.

**REQUEST NO. 22**:

Admit that You acquired the iyo.ai domain name after You filed this lawsuit.

**RESPONSE TO REQUEST NO. 22**:

Denied.

PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT OPENAI, INC.'S
FIRST SET OF REQUESTS FOR ADMISSIONS (CASE NO. 3:25-CV-4861)

**REQUEST NO. 23**:

Admit that there is no similarity of meaning between "iyO" and "io."

**RESPONSE TO REQUEST NO. 23**:

Plaintiff incorporates its foregoing General Objections as though fully set forth herein, and additionally objects to this request on the grounds that it is vague and ambiguous as to the phrase "no similarity of meaning between iyO and io." Subject to and without waiver of the foregoing objections, Plaintiff is unable to admit or deny this request because it is unintelligible and inherently subjective.

**REQUEST NO. 24**:

Admit that before Defendants submitted declarations in this lawsuit regarding the meaning of "io," Your website did not use the phrase "input and output."

**RESPONSE TO REQUEST NO. 24**:

Denied.

**REQUEST NO. 25**:

Admit that before June 17, 2025, Your website did not use the term "agentic."

**RESPONSE TO REQUEST NO. 25**:

Plaintiff incorporates its foregoing General Objections as though fully set forth herein, and additionally objects to this request on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of the foregoing objections, Plaintiff admits that before June 17, 2025, its website did not use the term agentic.

**REQUEST NO. 26:**

Admit that there is no likelihood of confusion between "iyO" and "io."

**RESPONSE TO REQUEST NO. 26**:

Denied.

**REQUEST NO. 27**:

Admit that websites offering artificial intelligence products or services use the ".io" domain extension.

**RESPONSE TO REQUEST NO. 27**:

Plaintiff incorporates its foregoing General Objections as though fully set forth herein, and additionally objects to this request on the grounds that it is vague and ambiguous as to the term "artificial intelligence." Subject to and without waiver of the foregoing objections, Plaintiff is without knowledge sufficient to admit or deny this request.

**REQUEST NO. 28**:

Admit that, prior to March 2025, Jason Rugolo had not spoken to Sam Altman.

**RESPONSE TO REQUEST NO. 28**:

Denied.

**REQUEST NO. 29**:

Admit that You did not enter any non-disclosure agreements with any of the Defendants.

**RESPONSE TO REQUEST NO. 29**:

Denied.

**REQUEST NO. 30**:

Admit that no non-disclosure agreement applied to Your disclosures to Defendants in 2025.

**RESPONSE TO REQUEST NO. 30**:

Plaintiff incorporates its foregoing General Objections as though fully set forth herein. Plaintiff further objects that that the phrase "Your disclosures" is vague and ambiguous. Subject to and without waiver of the foregoing objections, Plaintiff admits that no non-disclosure agreement applied to the demonstration and discussion of its products with Defendants in April-May 2025.

**REQUEST NO. 31**:

Admit that the iyO ONE is not a mass market device.

**RESPONSE TO REQUEST NO. 31**:

Denied.

PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT OPENAI, INC.'S
FIRST SET OF REQUESTS FOR ADMISSIONS (CASE NO. 3:25-CV-4861)

Dated:  February 6, 2026                    MINTZ, LEVIN, COHN, FERRIS, GLOVSKY
                                                           AND POPEO, P.C.

                                                   By:   */s/ Kara M. Cormier*
                                                              Andrew D. Skale
                                                              Laura Franco
                                                              Anthony J. Viola
                                                              Kara M. Cormier

                                                 *Attorneys for Plaintiff iyO, Inc.*

11

PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT OPENAI, INC.'S
FIRST SET OF REQUESTS FOR ADMISSIONS (CASE NO. 3:25-CV-4861)

**CERTIFICATE OF SERVICE**

I, Kara M. Cormier, do hereby certify that on February 6, 2026, I caused the foregoing document to be served on counsel of record for Defendants by electronic mail.

*/s/ Kara M. Cormier*

Kara M. Cormier