# EXHIBIT G

MINTZ, LEVIN, COHN, FERRIS,
GLOVSKY AND POPEO, P.C.
Andrew D. Skale (211096)
ADSkale@mintz.com
Laura Franco (186765)
LFranco@mintz.com
Anthony J. Viola (*pro hac vice*)
AJViola@mintz.com
Kara M. Cormier (*pro hac vice*)
KMCormier@mintz.com
44 Montgomery Street, 36th Floor
San Francisco, CA 94104
Tel.: (415) 432-6000

*Attorneys for Plaintiff Iyo, Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IYO, INC.,<br><br>                   Plaintiff,<br><br>        vs.<br><br>IO PRODUCTS, INC., OPENAI, INC., OPENAI, LLC, SAM ALTMAN, and SIR JONATHAN PAUL IVE,<br><br>                   Defendants. | Case No.  3:25-cv-04861<br><br>**PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT OPENAI, INC.'S FIRST SET OF INTERROGATORIES**<br><br>Case Assigned to Honorable Trina L. Thompson in Courtroom 9<br><br>Complaint Filed:  June 9, 2025 |

Plaintiff iyO, Inc. ("Plaintiff"), through its attorneys, Mintz, Levin, Cohn, Ferris, Glovsky and

Popeo, P.C., hereby objects and provides the following responses to the First Set of Interrogatories

(the "Interrogatories") served by Defendant OpenAI, Inc. ("OpenAI") as follows:

1

**GENERAL OBJECTIONS**

1.      These General Objections are incorporated by reference into the response to each interrogatory, to the extent applicable, whether or not stated in any individual response.

2.      Plaintiff objects to the Interrogatories to the extent that they are unduly burdensome, overbroad and not reasonably calculated to lead to the discovery of admissible evidence, or call for the production of information or documents not within its possession, custody or control.

3.      Plaintiff objects to the Interrogatories (and the Definitions and Instructions therein) to the extent they seek to impose an obligation that exceeds a litigant's obligations as provided by the Federal Rules of Civil Procedure, the applicable Local Rules, Orders of this Court, and any other applicable rule or law.

4.      Plaintiff objects to the Interrogatories to the extent they require Plaintiff to produce information in the possession, custody, or control of its "predecessors, successors . . . former officers, directors, employees, representatives, agents, and all persons or entities acting or purporting to act or that have acted or purported to have acted" on Plaintiff's behalf.  Plaintiff will only produce information in the possession, custody, or control of Plaintiff, its present officers, directors and employees.

5.      Plaintiff objects to the Interrogatories to the extent they purport to impose a continuing demand and/or purport to impose any obligation of amendment or supplementation beyond that contained in the Federal Rules of Civil Procedure or any applicable local rules.

6.      Plaintiff objects to the definition of "You," "Your" and/or "iyO" as overbroad to the extent it includes "predecessors, successors . . . former officers, directors, employees, representatives, agents, and all persons or entities acting or purporting to act or that have acted or purported to have acted on behalf of any of the foregoing."  For purposes of these Responses, "You," "Your" and/or "iyO" shall mean Plaintiff and its current officers, directors and employees.

2

7.      Plaintiff objects to the Interrogatories to the extent they seek information protected by the attorney-client privilege, the work product doctrine, and any other applicable statutory or common law privilege, prohibition, limitation, or immunity from disclosure. Plaintiff will not disclose such privileged information, and any inadvertent disclosure thereof shall not be deemed a waiver of any privilege, immunity, prohibition, or limitation with respect to such documents. Nothing contained in these responses is intended as a waiver of the attorney-client privilege, the work product privilege or any other applicable privilege, immunity, prohibition, or limitation, and Plaintiff reserves the right to assert objections on the basis of such privileges, immunities, prohibitions, and limitations to the greatest extent permitted by law.

8.      Plaintiff objects to the Interrogatories to the extent they seek the disclosure of information that is public in nature and thus is equally accessible to OpenAI as it is to Plaintiff. Consequently, Plaintiff should not be required to bear the burden associated with assembling and disclosing such publicly available information.

9.      Plaintiff will respond to the Interrogatories based on the best of its present knowledge, information, and belief. The responses are, at all times, subject to such additional or different information that discovery or future investigation may disclose, and such additional knowledge or facts as may result from either discovery or investigation. Plaintiff reserves the right to supplement or amend its responses upon, among other things, discovery of additional facts and materials and other developments in this proceeding.

10.      By its production of any information in response to the Interrogatories, Plaintiff does not waive any right to object to the admissibility of any such documents or information, at or before trial or otherwise. All such objections are expressly reserved. Specific objections to individual Interrogatories are stated in response to each such Interrogatory. Each of the foregoing objections is incorporated into each response.

3

11.    Plaintiff objects to the Interrogatories to the extent they are temporally overbroad. For purposes of these responses, the time period shall be limited to information after February 1, 2022 and prior to June 9, 2025 (the date of Plaintiff's Complaint) unless limited further by the specific interrogatory.

12.    Plaintiff further incorporates by reference its General and Specific Objections stated in Plaintiff's Responses and Objections to Defendant OpenAI's First Set of Requests for Production ("RFP R&Os"), to the extent applicable.

## INTERROGATORIES

### INTERROGATORY NO. 1:

Identify all facts relating to each instance that you contend shows actual confusion, reverse confusion, mistake, deception, or confusion as to affiliation or endorsement relating to Defendants' use of the word "io" in connection with the sale, offering for sale, distribution, or advertising of any goods or services. For each instance described, Your response should include when and how You became aware of the instance, the Identity of the person confused, when the instance occurred, the Identity of all persons with knowledge of such instance, the source of their knowledge, and the circumstances reflecting the confusion.

### RESPONSE TO INTERROGATORY NO. 1:

In addition to the General Objections set forth above and incorporated herein, Plaintiff objects to this Interrogatory to the extent it is vague, ambiguous, overly broad and unduly burdensome. Plaintiff further objects on the grounds that this Interrogatory seeks information that will be the subject of expert testimony and expert discovery under Federal Rules of Civil Procedure 26(a)(2) and 26(b)(4). Expert discovery has not yet commenced, and this request is therefore premature. IYO will provide responsive information in accordance with the Court's scheduling order and applicable rules governing expert disclosures.

4

Subject to and without waiving the General or Specific Objections set forth above and incorporated herein from Plaintiff's RFP R&Os, Plaintiff responds pursuant to Federal Rule of Civil Procedure 33(d) by referring Defendants to documents it will produce in response to Request for Production No. 1, from which information responsive to this Interrogatory may be determined. This response will be supplemented as such productions occur.

Plaintiff also refers Defendants to the sworn declarations submitted in support of Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction, including the Declarations of Jason Rugolo, Ed Catmull, and David Rangel. These declarations collectively demonstrate multiple instances of actual and reverse confusion among IYO investors and contacts immediately after Defendants' May 21, 2025 IO announcement.

Further, public commentary on Reddit shows actual confusion. For example, a user posted that Open AI removed the "Jony Ive deal" from its website; in response a commenter called FirstandNine writes: "The interesting part is it says the OpenAi device is not a headset. So . . . pendant? Broach?" Another commenter called MediaMoguls writes: "If you're curios: [sic] https://www.iyo.audio/."

**INTERROGATORY NO. 2:**

Identify the characteristics and composition of the population of actual or likely potential customers of the iyO Products You Have Sold Or Advertised in the United States, Including characteristics of that population, such as age, gender, geographic location, educational background and qualifications, professional field and job title, industry of employer, the purpose for which they intend to use Your products, and the percentages of actual customers sharing those characteristics. For purposes of this Interrogatory, customers shall be defined as including those who make the decision to purchase the iyO Products You Have Sold Or Advertised, those who sign contracts to

purchase the products, and those who use the products. If these likely potential customers or actual customers vary by product or service, explain how in Your response.

**RESPONSE TO INTERROGATORY NO. 2:**

Subject to and without waiving the General Objections set forth above and incorporated herein from Plaintiff's RFP R&Os, Plaintiff responds that the VAD Pro is aimed at professional music creators, audio engineers, and creative technologists who work with spatial audio and need a studio-grade reference monitor for mixing and mastering in immersive 3D audio environments. The remainder of IYO's products, including the iyO One, the iyO yO, the iyO Wand, the iyO App, and iyO Caps are directed toward the mass-market. As Plaintiff's website states, IYO's "mission is to bring natural language computing to billions of people."

**INTERROGATORY NO. 3:**

Identify and describe all facts relating to Your contention that Your business has been harmed by Defendants' use of the "io" word in connection with the sale, offering for sale, distribution, or advertising of any goods or services.

**RESPONSE TO INTERROGATORY NO. 3:**

In addition to the General Objections set forth above and incorporated herein, Plaintiff objects to this Interrogatory to the extent it is vague, ambiguous, overly broad and unduly burdensome to the extent that it calls for the identification of "all facts."

Subject to and without waiving the General or Specific Objections set forth above and incorporated herein, Plaintiff refers Defendants to the evidence and arguments set forth in its Motion for Temporary Restraining Order and Preliminary Injunction and Reply Memorandum, including the supporting declarations of Jason Rugolo, Ed Catmull, and David Rangel.  These filings collectively demonstrate that Defendants' use of "IO" has caused and continues to cause significant harm to Plaintiff's business.  Specifically, the record shows that immediately following Defendants' May 21,

PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT OPENAI, INC.'S
FIRST SET OF INTERROGATORIES (CASE NO. 3:25-CV-4861)

2025 announcement of IO, Plaintiff's ongoing capital raise came to a complete halt; investors and professional contacts communicated confusion about affiliation and brand ownership; Plaintiff's ability to fund manufacturing and paid advertising for the IYO ONE was impaired; and Plaintiff suffered loss of goodwill, brand equity, and recruiting opportunities. *See, e.g.*, Declaration of Jason Rugolo (¶¶ 25–32), Declaration of Ed Catmull (¶¶ 8–13), and Declaration of David Rangel (¶¶ 3–14), Plaintiff's Memorandum and Reply in support of its TRO Motion (Memo ISO TRO, Sections I, II.F–II.H, IV.B.2; Reply ISO TRO, Sections I, II.C.2).

**INTERROGATORY NO. 4:**

Identify all facts relating to Your selection of the iyO name, Including all meaning You believe it has, who selected the name, when, and why.

**RESPONSE TO INTERROGATORY NO. 4:**

In addition to the General Objections set forth above and incorporated herein, Plaintiff objects to this Interrogatory to the extent it is vague, ambiguous, overly broad and unduly burdensome to the extent that it calls for the identification of "all facts."

Jason Rugolo selected the iyO name in or around early 2021. It has no literal meaning and in that sense is arbitrary. However, the y is a nod toward both "why" (as in "why do we use computers and what are they for") and "you" (because the user is inside the input/output cycle). The name reflects iyO's goal to move from addictive screen technology to the best use humans can make of the next generation of intelligent interfaces.

**INTERROGATORY NO. 5:**

Identify each statement You have made to any customer, prospective customer, media outlet, or other third party regarding when any of the iyO Products You Have Sold Or Advertised will begin to ship or become commercially available, Including the full contents of the statement, the date the

statement was made, the audience of the statement, if You contend the statement was not made to the public at large, and an identification by Bates number of all documents reflecting the statement.

**RESPONSE TO INTERROGATORY NO. 5:**

In addition to the General Objections set forth above and incorporated herein, Plaintiff objects to this Interrogatory to the extent it is vague, ambiguous, overly broad and unduly burdensome in that it purports to call for the production of every statement ever made (and to whom) concerning anticipated ship dates. Plaintiff does not track all such statements in the normal course of business.

Subject to and without waiving the General or Specific Objections set forth above and incorporated herein from Plaintiff's RFP R&Os, Plaintiff responds pursuant to Federal Rule of Civil Procedure 33(d) by referring Defendants to documents produced in response to Request for Production Nos. 8–9, and 18, from which information responsive to this Interrogatory may be determined. Plaintiff will supplement this response to identify responsive documents once they are produced.

**INTERROGATORY NO. 6:**

Identify all facts relating to your fundraising to support the development, sale, or marketing of the iyO Products You Have Sold Or Advertised, or otherwise in connection with the "iyO" name, Including the name and address of each actual investor, or prospective investor who You or anyone acting on Your behalf contacted with the goal of seeking investment, when they were communicated with about investments or potential investments, the substance of those communications, who was involved in them, how much, if any, they invested and when, what they received in exchange for the investment, all representations made to investors, and whether anyone communicated that they would not invest, or invest more, or reduced their investment in You in whole or in part because of Defendants' use of the word "io," or, if this was not explicitly communicated, Your complete basis for believing this was the case.

8

**RESPONSE TO INTERROGATORY NO. 6:**

In addition to the General Objections set forth above and incorporated herein, Plaintiff objects to this Interrogatory to the extent it is vague, ambiguous, overly broad and unduly burdensome in that it purports to call for identification of "all facts" concerning Plaintiff's advertising, including without limitation, a laundry list of details as to each fact.   Plaintiff further objects to the extent that this Interrogatory calls for information that has no bearing on the issues raised in the litigation and is thus unlikely to lead to the discovery of admissible evidence.

Subject to and without waiving the General or Specific Objections set forth above and incorporated herein from Plaintiff's RFP R&Os, Plaintiff responds pursuant to Federal Rule of Civil Procedure 33(d) by referring Defendants to documents produced in response to Request for Production Nos. 4–5, and 7-10, from which information responsive to this Interrogatory may be determined. Plaintiff will supplement this response to identify responsive documents once they are produced.

**INTERROGATORY NO. 7:**

Identify all facts relating to your acquisition of the URL iyo.ai, Including when and why you acquired that domain name, when you first decided to try to acquire it, what other URLs you considered acquiring, how much you paid for it, and who was involved in the decision to acquire it and the acquisition.

**RESPONSE TO INTERROGATORY NO. 7:**

In addition to the General Objections set forth above and incorporated herein, Plaintiff objects to this Interrogatory to the extent it is vague, ambiguous, overly broad and unduly burdensome in that it purports to call for an identification of "all facts" concerning Plaintiff's acquisition of iyo.ai. Plaintiff further objects to the extent that this Interrogatory has no bearing on the issues raised by the litigation and is unlikely to lead to the discovery of admissible evidence.

9

Subject to and without waiving the General or Specific Objections set forth above and incorporated herein from Plaintiff's RFP R&Os, Plaintiff responds that it first learned that the iyo.ai domain was available in or around April of 2025 and it wanted it and began trying to acquire it as soon as it learned it was available. Jason Rugolo negotiated first with a purported domain broker for the prior owner of the domain and eventually was able to purchase the domain directly from GoDaddy for $18,000. Plaintiff had previously considered buying iyo.com, but did not do so and this was not a consideration at the time it purchased iyo.ai. At the time it purchased iyo.ai, it considered purchasing and did purchase iyo.one.

**INTERROGATORY NO. 8:**

Identify the development and sales history of each of the iyO Products You Have Sold Or Advertised, Including: the date You began developing the product, all names You use(d) to reference the product, include code names and SKU numbers, the date You selected the final name of the product, the release date or expected release date of the product, if the product has not yet been commercially released, whether commercial manufacturing has begun, the number of customers who have paid for the product in full, the number of customers who have preordered the product, and the number of deliveries of the product that have been made to customers.

**RESPONSE TO INTERROGATORY NO. 8:**

In addition to the General Objections set forth above and incorporated herein, Plaintiff objects to this Interrogatory to the extent it is vague, ambiguous, overly broad and unduly burdensome. Moreover, Plaintiff objects to the extent that this Interrogatory has no bearing on the issues raised by the present litigation and is unlikely to lead to the discovery of admissible evidence.

Subject to and without waiving the General or Specific Objections set forth above and incorporated herein from Plaintiff's RFP R&Os, Plaintiff responds pursuant to Federal Rule of Civil Procedure 33(d) by referring Defendants to documents it will produce in response to Request for

PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT OPENAI, INC.'S
FIRST SET OF INTERROGATORIES (CASE NO. 3:25-CV-4861)

Production Nos. 11 and 18, from which information responsive to this Interrogatory may be determined. Plaintiff will supplement this response to identify responsive documents once they are produced.

Dated:  February 6, 2026

As to the objections:

MINTZ, LEVIN, COHN, FERRIS, GLOVSKY
  AND POPEO, P.C.

By:  */s/ Kara M. Cormier*
      Andrew D. Skale
      Laura Franco
      Anthony J. Viola
      Kara M. Cormier

      *Attorneys for Plaintiff iyO, Inc.*

## CERTIFICATE OF SERVICE

I, Kara M. Cormier, do hereby certify that on February 6, 2026, I caused the foregoing document to be served on counsel of record for Defendants by electronic mail.

*/s/ Kara M. Cormier*

Kara M. Cormier