# EXHIBIT E

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Margret M. Caruso (Bar No. 243473)
margretcaruso@quinnemanuel.com
Sara L. Pollock (Bar No. 281076)
sarapollock@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone:    (650) 801-5000
Facsimile:    (650) 801-5100

*Attorneys for Defendants io Products, Inc.,*
*OpenAI, Inc., OpenAI, LLC, and Sam Altman*

JONES DAY
David Kiernan (Bar No. 215335)
dkiernan@jonesday.com
555 California Street, 26th Floor
San Francisco, California 94104
Telephone:    (415) 875-5745

Meredith Wilkes (pro hac vice)
mwilkes@jonesday.com
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone:    (216) 586-7231

*Attorneys for Defendant Sir Jonathan Paul Ive*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IYO, INC.,<br><br>             Plaintiff,<br><br>      vs.<br><br>IO PRODUCTS, INC., OPENAI, INC., OPENAI, LLC, SAM ALTMAN, and SIR JONATHAN PAUL IVE,<br><br>             Defendants. | Case No. 3:25-cv-4861<br><br>**DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF IYO, INC.'S REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS PROPOUNDED ON DEFENDANTS (SET TWO – NOS. 93-101)**<br><br>Case Assigned to Honorable Trina L. Thompson in Courtroom 9<br><br>Complaint Filed:      June 9, 2025 |

Case No. 3:25-cv-4861

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendants io Products, Inc., OpenAI, Inc., OpenAI, LLC, Sam Altman, and Sir Jonathan Paul Ive (collectively, "Defendants"), by and through their attorneys, hereby provide their objections and responses to the Second Set of Requests for Production (the "Requests," or each individually, a "Request") issued by Plaintiff iyO, Inc. ("Plaintiff").

## GENERAL OBJECTIONS

1.    Defendants object to the Requests, including the Definitions and General Instructions, as improper because Defendants have determined that their forthcoming hardware products will definitively *not* use the name "io" or any capitalization of that name.  This moots Plaintiff's claim of trademark infringement, renders the requested discovery irrelevant to any live dispute, and makes it disproportionate to the needs of the case to respond.  *E.g., WeWork Companies Inc. v. WePlus (Shanghai) Tech. Co.*, 2020 WL 83845, at *3-4 (N.D. Cal. Jan. 7, 2020) ("When the complaint was filed, Defendant did intend to open an office in San Francisco and had placed [the] logo [] on the building," but dismissing trademark complaint as moot after defendant "abandoned any plans" to open a location using the disputed mark and removed all references from its website); *see also Already, LLC, v Nike, Inc.*, 568 U.S. 85, 95 (2013) ("Given the covenant's broad language, and given that Already has asserted no concrete plans to engage in conduct not covered by the covenant, we can conclude the case is moot because the challenged conduct cannot reasonably be expected to recur.").

2.    Defendants object to the Requests, including the Definitions and General Instructions, to the extent that they purport to impose upon Defendants obligations beyond those imposed by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of California, or any other applicable rule or law.  Without waiver or limitation of any of the objections set forth below, Defendants will construe the Requests consistently with the applicable rules.

3.    Defendants object to these Requests, including the Definitions and General Instructions,  to the extent that they are irrelevant, vague, ambiguous, unintelligible, cumulative or duplicative of other discovery in this case, overbroad, unduly burdensome, disproportionate to the

DEFENDANTS' RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS PROPOUNDED ON DEFENDANTS (SET TWO)

needs of the case, or do not specify the documents or information sought with reasonable particularity.  To the extent that any of Plaintiff's Requests are vague and ambiguous, Defendants will not engage in fact-finding or draw conclusions beyond what is required by the Federal Rules of Civil Procedure when responding to these Requests for documents.

4.      Defendants object to these Requests, including the Definitions and General Instructions, to the extent that they seek information protected by any relevant privilege or legal protection, including, without limitation, the attorney-client privilege, the work product doctrine, common interest privilege, or any other applicable privilege.  Such information will not be provided in response to the Requests, and any inadvertent disclosure thereof shall not be deemed a waiver of any privilege with respect to such information, or of any work product doctrine protections which may attach thereto.  Consistent with the foregoing privileges, Defendants will not produce documents or information from their counsel of record in this matter in response to any Request notwithstanding that such counsel may have acquired documents, knowledge, or information responsive to that Request in the course of representing Defendants.

5.      Defendants object to the Requests, including the Definitions and General Instructions, to the extent they presume the existence of certain facts, or are based on assumptions, neither proven by Plaintiff, nor admitted by Defendants.  Defendants' willingness to respond to any Request does not constitute in any manner Defendants' admission to any of the assertions set forth or assumed in a request, nor constitute a waiver of Defendants' objections thereto.

6.      Defendants object to the Requests, including the Definitions and General Instructions, to the extent they seek sensitive, confidential and/or proprietary business information, the disclosure of which may damage Defendants' business, violate the privacy or proprietary rights of third parties, or violate any agreement or order pursuant to which Defendants are precluded from disclosing such information.  Defendants reserve the right to withhold sensitive, private, or non-responsive documents or information. Defendants object to the use of any documents or information provided in this action in any other proceeding and/or in any manner inconsistent with any confidentiality order to be entered in this action.  For the avoidance of doubt, Defendants will not produce any sensitive documents until the entry of a protective order in this matter.

DEFENDANTS' RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS PROPOUNDED ON DEFENDANTS (SET TWO)

7.    Defendants object to the definitions of "Defendants," "You," and "Your" as vague, ambiguous, overbroad, unduly burdensome, costly, oppressive, and not proportional to the needs of the case, considering the factors provided by Rule 26(b)(1) of the Federal Rules of Civil Procedure, to the extent this definition captures entities or individuals over whose knowledge or information Defendants do not have access, custody or control.  As used by Defendants in their responses to the Requests, "Defendants" "You," or "Your" means Defendant io Products, Inc., OpenAI, Inc. and its subsidiaries, OpenAI, LLC and its subsidiaries, Sam Altman, and Sir Jonathan Paul Ive.

8.    Defendants object to the definition of "Communication" or "Communications" as vague, ambiguous, overly broad, unduly burdensome, and not proportional to the needs of the case, to the extent that it: (i) is not limited to items within Defendants' possession, custody, and/or control; (ii) requires information protected by the attorney-client privilege, work product doctrine, or other applicable protection; (iii) purports to include "oral" communications; and (iv) includes sound recordings and other formats that are not reasonably searchable.  Defendants will respond in accordance with their obligations under the applicable rules governing this case.

9.    Defendants object to the definition of "Document" or "Documents" as overbroad, unduly burdensome, and not proportional to the needs of the case, including to the extent that it (i) is inconsistent with the definition of documents under Federal Rule of Civil Procedure 34(a), (ii) includes Documents which are not in Defendants' possession, custody, or control; and (iii) includes "imagines," an illegible word.  Defendants will respond in accordance with their obligations under the applicable rules governing this case.

10.    Defendants object to the definition of "Electronically Stored Information" as overbroad, unduly burdensome, and not proportional to the needs of the case, including to the extent that it (i) includes information on backup tapes and other recovery and archival systems that are not reasonably accessible or to which the benefits of access are outweighed by the costs of recovery; (ii) includes voicemail, audio and video recordings, and other formats that are not reasonably searchable; (iii) purports to impose "translat[ion]" requirements on Defendants; (iv) includes other file formats, such as text messages, that are not relevant or not proportional to the needs of this case; and (v) includes documents which are not in Defendants' possession, custody, or control.  Further,

-3-                                    Case No. 3:25-cv-4861

to the extent an ESI Order is entered in this case, the Requests related to information implicated by that ESI Order will not impose on Defendants any further obligations outside of the ESI order, unless mutually agreed to in writing.

11. Defendants object to the definitions of "Identify" and "Identifying" as vague, ambiguous, overbroad, unduly burdensome, costly, oppressive, and not proportional to the needs of the case, considering the factors provided by Fed. R. Civ. P. 26(b)(1), to the extent this definition purports to include stating all facts known that bear upon the matter that is subject to the inquiry, including every person involved in such facts.

12. Defendants object to the definitions of "Relating To" and "Relate To" as vague, overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it encompasses information "directly or indirectly" connected to a subject through terms such as "pertaining to," "reflecting," "evidencing," or "referring to," which render the definition virtually limitless in scope.

13. Defendants object to General Instruction C to the extent it purports to request documents outside of Defendants' possession, custody, or control, such as documents on the "personal" devices of non-parties. Defendants further object to General Instruction C to the extent it is inconsistent with any agreement of the parties or order of the Court regarding the appropriate ESI custodians for this matter.

14. Defendants object to General Instructions B, D-J and L as overbroad, vague, and disproportionate to the needs of this case under Fed. R. Civ. P. 26(b)(1), and inconsistent with the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of California, and/or this Court's Model Order Regarding the Discovery of Electronically Stored Information. Without waiver or limitation of any of the objections set forth below, Defendants will construe the Requests consistently with the applicable rules.

15. Defendants' decision to provide any requested information, notwithstanding the objectionable nature of any of the Requests, is not: (a) a concession that there is a live dispute or that the information is relevant to this proceeding; (b) a waiver of Defendants' General Objections

DEFENDANTS' RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS PROPOUNDED ON DEFENDANTS (SET TWO)

or Specific Objections to Requests for Production; or (c) an agreement that requests for similar information will be treated in a similar manner.

16.    Defendants object to the time period called for in the Requests, on the grounds that it is arbitrary, overly broad, unduly burdensome and not proportional to the needs of the case, considering Plaintiff's positions taken in this case and the factors provided by Fed. R. Civ. P. 26(b)(1), or are otherwise beyond the scope of permissible discovery. For all Requests, Defendants will limit their responses to the time period beginning January 1, 2023, unless otherwise specified.

17.    Defendants object to Requests, including the Definitions and General Instructions, to the extent they seek information regarding activities outside the United States. Trademark rights are territorial and limited to use within the United States. For all Requests, Defendants will limit their responses to activities and information within the United States.

## SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 93:

All Documents and Communications between You and Weynorth Limited (UK Company No. 15098939) or David John Beckman Relating to the selection and/or registration of any "IO" trademark applications, including but not limited to applications with Serial Nos. 98275753, 98276003, 98977426, 98977421, 98977424, 98977419, 98975630, and 98975624.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 93:

Defendants incorporate by reference each and all of their general objections. Defendants further object to this Request as improper because Defendants have determined that their forthcoming hardware products will definitively *not* use the name "io" or any capitalization of that name. This moots Plaintiff's claim of trademark infringement, renders the requested discovery irrelevant to any live dispute, and makes it disproportionate to the needs of the case to respond. *E.g., WeWork Companies Inc.*, 2020 WL 83845, at *3-4 ("When the complaint was filed, Defendant did intend to open an office in San Francisco and had placed [the] logo [] on the building," but dismissing trademark complaint as moot after defendant "abandoned any plans" to open a location using the disputed mark and removed all references from its website); *see also Already, LLC*, 568 U.S. at 95 ("Given the covenant's broad language, and given that Already has asserted no concrete

plans to engage in conduct not covered by the covenant, we can conclude the case is moot because the challenged conduct cannot reasonably be expected to recur.").  Defendants further object that this Request seeks information protected by the attorney-client privilege and work product doctrine. Defendants further object to this Request to the extent it seeks documents beyond those relating to any "io" branded device that was or will be sold or advertised, or the due diligence conducted regarding the naming of any product sold or advertised as an "io" branded device, which are therefore irrelevant to this action and disproportionate to the needs of the case.  Defendants further object that this Request is not probative of any claim or defense, as the requested information does not bear on the remaining issues in this matter.  Defendants further object to this Request to the extent it seeks "all" documents and communications rather than documents sufficient to show or documents limited to specific search terms, thereby requiring an unreasonably expansive, costly, and burdensome collection likely yielding irrelevant or duplicative material.  Defendants further object that the request, including use of the terms "All" and "Relating To," is overly broad, unduly burdensome, vague, not relevant to the claims or defenses in this action, and not proportional to the needs of the case.  Defendants further object to the extent this Request seeks information regarding activities outside the United States.

**REQUEST FOR PRODUCTION NO. 94:**

All Documents and Communications Relating to Weynorth Limited's business plan, intended use, or actual use of the "IO" marks in commerce, including product descriptions, internal presentations, pitch decks, investor materials, websites, and marketing drafts.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 94:**

Defendants incorporate by reference each and all of their general objections.  Defendants further object to this Request as improper because Defendants have determined that their forthcoming hardware products will definitively *not* use the name "io" or any capitalization of that name.  This moots Plaintiff's claim of trademark infringement, renders the requested discovery irrelevant to  any live dispute, and makes it disproportionate to the needs of the case to respond. *E.g., WeWork Companies Inc.*, 2020 WL 83845, at *3-4 ("When the complaint was filed, Defendant did intend to open an office in San Francisco and had placed [the] logo [] on the building," but

-6-                                                    Case No. 3:25-cv-4861

dismissing trademark complaint as moot after defendant "abandoned any plans" to open a location using the disputed mark and removed all references from its website); *see also Already, LLC*, 568 U.S. at 95 ("Given the covenant's broad language, and given that Already has asserted no concrete plans to engage in conduct not covered by the covenant, we can conclude the case is moot because the challenged conduct cannot reasonably be expected to recur."). Defendants further object that this Request seeks information protected by the attorney-client privilege and work product doctrine. Defendants further object to this Request to the extent it seeks documents beyond those relating to any "io" branded device that was or will be sold or advertised, or the due diligence conducted regarding the naming of any product sold or advertised as an "io" branded device, which are therefore irrelevant to this action and disproportionate to the needs of the case. Defendants further object that this Request is not probative of any claim or defense, as the requested information does not bear on the remaining issues in this matter. Defendants further object to this Request to the extent it seeks "all" documents and communications rather than documents sufficient to show or documents limited to specific search terms, thereby requiring an unreasonably expansive, costly, and burdensome collection likely yielding irrelevant or duplicative material. Defendants further object that the request, including use of the terms "All" and "Relating To," is overly broad, unduly burdensome, vague, not relevant to the claims or defenses in this action, and not proportional to the needs of the case. Defendants further object to this Request because it lacks any meaningful limitation on what it seeks, including in terms of time, place, or subject matter. Defendants further object to the extent this Request seeks information regarding activities outside the United States.

**REQUEST FOR PRODUCTION NO. 95:**

All Documents and Communications between You and Weynorth Limited or David John Beckman Relating to Plaintiff, its products, or Jason Rugolo.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 95:**

Defendants incorporate by reference each and all of their general objections. Defendants further object to this Request as improper because Defendants have determined that their forthcoming hardware products will definitively *not* use the name "io" or any capitalization of that name. This moots Plaintiff's claim of trademark infringement, renders the requested discovery

DEFENDANTS' RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS PROPOUNDED ON DEFENDANTS (SET TWO)

irrelevant to any live dispute, and makes it disproportionate to the needs of the case to respond. *E.g., WeWork Companies Inc.*, 2020 WL 83845, at *3-4 ("When the complaint was filed, Defendant did intend to open an office in San Francisco and had placed [the] logo [] on the building," but dismissing trademark complaint as moot after defendant "abandoned any plans" to open a location using the disputed mark and removed all references from its website); *see also Already, LLC*, 568 U.S. at 95 ("Given the covenant's broad language, and given that Already has asserted no concrete plans to engage in conduct not covered by the covenant, we can conclude the case is moot because the challenged conduct cannot reasonably be expected to recur."). Defendants further object that this Request seeks information protected by the attorney-client privilege and work product doctrine. Defendants further object to this Request to the extent it seeks documents beyond those relating to any "io" branded device that was or will be sold or advertised, or the due diligence conducted regarding the naming of any product sold or advertised as an "io" branded device, which are therefore irrelevant to this action and disproportionate to the needs of the case. Defendants further object that this Request is not probative of any claim or defense, as the requested information does not bear on the remaining issues in this trademark dispute. Defendants further object to this Request to the extent it seeks "all" documents and communications rather than documents sufficient to show or documents limited to specific search terms, thereby requiring an unreasonably expansive, costly, and burdensome collection likely yielding irrelevant or duplicative material. Defendants further object that the request, including use of the terms "All" and "Relating To," is overly broad, unduly burdensome, vague, not relevant to the claims or defenses in this action, and not proportional to the needs of the case. Defendants further object to this Request because it lacks any meaningful limitation on what it seeks, including in terms of time, place, or subject matter. Defendants further object to the extent this Request seeks information regarding activities outside the United States.

**REQUEST FOR PRODUCTION NO. 96:**

All Documents sufficient to show Your relationship with Weynorth Limited or David John Beckman, including any agreements, shared resources, or overlapping personnel.

DEFENDANTS' RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS PROPOUNDED ON DEFENDANTS (SET TWO)

**RESPONSE TO REQUEST FOR PRODUCTION NO. 96:**

Defendants incorporate by reference each and all of their general objections. Defendants further object to this Request as improper because Defendants have determined that their forthcoming hardware products will definitively *not* use the name "io" or any capitalization of that name. This moots Plaintiff's claim of trademark infringement, renders the requested discovery irrelevant to any live dispute, and makes it disproportionate to the needs of the case to respond. *E.g., WeWork Companies Inc.*, 2020 WL 83845, at *3-4 ("When the complaint was filed, Defendant did intend to open an office in San Francisco and had placed [the] logo [] on the building," but dismissing trademark complaint as moot after defendant "abandoned any plans" to open a location using the disputed mark and removed all references from its website); *see also Already, LLC*, 568 U.S. at 95 ("Given the covenant's broad language, and given that Already has asserted no concrete plans to engage in conduct not covered by the covenant, we can conclude the case is moot because the challenged conduct cannot reasonably be expected to recur."). Defendants further object that this Request seeks information protected by the attorney-client privilege and work product doctrine. Defendants further object to this Request to the extent it seeks documents beyond those relating to any "io" branded device that was or will be sold or advertised, or the due diligence conducted regarding the naming of any product sold or advertised as an "io" branded device, which are therefore irrelevant to this action and disproportionate to the needs of the case. Defendants further object that this Request is not probative of any claim or defense, as the requested information does not bear on the remaining issues in this matter. Defendants further object to this Request because it lacks any meaningful limitation on what it seeks, including in terms of time, place, or subject matter. Defendants further object to the extent this Request seeks information regarding activities outside the United States.

**REQUEST FOR PRODUCTION NO. 97:**

All Documents concerning who asked Weynorth Limited or David John Beckman to file applications with Serial Nos. 98275753, 98276003, 98977426, 98977421, 98977424, 98977419, 98975630, and 98975624, when and why.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 97:**

Defendants incorporate by reference each and all of their general objections. Defendants further object to this Request as improper because Defendants have determined that their forthcoming hardware products will definitively *not* use the name "io" or any capitalization of that name. This moots Plaintiff's claim of trademark infringement, renders the requested discovery irrelevant to any live dispute, and makes it disproportionate to the needs of the case to respond. *E.g., WeWork Companies Inc.*, 2020 WL 83845, at *3-4 ("When the complaint was filed, Defendant did intend to open an office in San Francisco and had placed [the] logo [] on the building," but dismissing trademark complaint as moot after defendant "abandoned any plans" to open a location using the disputed mark and removed all references from its website); *see also Already, LLC*, 568 U.S. at 95 ("Given the covenant's broad language, and given that Already has asserted no concrete plans to engage in conduct not covered by the covenant, we can conclude the case is moot because the challenged conduct cannot reasonably be expected to recur."). Defendants further object that this Request seeks information protected by the attorney-client privilege and work product doctrine. Defendants further object to this Request to the extent it seeks documents beyond those relating to any "io" branded device that was or will be sold or advertised, or the due diligence conducted regarding the naming of any product sold or advertised as an "io" branded device, which are therefore irrelevant to this action and disproportionate to the needs of the case. Defendants further object that this Request is not probative of any claim or defense, as the requested information does not bear on the remaining issues in this matter. Defendants further object to this Request to the extent it seeks "all" documents and communications rather than documents sufficient to show or documents limited to specific search terms, thereby requiring an unreasonably expansive, costly, and burdensome collection likely yielding irrelevant or duplicative material. Defendants further object that the request, including use of the terms "All" and "concerning" is overly broad, unduly burdensome, vague, not relevant to the claims or defenses in this action, and not proportional to the needs of the case. Defendants further object to the extent this Request seeks information regarding activities outside the United States.

**REQUEST FOR PRODUCTION NO. 98:**

All Documents and Communications Relating to Your purported decision not to use the "io" name in connection with the naming, advertising, marketing, or sale of any artificial intelligence-enabled hardware products, as stated in Your response to Plaintiff's Interrogatory No. 3.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 98:**

Defendants incorporate by reference each and all of their general objections. Defendants further object to this Request as improper because Defendants have determined that their forthcoming hardware products will definitively *not* use the name "io" or any capitalization of that name. This moots Plaintiff's claim of trademark infringement, renders the requested discovery irrelevant to any live dispute, and makes it disproportionate to the needs of the case to respond. *E.g., WeWork Companies Inc.*, 2020 WL 83845, at *3-4 ("When the complaint was filed, Defendant did intend to open an office in San Francisco and had placed [the] logo [] on the building," but dismissing trademark complaint as moot after defendant "abandoned any plans" to open a location using the disputed mark and removed all references from its website); *see also Already, LLC*, 568 U.S. at 95 ("Given the covenant's broad language, and given that Already has asserted no concrete plans to engage in conduct not covered by the covenant, we can conclude the case is moot because the challenged conduct cannot reasonably be expected to recur."). Defendants further object that this Request seeks information protected by the attorney-client privilege and work product doctrine. Defendants further object to this Request to the extent it seeks documents beyond those relating to any "io" branded device that was or will be sold or advertised, or the due diligence conducted regarding the naming of any product sold or advertised as an "io" branded device, which are therefore irrelevant to this action and disproportionate to the needs of the case. Defendants further object that this Request is not probative of any claim or defense, as the requested information does not bear on the remaining issues in this matter. Defendants further object to this Request to the extent it seeks "all" documents and communications rather than documents sufficient to show or documents limited to specific search terms, thereby requiring an unreasonably expansive, costly, and burdensome collection likely yielding irrelevant or duplicative material. Defendants further object that the request, including use of the terms "All" and "Relating To," is overly broad, unduly

-11-    Case No. 3:25-cv-4861

burdensome, vague, not relevant to the claims or defenses in this action, and not proportional to the needs of the case. Defendants further object to this Request because it lacks any meaningful limitation on what it seeks, including in terms of time, place, or subject matter. Defendants further object to the extent this Request seeks information regarding activities outside the United States. Defendants further object that responsive, non-privileged documents are equally available to Plaintiff, including at: ECF Nos. 105-1, 105-2, 123-01, and 123-15.

**REQUEST FOR PRODUCTION NO. 99:**

All Documents and Communications Relating to any entity (including any subsidiary, affiliate, joint venture, or newly formed company) that has performed, currently performs, or is intended to perform any business, operational, design, engineering, marketing, or product-development functions originally attributed to IO Products, Inc.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 99:**

Defendants incorporate by reference each and all of their general objections. Defendants further object to this Request as improper because Defendants have determined that their forthcoming hardware products will definitively *not* use the name "io" or any capitalization of that name. This moots Plaintiff's claim of trademark infringement, renders the requested discovery irrelevant to any live dispute, and makes it disproportionate to the needs of the case to respond. *E.g., WeWork Companies Inc.*, 2020 WL 83845, at *3-4 ("When the complaint was filed, Defendant did intend to open an office in San Francisco and had placed [the] logo [] on the building," but dismissing trademark complaint as moot after defendant "abandoned any plans" to open a location using the disputed mark and removed all references from its website); *see also Already, LLC*, 568 U.S. at 95 ("Given the covenant's broad language, and given that Already has asserted no concrete plans to engage in conduct not covered by the covenant, we can conclude the case is moot because the challenged conduct cannot reasonably be expected to recur."). Defendants further object that this Request seeks information protected by the attorney-client privilege and work product doctrine. Defendants further object to this Request to the extent it seeks documents beyond those relating to any "io" branded device that was or will be sold or advertised, or the due diligence conducted regarding the naming of any product sold or advertised as an "io" branded device, which are

therefore irrelevant to this action and disproportionate to the needs of the case.  Defendants further object that this Request is not probative of any claim or defense, as the requested information does not bear on the remaining issues in this matter.  Defendants further object to this Request to the extent it seeks "all" documents and communications rather than documents sufficient to show or documents limited to specific search terms, thereby requiring an unreasonably expansive, costly, and burdensome collection likely yielding irrelevant or duplicative material.  Defendants further object that the request, including use of the terms "All" and "Relating To," is overly broad, unduly burdensome, vague, not relevant to the claims or defenses in this action, and not proportional to the needs of the case.  Defendants further object to this Request because it lacks any meaningful limitation on what it seeks, including in terms of time, place, or subject matter.  Defendants further object to the extent this Request seeks information regarding activities outside the United States.

**REQUEST FOR PRODUCTION NO. 100:**

All Documents and Communications Relating to any transfer, assignment, delegation, migration, or transition of IO Products, Inc.'s business operations, employees or contractors, intellectual property, design assets, product development work, marketing work, or any corporate functions to any other entity.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 100:**

Defendants incorporate by reference each and all of their general objections.  Defendants further object to this Request as improper because Defendants have determined that their forthcoming hardware products will definitively *not* use the name "io" or any capitalization of that name.  This moots Plaintiff's claim of trademark infringement, renders the requested discovery irrelevant to  any live dispute, and makes it disproportionate to the needs of the case to respond.  *E.g., WeWork Companies Inc.*, 2020 WL 83845, at *3-4 ("When the complaint was filed, Defendant did intend to open an office in San Francisco and had placed [the] logo [] on the building," but dismissing trademark complaint as moot after defendant "abandoned any plans" to open a location using the disputed mark and removed all references from its website); *see also Already, LLC*, 568 U.S. at 95 ("Given the covenant's broad language, and given that Already has asserted no concrete plans to engage in conduct not covered by the covenant, we can conclude the case is moot because

the challenged conduct cannot reasonably be expected to recur.").  Defendants further object that this Request seeks information protected by the attorney-client privilege and work product doctrine.  Defendants further object to this Request to the extent it seeks documents beyond those relating to any "io" branded device that was or will be sold or advertised, or the due diligence conducted regarding the naming of any product sold or advertised as an "io" branded device, which are therefore irrelevant to this action and disproportionate to the needs of the case.  Defendants further object that this Request is not probative of any claim or defense, as the requested information does not bear on the remaining issues in this trademark dispute.  Defendants further object to this Request to the extent it seeks "all" documents and communications rather than documents sufficient to show or documents limited to specific search terms, thereby requiring an unreasonably expansive, costly, and burdensome collection likely yielding irrelevant or duplicative material.  Defendants further object that the request, including use of the terms "All" and "Relating To," is overly broad, unduly burdensome, vague, not relevant to the claims or defenses in this action, and not proportional to the needs of the case.  Defendants further object to this Request because it lacks any meaningful limitation on what it seeks, including in terms of time, place, or subject matter.  Defendants further object to the extent this Request seeks information regarding activities outside the United States.

**REQUEST FOR PRODUCTION NO. 101:**

All Documents sufficient to show the corporate structure, ownership, governance, and operational relationships among the corporate Defendants IO Products, Inc., OpenAI, Inc., OpenAI, LLC, and LoveFrom, Inc., and any other entity involved in the design, development, manufacturing, marketing, or commercialization of products that were at any time associated with the 'IO' name.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 101:**

Defendants incorporate by reference each and all of their general objections.  Defendants further object to this Request as improper because Defendants have determined that their forthcoming hardware products will definitively *not* use the name "io" or any capitalization of that name.  This moots Plaintiff's claim of trademark infringement, renders the requested discovery irrelevant to  any live dispute, and makes it disproportionate to the needs of the case to respond. *E.g., WeWork Companies Inc.*, 2020 WL 83845, at *3-4 ("When the complaint was filed, Defendant

-14-                                        Case No. 3:25-cv-4861

did intend to open an office in San Francisco and had placed [the] logo [] on the building," but dismissing trademark complaint as moot after defendant "abandoned any plans" to open a location using the disputed mark and removed all references from its website); *see also Already, LLC*, 568 U.S. at 95 ("Given the covenant's broad language, and given that Already has asserted no concrete plans to engage in conduct not covered by the covenant, we can conclude the case is moot because the challenged conduct cannot reasonably be expected to recur."). Defendants object that this Request seeks information protected by the attorney-client privilege and work product doctrine. Defendants further object to this Request to the extent it seeks documents beyond those relating to any "io" branded device that was or will be sold or advertised, or the due diligence conducted regarding the naming of any product sold or advertised as an "io" branded device, which are therefore irrelevant to this action and disproportionate to the needs of the case. Defendants further object that this Request is not probative of any claim or defense, as the requested information does not bear on the remaining issues in this matter. Defendants object to the extent this Request seeks information regarding activities outside the United States.

DATED:   March 20, 2026

QUINN EMANUEL URQUHART
& SULLIVAN, LLP

By _____ */s/ Margret M. Caruso*
Margret M. Caruso
*Attorneys for Defendants io Products, Inc., OpenAI, Inc., OpenAI, LLC, and Sam Altman*

DATED:   March 20, 2026

JONES DAY

By _____ */s/ David Kiernan*
David Kiernan
*Attorneys for Defendant Sir Jonathan Paul Ive*

DEFENDANTS' RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS PROPOUNDED ON DEFENDANTS (SET TWO)

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who have consented to electronic service are being served with a copy of this document via email on March 20, 2026.


$\qquad$ */s/ Michael Carden* $\qquad$
Michael Carden

Case No. 3:25-cv-4861
DEFENDANTS' RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS AND
THINGS PROPOUNDED ON DEFENDANTS (SET TWO)