MINTZ, LEVIN, COHN, FERRIS,
GLOVSKY AND POPEO, P.C.
Andrew D. Skale (211096)
ADSkale@mintz.com
Micha Danzig (177923)
mdanzig@mintz.com
Laura Franco (186765)
LFranco@mintz.com
Anthony J. Viola (*pro hac vice*)
AJViola@mintz.com
Kara M. Cormier (*pro hac vice*)
KMCormier@mintz.com
44 Montgomery Street, 36th Floor
San Francisco, CA 94104
Tel.: (415) 432-6000

*Attorneys for Plaintiff IYO, INC.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IYO, INC. | Case No. 3:25-cv-4861-TLT |
| Plaintiff, | **PLAINTIFF IYO, INC.'S OBJECTIONS TO EXHIBITS E, I-U AND W- Z TO POLLACK DECLARATION** |
| v. | |
| IO PRODUCTS, INC., OPENAI, INC., OPENAI, LLC, OPENAI OPCO, LLC, SAM ALTMAN, SIR JONATHAN PAUL IVE, and TANG YEW TAN, | Complaint Filed: June 9, 2025<br>Hearing Date: April 14, 2026 |
| Defendants. | |

MINTZ, LEVIN, COHN,
FERRIS, GLOVSKY AND
POPEO, P.C.
ATTORNEYS AT LAW

PLAINTIFF'S OBJECTIONS TO POLLACK EXHIBITS E, I-U AND W-Z

Plaintiff IYO, Inc. ("Plaintiff") hereby objects to the evidence submitted with the Declaration of Sara L. Pollack ("Pollack Declaration") filed in support of Defendants' Opposition to Plaintiff's Motion for Preliminary Injunction. Plaintiff specifically objects to Exhibits E, I–U, and W-Z of the Pollack Declaration (ECF Nos. 123-5, 123-9 – 123-21, 123-23 – 123-26) pursuant to Federal Rule of Civil Procedure 37(c)(1).[1] Defendants expressly refused to produce any documents responsive to Request for Production No. 80, which sought:

> All Documents and Communications that Defendants may use, rely upon, refer to, or introduce as evidence at any hearing or trial in this Lawsuit, or in support of or in opposition to any motion, including but not limited to dispositive motions, motions for summary judgment, or motions for preliminary or permanent injunctive relief.

*See* ECF 113 at pp 103-04 (Defendants Responses and Objections to Plaintiff's First Set of Requests for Production, RFP No. 80).  After asserting a number of baseless objections, Defendants responded:

**Defendants will not produce documents or things in response to this Request.**

*Id.* (emphasis added). Exhibits E, I-Q, S, and W-Y are also responsive to one or more of the following RFPs:

> **RFP 32:** All Documents and Communications Relating To IYO, Jason Rugolo, his TED talk, or any IYO product(s), including internal discussions, notes of product assessment, presentations, or reports.

> **RFP 39:** All Documents and Communications Relating To any tracking or monitoring of social media, press coverage, or public commentary concerning IO Products, Inc., Open AI's investment in or purchase of IO Products, Inc, any IO Device, any Prototype, and/or Plaintiff or any of Plaintiff's products.

> **RFP 45:** All Documents and Communications Relating To any evaluation, analysis, or assessment by Defendants or their representatives of IYO, IYO's products (including VAD PRO and IYO ONE), technology, business model, or market positioning, including but not limited to technical reviews, product testing, competitive benchmarking, and internal reports or presentations.

> **RFP 65:** All Documents and Communications Relating To any public statement, press release, blog post, website content, social media post, interview, or other public communication made by any Defendant concerning any IO Device, IO Products, Inc., IYO, Inc., IYO's products, Jason Rugolo, or this Lawsuit, including but not limited to the May 21, 2025 Announcement Video, the July 9, 2025 merger announcement, the June 24, 2025 post on X from Sam Altman (available at:

---

[1] Exhibits A-D and V were previously filed on the docket in this case. Exhibits F-H are discovery responses.

https://x.com/sama/status/1937606794362388674), and the statements by Sam Altman and Sir Jonathan Paul Ive reported in Tom's Guide (available at: https://www.tomsguide.com/ai/thats-it-its-so-simple-openais-sam-altman-teases-screenless-device-with-jony-ive) , Windows Central (available at: https://www.windowscentral.com/artificial-intelligence/jony-ive-and-sam-altman-confirm-openai-finally-has-a-prototype-for-its-super-secret-ai-device-set-to-launch-in-less-than-2-years), and The Verge (available at: https://www.theverge.com/news/672357/openai-ai-device-sam-altman-jony-ive).

In response to each of these, Defendants either flat out refused to produce documents (as they did with RFP 80) or falsely claimed that no responsive documents exist.

Rule 26(a)(1)(A)(ii) requires disclosure of documents a party "may use to support its claims or defenses." Rule 26(e)(1) further requires that Rule 26(a) disclosures, including responses to discovery requests, be supplemented or corrected in a timely manner if they are later learned to be incomplete or incorrect. Failure to disclose such material bars its use "on a motion" absent substantial justification or harmlessness under Rule 37(c)(1). The Ninth Circuit has held that exclusion of such documents is self-executing and automatic unless the failure was substantially justified or harmless. *YETI by Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) (affirming exclusion of documents); *Gryglak v. HSBC Bank USA, N.A.*, 2023 U.S. App. LEXIS 10946, at *4 (9th Cir. May 4, 2023) (same). No finding of bad faith or willfulness is required. *Hoffman v. Constr. Protective Servs.*, 541 F.3d 1175 (9th Cir. 2008) ("the district court acted within its discretion when it precluded presentation of undisclosed evidence"). The non-compliant party bears the burden to prove that its failure to disclose was substantially justified or harmless. *R & R Sails, Inc. v. Ins. Co. of the Pa.*, 673 F.3d 1240, 1246 (9th Cir. 2012).

Here, Defendants' failure to disclose Exhibits E, I-U and W-Z was neither substantially justified nor harmless. Defendants' express refusal to produce is currently the subject of a pending motion to compel (ECF 113). Despite IYO's clear and unequivocal discovery requests, Defendants knowingly withheld documents they plainly intended to rely upon. Permitting this conduct would substantially prejudice IYO. Indeed, Defendants' opposition relies almost entirely on these undisclosed exhibits, citing them repeatedly throughout their brief. Allowing Defendants to benefit from such discovery misconduct would reward gamesmanship, undermine the discovery process, and encourage further abuse.

Accordingly, the Court should strike Exhibits E, I–U, and W-Z (ECF Nos. 123-5, 123-9 – 123-21, 123-23 – 123-26) from the record and decline to consider them in opposition to Plaintiff's motion for a preliminary injunction. *See Kendall Dealership Holdings, LLC v. Warren Distribution, Inc.*, 2021 U.S. Dist. LEXIS 187809, at \*21-24 (D. Alaska Sep. 30, 2021) (excluding untimely-disclosed supplements as "[Parties cannot] sandbag . . . [each other] with claims and issues which should have been included . . . from the outset"); *Van Steenwyk v. Van Steenwyk*, 2022 LX 70746, at \*12-14 (C.D. Cal. July 11, 2022), *adopted by* 2022 U.S. Dist. LEXIS 186936 (C.D. Cal. Oct. 12, 2022) (imposing Rule 37(c)(1) sanctions where defendants used documents responsive to Plaintiff's RFPs in their motion that they withheld in discovery).

Dated:  March 27, 2026

Respectfully submitted,

MINTZ LEVIN COHN FERRIS
GLOVSKY AND POPEO, P.C.

By: */s/ Andrew D. Skale_____*
Andrew D. Skale (211096)
Micha Danzig (177923)
Laura Franco (186765)
Anthony J. Viola (*pro hac vice*)
Kara M. Cormier (*pro hac vice*)

*Attorneys for Plaintiff IYO, Inc.*

MINTZ, LEVIN, COHN,
FERRIS, GLOVSKY AND
POPEO, P.C.
ATTORNEYS AT LAW

- 3 -
PLAINTIFF'S OBJECTIONS TO POLLACK EXHIBITS E, I-U, AND W-Z