QUINN EMANUEL URQUHART
& SULLIVAN, LLP
Margret M. Caruso (Bar No. 243473)
margretcaruso@quinnemanuel.com
Sara L. Pollock (Bar No. 281076)
sarapollock@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone:     (650) 801-5000
Facsimile:     (650) 801-5100

*Attorneys for Defendants io Products, Inc.,
OpenAI, Inc., OpenAI, LLC, and Sam Altman*

JONES DAY
David Kiernan (Bar No. 215335)
dkiernan@jonesday.com
555 California Street 26th Floor
San Francisco, California 94104
Telephone:     (415) 875-5745

Meredith Wilkes (admitted *pro hac vice*)
mwilkes@jonesday.com
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone:     (216) 586-7231

*Attorneys for Defendant Sir Jonathan Paul Ive*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IYO, INC.<br><br>    Plaintiff,<br><br>  v.<br><br>IO PRODUCTS, INC., OPENAI, INC., OPENAI, LLC, SAM ALTMAN, and SIR JONATHAN PAUL IVE,<br><br>    Defendants. | Case No. 3:25-cv-4861-TLT<br><br>**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF THEIR MOTION TO STRIKE OR DISMISS THE AMENDED COMPLAINT** |

Case No. 3:25-cv-4861-TLT

DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF THEIR
MOTION TO STRIKE OR DISMISS THE AMENDED COMPLAINT

**<u>DEFENDANT'S REQUEST FOR JUDICIAL NOTICE</u>**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT Defendants io Products, Inc., OpenAI, Inc., OpenAI, LLC, Sam Altman, and Sir Jonathan Paul Ive request that this Court, in ruling on Defendants' Motion to Strike the Amended Complaint, or in the Alternative, Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 12(b)(6) (the "Motion to Strike or Dismiss" the "FAC"), take judicial notice of the following documents attached to the declaration of Margret M. Caruso ("Caruso Declaration"), which are incorporated by reference in the FAC or otherwise subject to judicial notice under Federal Rule of Evidence 201:[1]

- **Exhibit J** to the Caruso Declaration:  a true and correct copy of a video of Mr. Rugolo's April 2024 TED Talk, available at https://www.youtube.com/watch?v=L61Kbo3y218, which is incorporated in the Amended Complaint by reference in at least paragraphs 8, 84, and 178 and was previously filed in this action at ECF 35-3.

- **Exhibit K** to the Caruso Declaration: true and correct copies of screenshots from iyO's website, available at https://www.iyo.ai/, https://www.iyo.ai/iyo-one, and https://www.iyo.ai/products/iyo-one, which is incorporated in the Amended Complaint by reference in at least paragraphs 69 and 85.

Additionally, Defendants respectfully request that in connection with ruling on Defendants' arguments that the Court should abstain from certain claims under *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976), the Court take judicial notice of the following documents that have been publicly filed in the court proceeding *iyO Inc. v. Dan Sargent, et al.*, San Francisco County Superior Court Case No. CGC-25-627029.  These documents may be considered in connection with Defendants' motion to dismiss even without judicial notice because they are cited in connection with the abstention argument.  *See Lenahan v. Cincinnati Ins. Co.*, 2025

---

[1]   Exhibits A-C to the Caruso Declaration are offered in support of Defendants' Motion to Dismiss under Rule 12(b)(1).  Judicial notice is not required for the Court to consider these documents.

WL 3513885, at *3 (S.D. Ohio Dec. 8, 2025) ("Addressing abstention under *Colorado River* necessarily requires the Court to look beyond the pleadings and evaluate the similarity of the state court action."); *Lefrancois v. Killington/Pico Ski Resort Partners, LLC*, 2019 WL 6970944, at *4 (D. Vt. Dec. 19, 2019) ("In the context of a motion seeking *Colorado River* abstention, the court may consider evidence outside the pleadings."). Nevertheless, given their clear noticeability and in an abundance of caution, Defendants respectfully request that the Court take judicial notice of the following documents filed and/or served in the pending state court action *iyO Inc. v. Dan Sargent, et al.*, San Francisco County Superior Court Case No. CGC-25-627029, as well as the docket of that action:

- **Exhibit D** to the Caruso Declaration:  a true and correct copy of the Verified Complaint filed by iyO Inc. in *iyO Inc. v. Dan Sargent, et al.*, San Francisco County Superior Court Case No. CGC-25-627029, filed on July 9, 2025.

- **Exhibit E** to the Caruso Declaration:  a true and correct copy of the Declaration of Dan Sargent in Opposition to Plaintiff's Ex Parte Application for Temporary Restraining Order, in *iyO Inc. v. Dan Sargent, et al.*, San Francisco County Superior Court Case No. CGC-25-627029, filed on July 11, 2025.

- **Exhibit F** to the Caruso Declaration:  a true and correct copy of the Declaration of Dan Sargent in Support of Defendant's Notice of Motion and Special Motion to Strike the Complaint Pursuant to Cal. Code Civ. Proc. Section 425.16, in *iyO Inc. v. Dan Sargent, et al.*, San Francisco County Superior Court Case No. CGC-25-627029, filed on August 22, 2025.

- **Exhibit G** to the Caruso Declaration:  a true and correct copy of the Declaration of Patrick Kessler in Support of Defendant's Notice of Motion and Special Motion to Strike the Complaint Pursuant to Cal. Code Civ. Proc. Section 425.16, in *iyO Inc. v. Dan Sargent, et al.*, San Francisco County Superior Court Case No. CGC-25-627029, filed on August 22, 2025.

- **Exhibit H** to the Caruso Declaration:  a true and correct copy of the Declaration of Tang Yew Tan in Support of Defendant's Notice of Motion and Special Motion to

Strike the Complaint Pursuant to Cal. Code Civ. Proc. Section 425.16, in *iyO Inc. v. Dan Sargent, et al.*, San Francisco County Superior Court Case No. CGC-25-627029, filed on August 22, 2025.

- **Exhibit I** to the Caruso Declaration: a true and correct copy of the docket in *iyO Inc. v. Dan Sargent, et al.*, San Francisco County Superior Court Case No. CGC-25-627029, as retrieved from https://sf.courts.ca.gov/online-services/case-information on March 26, 2026.

- **Exhibit L** to the Caruso Declaration:  a true and correct copy of the Deposition Subpoena of Tang Yew Tan and Request for Production of Documents, served in *iyO Inc. v. Dan Sargent, et al.*, San Francisco County Superior Court Case No. CGC-25-627029.

The documents listed above should be considered when ruling on Defendants' Motion to Strike or Dismiss.

## I.       LEGAL STANDARD

On a motion to dismiss, a court "must consider the complaint in its entirety, as well as . . . documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

A court must consider a document explicitly mentioned in the complaint or even a document "not explicitly refer[red] to" in a complaint but which "the complaint necessarily relies upon." *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010). "Under the 'incorporation by reference' doctrine in this Circuit, a court may look beyond the pleadings without converting the Rule 12(b)(6) motion into one for summary judgment." *Davis v. HSBC Bank Nev.*, 691 F.3d 1152, 1160 (9th Cir. 2012) (internal citations omitted).  Documents incorporated by reference are treated "as though they are part of the complaint itself." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018).

In addition, publicly accessible web pages are "[p]roper subjects of judicial notice when ruling on a motion to dismiss." *Perkins v. LinkedIn Corp.*, 53 F. Supp. 3d 1190, 1204 (N.D. Cal. 2014); *see also Threshold Enters. v. Pressed Juicery, Inc.*, 445 F. Supp. 3d 139, 145 (N.D. Cal.

2020) (taking judicial notice of "screenshots and printouts of websites," including "social media websites, and information and news websites").

Additionally, a court "may take judicial notice of undisputed matters of public record, including documents on file in federal or state courts."  *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (citations omitted); *see also Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 (9th Cir. 2006) (courts "may take judicial notice of court filings and other matters of public record.") (citation omitted).  A court may also take notice of the "fact of service of … [a] subpoena" filed in connection with litigation.  *Klein v. Mony Life Ins. Co. of Am.*, 2018 WL 2472916, at *3 (C.D. Cal. May 30, 2018); *see also United States v. TruConnect*, 2020 WL 13534177, at *3 n.1 (C.D. Cal. Nov. 23, 2020) (similar).

**II.    THE COURT SHOULD CONSIDER THE EXHIBITS**

In ruling on Defendants' Motion to Strike or Dismiss, the Court should consider the below documents, which are exhibits to the Caruso Declaration and are incorporated by reference in the Complaint or otherwise subject to judicial notice:

**Exhibits D through I** are true and correct copies of documents filed on the public docket in *iyO Inc. v. Dan Sargent, et al.*, San Francisco County Superior Court Case No. CGC-25-627029, and the docket itself.  Caruso Decl., ¶¶ 5-10.  Because these documents are an undisputed matter of public record, including documents on file in federal or state courts," and publicly available, the Court should take judicial notice of Exhibits D through H.  *Harris*, 682 F.3d at 1132; *see also, e.g., Reyn's Pasta Bella*, 442 F.3d at 746.  **Exhibit L** is a true and correct copy of the Deposition Subpoena of Tang Yew Tan and Request for Production of Documents, served in *iyO Inc. v. Dan Sargent, et al.*, San Francisco County Superior Court Case No. CGC-25-627029.  Caruso Decl., ¶ 13.  The court may take judicial notice of the "fact of service" of this subpoena.  *Klein*, 2018 WL 2472916, at *3; *TruConnect*, 2020 WL 13534177, at *3 n.1.

**Exhibit J** is a true and correct copy of a video of Mr. Rugolo's April 2024 TED Talk, available at https://www.youtube.com/watch?v=L61Kbo3y218. Caruso Decl. ¶ 11.  It is incorporated by reference in at least paragraphs 8, 84, and 178 of the FAC, and iyO relies on it to support its claims.  **Exhibit K** contains true and correct copies of screenshots from iyO's website,

available at https://www.iyo.ai/, https://www.iyo.ai/iyo-one, and https://www.iyo.ai/products/iyo-one.  Caruso Decl. ¶ 12.  This website is also incorporated by reference in the FAC in at least paragraphs 69 and 85 and used by iyO in support of its claims.  As such, these documents should be treated "as though they are part of the complaint itself."  *Khoja*, 899 F.3d at 1002.  In addition, Exhibits J and K have been downloaded from a publicly available webpage that is subject to judicial notice.  *E.g., Perkins*, 53 F. Supp. 3d at 1204; *Threshold Enters.*, 445 F. Supp. 3d at 145.  Plaintiff also affirmatively relied on the TED Talk in connection with its prior request for a temporary restraining order.  ECF 35-1 ¶ 10; ECF 35-4.

**CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court take judicial notice of Exhibits D through L attached to the Caruso Declaration.

DATED:  March 27, 2026

QUINN EMANUEL URQUHART
& SULLIVAN, LLP

By  */s/ Margret M. Caruso*
Margret M. Caruso
*Attorneys for Defendants io Products, Inc.,*
*OpenAI, Inc., OpenAI, LLC, and Sam Altman*

DATED:  March 27, 2026

JONES DAY

By  */s/ Meredith M. Wilkes*
Meredith M. Wilkes
*Attorneys for Defendant Sir Jonathan Paul Ive*

DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF THEIR
MOTION TO STRIKE OR DISMISS THE AMENDED COMPLAINT

## **ATTESTATION**

I, Margret M. Caruso, am the ECF user whose ID and password are being used to file the above document.  In compliance with Local Rule 5-1(i)(3), I hereby attest that Meredith M. Wilkes has concurred in the filing of the above document.


By      */s/ Margret M. Caruso*
         Margret M. Caruso

DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF THEIR
MOTION TO STRIKE OR DISMISS THE AMENDED COMPLAINT