# EXHIBIT B

QUINN EMANUEL URQUHART
& SULLIVAN, LLP
Margret M. Caruso (Bar No. 243473)
margretcaruso@quinnemanuel.com
Sara L. Pollock (SBN 281076)
sarapollock@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone:     (650) 801-5000
Facsimile:     (650) 801-5100

*Attorneys for Defendants io Products, Inc., OpenAI,*
*Inc., OpenAI, LLC, and Sam Altman*

JONES DAY
David Kiernan (Bar No. 215335)
dkiernan@jonesday.com
555 California Street 26th Floor
San Francisco, California 94104
Telephone:     (415) 875-5745

Meredith Wilkes (*pro hac vice forthcoming*)
mwilkes@jonesday.com
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone     (216) 586-7231

*Attorneys for Defendant Sir Jonathan Paul Ive*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IYO, INC.<br><br>                    Plaintiff,<br><br>        v.<br><br>IO PRODUCTS, INC., OPENAI, INC., OPENAI, LLC, SAM ALTMAN, and SIR JONATHAN PAUL IVE,<br><br>                    Defendants. | Case No. 3:25-cv-4861-TLT<br><br>**DECLARATION OF SARA L. POLLOCK IN SUPPORT OF DEFENDANTS' ADMINISTRATIVE MOTION TO EXTEND TIME FOR BRIEFING AND HEARING ANY MOTION FOR PRELIMINARY INJUNCTION** |

Case No. 3:25-cv-4861-TLT

I, Sara L. Pollock, declare as follows:

1.        I am an attorney licensed to practice in the State of California and am a partner of the law firm Quinn Emanuel Urquhart & Sullivan, LLP, counsel for Defendants io Products, Inc., OpenAI, Inc., OpenAI, LLC, and Sam Altman.  I make this declaration in support of Defendants' Administrative Motion to Extend Time for Briefing and Hearing Any Motion for Preliminary Injunction.  I have personal knowledge of the matters set forth in this declaration, and if called as a witness, I would testify competently to them.

2.        During a call with Plaintiff's counsel on January 26, 2026, my colleague Margret Caruso and I informed Plaintiff's counsel that OpenAI's first hardware device will not ship until at least February 2027.  Ms. Caruso asked if Plaintiff would agree to continue the preliminary injunction hearing to January of 2027.  Plaintiff's counsel agreed to consider this proposal, but on January 29 reported that Plaintiff was unwilling to extend the preliminary injunction hearing by more than a month.

3.        On February 2, 2026, Ms. Caruso and I again spoke with Plaintiff's counsel and informed them of Defendants' decision not to use "io" as the name for their future products.  During our call, Ms. Caruso also offered to provide a declaration from a representative at OpenAI to confirm this branding decision.  In light of these developments, Ms. Caruso asked Plaintiff to consent to stipulate to dissolving the TRO and vacating the preliminary injunction motion schedule, given that there is no longer any need for an injunction concerning something OpenAI will not do.

4.        After additional email exchanges, on February 5, 2026, Ms. Caruso and I had another call with Plaintiff's counsel.  On that call, Plaintiff's counsel stated that Plaintiff would not agree to extend the preliminary injunction briefing and would pursue the preliminary injunction, claiming Plaintiff needed an order to ensure against use of the name.  During a second call with Plaintiff's counsel later that day, I suggested that the parties extend the deadlines for any motion for a preliminary injunction into late 2026 through January 2027.  I further explained that Defendants would agree to keep the TRO in place through any extension period.  I explained that this responded to Plaintiff's expressed concern and would ensure no prejudice to Plaintiff while conserving

significant resources for all parties and the Court. Plaintiff's counsel indicated they would get back to us.

5. After receiving no response, I sent two follow-up requests to Plaintiff's counsel asking for their position on the proposed schedule modification with the TRO remaining in place.

6. On Friday, February 6, 2026, after 5:00 p.m., I received an email from Plaintiff's counsel stating, without explanation, that Plaintiff would not agree to extend the preliminary injunction hearing dates.

7. Requiring Defendants to proceed with the current briefing schedule would impose unnecessary burdens on the parties and the Court. Proceeding with the preliminary injunction would require Defendants and the Court to apply the *Sleekcraft* factors in a vacuum—to evaluate whether confusion is likely concerning the name of products that will not be "io" (or "iyO"), and for which there is no product packaging, no marketing, and is still more than one year from release.

8. Plaintiff's motion for preliminary injunction was originally set for hearing on October 7, 2025 at 2:00 p.m. Following Defendants' Appeal of the Court's temporary restraining order to the Ninth Circuit Court of Appeals, the parties stipulated to stay this action for all purposes pending a decision on the Appeal. Dkt. 55. On July 7, 2025, the Court denied the parties' stipulation. Dkt. 62. On July 24, 2025, as part of the Court's Case Management Scheduling Order, the hearing for the Plaintiff's motion for preliminary injunction was reset to April 14, 2026 at 2:00 p.m., with Plaintiff's opening brief due by February 20, 2026, Defendants' opposition due by March 13, 2026, and Plaintiff's reply due by March 27, 2026. Dkt 78. No other time modifications have been sought or granted in this matter.

9. The requested time modifications will not alter any other dates set in this action.

//

//

//

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 9th day of February, 2026, at Redwood Shores, California.

By     */s/ Sara L. Pollock*
Sara L. Pollock

## ATTESTATION

I, Margret M. Caruso, am the ECF user whose ID and password are being used to file the above document.  In compliance with Local Rule 5-1(i)(3), I hereby attest that Sara L. Pollock has concurred in the filing of the above document.


By      */s/ Margret M. Caruso*
      Margret M. Caruso

DECLARATION OF SARA L. POLLOCK ISO MOTION FOR ADMINISTRATIVE RELIEF