# EXHIBIT E

Docusign Envelope ID: BA5D3843-882F-4893-8B62-AA99B5D26F9B

STEVEN S. KAUFHOLD (SBN 157195)
JONATHAN GASKIN (SBN 203625)
LIANA MAYILYAN (SBN 295203)
URVASHI MALHOTRA (SBN 334466)
KAUFHOLD GASKIN LLP
485 Pacific Avenue
San Francisco, CA 94133
Telephone:      415.881.3191
Facsimile:      415.298.0477
Emails:         skaufhold@kaufholdgaskin.com
                jgaskin@kaufholdgaskin.com
                lmayilyan@kaufholdgaskin.com
                umalhotra@kaufholdgaskin.com

*Attorneys for Defendant Dan Sargent*

ELECTRONICALLY
**F I L E D**
*Superior Court of California,*
*County of San Francisco*

**07/11/2025**
**Clerk of the Court**
BY: JAMES FORONDA
Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN FRANCISCO

| | |
|---|---|
| IYO INC., a Delaware corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>DAN SARGENT; and DOES 1 through 10,<br><br>    Defendants. | Case No. CGC-25-627029<br><br>**DECLARATION OF DAN SARGENT IN OPPOSITION TO PLAINTIFF IYO INC.'S *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION AND FOR PROTECTIVE ORDER**<br><br>Date:          July 11, 2025<br>Time:          11:00 a.m.<br>Department:     301<br>Judge:          Hon. Christine Van Aken<br><br>Action Filed:    July 9, 2025<br>Trial Date:     None Set |

DECLARATION OF DAN SARGENT IN OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION FOR
TEMPORARY RESTRAINING ORDER; OSC RE: PI AND PROTECTIVE ORDER
Case No. CGC-25-627029

- 1 -

**<u>DECLARATION OF DAN SARGENT</u>**

I, Dan Sargent, do say and declare:

1. I am a defendant in this action.  I am over 18 years of age and have direct personal knowledge of all facts stated in this declaration.  If called as a witness, I would and could testify competently to these facts under oath.  I make this declaration in opposition to Plaintiff iyO Inc.'s ("iyO") *Ex Parte* Application for a Temporary Restraining Order and for a Preliminary Injunction.

2. I am a mechanical engineer and currently employed as a product design engineer at Apple, Inc.  Before that, I was a Design and Manufacturing Lead, Manager at Plaintiff iyO from June, 2023 until December, 2024.

3. In 2024, I sought employment outside of iyO.  Through a connection with a mutual friend and former colleague Patch Kessler (LoveFrom), I was put in touch with Tang Tan (then employed by LoveFrom). We arranged to meet for dinner. My intent in setting up this meeting and having dinner with Mr. Tan was to seek employment with LoveFrom.

4. On June 6, 2024 I met with Mr. Tan and Mr. Kessler for dinner at Cotogna restaurant in San Francisco. While at dinner, we discussed my previous work as an engineer and my then-current work at iyO in the context of an interview.  I shared information on my capabilities and experience as an engineer and leader.

5. At dinner, I shared a few physical samples of products I had helped develop in the past with Mr. Tan and Mr. Kessler. All of these devices were shown in non-functional, final form factor and were intended only to highlight my skills in building high quality physical goods as a mechanical engineer. None of the devices shown were non-public or confidential.  To the contrary, all of the devices shared were announced publicly by iyO and approved to be worn and used publicly by iyO.  Indeed, iyO encouraged myself and others to wear and use the products in public.  No demonstration of technology or function was conducted in our meeting.

DECLARATION OF DAN SARGENT IN OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER; OSC RE: PI AND PROTECTIVE ORDER
Case No. CGC-25-627029

- 2 -

6. I also showed an early version of my design portfolio in PowerPoint form to Mr. Tan and Mr. Kessler. This portfolio did not include any computer files and could not be saved or manipulated in any way. I have not and did not give a copy to Mr. Tan or Mr. Kessler.

7. After the dinner, I sent two follow-up emails to Mr. Tan expressing my continued interest in working at LoveFrom. Mr. Tan responded stating that there were not any available roles at the time and so I continued my job search, eventually gaining my current employment at Apple.

8. Since my departure from iyO, I have read the declaration submitted by Mr. Tan in the litigation between iyO and LoveFrom/OpenAI. I do not have knowledge of many of the facts asserted there but I do believe that the statements about iyO offering products for sale before they were ready to ship are true and well known in the technology world.

9. I did not disclose to anyone information or materials in violation of my contractual confidentiality obligations to iyO or applicable state or federal law in connection with Mr. Tan and Mr. Kessler or anyone else. I acted in good faith toward iyO and have never intended to cause any harm to the Company in any way.

10. I have not misappropriated any of iyO's trade secrets and do not know at this point what information they claim are trade secrets that I could have misappropriated.

11. My departure from iyO was voluntary and when I left, I was asked to return my Company-issued laptop computer. I did so as requested and deleted all information from the laptop because it was my understanding that iyO preferred that I do so. I did not hear any complaint about this from iyO until it filed this lawsuit and now are trying to assert that I deleted iyO information from the laptop because I had something to hide. That is false. I delivered the laptop the way I believed iyO preferred.

12. Going forward, I have no desire to even discuss iyO, its business or products with any person and I certainly have no intention to misappropriate its trade secrets or breach any contractual obligations to iyO.

DECLARATION OF DAN SARGENT IN OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER; OSC RE: PI AND PROTECTIVE ORDER
Case No. CGC-25-627029

Docusign Envelope ID: BA5D3843-882F-4893-8B62-AA99B5D26F9B

13. My employment with Apple requires that I keep Company information confidential. I currently have Apple confidential information on my phone and also on a laptop that is currently in the possession of Apple. I am deeply concerned that iyO is demanding me to give them my phone and laptop and that, if I do so, I will not be able to carry out my legal obligations to Apple. I do not have Apple's permission to give my phone and laptop to iyO or their agents and I do not want to compromise their confidentiality.

14. There is no need for my electronic devices to be given to iyO or its agents because I have already agreed to preserve all relevant documents and information and I confirm that willingness here.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my personal knowledge, information, and belief.

Executed this 10th day of July 2025, at San Francisco, California.

DocuSigned by:

BBB439F3768A4F9...

Dan Sargent

DECLARATION OF DAN SARGENT IN OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION FOR
TEMPORARY RESTRAINING ORDER; OSC RE: PI AND PROTECTIVE ORDER
Case No. CGC-25-627029

- 4 -