# EXHIBIT L

**SUBP-020**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Dylan W. Wiseman (#173669); David M. Liu (#216311); Nina Moreno (#312748)<br>BUCHALTER, A Professional Corporation<br>425 Market Street, Suite 2900, San Francisco, CA 94105<br>TELEPHONE NO.: (415) 227-0900    FAX NO. *(Optional):* (415) 227-0770<br>E-MAIL ADDRESS *(Optional):* dwiseman@buchalter.com; dliu@buchalter.com<br>ATTORNEY FOR *(Name):* iyO Inc. | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **SAN FRANCISCO**
STREET ADDRESS: 400 McAllister St
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME: Civic Center

PLAINTIFF/ PETITIONER: iyO Inc.

DEFENDANT/ RESPONDENT: Dan Sargent

| DEPOSITION SUBPOENA<br>**FOR PERSONAL APPEARANCE AND PRODUCTION OF DOCUMENTS AND THINGS** | CASE NUMBER:<br>CGC-25-627029 |
|---|---|

THE PEOPLE OF THE STATE OF CALIFORNIA, TO *(name, address, and telephone number of deponent, if known):*
Tang Yew Tan, 4080 El Cerrito Road, Palo Alto, CA 94306

1. **YOU ARE ORDERED TO APPEAR IN PERSON TO TESTIFY AS A WITNESS** in this action at the following date, time, and place:

| Date: September 12, 2025    Time: 9:00 a.m.    Address: 425 Market Street, Suite 2900, San Francisco, CA 94105 |
|---|

   a. ☐   As a deponent who is not a natural person, you are ordered to designate one or more persons to testify on your behalf as to the matters described in item 4. (Code Civ. Proc, § 2025.230.)

   b. ☒   You are ordered to produce the documents and things described in item 3.

   c. ☒   This deposition will be recorded stenographically   ☐ through the instant visual display of testimony
       and by   ☐ audiotape   ☒ videotape.

   d. ☐   This videotape deposition is intended for possible use at trial under Code of Civil Procedure section 2025.620(d).

2. The personal attendance of the custodian or other qualified witness and the production of the original records are required by this subpoena. The procedure authorized by Evidence Code sections 1560(b), 1561, and 1562 will not be deemed sufficient compliance with this subpoena.

3. The documents and things to be produced and any testing or sampling being sought are described as follows:

   ☒   Continued on Attachment 3.

4. If the witness is a representative of a business or other entity, the matters upon which the witness is to be examined are described as follows:

   ☐   Continued on Attachment 4.

5. **IF YOU HAVE BEEN SERVED WITH THIS SUBPOENA AS A CUSTODIAN OF CONSUMER OR EMPLOYEE RECORDS UNDER CODE OF CIVIL PROCEDURE SECTION 1985.3 OR 1985.6 AND A MOTION TO QUASH OR AN OBJECTION HAS BEEN SERVED ON YOU, A COURT ORDER OR AGREEMENT OF THE PARTIES, WITNESSES, *AND* CONSUMER OR EMPLOYEE AFFECTED MUST BE OBTAINED BEFORE YOU ARE REQUIRED TO PRODUCE CONSUMER OR EMPLOYEE RECORDS.**

6. *At the deposition, you will be asked questions under oath. Questions and answers are recorded stenographically at the deposition; later they are transcribed for possible use at trial. You may read the written record and change any incorrect answers before you sign the deposition. You are entitled to receive witness fees and mileage actually traveled both ways. The money must be paid, at the option of the party giving notice of the deposition, either with service of this subpoena or at the time of the deposition. Unless the court orders or you agree otherwise, if you are being deposed as an individual, the deposition must take place within 75 miles of your residence or within 150 miles of your residence if the deposition will be taken within the county of the court where the action is pending. The location of the deposition for all deponents is governed by Code of Civil Procedure section 2025.250.*

| **DISOBEDIENCE OF THIS SUBPOENA MAY BE PUNISHED AS CONTEMPT BY THIS COURT. YOU WILL ALSO BE LIABLE FOR THE SUM OF $500 AND ALL DAMAGES RESULTING FROM YOUR FAILURE TO OBEY.** |
|---|

Date issued: July 28, 2025

Dylan W. Wiseman
     (TYPE OR PRINT NAME)

▶ *(signature)*
    (SIGNATURE OF PERSON ISSUING SUBPOENA)

Attorney for Plaintiff, iyO Inc.
    (TITLE)

*(Proof of service on reverse)*            **Page 1 of 2**

Form Adopted for Mandatory Use
Judicial Council of California
SUBP-020 [Rev. January 1, 2009]

**DEPOSITION SUBPOENA FOR PERSONAL APPEARANCE
AND PRODUCTION OF DOCUMENTS AND THINGS**

Code of Civil Procedure §§ 2020.510,
2025.220, 2025.230, 2025.250, 2025.620;
Government Code, § 68097.1
www.courts.ca.gov

**SUBP-020**

| | |
|---|---|
| PLAINTIFF/PETITIONER: iyO, Inc. | CASE NUMBER: |
| DEFENDANT/RESPONDENT: Dan Sargent | CGC-25-627029 |

## PROOF OF SERVICE OF DEPOSITION SUBPOENA FOR PERSONAL APPEARANCE
## AND PRODUCTION OF DOCUMENTS AND THINGS

1. I served this *Deposition Subpoena for Personal Appearance and Production of Documents and Things* by personally delivering a copy to the person served as follows:

   a. Person served *(name)*:

   b. Address where served:

   c. Date of delivery:

   d. Time of delivery:

   e. Witness fees and mileage both ways *(check one)*:

      (1) ☐   were paid. Amount: ....................$ _____

      (2) ☐   were not paid.

      (3) ☐   were tendered to the witness's public entity employer as required by Government Code section 68097.2. The amount tendered was *(specify)*:................$ _____

   f. Fee for service: ..........................................$ _____

2. I received this subpoena for service on *(date)*:

3. Person serving:

   a. ☐  Not a registered California process server

   b. ☐  California sheriff or marshal

   c. ☐  Registered California process server.

   d. ☐  Employee or independent contractor of a registered California process server

   e. ☐  Exempt from registration under Business and Professions Code section 22350(b)

   f. ☐  Registered professional photocopier

   g. ☐  Exempt from registration under Business and Professions Code section 22451

   h.  Name, address, telephone number, and, if applicable, county of registration and number:

**I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

▶

_____
(SIGNATURE)

**(For California sheriff or marshal use only)**
**I certify** that the foregoing is true and correct.

Date:

▶

_____
(SIGNATURE)

SUBP-020 [Rev. January 1, 2009]

**PROOF OF SERVICE**
**DEPOSITION SUBPOENA FOR PERSONAL APPEARANCE**
**AND PRODUCTION OF DOCUMENTS AND THINGS**

Page 2 of 2

*iYO, Inc. v. Sargent*

**Attachment 3**

**DEFINITIONS AND INSTRUCTIONS**

1.      The term "PERSON" as used herein shall mean and refer to a natural person, firm, association, organization, partnership, business, trust, limited liability company, corporation, or public entity.

2.      The term "COMMUNICATIONS" as used herein shall mean and refer to any and all inquiries, discussions, conferences, conversations, negotiations, agreements, meetings, interviews, telephone conversations, letters correspondence, notes, minutes of meetings, telegrams, facsimiles, electronic communications (including, but not limited to, emails, text messages,  and messages transmitted through electronic messaging apps or social media), memoranda, documents, writings, or other forms of communications, including, but not limited to, both oral and written communications.

3.      The term "DOCUMENT(S)" as used herein shall have the meaning as set forth in California *Evidence Code* Section 250, as defined "'Writing' means handwriting, typewriting, printing, photostating, photographing, and any and every other means of recording upon any tangible thing, any form of communication or representation, including letters, words, pictures, sounds, or symbols or combinations thereof, and any record thereby created, regarding of the manner in which the record has been stored." "DOCUMENT(S)" shall further include any and all AGREEMENTS, reports, records, ledgers, books of account, invoices, receipts, letters, telegrams, handwritten notes, diaries, contracts, agreements, brochures, maps, diagrams, statistical charts, illustrations, publications and transcriptions by mechanical, electronic or photographic means such as punch cards, taped records, magnetic computer disc, microfilm or videotaped materials. "DOCUMENT(S)" shall further include, without limitation, COMMUNICATIONS, electronic files, emails, text messages, electronically stored information, and/or on any disk or other type of electronic media.

4.    The terms "REFER," "RELATE(S) TO," "RELATING TO," "REFERS TO," and "REGARDING" in addition to the customary and usual meaning, as used herein shall each mean consisting of, referring to, describing, discussing, constituting, evidencing, mentioning, concerning, pertaining to, reflecting, citing, summarizing, analyzing, assessing, touching upon, or bearing any logical or factual connection with or to the matter discussed.

5.    If the responding party objects to the demand for inspection of an item or category of item, the response shall:

(a)    Identify with particularity all DOCUMENTS, COMMUNICATIONS, or tangible things falling within any category of item in the demand to which an objection is being made; and

(b)    Set forth clearly the extent of and the specific ground for the objection. If an objection is based on a claim of privilege, the particular privilege invoked shall be stated and a detailed privilege log provided pursuant to *Code of Civil Procedure* Section 2031.240. If an objection is based on a claim that the information sought is protected work product under *Code of Civil Procedure* Section 2018.010, *et seq.*, that claim shall be expressly asserted.

6.    The term "YOU" or "YOUR" means Tang Yew Tan and his agents, employees, independent contractors, and attorneys acting on his behalf or at the behest or direction of his employer(s).

7.    **Format of Production of Electronically Stored Information**: All electronically stored information ("ESI") produced pursuant to these document requests shall be produced as Bates-stamped TIFF images along with an image load file, a data load file with fielded metadata and document-level extracted text files for electronic documents or OCR for scanned hard copy documents. Any spreadsheet files (e.g., Microsoft Excel), audio, video, and dynamic files shall be produced in native form.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS and COMMUNICATIONS between YOU and Dan Sargent and/or Patch Kessler RELATING TO YOUR meeting on or about June 6, 2024 at Cotogna restaurant in San Francisco.

**REQUEST FOR PRODUCTION NO. 2:**

Any DOCUMENTS and COMMUNICATIONS YOU received after YOUR June 6, 2024 meeting with Dan Sargent and/or Patch Kessler RELATING TO any information disclosed by Dan Sargent during that meeting.

**REQUEST FOR PRODUCTION NO. 3:**

Any COMMUNICATIONS YOU had, with PERSON(S) other than Dan Sargent and/or Patch Kessler RELATING TO YOUR COMMUNICATIONS with Dan Sargent.

**REQUEST FOR PRODUCTION NO. 4:**

Any DOCUMENTS and COMMUNICATIONS YOU received from Dan Sargent during or after YOUR meeting with him on June 6, 2024 at Cotogna restaurant.

**REQUEST FOR PRODUCTION NO. 5:**

Any DOCUMENTS and COMMUNICATIONS YOU relied upon or reviewed by YOU to attest to the accuracy of the Declaration of Tang Yew Tan in Support of Defendants' Opposition to Plaintiff IYO, INC's Motion for Temporary Restraining Order and for Preliminary Injunction in the matter of *IYO, INC v. IO PRODUCTS, INC.*, et al., U.S.D.C. N.D. Cal., Case No. 3:25-cv-04861 ("Tan Declaration").

BUCHALTER
A Professional Corporation
DYLAN W. WISEMAN (SBN: 173669)
DAVID M. LIU (SBN: 216311)
NINA MORENO (SBN: 312748)
425 Market Street, Suite 2900
San Francisco, CA 94105-2491
Telephone: (415) 227-0900
Fax: (415) 227-0770
Emails:  *dwiseman@buchalter.com*
          *dliu@buchalter.com*
          *nmoreno@buchalter.com*

Attorneys for Plaintiff
iyO Inc.

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF SAN FRANCISCO

| | |
|---|---|
| IYO INC., a Delaware corporation,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DAN SARGENT; and DOES 1 through 10,<br><br>　　　　Defendants. | Case No.: CGC-25-627029<br><br>**PROOF OF SERVICE**<br><br><br><br>Action Date: July 9, 2025<br>Trial Date:　None Set |

## PROOF OF SERVICE

The undersigned declares:

I am employed in the County of Sacramento, State of California. I am over the age of 18 and am not a party to the within action; my business address is c/o Buchalter, 500 Capitol Mall, Suite 1900, Sacramento, CA 95814.

On July 29, 2025, I, Peter Vue, served the following document(s):

1. **NOTICE OF TAKING DEPOSITION OF TANG YEW TAN AND REQUEST FOR PRODUCTION OF DOCUMENTS**
2. **DEPOSITION SUBPOENA FOR PERSONAL APPEARANCE AND PRODUCTION OF DOCUMENTS AND THINGS TO TANG YEW TAN**

| | |
|---|---|
| Steve Kaufhold<br>KAUFHOLD GASKIN LLP<br>485 Pacific Avenue<br>San Francisco, CA 94133<br>Email: *skaufhold@kaufholdgaskin.com*<br>*lmayilyan@kaufholdgaskin.com* | Attorneys for Defendant<br>DAN SARGENT |

on all other parties and/or their attorney(s) of record to this action:

☑    **BY EMAIL**    On the same day, I personally electronically served from my electronic address pvue@buchalter.com in "PDF" format, the document(s) described above, to the individual(s) stated above to their known email/electronic addresses as shown below. The transmission was reported as complete and without error. (CCP §1010.6; CRC §2.251, *et seq.*)

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge. Executed on July 29, 2025, at Sacramento, California.

_____
Peter Vue

BUCHALTER<br>A PROFESSIONAL CORPORATION<br>SAN FRANCISCO

BN 91015048v1                                    2
**PROOF OF SERVICE**

BUCHALTER
A Professional Corporation
DYLAN W. WISEMAN (SBN: 173669)
DAVID M. LIU (SBN: 216311)
NINA MORENO (SBN: 312748)
425 Market Street, Suite 2900
San Francisco, CA 94105-2491
Telephone: (415) 227-0900
Fax: (415) 227-0770
Emails: dwiseman@buchalter.com
        dliu@buchalter.com
        nmoreno@buchalter.com

Attorneys for Plaintiff,
IYO INC.

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN FRANCISCO

| | |
|---|---|
| IYO INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>DAN SARGENT, an individual;<br>and DOES 1 through 10,<br><br>Defendants. | CASE NO. CGC-25-627029<br>*Assigned to Hon. Christine Van Aken,<br>Department 301*<br><br>**NOTICE OF TAKING DEPOSITION OF TANG YEW TAN AND REQUEST FOR PRODUCTION OF DOCUMENTS**<br><br>Date:       September 12, 2025<br>Time:       9:00 a.m.<br>Place:      425 Market Street, Ste. 2900<br>            San Francisco, CA 94105<br><br>Complaint Filed:   July 9, 2025<br>Trial Date:        None Set |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD HEREIN:**

**PLEASE TAKE NOTICE** that, pursuant to Sections 2025.010, *et seq.*, of the California Code of Civil Procedure, Plaintiff IYO INC. ("iyO"), by and through its attorneys of record, will take the deposition, on oral examination, of TANG YEW TAN ("Tan"), commencing at 9:00 a.m. on September 12, 2025, at the office of counsel for Plaintiff (described above), and continuing from day to day, Saturdays, Sundays and legal holidays excluded, until completed, or until any time limitation imposed by statute or agreed upon by the parties is reached.

/ / /

/ / /

BUCHALTER
A Professional Corporation
San Francisco

BN 91575358v1

1

**NOTICE OF TAKING DEPOSITION OF
TANG YEW TAN AND REQUEST FOR PRODUCTION OF DOCUMENTS**

**PLEASE TAKE FURTHER NOTICE** that the deposing party intends to cause the proceedings to be recorded both stenographically, including by the instant display of testimony, before a certified court reporter, and by video recording—whether the deposition is conducted in-person or remotely. The deposing party specifically reserves the right to use the video at the time of trial.

If an interpreter is required, the undersigned must be notified in writing at least five (5) days prior to the deposition date of the language spoken by the deponent.

**NOTICE IS FURTHER GIVEN** that the deposing party reserves the right to conduct this deposition remotely utilizing secure web-based deposition options, which may include video teleconferencing and the exchange and presentation of deposition exhibits electronically. These secure web-based deposition options allow for remote/virtual access to those parties wishing to participate in the deposition via the internet, telephone, or both. Also take notice that the court reporter may participate remotely for purposes of reporting the deposition and may or may not be in the presence of the deponent. Please contact counsel for the deposing party at least five (5) calendar days prior to the deposition to request to appear remotely via secure web-based deposition means so that any necessary credentials, call-in numbers, testing, and other arrangements can be made and provided to you prior to the deposition.

**NOTICE IS FURTHER GIVEN** that, pursuant to California Code of Civil Procedure sections 2025.220(a)(4) and 2025.280(a), the deponent is required to produce the documents, records and other materials described below, which are in his possession, or under the custody or control of any of his agents, representatives, and/or attorneys, on or before the date and time set forth for his deposition. The documents to be produced by the deponent are as follows:

///

///

///

///

///

///

BUCHALTER
A PROFESSIONAL CORPORATION
SAN FRANCISCO

BN 91575358v1

2

**NOTICE OF TAKING DEPOSITION OF**
**TANG YEW TAN AND REQUEST FOR PRODUCTION OF DOCUMENTS**

**DOCUMENTS TO BE PRODUCED**

**REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS and COMMUNICATIONS between YOU and Dan Sargent and/or Patch Kessler RELATING TO YOUR meeting on or about June 6, 2024 at Cotogna restaurant in San Francisco.

**REQUEST FOR PRODUCTION NO. 2:**

Any DOCUMENTS and COMMUNICATIONS YOU received after YOUR June 6, 2024 meeting with Dan Sargent and/or Patch Kessler RELATING TO any information disclosed by Dan Sargent during that meeting.

**REQUEST FOR PRODUCTION NO. 3:**

Any COMMUNICATIONS YOU had, with PERSON(S) other than Dan Sargent and/or Patch Kessler RELATING TO YOUR COMMUNICATIONS with Dan Sargent.

**REQUEST FOR PRODUCTION NO. 4:**

Any DOCUMENTS and COMMUNICATIONS YOU received from Dan Sargent during or after YOUR meeting with him on June 6, 2024 at Cotogna restaurant.

**REQUEST FOR PRODUCTION NO. 5:**

Any DOCUMENTS and COMMUNICATIONS YOU relied upon or reviewed by YOU to attest to the accuracy of the Declaration of Tang Yew Tan in Support of Defendants' Opposition to Plaintiff IYO, INC's Motion for Temporary Restraining Order and for Preliminary Injunction in the matter of *IYO, INC v. IO PRODUCTS, INC.*, et al., U.S.D.C. N.D. Cal., Case No. 3:25-cv-04861 ("Tan Declaration").

DATED: July 28, 2025

BUCHALTER
A Professional Corporation

By: _____
DYLAN W. WISEMAN
DAVID M. LIU
NINA MORENO

Attorneys for Plaintiff,
IYO INC.

BUCHALTER
A PROFESSIONAL CORPORATION
SAN FRANCISCO

BN 91575358v1

3