QUINN EMANUEL URQUHART & SULLIVAN, LLP
Margret M. Caruso (Bar No. 243473)
margretcaruso@quinnemanuel.com
Sara L. Pollock (SBN 281076)
sarapollock@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone:    (650) 801-5000
Facsimile:    (650) 801-5100

*Attorneys for Defendants io Products, Inc., OpenAI,*
*Inc., OpenAI, LLC, and Sam Altman*

JONES DAY
David Kiernan (Bar No. 215335)
dkiernan@jonesday.com
555 California Street 26th Floor
San Francisco, California 94104
Telephone:    (415) 875-5745

Meredith Wilkes (*pro hac vice*)
mwilkes@jonesday.com
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone    (216) 586-7231

*Attorneys for Defendant Sir Jonathan Paul Ive*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| IYO, INC.,<br><br>             Plaintiff,<br><br>      vs.<br><br>IO PRODUCTS, INC., OPENAI, INC., OPENAI, LLC, SAM ALTMAN, and SIR JONATHAN PAUL IVE,<br><br>             Defendants. | Case No. 3:25-cv-04861<br><br>**DEFENDANTS' OBJECTIONS TO REPLY EVIDENCE**<br><br>Judge:  Hon. Trina L. Thompson<br>Hearing:  April 14, 2026 at 2 pm |

Pursuant to Civil Local Rule 7-3(d)(1), Defendants io Products, Inc., OpenAI, Inc., OpenAI, LLC, Sam Altman, and Sir Jonathan Paul Ive (collectively, "Defendants") object to new and improper reply evidence submitted by Plaintiff iyO, Inc. ("Plaintiff") (ECF 126) in support of its Motion for Preliminary Injunction (ECF 110).

**Declaration of Andrew D. Skale in Support of Plaintiff's Reply Memo ISO Mtion [sic] For Preliminary Injunction ("Skale Declaration") Exhibits F - M (as referenced in Skale Decl. ¶¶ 3-10)**

Objection: Relevance; FRE 403; and improper new reply evidence.

Ground:  iyO was previously told that it was not allowed to hold back evidence for reply. See ECF 51 at 6 (excluding submitted exhibits because "Plaintiff did not raise its notes in Exhibit K and Paragraph 3, nor its statements in Paragraphs 5 and 12 until the reply briefing.").  Undeterred, iyO submitted **nearly nine hundred pages** of new exhibits with its preliminary injunction reply brief—after it had filed an opening brief that was accompanied by no substantive evidence at all. As Defendants previously showed, iyO's sandbagging practice violates Local Rules 7-2(d) and 7-5, which require that substantive evidence accompany the opening brief.  See Opp. 10.  Because iyO's reply evidence is offered in support of the exact same arguments raised in its opening brief (compare Mot. 7-9, 11 with Reply 3-4), its submission deprived Defendants of a meaningful opportunity to respond and should be excluded.  *See, e.g., Crandall v. Starbucks Corp.*, 249 F. Supp. 3d 1087, 1104 (N.D. Cal. 2017) ("[C]ourts typically do not consider new evidence first submitted in a reply brief because the opposing party has no opportunity to respond to it.").

The reply evidence is also irrelevant.  The bulk of it consists of alleged applications filed for trademark registrations regarding the io name **in 2023**.  None of these applications have been granted; some were rejected due to third party marks not at issue here, including numerous "io" marks, and no statement of use was filed in connection with any application (a necessary prerequisite to obtaining trademark rights).  These applications stand for the unremarkable fact that, prior to Defendant io Products, Inc. merging with OpenAI, registration was sought for the name io.  If anything, the office action rejections in view of third party marks also tend to demonstrate that there is a crowded field of "io" marks that is not exclusively owned by iyO; indeed, none of the confusion

determinations were based on iyO's registration. They do not rebut Defendants' claims *in 2026* that they have no plans to use the io name in connection with any AI hardware. The Court should exclude this evidence as both procedurally improper and substantively irrelevant.

## CONCLUSION

The Court should sustain Defendants' objections to paragraphs 3-10 and Exhibits F-M to the Skale Declaration.

Dated:   April 3, 2026

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: _/s/ Margret M. Caruso_
Margret M. Caruso

*Attorneys for Defendants io Products, Inc., OpenAI, Inc., OpenAI, LLC, and Sam Altman*

Dated:   April 3, 2026

JONES DAY

By: _/s/ Meredith M. Wilkes_
Meredith M. Wilkes

*Attorneys for Defendant Sir Jonathan Paul Ive*

DEFENDANTS' OBJECTIONS TO REPLY EVIDENCE

**FILER'S ATTESTATION**

I, Margret M. Caruso, am the ECF user whose ID and password are being used to file the above document.  In compliance with Local Rule 5-1(i)(3), I hereby attest that Meredith M. Wilkes has concurred in the filing of the above document.


By _____/s/ Margret M. Caruso_____
Margret M. Caruso

Case No. 3:25-cv-04861
DEFENDANTS' OBJECTIONS TO REPLY EVIDENCE