QUINN EMANUEL URQUHART
& SULLIVAN, LLP
Margret M. Caruso (Bar No. 243473)
margretcaruso@quinnemanuel.com
Sara L. Pollock (Bar No. 281076)
sarapollock@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone:     (650) 801-5000
Facsimile:     (650) 801-5100

*Attorneys for Defendants io Products, Inc.,*
*OpenAI, Inc., OpenAI, LLC, and Sam Altman*

JONES DAY
David Kiernan (Bar No. 215335)
dkiernan@jonesday.com
555 California Street 26th Floor
San Francisco, California 94104
Telephone:     (415) 875-5745

Meredith Wilkes (admitted *pro hac vice*)
mwilkes@jonesday.com
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone      (216) 586-7231

*Attorneys for Defendant Sir Jonathan Paul Ive*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IYO, INC. <br><br> Plaintiff, <br><br> v. <br><br> IO PRODUCTS, INC., OPENAI, INC., OPENAI, LLC, SAM ALTMAN, and SIR JONATHAN PAUL IVE, <br><br> Defendants. | Case No. 3:25-cv-4861-TLT <br><br> **DEFENDANTS' RESPONSE TO IYO'S OBJECTIONS TO THE DECLARATION OF SARA L. POLLOCK** |

DEFENDANTS' RESPONSE TO IYO'S OBJECTIONS TO THE DECLARATION OF SARA L. POLLOCK

iyO's separately-filed evidentiary objections to the Declaration of Sara L. Pollock (ECF 127) ("Objections") should be overruled.  They violate this Court's local rules, identify no cognizable legal basis for exclusion, and—most tellingly—seek to suppress documents that iyO itself was obligated to produce and never did.

## I.    THE OBJECTIONS VIOLATE THE LOCAL RULES

Local Rule 7-3(c) unequivocally states: "Any evidentiary and procedural objections to the opposition must be ***contained within*** the reply brief or memorandum" (emphasis added).  Plaintiff's three-page supplemental filing of evidentiary objections is plainly not "contained within the reply brief."  This supplemental memorandum should be disregarded in its entirety.

Courts in this district routinely strike, disregard, and/or overrule objections that are set out in a separate document and not contained within a party's brief.  *See Strumlauf v. Starbucks Corp.*, 2018 WL 306715, at *4 (N.D. Cal. Jan. 5, 2018) ("[P]laintiffs make their evidentiary objections in a separate motion rather than within their opposition brief as required by Local Rule 7-3[] which is procedurally improper and an independent basis to deny the motion."); *Govindarajan v. Gov't Emp. Ins. Co.*, 437 F. Supp. 3d 751, 760 (N.D. Cal. 2020) ("[T]he Court declines to consider Defendant's separate 'Evidentiary Objections' and 'will only address the evidentiary arguments to the extent they are raised' in Defendant's reply brief.") (citation omitted); *Hennighan v. Insphere Ins. Sols., Inc.*, 38 F. Supp. 3d 1083, 1095 (N.D. Cal. 2014), *aff'd*, 650 F. App'x 500 (9th Cir. 2016) (striking separately-filed objections for "failing to comply with the Local Rules"); *Crandall v. Starbucks Corp.*, 249 F. Supp. 3d 1087, 1103 (N.D. Cal. 2017) (overruling objections because "[b]y ignoring Rule 7–3[], Defendant fit more argument into its brief than it otherwise could have"); *Moralez v. Wal-Mart Stores Inc.*, 2018 WL 5458767, at *2 n.1 (N.D. Cal. Oct. 28, 2018) ("disregard[ing] all evidentiary objections not contained within defendants' opposition brief."); *Carrasco v. Bank of Am.*, 2022 WL 20242801, at *6 n.3 (N.D. Cal. Apr. 22, 2022) (declining to consider objections that were not contained in a party's brief); *Green v. First Tennessee Bank Nat'l Ass'n*, 2021 WL 4846952, at *1 n.2 (N.D. Cal. Oct. 18, 2021) ("As Green failed to comply with the Civil Local Rules for objections, the Court disregards Green's evidentiary objections.").  iyO's separately filed objections warrant the same outcome.

DEFENDANTS' RESPONSE TO IYO'S OBJECTIONS TO THE DECLARATION OF SARA L. POLLOCK

## II.    THE OBJECTIONS ARE SUBSTANTIVELY MERITLESS

Even if the Court were to overlook iyO's procedural violation, iyO's objections fail on the merits.  The bulk of what iyO objects to are public screenshots of *iyO's own statements*—drawn from its official website, its social media feeds, its CEO's social media, its trademark filing, and a published interview given by its CEO.  iyO cannot claim prejudice from Defendants' reliance on iyO's own statements—particularly where iyO had a full opportunity to respond to any perceived incompleteness on reply.

iyO's generic claims of prejudice (Objections at 2) ring particularly hollow given that (before committing not to use "io" as a name for AI hardware) Defendants sought discovery from iyO on these very issues, and iyO agreed to provide it.  For example, Defendants offered Exhibits J, M, and N to the Pollock Declaration to illustrate iyO's previously promised anticipated shipping dates for the iyO One, which iyO did not meet.  Mot. 2.  Defendants requested this information from iyO in December 2025, and in responses served on February 6, 2026, iyO agreed to "produce non-privileged documents in its possession, custody, or control concerning anticipated shipping dates for IYO products in 2025."  Ex. 1 at 14 (RFP 18).  But iyO produced no documents in response to this, or any other request, before Defendants' opposition brief was due.

Defendants offered Exhibit E to illustrate iyO's statements that the iyO one was intended for "tech early adopters, for audiophiles, for AI enthusiasts," and is not "a mass market device."  Mot. 5.  Again, in December, Defendants had requested documents sufficient to show the characteristics of iyO's target customers, and iyO agreed to produce them.  Ex. 1 at 13-14 (RFP 17).  Similarly, Defendants offered Exhibit Q to illustrate the multitude of steps involved in iyO's custom fitting process for its headphones.  Mot. 11-12.  Here too, Defendants had requested this information in December, and iyO agreed to produce "documents sufficient to show the custom fitting process required for IYO products."  Ex. 1 at 11 (RFP 12).

Having agreed to produce documents concerning these subject matters and then withheld every document in its possession until after Defendants filed their opposition, iyO cannot be heard to complain of prejudice.  Its objections should be denied for this reason alone.

iyO's remaining ground for its objection is likewise baseless. Rule 37(c) (cited in Objections at 2) applies only when there has been a "Failure to Disclose or Supplement." iyO identifies no such failure. There is no deadline by which Defendants were required to make a disclosure but did not, and the Court's scheduling order (ECF 78) contains none. Nor does iyO attempt to explain under what authority Defendants were obligated to have produced any conceivable document they would rely on *in opposition* to iyO's motion before iyO had actually filed that motion.

Indeed, iyO itself made its first production of documents in this matter just *two days* before it filed its objections—underscoring that there was no deadline for production of preliminary injunction evidence. None of iyO's cited cases (Objections at 2-3) remotely resembles this situation. Rather, all involve the exclusion of damages theories, expert reports, or other nonpublic information produced after the close of fact or expert discovery. *See R & R Sails, Inc. v. Ins. Co. of the Pa.*, 673 F.3d 1240, 1246 (9th Cir. 2012) (reversing district court's decision to exclude documents not produced during fact discovery under Rule 37(c) as "particularly harsh"); *YETI by Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) (affirming exclusion of expert's testimony after expert report was late-disclosed); *Hoffman v. Constr. Protective Servs.*, 541 F.3d 1175 (9th Cir. 2008) (affirming exclusion of damages calculation not disclosed during discovery); *Gryglak v. HSBC Bank USA, N.A.*, 2023 U.S. App. LEXIS 10946, at *4 (9th Cir. May 4, 2023) (similar, on summary judgment); *Kendall Dealership Holdings, LLC v. Warren Distribution, Inc.*, 2021 U.S. Dist. LEXIS 187809, at *21-24 (D. Alaska Sep. 30, 2021) (excluding documents received from third party not identified during discovery); *Van Steenwyk v. Van Steenwyk*, 2022 U.S. Dist. LEXIS 186936 (C.D. Cal. Oct. 12, 2022) (affirming exclusion of documents not produced during discovery).

Even if a deadline did apply, Rule 37(c) does not support exclusion here because the challenged exhibits are publicly available documents, many of which reveal iyO's own conduct. *See, e.g, Diaz v. Cnty. of Ventura*, 512 F. Supp. 3d 1030, 1035 (C.D. Cal. 2021) (overruling evidentiary objections "because the videos are publicly available and depict [Defendant's] own conduct and events that he observed firsthand"); *QS Wholesale, Inc. v. World Mktg., Inc.*, 2013 WL 12114508, at *3 (C.D. Cal. July 9, 2013) ("publicly available" documents are "beyond the scope of

DEFENDANTS' RESPONSE TO IYO'S OBJECTIONS TO THE DECLARATION OF SARA L. POLLOCK

Rule 26(a)(1)(A)(ii) disclosure requirements" and would not be excluded under Rule 37). Every exhibit iyO objects to was publicly available on the internet, and therefore falls outside the scope of the rule.

The real reason for iyO's objections is that it knows that its own prior statements directly contradict the statements in its preliminary injunction and preclude this Court from ruling in its favor. This shows relevance—not the sort of prejudice that Rule 37 is designed to prevent. iyO's objections should be overruled.

DATED: April 3, 2026    QUINN EMANUEL URQUHART
& SULLIVAN, LLP


By _____ */s/ Margret M. Caruso* _____
    Margret M. Caruso
    *Attorneys for Defendants io Products, Inc.,*
    *OpenAI, Inc., OpenAI, LLC, and Sam Altman*


DATED: April 3, 2026    JONES DAY


By _____ */s/ Meredith M. Wilkes* _____
    Meredith M. Wilkes
    *Attorneys for Defendant Sir Jonathan Paul Ive*

DEFENDANTS' RESPONSE TO IYO'S OBJECTIONS TO THE DECLARATION OF SARA L. POLLOCK

**ATTESTATION**

I, Margret M. Caruso, am the ECF user whose ID and password are being used to file the above document.  In compliance with Local Rule 5-1(i)(3), I hereby attest that Meredith M. Wilkes has concurred in the filing of the above document.


By _____ */s/ Margret M. Caruso* _____
Margret M. Caruso

DEFENDANTS' RESPONSE TO IYO'S OBJECTIONS TO THE DECLARATION OF SARA L. POLLOCK