# EXHIBIT 1

MINTZ, LEVIN, COHN, FERRIS,
GLOVSKY AND POPEO, P.C.
Andrew D. Skale (211096)
Adskale@mintz.com
Laura Franco (186765)
LFranco@mintz.com
Anthony J. Viola (*pro hac vice*)
AJViola@mintz.com
Kara M. Cormier (*pro hac vice*)
KMCormier@mintz.com
44 Montgomery Street, 36th Floor
San Francisco, CA 94104
Tel.: (415) 432-6000

*Attorneys for Plaintiff Iyo, Inc.*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| IYO, INC.,<br><br>          Plaintiff,<br><br>     vs.<br><br>IO PRODUCTS, INC., OPENAI, INC., OPENAI, LLC, SAM ALTMAN, and SIR JONATHAN PAUL IVE,<br><br>          Defendants. | Case No.  3:25-cv-04861<br><br>**PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT OPENAI, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION**<br><br>Case Assigned to Honorable Trina L. Thompson in Courtroom 9<br><br>Complaint Filed:  June 9, 2025 |

Plaintiff iyO, Inc. ("Plaintiff"), through its attorneys, Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C., hereby objects and provides the following answers to Defendant OpenAI, Inc.'s ("OpenAI") First Set of Request for Production (the "Requests"):

## GENERAL OBJECTIONS

1.     These General Objections are incorporated by reference into the response to each individual request for production of documents, to the extent applicable, whether or not stated in any

1

individual response.  By agreeing to produce any documents as may be in its possession, custody, or control that are responsive to certain requests, Plaintiff makes no representation as to whether such documents actually exist.  Production of documents in response to the Requests is qualified by the objections, whether general or specific, asserted herein.  Production of documents does not waive any objections asserted.

2.      Plaintiff objects to the Requests to the extent that they require an unduly burdensome search and production, are not relevant to the subject matter at issue in this action, are overbroad and not reasonably calculated to lead to the discovery of admissible evidence, or call for the production of information or documents not within their possession, custody or control.

3.      Plaintiff objects to the Requests to the extent they call for production of confidential, proprietary, commercial or financial information or documents, without entry of a suitable protective order.

4.      By its production of any documents or information in response to the Requests, Plaintiff does not waive any right to object to the admissibility of any such documents or information, at or before trial, or otherwise.  All such objections are expressly reserved.  Specific objections to individual requests are stated in response to each such request.

5.      Plaintiff objects to the Requests (and the Definitions and Instructions therein) to the extent they seek to impose an obligation that exceeds a litigant's obligations as provided by the Federal Rules of Civil Procedure, the Local Rules, Orders of this Court, and any other applicable rule or law.

6.      Plaintiff objects to the Requests to the extent they seek production of documents protected by the attorney-client privilege, the work product privilege, and any other applicable statutory or common law privilege, prohibition, limitation or immunity from disclosure. Plaintiff will not produce such privileged materials or disclose such privileged information, and any inadvertent disclosure thereof shall not be deemed a waiver of any privilege, immunity, prohibition or limitation

2

with respect to such documents.  Nothing contained in these responses is intended as a waiver of the attorney-client privilege, the work product privilege or any other applicable privilege, immunity, prohibition, or limitation, and Plaintiff reserves the right to assert objections on the basis of such privileges, immunities, prohibitions and limitations to the greatest extent permitted by law.

7.      Plaintiff objects to the definition of "You," "Your" and/or "iyO" as overbroad to the extent it includes "predecessors, successors . . . former officers, directors, employees, representatives, and all persons or entities acting or purporting to act or that have acted or purported to have acted on behalf of any of the foregoing."  For purposes of these Responses, "You," "Your" and/or "iyO" shall mean iyO and its [present] officers, directors and employees.

8.      Plaintiff objects to the Requests to the extent they seek the production of documents that are public in nature and thus are equally accessible to OpenAI as they are to Plaintiff.  Consequently, Plaintiff should not be required to bear the burden associated with producing such publicly available documents.

9.      Plaintiff will respond to the Requests based on the best of its present knowledge, information, and belief.  The responses are, at all times, subject to such additional or different information and additional documents that discovery or future investigation may disclose, and such additional knowledge or facts as may result from either discovery or investigation.  Plaintiff reserves its right to supplement or amend its responses upon, among other things, discovery of additional facts and materials and other developments in this proceeding.

10.     Plaintiff objects to the Instructions to the extent they require Plaintiff to produce documents in the possession, custody or control of its "agents, attorneys, representatives, and all others acting on Your behalf."

11.     Plaintiff objects to the Instructions to the extent that they purport to require Plaintiff to produce electronic information in a particular format that is inconsistent with the Federal Rules of

3

Civil Procedure or the Local Rules.

12.     Plaintiff objects to the Instructions to the extent they require hard copy documents to be produced in a specific manner that is inconsistent with the Federal Rules of Civil Procedure or the Local Rules.

13.     Plaintiff objects to the Requests to the extent they are temporally overbroad and/or unlimited.  For purposes of these responses, the time period shall be limited to information after February 1, 2022 and prior to June 9, 2025 (the date of Plaintiff's Complaint) unless limited further by the specific Request.

## **DOCUMENT REQUESTS**

**REQUEST NO. 1:**

Documents and Communications Reflecting or Relating To any statement or inquiry that You contend reflects or references confusion (Including consumer confusion) Relating To Defendants' use of the word "io."

**RESPONSE TO REQUEST NO. 1:**

Plaintiff incorporates its foregoing General and Specific Objections as though fully set forth herein and additionally objects to this request on the grounds that the terms "inquiry" and "confusion" are vague and ambiguous.  Plaintiff further objects to the extent the request calls for speculation and seeks documents or information outside Plaintiff's possession, custody, or control.  Plaintiff further objects to this request to the extent it seeks documents or information protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiver of the foregoing objections, and subject to the entry of a suitable protective order, Plaintiff will produce non-privileged documents in its possession, custody, or control concerning confusion arising from Defendants' use of the term "io."

4

**REQUEST NO. 2:**

Documents and Communications to which Jason Rugolo was referring when he wrote that he was "getting blown up on the name situation" as reflected in Exhibit I to the June 9, 2025 Rugolo Declaration.

**RESPONSE TO REQUEST NO. 2:**

Plaintiff incorporates its foregoing General and Specific Objections as though fully set forth herein and additionally objects to this request to the extent it calls for documents or information protected by the attorney-client privilege and/or work product doctrine.  Plaintiff further objects to this request to the extent it seeks production of irrelevant, confidential, proprietary, or commercially sensitive information.

Subject to and without waiver of the foregoing objections, and subject to the entry of a suitable protective order, Plaintiff will produce non-privileged documents in its possession, custody, or control concerning Jason Rugolo's statement regarding "getting blown up on the name situation," as reflected in Exhibit I to the June 9, 2025 Rugolo Declaration.

**REQUEST NO. 3**:

Documents and Communications Reflecting or Relating To confusion between You or any of the iyO Products You Have Sold Or Advertised and any third party or its product, service, or company relating to Your use of "iyO."

**RESPONSE TO REQUEST NO. 3:**

Plaintiff incorporates its foregoing General and Specific Objections as though fully set forth herein and additionally objects to this request to the extent it seeks documents or information outside Plaintiff's possession, custody, or control.  Plaintiff further objects to this request to the extent it seeks documents or information protected by the attorney-client privilege and/or work product doctrine and to the extent it seeks production of confidential, proprietary, or commercially sensitive information.

PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT OPENAI, INC.'S
FIRST SET OF REQUESTS FOR PRODUCTION (CASE NO. 3:25-CV-4861)

Subject to and without waiver of the foregoing objections, Plaintiff responds that after a reasonably diligent search, it has not located any responsive documents.

**REQUEST NO. 4:**

Documents and Communications Relating To Your position that investors have stated the concern that the public will believe that iyO is stealing Defendants' brand.

**RESPONSE TO REQUEST NO. 4:**

Plaintiff incorporates its foregoing General and Specific Objections as though fully set forth herein and additionally objects to this request to the extent it misstates Plaintiff's position. Plaintiff further objects to this request to the extent it calls for speculation and seeks documents or information outside Plaintiff's possession, custody, or control. Plaintiff further objects to this request to the extent it seeks documents or information protected by the attorney-client privilege and/or work product doctrine and to the extent it seeks production of confidential, proprietary, or commercially sensitive information.

Subject to and without waiver of the foregoing objections, and subject to the entry of a suitable protective order, Plaintiff will produce non-privileged documents in its possession, custody, or control concerning investor statements that the public would believe IYO is stealing Defendants' brand.

**REQUEST NO. 5:**

Documents and Communications supporting or refuting Your position that iyO's capital raise had been going well before OpenAI made the May 21, 2025, announcement.

**RESPONSE TO REQUEST NO. 5:**

Plaintiff incorporates its foregoing General and Specific Objections as though fully set forth herein and additionally objects to this request on the grounds that it is vague and ambiguous, overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects that the phrase "going well" is vague

and ambiguous and calls for speculation. Plaintiff further objects to this request to the extent it seeks documents or information protected by the attorney-client privilege and/or work product doctrine and to the extent it seeks production of confidential, proprietary, or commercially sensitive financial information.

Subject to and without waiver of the foregoing objections, and subject to the entry of a suitable protective order, Plaintiff will produce non-privileged documents in its possession, custody, or control sufficient to show Plaintiff's financial position as of May 2025.

**REQUEST NO. 6:**

Documents and Communications Reflecting Your outreach to and/or Communications with investors, potential investors, acquirers or potential acquirers since August 2021 in connection with efforts to support the development, sale, or marketing of the iyO Products You Have Sold Or Advertised, or otherwise in connection with the "iyO" name.

**RESPONSE TO REQUEST NO. 6:**

Plaintiff incorporates its foregoing General and Specific Objections as though fully set forth herein and additionally objects to this request on the grounds that it is vague and ambiguous, overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to the extent the request seeks irrelevant documents and is thus not proportional to the needs of the case.

Subject to and without waiver of the foregoing objections, Plaintiff responds that it will not produce any documents responsive to this request.

**REQUEST NO. 7:**

Documents sufficient to show each investment You have received since August 2021, Including the date, amount, and investor identity, in connection with efforts to support the

7

development, sale, or marketing of the iyO Products You Have Sold Or Advertised, or otherwise in connection with the "iyO" name.

**RESPONSE TO REQUEST NO. 7:**

Plaintiff incorporates its foregoing General and Specific Objections as though fully set forth herein and additionally objects to this request on the grounds that it is vague and ambiguous, overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this request to the extent it seeks production of confidential, proprietary, or commercially sensitive financial information. Plaintiff further objects to this request to the extent it seeks documents and information outside the relevant time period.

Subject to and without waiver of the foregoing objections, and subject to the entry of a suitable protective order, Plaintiff will produce non-privileged documents in its possession, custody, or control sufficient to show investments Plaintiff received in 2025.

**REQUEST NO. 8:**

Investor presentations and draft investor presentations You have created, commissioned, or presented since August 2021 in connection with efforts to support the development, sale, or marketing of the iyO Products You Have Sold Or Advertised, or otherwise in connection with the "iyO" name.

**RESPONSE TO REQUEST NO. 8:**

Plaintiff incorporates its foregoing General and Specific Objections as though fully set forth herein and additionally objects to this request on the grounds that it seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this request to the extent it seeks documents or information protected by the attorney-client privilege and/or work product doctrine and to the extent it seeks production of confidential, proprietary, or

8

commercially sensitive financial information.  Plaintiff further objects to this request to the extent it seeks documents and information outside the relevant time period.

Subject to and without waiver of the foregoing objections, and subject to the entry of a suitable protective order, Plaintiff will produce non-privileged documents in its possession, custody, or control relating to investor presentations it has disseminated concerning IYO's products or brand in 2025.

**REQUEST NO. 9:**

Documents and Communications Relating To feedback You have received from investors or potential investors since August 2021 in connection with efforts to support the development, sale, or marketing of the iyO Products You Have Sold Or Advertised, or otherwise in connection with the "iyO" name.

**RESPONSE TO REQUEST NO. 9:**

Plaintiff incorporates its foregoing General and Specific Objections as though fully set forth herein and additionally objects to this request on the grounds that it is vague and ambiguous, overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff objects to this request to the extent it seeks production of confidential, proprietary, or commercially sensitive financial information.  Plaintiff further objects to this request to the extent it seeks documents and information outside the relevant time period.

Subject to and without waiver of the foregoing objections, and subject to the entry of a suitable protective order, Plaintiff will produce non-privileged documents in its possession, custody, or control relating to investor or potential investor feedback concerning IYO products or the IYO brand in 2025.

**REQUEST NO. 10:**

Communications and Documents Relating To any investment or prospective investment in iyO, Including all referenced in Defendants' Interrogatory No. 6, Including any agreements, contracts,

9

term sheets, and drafts thereof exchanged with any investor or potential investor, in connection with efforts to support the development, sale, or marketing of the iyO Products You Have Sold Or Advertised, or otherwise in connection with the "iyO" name.

**RESPONSE TO REQUEST NO. 10:**

Plaintiff incorporates its foregoing General and Specific Objections as though fully set forth herein and additionally objects to this request on the grounds that it is vague and ambiguous, overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this request to the extent it seeks documents or information protected by the attorney-client privilege and/or work product doctrine and to the extent it seeks production of confidential, proprietary, or commercially sensitive financial information. Plaintiff further objects to the extent the request seeks documents outside the relevant time period.

Subject to and without waiver of the foregoing objections, and subject to the entry of a suitable protective order, Plaintiff will produce non-privileged documents in its possession, custody, or control sufficient to show why prospective investors did not invest in IYO Products, Inc. in 2025.

**REQUEST NO. 11:**

Documents sufficient to show the number of sales or pre-sales You have made for each of the iyO Products You Have Sold Or Advertised, the date of each sale or pre-sale, and the product sold or pre-sold.

**RESPONSE TO REQUEST NO. 11:**

Plaintiff incorporates its foregoing General and Specific Objections as though fully set forth herein and additionally objects to this request on the grounds that it seeks production of confidential, proprietary, or commercially sensitive financial information.

10

Subject to and without waiver of the foregoing objections, and subject to the entry of a suitable protective order, Plaintiff will produce non-privileged documents in its possession, custody, or control sufficient to show the number of sales and pre-sales of every IYO product.

**REQUEST NO. 12:**

Documents sufficient to show all steps involved in the custom fitting process required for any of the iyO Products You Have Sold Or Advertised.

**RESPONSE TO REQUEST NO. 12:**

Plaintiff incorporates its foregoing General and Specific Objections as though fully set forth herein and additionally objects to this request on the grounds that it is vague and ambiguous, overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff objects to this request to the extent it seeks production of confidential, proprietary, or commercially sensitive financial information.

Subject to and without waiver of the foregoing objections, and subject to the entry of a suitable protective order, Plaintiff will produce non-privileged documents in its possession, custody, or control sufficient to show the custom fitting process required for IYO products.

**REQUEST NO. 13:**

Documents and Communications Relating To any concerns or feedback concerning the custom fitting required for any of the iyO Products You Have Sold Or Advertised.

**RESPONSE TO REQUEST NO. 13:**

Plaintiff incorporates its foregoing General and Specific Objections as though fully set forth herein and additionally objects to this request on the grounds that it is vague and ambiguous, overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff objects to this request to the extent it seeks production of confidential, proprietary, or commercially sensitive financial information.

11

Subject to and without waiver of the foregoing objections, and subject to the entry of a suitable protective order, Plaintiff will produce non-privileged documents in its possession, custody, or control sufficient to show the number of individuals who declined to purchase any IYO product because of the custom fitting process.

**REQUEST NO. 14:**

Your marketing materials for iyO or using the iyO mark, Including Your website, sales brochures, trade show presentations, and advertisements.

**RESPONSE TO REQUEST NO. 14**

Plaintiff incorporates its foregoing General and Specific Objections as though fully set forth herein.

Subject to and without waiver of the foregoing objections, and subject to the entry of a suitable protective order, Plaintiff will produce non-privileged exemplars in its possession, custody, or control of its marketing materials for IYO and the IYO mark.

**REQUEST NO. 15:**

Documents sufficient to show all marketing expenditures for iyO or any of the iyO Products You Have Sold Or Advertised, Including the date each expenditure was incurred and the date each expenditure was paid.

**RESPONSE TO REQUEST NO. 15:**

Plaintiff incorporates its foregoing General and Specific Objections as though fully set forth herein and additionally objects to this request on the grounds that it is vague and ambiguous, overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this request to the extent it seeks production of confidential, proprietary, or commercially sensitive information.

12

PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT OPENAI, INC.'S
FIRST SET OF REQUESTS FOR PRODUCTION (CASE NO. 3:25-CV-4861)

Subject to and without waiver of the foregoing objections, and subject to the entry of a suitable protective order, Plaintiff will produce non-privileged documents in its possession, custody, or control sufficient to show marketing expenditures for IYO and the IYO mark.

**REQUEST NO. 16:**

Documents sufficient to show each manufacturing expenditure for iyO or any of the iyO Products You Have Sold Or Advertised, Including the date each expenditure was incurred and the date each expenditure was paid.

**RESPONSE TO REQUEST NO. 16:**

Plaintiff incorporates its foregoing General and Specific Objections as though fully set forth herein and additionally objects to this request on the grounds that it is vague and ambiguous, overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff objects to this request to the extent it seeks production of confidential, proprietary, or commercially sensitive information.

Subject to and without waiver of the foregoing objections, and subject to the entry of a suitable protective order, Plaintiff will produce non-privileged documents in its possession, custody, or control sufficient to show manufacturing expenditures for IYO and the IYO mark in 2025.

**REQUEST NO. 17:**

Documents and Communications describing or Reflecting the characteristics of your actual or targeted customers, or any market segmentation of customers or market analysis prepared for You or by You.

**RESPONSE TO REQUEST NO. 17:**

Plaintiff incorporates its foregoing General and Specific Objections as though fully set forth herein and additionally objects to this request on the grounds that it seeks documents or information outside the relevant time period.  Plaintiff further objects to this request to the extent it seeks

13

documents or information protected by the attorney-client privilege and/or work product doctrine and to the extent it seeks production of confidential, proprietary, or commercially sensitive information.

Subject to and without waiver of the foregoing objections, and subject to the entry of a suitable protective order, Plaintiff will produce non-privileged documents sufficient to show the characteristics of Plaintiff's actual or targeted customers and any responsive market analysis or segmentation documents prepared in 2025, if any exist.

**REQUEST NO. 18:**

Documents and Communications Referring To or Relating To the anticipated shipping dates of the iyO Products You Have Sold Or Advertised, Including reasons for setting and/or delaying those dates.

**RESPONSE TO REQUEST NO. 18:**

Plaintiff incorporates its foregoing General and Specific Objections as though fully set forth herein and additionally objects to this Request to the extent it seeks production of confidential, proprietary, or commercially sensitive financial information.  Plaintiff further objects to this Request to the extent it seeks documents outside the relevant time period.

Subject to and without waiver of the foregoing objections, and subject to the entry of a suitable protective order, Plaintiff will produce non-privileged documents in its possession, custody, or control concerning anticipated shipping dates for IYO products in 2025.

**REQUEST NO. 19:**

Documents and Communications Relating To any manufacturing problems and/or delays You have experienced with the iyO Products You Have Sold Or Advertised.

14

**RESPONSE TO REQUEST NO. 19:**

Plaintiff incorporates its foregoing General and Specific Objections as though fully set forth herein and additionally objects to this request on the grounds that it is vague and ambiguous, overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff objects to this Request to the extent it seeks production of confidential, proprietary, or commercially sensitive financial information.  Plaintiff further objects to this Request to the extent it seeks irrelevant documents.

Subject to and without waiver of the foregoing objections, Plaintiff responds that it will not produce any documents responsive to this request but it is willing to meet and confer to discuss a narrowing of this request.

**REQUEST NO. 20:**

Documents and Communications Relating To each redesign of Your website since June 2025, Including Documents sufficient to show the appearance and content of Your website in 2025 before June 11, 2025.

**RESPONSE TO REQUEST NO. 20:**

Plaintiff incorporates its foregoing General and Specific Objections as though fully set forth herein and additionally objects to this request on the grounds that it is vague and ambiguous, overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of the foregoing objections, and subject to the entry of a suitable protective order, Plaintiff will produce non-privileged documents in its possession, custody, or control sufficient to show archival captures of the IYO website since June 2025.

15

**REQUEST NO. 21:**

Documents and Communications reflecting Your selection and consideration of each name for the iyO Products You Have Sold Or Advertised or Your company, and all alternate names considered.

**RESPONSE TO REQUEST NO. 21:**

Plaintiff incorporates its foregoing General and Specific Objections as though fully set forth herein and additionally objects to this request on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff objects to this Request to the extent it seeks production of confidential, proprietary, or commercially sensitive financial information.

Subject to and without waiver of the foregoing objections, Plaintiff responds that it will not produce any documents responsive to this request.

**REQUEST NO. 22:**

Documents and Communications Relating To any meaning attributed to Your use of "iyO" or any of the names of the iyO Products You Have Sold Or Advertised.

**RESPONSE TO REQUEST NO. 22:**

Plaintiff incorporates its foregoing General and Specific Objections as though fully set forth herein and additionally objects to this request on the grounds that it is vague and ambiguous, overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff objects to this Request to the extent it seeks production of confidential, proprietary, or commercially sensitive financial information.

Subject to and without waiver of the foregoing objections, and subject to the entry of a suitable protective order, Plaintiff will produce non-privileged documents in its possession, custody, or control

16

sufficient to show any public statements or explanations provided by Plaintiff regarding the meaning of "iyO" or the names of its products, if any exist.

**REQUEST NO. 23:**

Your financial statements, including documents sufficient to identify Your revenue, expenses, and profits.

**RESPONSE TO REQUEST NO. 23:**

Plaintiff incorporates its foregoing General and Specific Objections as though fully set forth herein and additionally objects to this request on the grounds that it seeks production of confidential, proprietary, or commercially sensitive financial information.

Subject to and without waiver of the foregoing objections, and subject to the entry of a suitable protective order, Plaintiff will produce non-privileged financial statements sufficient to identify Plaintiff's revenue, expenses, and profits for 2024 and 2025.

**REQUEST NO. 24:**

Any Documents constituting, Reflecting, or referencing any Communications between any agent(s) or employee(s) of You, on the one hand, and any Defendant or agent or employee of any Defendant, on the other hand, Including any notes taken regarding such Communications.

**RESPONSE TO REQUEST NO. 24:**

Plaintiff incorporates its foregoing General and Specific Objections as though fully set forth herein and additionally objects to this request to the extent that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiver of the foregoing objections, and subject to the entry of a suitable protective order, Plaintiff will produce non-privileged documents in its possession, custody, or control

constituting or reflecting communications between Plaintiff and any Defendant, including any notes regarding such communications.

**REQUEST NO. 25:**

Documents sufficient to show all information called for by or provided in Your response to Defendants' Interrogatories.

**RESPONSE TO REQUEST NO. 25:**

Plaintiff incorporates its foregoing General and Specific Objections as though fully set forth herein and additionally objects to this request on the grounds that it is vague and ambiguous, overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this Request to the extent it seeks production of confidential, proprietary, or commercially sensitive information and to the extent it seeks documents protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiver of the foregoing objections, and subject to the entry of a suitable protective order, Plaintiff will produce any non-privileged documents in its possession, custody, or control identified in its responses to Defendants' Interrogatories.

**REQUEST NO. 26:**

Documents and Communications Relating To the acquisition or attempted acquisition of any website domain names You have used or acquired or attempted to acquire that include "io" "ai" or "iyo" or "open."

**RESPONSE TO REQUEST NO. 26:**

Plaintiff incorporates its foregoing General and Specific Objections as though fully set forth herein and additionally objects to this request on the grounds that it is vague and ambiguous, overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this Request to the extent it seeks

18

production of confidential, proprietary, or commercially sensitive information and to the extent it seeks documents protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiver of the foregoing objections, and subject to the entry of a suitable protective order, Plaintiff will produce non-privileged documents in its possession, custody, or control sufficient to show the list of domain names it has acquired that include "io," "ai," "iyo," or "open."

**REQUEST NO. 27:**

Documents and Communications Reflecting any product development decision made by You that was affected by (Including in response to) This Litigation or by any Document filed or exchanged during the lawsuit.

**RESPONSE TO REQUEST NO. 27:**

Plaintiff incorporates its foregoing General and Specific Objections as though fully set forth herein and additionally objects to this request on the grounds that it is vague and ambiguous, overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  The request fails to identify with reasonable particularity what documents are sought and is not susceptible to a clear interpretation.  Plaintiff further objects to the extent it seeks documents protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiver of the foregoing objections, Plaintiff responds that it will not produce any documents responsive to this request, but it is willing to meet and confer to discuss a narrowing of this request.

**REQUEST NO. 28:**

Documents and Communications Referring To Sam Altman, Jony Ive, or OpenAI since August 2021.

19

**RESPONSE TO REQUEST NO. 28:**

Plaintiff incorporates its foregoing General and Specific Objections as though fully set forth herein and additionally objects to this request on the grounds that it is overly broad and lacks any subject matter limitation, as it seeks documents referring to certain individuals and entities over a four-year period without regard to relevance to the claims or defenses in this action. Plaintiff further objects to this request to the extent it seeks documents protected by the attorney-client privilege and/or work product doctrine and to the extent it seeks production of confidential, proprietary, or commercially sensitive information.

Subject to and without waiver of the foregoing objections, Plaintiff responds that it will not produce any documents responsive to this request, but it is willing to meet and confer to discuss a narrowing of this request.

**REQUEST NO. 29:**

Documents and Communications comparing any of the iyO Products You Have Sold Or Advertised to any product developed by any Person other than You, Including Apple's AirPods, Google's Pixel Buds, Amazon's Alexa, the Humane AI Pin, the Rabbit r1, Meta or Google AI glasses, or any product of Defendants.

**RESPONSE TO REQUEST NO. 29:**

Plaintiff incorporates its foregoing General and Specific Objections as though fully set forth herein and additionally objects to this request on the grounds that it is vague and ambiguous, overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this request because it is overly broad and lacks any reasonable subject matter limitation, as it seeks documents comparing iyO products to any third-party products over an extended period without regard to relevance to the claims or defenses in this action. Plaintiff further objects to this request to the extent it seeks documents

protected by the attorney-client privilege and/or work product doctrine and to the extent it seeks production of confidential, proprietary, or commercially sensitive information.

Subject to and without waiver of the foregoing objections, and subject to the entry of a suitable protective order, Plaintiff will produce non-privileged documents in its possession, custody, or control sufficient to show any comparisons of IYO products to the specific products identified in this request, if any exist.

**REQUEST NO. 30:**

Market or competitive research, investigation, or analysis conducted or commissioned by You.

**RESPONSE TO REQUEST NO. 30:**

Plaintiff incorporates its foregoing General and Specific Objections as though fully set forth herein and additionally objects to this request on the grounds that it is vague and ambiguous, overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff further objects to this request to the extent it seeks documents protected by the attorney-client privilege and/or work product doctrine and to the extent it seeks production of confidential, proprietary, or commercially sensitive information.

Subject to and without waiver of the foregoing objections, and subject to the entry of a suitable protective order, Plaintiff will produce non-privileged documents in its possession, custody, or control concerning market research, investigation, or analysis for IYO products, if any exist.

**REQUEST NO. 31:**

Documents and Communications Regarding whether there is demand for a non-LTE version of any of the iyO Products You Have Sold Or Advertised.

21

**RESPONSE TO REQUEST NO. 31:**

Plaintiff incorporates its foregoing General and Specific Objections as though fully set forth herein and additionally objects to this request on the grounds that it is vague and ambiguous, overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of the foregoing objections, Plaintiff responds that it will not produce any documents responsive to this request.

**REQUEST NO. 32:**

Documents and Communications Referring To any demonstration of the iyO Products You Have Sold Or Advertised that You performed in 2025, Including Your May 1, 2025 meeting and/or product demonstration to Defendants.

**RESPONSE TO REQUEST NO. 32:**

Plaintiff incorporates its foregoing General and Specific Objections as though fully set forth herein and additionally objects to this request on the grounds that it is vague and ambiguous, overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff further objects to the extent the request seeks irrelevant documents.

Subject to and without waiver of the foregoing objections, and subject to the entry of a suitable protective order, Plaintiff will produce non-privileged documents in its possession, custody, or control concerning its demonstration of IYO products to the Defendants.

**REQUEST NO. 33:**

Documents and Communications Referring To Defendants' products or product vision.

**RESPONSE TO REQUEST NO. 33:**

Plaintiff incorporates its foregoing General and Specific Objections as though fully set forth herein and additionally objects to this request on the grounds that it is vague and ambiguous, overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff objects to the term "products" as overly broad and undefined, rendering the scope of the request unclear.  Plaintiff further objects to the extent the request seeks documents outside the relevant time period.  Plaintiff further objects to this request to the extent it seeks documents protected by the attorney-client privilege and/or work product doctrine and to the extent it seeks production of confidential, proprietary, or commercially sensitive information.

Subject to and without waiver of the foregoing objections, and subject to the entry of a suitable protective order, Plaintiff will produce non-privileged documents in its possession, custody, or control specifically concerning the product described in Sam Altman's March 2025 email and the May 21, 2025 announcement.

**REQUEST NO. 34:**

Documents and Communications Referring To or Relating To whether or not Defendants' improperly used the name "io."

**RESPONSE TO REQUEST NO. 34:**

Plaintiff incorporates its foregoing General and Specific Objections as though fully set forth herein and additionally objects to this request on the grounds that it is vague and ambiguous, overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff objects to this request to the extent it seeks documents protected by the attorney-client privilege and/or work product doctrine.

PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT OPENAI, INC.'S
FIRST SET OF REQUESTS FOR PRODUCTION (CASE NO. 3:25-CV-4861)

Subject to and without waiver of the foregoing objections, and subject to the entry of a suitable protective order, Plaintiff will produce non-privileged documents in its possession, custody, or control referring to Defendants' use of the name "io."

**REQUEST NO. 35:**

Documents Regarding discussions with or among Your board of directors, Including minutes of the board of directors, Regarding Your fundraising efforts, the Defendants, This Litigation, Your product roadmap for the iyO Products You Have Sold Or Advertised, or Your use of the name "iyO."

**RESPONSE TO REQUEST NO. 35:**

Plaintiff incorporates its foregoing General and Specific Objections as though fully set forth herein and additionally objects to this request on the grounds that it is vague and ambiguous, overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request to the extent it seeks documents protected by the attorney-client privilege and/or work product doctrine and to the extent it seeks production of confidential, proprietary, or commercially sensitive information. Plaintiff further objects to this request to the extent that it seeks information that is not proportional to the needs of the case.

Subject to and without waiver of the foregoing objections, Plaintiff responds that it is willing to meet and confer on the scope of this request.

**REQUEST NO. 36:**

Documents sufficient to show Your organizational structure, Including Your board of directors, Your senior leadership, and Your engineering and marketing leadership, Including the roles and titles of each identified individual involved in the product development, creation, and/or marketing of the iyO Products You Have Sold Or Advertised.

24

**RESPONSE TO REQUEST NO. 36:**

Plaintiff incorporates its foregoing General and Specific Objections as though fully set forth herein and additionally objects to this request on the grounds that it is vague and ambiguous, overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff objects to this request to the extent it seeks documents protected by the attorney-client privilege and/or work product doctrine and to the extent it seeks production of confidential, proprietary, or commercially sensitive information.

Subject to and without waiver of the foregoing objections, and subject to the entry of a suitable protective order, Plaintiff will produce non-privileged documents sufficient to show its organizational structure, and the roles and titles of individuals involved in IYO product development and marketing.

Dated:  February 6, 2026

MINTZ, LEVIN, COHN, FERRIS, GLOVSKY
AND POPEO, P.C.

By:  */s/ Kara M. Cormier*
Andrew D. Skale
Laura Franco
Anthony J. Viola
Kara M. Cormier

*Attorneys for Plaintiff iyO, Inc.*

25

## CERTIFICATE OF SERVICE

I, Kara M. Cormier, do hereby certify that on February 6, 2026, I caused the foregoing document to be served on counsel of record for Defendants by electronic mail.

*/s/ Kara M. Cormier*

Kara M. Cormier