MINTZ, LEVIN, COHN, FERRIS,
GLOVSKY AND POPEO, P.C.
Andrew D. Skale (211096)
ADSkale@mintz.com
Micha Danzig (177923)
mdanzig@mintz.com
Laura Franco (186765)
LFranco@mintz.com
Anthony J. Viola (*pro hac vice*)
AJViola@mintz.com
Kara M. Cormier (*pro hac vice*)
KMCormier@mintz.com
44 Montgomery Street, 36th Floor
San Francisco, CA 94104
Tel.: (415) 432-6000

*Attorneys for Plaintiff IYO INC.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IYO, INC.<br><br>                    Plaintiff,<br><br>          v.<br><br>IO PRODUCTS, INC., OPENAI, INC., OPENAI, LLC, OPENAI OPCO, LLC, SAM ALTMAN, SIR JONATHAN PAUL IVE, and TANG YEW TAN,<br><br>                    Defendants. | Case No. 3:25-cv-4861-TLT<br><br>**PLAINTIFF IYO INC.'S RESPONSE TO DEFENDANTS' OBJECTIONS TO REPLY EXHIBITS**<br><br>Complaint Filed: June 9, 2025<br>Hearing Date: April 14, 2026 |

PLAINTIFF'S RESPONSE TO DEFENDANTS' OBJECTIONS TO REPLY EXHIBITS

Defendants' objections (ECF 134) to Exhibits F-M of the Reply Declaration of Andrew D. Skale ("Skale Reply Declaration") should be overruled. Each exhibit is one of Defendants' trademark applications for the mark IO, and directly responsive to arguments raised in Defendants' opposition and is therefore not "new" evidence on reply. *E. W. Bank v. Shanker*, No. 20-cv-07364-WHO, 2021 U.S. Dist. LEXIS 137077, at *20-21 (N.D. Cal. July 22, 2021) (overruling objections to "'new evidence'" where exhibits were "submitted…in direct response to Defendants' arguments in their opposition"); *Perceptix Techs. LLC v. Meta Platforms, Inc.*, No. 8:25-cv-01404 DOC (ADSx), 2026 U.S. Dist. LEXIS 31137, at *2 n.1 (C.D. Cal. Feb. 10, 2026) (same where "complained-of arguments and evidence are directly responsive to the arguments raised in the opposition brief"); *Wassmund v. Red Bull. N. Am., Inc.*, No. 2:24-cv-07899-WLH-PVC, 2025 U.S. Dist. LEXIS 20060, at *7 n.3 (C.D. Cal. Feb. 3, 2025) (same where "supplemental declaration and accompanying exhibits [were] not 'new' so as to warrant exclusion, given that the evidence was submitted in direct response to [the opposition's] evidence and arguments"); *Edwards v. Toys "R" Us*, 527 F. Supp. 2d 1197, 1205 n.31 (C.D. Cal. 2007) (same where reply evidence "offer[ed] a characterization of …[a] conversation …that [was] different than that . . . offered in [] opposition").

Exhibits F-M are trademark applications for the IO mark, filed by a shadow entity of Defendants. IYO only learned that Defendants were connected to those applications when it received Defendants' Responses and Objections to IYO's Second Set of Requests for Production. Those responses were served on March 20, 2026, a full month after IYO's opening brief and just one week before its reply. They are annexed as Exhibit E to the Skale Reply Declaration, to which Defendants notably **do not object**. *See* ECF 126-4. In addition, for the first time on April 3, 2026, Defendants have now fully admitted their affiliation with those applications. *See* ECF 134 (stating: "prior to Defendant io Products, Inc. merging with OpenAI, registration was sought for the name io").

Defendants should have disclosed the existence of these applications in their initial disclosures, but failed to do so. These circumstances strongly suggest that Defendants were attempting to conceal these applications from IYO and the Court.

MINTZ, LEVIN, COHN,
FERRIS, GLOVSKY AND
POPEO, P.C.
ATTORNEYS AT LAW

PLAINTIFF'S RESPONSE TO DEFENDANTS' OBJECTIONS TO REPLY EXHIBITS

Regardless, the Court can take judicial notice of these applications and the fact that they have not been withdrawn. *Certainteed Gypsum, Inc. v. Pac. Coast Bldg. Prods., Inc.*, No. 19-CV-00802-LHK, 2021 U.S. Dist. LEXIS 72362, at *12 (N.D. Cal. Apr. 14, 2021) ("Materials in the online files of the USPTO and other matters of public record are proper subjects of judicial notice."); *Lee v. City of L.A.*, 250 F.3d 668, 690 (9th Cir. 2001) (noting court may "take judicial notice of undisputed matters of public record").

Judicial notice is particularly warranted here because Defendants' opposition rests on their claim that they have decided not to use the IO mark. Yet on March 25, 2026—just two days before IYO's reply—Defendants requested an extension of time to file a statement of use in connection with Serial No. 98/975,630, specifically to ***avoid*** abandonment.[1] *See* Exhibit 1; 15 U.S.C. § 1051(d)(1), (4) (requiring intent-to-use applicant–like Defendants–to either file a statement of use or request an extension of time within six months of a notice of allowance to avoid abandonment).

Moreover, Defendants' extension of time filing (Exhibit 1) included a sworn declaration, signed under penalty of perjury (18 U.S.C. §1001) that "**Applicant has a continued bona fide intention, and is entitled, to use the mark in commerce** …" and to the best of the Defendants' knowledge, "no other persons … have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services/collective membership organization of such other persons, **to cause confusion or mistake, or to deceive**." Exhibit 1, at 11 (emphasis added). This sworn declaration contradicts Defendants' sworn declaration in this case -- and ignores the Court's TRO finding a likelihood of confusion. ECF 105-2; 51.

These facts directly contradict Defendants' claim of voluntary cessation and are therefore squarely responsive to arguments raised in the opposition—not "new" evidence. To the extent the Court were to deem them new, it is only because Defendants concealed their affiliation with these trademark filings until now. Having done so, Defendants cannot credibly claim prejudice. Indeed, no prejudice could arise from the Court considering Defendants' own trademark applications,

---

[1] The Court can and should take judicial notice of this request for an extension of time as well, which IYO did not learn of until after it filed its reply.

MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.
ATTORNEYS AT LAW

PLAINTIFF'S RESPONSE TO DEFENDANTS' OBJECTIONS TO REPLY EXHIBITS

which should have been disclosed long before Defendants responded to IYO's Second Set of Requests for Production. In fact, the very authorities Defendants cite at ECF 135, pages 4–5—for the proposition that publicly available documents concerning an opponent's own conduct are admissible over evidentiary objection—support IYO's position here.

For all these reasons, the Court should overrule Defendants' objections to Skale Reply Exhibits F-M.

Dated:  April 7, 2026

Respectfully submitted,

MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C.

By: */s/ Andrew D. Skale*
Andrew D. Skale (211096)
Micha Danzig (177923)
Laura Franco (186765)
Anthony J. Viola (*pro hac vice*)
Kara M. Cormier (*pro hac vice*)

*Attorneys for Plaintiff IYO Inc.*

MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.
ATTORNEYS AT LAW

- 3 -

PLAINTIFF'S RESPONSE TO DEFENDANTS' OBJECTIONS TO REPLY EXHIBITS