MINTZ, LEVIN, COHN, FERRIS,
GLOVSKY AND POPEO, P.C.
Andrew D. Skale (211096)
Micha Danzig (177923)
Laura Franco (186765)
Anthony J. Viola (*pro hac vice*)
Kara M. Cormier (*pro hac vice*)
44 Montgomery Street, 36th Floor
San Francisco, CA 94104
Tel.: (415) 432-6000

*Attorneys for Plaintiff IYO Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IYO, INC. | Case No. 3:25-cv-4861-TLT |
| Plaintiff, | **PLAINTIFF IYO INC.'S MOTION TO STRIKE DEFENDANTS' POWERPOINT** |
| v. | |
| IO PRODUCTS, INC., OPENAI, INC., OPENAI, LLC, OPENAI OPCO, LLC, SAM ALTMAN, SIR JONATHAN PAUL IVE, and TANG YEW TAN, | FAC Filed: March 13, 2026<br>Hearing Date: April 14, 2026 |
| Defendants. | |

MINTZ, LEVIN, COHN,
FERRIS, GLOVSKY AND
POPEO, P.C.
ATTORNEYS AT LAW
SAN DIEGO

PLAINTIFF IYO INC.'S MOTION TO STRIKE DEFENDANTS' POWERPOINT

Plaintiff IYO Inc. respectfully moves to strike the 50-page PowerPoint presentation that Defendants submitted to the Court via email on April 14, 2026. The presentation should be stricken because it is an end run around procedural briefing rules and is effectively an impermissible sur-reply. It also contains slides that counsel did not even reference at the hearing, which the Court should not consider now.

The Northern District of California's Local Rules establish a clear briefing schedule that requires parties to present their arguments and evidence in written form according to specified deadlines. *See* Local Civil Rule 7. Those rules also prohibit parties from filing additional memoranda after a reply brief without prior court approval. Local Civil Rule 7-3(d) ("Once a reply is filed, no additional memoranda, papers or letters may be filed without prior Court approval…"). As such, courts in this District have consistently held that parties may not raise arguments or present evidence for the first time at the hearing. *See Pop Top Corp. v. Rakuten Kobo Inc.*, No. 20-cv-04482-YGR (DMR), 2025 U.S. Dist. LEXIS 143212, at *14 (N.D. Cal. July 25, 2025) ("it would be improper to raise a new argument for the first time at a hearing"); *Ramirez v. Salvation Army*, No. C06-0631 TEH, 2006 U.S. Dist. LEXIS 48022, 2006 WL 1867722, at *9 (N.D. Cal. July 6, 2006) ("[T]he Court need not consider an issue . . . raised for the first time at oral argument.").

Defendants' PowerPoint presentation, submitted at the hearing without prior notice, constitutes an impermissible end-run around these procedural requirements. This presentation is not just a regurgitation of the underlying briefing, it contains new facts and arguments making it an impermissible sur-reply. The purpose of the Local Rules' briefing requirements is to ensure that parties have adequate notice of their opponents' arguments and evidence, and a fair opportunity to respond. Allowing parties to bypass these requirements by presenting new materials at a hearing, especially materials they do not even address during argument, would render the briefing schedule meaningless and undermine the orderly administration of justice and fundamental fairness.

This concern is magnified here because Defendants *withheld* their 50-page presentation until the last minute despite having ample opportunity to provide it to Plaintiff either (a) while the Court heard two other matters, which lasted about an hour; or (b) via email when the slides were completed, as Defendants had printed out their color copies before arriving at court. Holding the

MINTZ, LEVIN, COHN,
FERRIS, GLOVSKY AND
POPEO, P.C.
ATTORNEYS AT LAW
SAN DIEGO

1
PLAINTIFF IYO INC.'S MOTION TO STRIKE DEFENDANTS' POWERPOINT

slides until the very last minute, in the middle of oral argument, is clear sandbagging. Counsel's "excuse" that she was tweaking the presentation does not align with the facts, given that she had printed copies that she later passed out and had made no handwritten edits to those slides. Counsel intended to hide their arguments until the very last minute and such actions should not be condoned.

Moreover, the presentation includes dozens of slides that counsel did not even address at the hearing. Neither the Court nor Plaintiff should bear the burden of having to weed through the slides to pick out the ones Defendants referenced or not; hence the entire presentation should be stricken.

In sum, Defendants' submission of this PowerPoint presentation—without notice or opportunity for Plaintiff to respond—violates fundamental principles of procedural fairness and the Northern District of California's Local Rules governing motion practice. Hence, it should be stricken from the record.

Dated: April 16, 2026

Respectfully submitted,

MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C.

By: _/s Andrew D. Skale_____
Andrew D. Skale (211096)
Micha Danzig (177923)
Laura Franco (186765)
Anthony J. Viola (*pro hac vice*)
Kara M. Cormier (*pro hac vice*)

*Attorneys for Plaintiff IYO Inc.*

MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.
ATTORNEYS AT LAW

- 2 -

PLAINTIFF IYO INC.'S MOTION TO STRIKE DEFENDANTS' POWERPOINT