MINTZ, LEVIN, COHN, FERRIS,
GLOVSKY AND POPEO, P.C.
Andrew D. Skale (211096)
ADSkale@mintz.com
Micha Danzig (177923)
mdanzig@mintz.com
Laura Franco (186765)
LFranco@mintz.com
Anthony J. Viola (*pro hac vice*)
AJViola@mintz.com
Kara M. Cormier (*pro hac vice*)
KMCormier@mintz.com
44 Montgomery Street, 36th Floor
San Francisco, CA 94104
Tel.: (415) 432-6000

*Attorneys for Plaintiff IYO, INC.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IYO, INC.<br><br>Plaintiff,<br><br>v.<br><br>IO PRODUCTS, INC., OPENAI, INC., OPENAI, LLC, OPENAI OPCO, LLC, SAM ALTMAN, SIR JONATHAN PAUL IVE, and TANG YEW TAN,<br><br>Defendants. | Case No. 3:25-cv-4861-TLT<br><br>**PLAINTIFF IYO, INC.'S OBJECTIONS TO DEFENDANTS' NEW REPLY EVIDENCE**<br><br>FAC Filed: March 13, 2026<br>Hearing Date: July 28, 2026 |

PLAINTIFF'S OBJECTIONS TO DEFENDANTS' NEW REPLY EVIDENCE

Plaintiff IYO Inc. ("Plaintiff") objects to the new evidence cited in Defendants' Reply in Further Support of the Motion to Dismiss (ECF 152). Specifically, Plaintiff objects to Defendants' reliance on ECF Nos. 145-2 through 145-9, which purport to reflect Weynorth's abandonment without prejudice of eight trademark applications for the IO mark, for three independent reasons.

First, these are new exhibits that Defendants omitted from their opening brief, depriving Plaintiff of any opportunity to address them. Reference to these exhibits in the reply is thus improper and should be stricken. *Roe v. Doe*, 2009 U.S. Dist. LEXIS 59440, at *14 (N.D. Cal. June 30, 2009) (refusing to consider "new evidence raised for the first time in reply" because "[i]t is well accepted that raising of new issues and submission of new facts in [a] reply brief is improper."); *Rodgers v. Chevys Restaurants, LLC*, 2015 U.S. Dist. LEXIS 22164, 2015 WL 909763, at *5 (N.D. Cal. Feb. 24, 2015) ("A court may strike new evidence raised for the first time in a reply.") (citation omitted); *Visier, Inc. v. iCIMS, Inc.*, 2025 U.S. Dist. LEXIS 32962, at *6 (N.D. Cal. Feb. 24, 2025) (sustaining objection to new evidence in reply on motion to dismiss).

While Defendants may argue that the notices did not exist at the time of their filing, that timing was solely in their control. Defendants could have abandoned the applications before moving to dismiss, but chose not to because they had hidden the existence of them from the Court and IYO until they were caught. Defendants belatedly filed these notices after a sworn USPTO filing affirming that they *did* intend to use the IO mark (dated March 25, 2026). *See* ECF 138-1. The notices add nothing to the voluntary cessation analysis because they were filed without prejudice, so Weynorth or any other entity, such as OpenAI Op Co (the entity operating the io Products Inc. business), may refile them at any time. Defendants' suggestion that Plaintiff should have raised these notices because they were filed the day before Plaintiff's opposition is meritless. Plaintiff is not required to monitor Defendants' filings and did not learn of the notices until April 13, the night before the PI hearing and three days after Plaintiff's opposition was filed.

Second, this is a motion to dismiss that is properly considered under Rule 12(b)(6). *See La Quinta Worldwide LLC v. Q.R.T.M., S.A. de C.V.*, 762 F.3d 867, 872–74 (9th Cir. 2014) (the Lanham Act's substantive elements, including its "use in commerce" requirement, are merits questions to be assessed under Rule 12(b)(6), not jurisdictional prerequisites to be assessed under

Rule 12(b)(1)); *Gibson Brands, Inc. v. Viacom Int'l, Inc.*, 640 F. App'x 677, 678 (9th Cir. 2016) (reversing Rule 12(b)(1) dismissal and instructing district court to "determine whether [plaintiff's] complaint has stated a claim . . . under Rule 12(b)(6)"). On a Rule 12(b)(6) motion, the Court may not consider materials outside the pleading unless they are incorporated by reference or are the proper subject of judicial notice. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018). These were not mentioned in the FAC and thus cannot be incorporated by reference and Defendants have not sought judicial notice. Nor would judicial notice be appropriate; the notices are post-complaint documents offered for the truth of disputed facts going directly to the merits, and their effect on voluntary cessation and likelihood of recurrence is subject to reasonable dispute as discussed above.

Third, Rule 37(c)(1) bars Defendants from using these exhibits because they expressly refused to produce them. Request for Production No. 80 sought:

> All Documents and Communications that Defendants may use, rely upon, refer to, or introduce as evidence at any hearing or trial in this Lawsuit, or in support of or in opposition to any motion, including but not limited to dispositive motions, motions for summary judgment, or motions for preliminary or permanent injunctive relief.

*See* ECF 113 at pp 103-04 (Defendants Responses and Objections to Plaintiff's First Set of Requests for Production, RFP No. 80). After asserting a number of baseless objections, Defendants responded:

> **Defendants will not produce documents or things in response to this Request.**

*Id.* (emphasis added). ECF Nos. 145-2 through 145-9 are also responsive to RFP 98:

> **RFP 98:** All Documents and Communications Relating to Your purported decision not to use the "io" name in connection with the naming, advertising, marketing, or sale of any artificial intelligence-enabled hardware products, as stated in Your response to Plaintiff's Interrogatory No. 3.

In response, Defendants asserted baseless objections and refused to produce any documents.

Rule 26(a)(1)(A)(ii) requires disclosure of documents a party "may use to support its claims or defenses" and Rule 26(e)(1) requires supplementation. Noncompliance triggers automatic exclusion under Rule 37(c)(1) absent substantial justification or harmlessness. The Ninth Circuit has confirmed that this sanction is self-executing and requires no finding of bad faith. *YETI by Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) (affirming exclusion);

*Gryglak v. HSBC Bank USA, N.A.*, 2023 U.S. App. LEXIS 10946, at *4 (9th Cir. May 4, 2023) (same); *Hoffman v. Constr. Protective Servs.*, 541 F.3d 1175 (9th Cir. 2008) (affirming preclusion of "undisclosed evidence"). The non-compliant party bears the burden to establish substantial justification or harmlessness. *R & R Sails, Inc. v. Ins. Co. of the Pa.*, 673 F.3d 1240, 1246 (9th Cir. 2012).

Defendants' nondisclosure was neither substantially justified nor harmless. Their refusal to produce is itself the subject of a pending motion to compel (ECF 113). Despite IYO's unambiguous requests, Defendants knowingly withheld documents they plainly intended to rely upon. Permitting this conduct would substantially prejudice IYO. Indeed, Defendants' reply relies heavily on these undisclosed exhibits, citing them repeatedly throughout. Allowing Defendants to benefit from such discovery misconduct would reward gamesmanship, undermine the discovery process, and encourage further abuse.

Accordingly, the Court should strike ECF Nos. 145-2 through 145-9 from the record and decline to consider them in connection with Defendants' Motion to Dismiss. *See Kendall Dealership Holdings, LLC v. Warren Distribution, Inc.*, 2021 U.S. Dist. LEXIS 187809, at *21-24 (D. Alaska Sep. 30, 2021) (excluding untimely-disclosed supplements as "[Parties cannot] sandbag . . . [each other] with claims and issues which should have been included . . . from the outset"); *Van Steenwyk v. Van Steenwyk*, 2022 LX 70746, at *12-14 (C.D. Cal. July 11, 2022), *adopted by* 2022 U.S. Dist. LEXIS 186936 (C.D. Cal. Oct. 12, 2022) (imposing Rule 37(c)(1) sanctions where defendants used withheld documents in their motion).

Dated:  April 23, 2026

Respectfully submitted,

MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C.

By: */s/ Andrew D. Skale*_____
Andrew D. Skale (211096)
Micha Danzig (177923)
Laura Franco (186765)
Anthony J. Viola (*pro hac vice*)
Kara M. Cormier (*pro hac vice*)

*Attorneys for Plaintiff IYO, Inc.*

MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.
ATTORNEYS AT LAW

PLAINTIFF'S OBJECTIONS TO DEFENDANTS' NEW REPLY EVIDENCE