QUINN EMANUEL URQUHART
& SULLIVAN, LLP
Margret M. Caruso (Bar No. 243473)
margretcaruso@quinnemanuel.com
Sara L. Pollock (Bar No. 281076)
sarapollock@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone:     (650) 801-5000
Facsimile:     (650) 801-5100

*Attorneys for Defendants io Products, Inc.,
OpenAI OpCo, LLC, OpenAI, Inc., OpenAI, LLC,
Sam Altman, and Tang Yew Tan*

JONES DAY
David Kiernan (Bar No. 215335)
dkiernan@jonesday.com
555 California Street 26th Floor
San Francisco, California 94104
Telephone:     (415) 875-5745

Meredith Wilkes (admitted *pro hac vice*)
mwilkes@jonesday.com
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone     (216) 586-7231

*Attorneys for Defendant Sir Jonathan Paul Ive*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IYO, INC. | Case No. 3:25-cv-4861-TLT |
| Plaintiff, | **DEFENDANTS' MOTION PURSUANT TO FEDERAL RULE 59(E) TO ALTER OR AMEND THE COURT'S ORDER GRANTING MOTION FOR A PRELIMINARY INJUNCTION, OR IN THE ALTERNATIVE, MOTION TO DISSOLVE** |
| v. | |
| IO PRODUCTS, INC., OPENAI OPCO, LLC, OPENAI, INC., OPENAI, LLC, SAM ALTMAN, SIR JONATHAN PAUL IVE, and TANG YEW TAN | |
| Defendants. | Hearing: Tuesday, September 8 at 2:00 p.m. |

**<u>NOTICE OF MOTION</u>**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on September 8, 2026, at 2:00 p.m., or as soon thereafter as this motion may be heard, in the courtroom of the Honorable Judge Trina L. Thompson, Courtroom 9, 450 Golden Gate Avenue, San Francisco, California 94102, Defendants io Products, Inc., OpenAI, Inc., OpenAI, LLC, Sam Altman, and Sir Jonathan Paul Ive will and hereby do move pursuant to Federal Rule of Civil Procedure 59(e) for an order altering or amending the Court's April 23, 2026 Order Granting Plaintiff's Motion for a Preliminary Injunction (ECF 158, the "Order").  Altering or amending the Order is necessary because it plainly fails to comply with Federal Rule of Civil Procedure 65(d).  In amending the Order, the Court should consider the Weynorth trademark abandonments that it previously declined to review and should reevaluate the standard it applied to Defendants' declaration of non-use.  Properly considered, this evidence requires that iyO's request for injunctive relief be denied in its entirety.  In the alternative, Defendants move to dissolve the injunction because this new evidence represents a significant change in fact that undermines the basis for the injunction.

This motion is based on this Notice of Motion, the Memorandum of Points and Authorities set forth below, the accompanying Declaration of Sara Pollock dated May 13, 2026, the exhibits thereto, and all papers on file in this action, and any other matters that may be presented to this Court at the hearing or otherwise.

DEFENDANTS' MOTION TO ALTER OR AMEND UNDER FEDERAL RULE 59(E), OR IN THE ALTERNATIVE, MOTION TO DISSOLVE

DATED:  May 13, 2026                QUINN EMANUEL URQUHART
                                    & SULLIVAN, LLP


                                    By _____/s/ Margret M. Caruso_____
                                         Margret M. Caruso
                                         *Attorneys for Defendants io Products, Inc.,*
                                         *OpenAI, Inc., OpenAI, LLC, and Sam Altman*


DATED: May 13, 2026                 JONES DAY


                                    By _____/s/ David Kiernan_____
                                         David Kiernan
                                         *Attorneys for Defendant Sir Jonathan Paul Ive*

DEFENDANTS' MOTION TO ALTER OR AMEND UNDER FEDERAL RULE 59(E), OR IN THE
ALTERNATIVE, MOTION TO DISSOLVE

# TABLE OF CONTENTS

Page

INTRODUCTION ............................................................................................................................7

BACKGROUND ..............................................................................................................................8

    A.    Defendants Decide Not To Use "io" As A Trademark ...............................................8

    B.    Defendants Repeatedly Attempt To Moot The Need For A Preliminary Injunction ................................................................................................................9

    C.    iyO's Preliminary Injunction Reply Raises New Arguments; Defendants Have No Opportunity To Respond.................................................................................11

    D.    The Court Orders Defendants To Address The Trademark Registration Applications, And They Comply ...........................................................................12

LEGAL STANDARD .....................................................................................................................13

    A.    Motion To Alter Or Amend .....................................................................................13

    B.    Motion To Dissolve.................................................................................................13

ARGUMENT ..................................................................................................................................14

I.    THE COURT SHOULD CONSIDER THE ABANDONMENT EVIDENCE IT DECLINED TO REVIEW AND DENY INJUNCTIVE RELIEF .....................................14

    A.    The Abandonment Evidence Should Be Considered ...............................................14

    B.    The Abandonments Are Significant And Material ..................................................15

II.    DEFENDANTS' DECLARATION ELIMINATED ANY POSSIBLE BASIS FOR INJUNCTIVE RELIEF .......................................................................................................17

III.    THE ORDER SHOULD BE AMENDED BECAUSE IT DOES NOT COMPLY WITH RULE 65(D) ..............................................................................................................19

CONCLUSION ...............................................................................................................................19

    Case No. 3:25-cv-4861-TLT

DEFENDANTS' MOTION TO ALTER OR AMEND UNDER FEDERAL RULE 59(E), OR IN THE ALTERNATIVE, MOTION TO DISSOLVE

# TABLE OF AUTHORITIES

**Page(s)**

### Cases

*Already, LLC v. Nike, Inc.*,
568 U.S. 85 (2013) ..................................................................................................... 8, 17

*Apple Inc. v. Samsung Elecs. Co.*,
735 F.3d 1352 (Fed. Cir. 2013) ...................................................................................... 17

*BIO Mgmt. Nw. Inc. v. Am. Bio Servs.*,
2022 WL 1666946 (W.D. Wash. May 3, 2022) ...................................................... 15, 16, 17

*In re Cathode Ray Tube (CRT) Antitrust Litig.*,
2014 WL 4954634 (N.D. Cal. Oct. 1, 2014) ...................................................................... 14

*CoStar Realty Info., Inc. v. Mod. Font Applications LLC*,
2022 WL 946346 (N.D. Cal. Mar. 23, 2022) .................................................................... 18

*hiQ Labs, Inc. v. LinkedIn Corp.*,
2022 WL 18399964 (N.D. Cal. Aug. 1, 2022) ............................................................. 14, 15

*Karnoski v. Trump*,
926 F.3d 1180 (9th Cir. 2019) ................................................................................... 13, 14

*Kaufmann v. Kijakazi*,
32 F.4th 843 (9th Cir. 2022) .......................................................................................... 13

*LegalForce RAPC Worldwide, P.C. v. LegalForce, Inc.*,
2023 WL 6930330 (N.D. Cal. Oct. 19, 2023) .................................................................... 12

*Lenk v. Monolithic Power Sys., Inc.*,
2024 WL 4994228 (N.D. Cal. Oct. 31, 2024) .................................................................... 13

*Marsh Aviation Co. v. Hardy Aviation Ins. Inc.*,
720 F. App'x 418 (9th Cir. 2018) ................................................................................. 13, 15

*Monterey Bay Mil. Hous., LLC v. Pinnacle Monterey LLC*,
2015 WL 1548833 (N.D. Cal. Apr. 7, 2015) ..................................................................... 13

*Pinson v. Estrada*,
812 F. App'x 701 (9th Cir. 2020) .................................................................................... 13

*Reno Air Racing Ass'n., Inc. v. McCord*,
452 F.3d 1126 (9th Cir. 2006) ......................................................................................... 19

*Schmidt v. Lessard*,
414 U.S. 473 (1974) ....................................................................................................... 19

DEFENDANTS' MOTION TO ALTER OR AMEND UNDER FEDERAL RULE 59(E), OR IN THE
ALTERNATIVE, MOTION TO DISSOLVE

*Staley v. Gilead Scis., Inc.*,
  589 F. Supp. 3d 1132 (N.D. Cal. 2022) ................................................................. 18

*United States v. W. T. Grant Co.*,
  345 U.S. 629 (1953) ............................................................................................. 17

*Volkswagenwerk Aktiengesellschaft v. Church*,
  411 F.2d 350 (9th Cir. 1969), *supplemented*, 413 F.2d 1126 (9th Cir. 1969)......................... 17

*WeWork Companies Inc. v. WePlus (Shanghai) Tech. Co.*,
  2020 WL 83845 (N.D. Cal. Jan. 7, 2020) ...................................................... 8, 17, 18

*Winter v. Nat. Res. Def. Council, Inc.*,
  555 U.S. 7 (2008) ......................................................................................... 10, 18

### Statutes

15 U.S.C. § 1051 ..................................................................................................... 16

15 U.S.C. § 1057(c) ................................................................................................. 16

### Other Authorities

37 C.F.R. § 2.66 ....................................................................................................... 16

37 C.F.R. § 2.68 ....................................................................................................... 16

Fed. R. Civ. P. 54 ..................................................................................................... 13

Fed. R. Civ. P. 59(e) ......................................................................................... 7, 13, 15

Fed. R. Civ. P. 65(d) ......................................................................................... 7, 14, 19

Local Rule 7-3 ................................................................................................. 7, 14, 15

TMEP § 201.02 ......................................................................................................... 16

DEFENDANTS' MOTION TO ALTER OR AMEND UNDER FEDERAL RULE 59(E), OR IN THE
ALTERNATIVE, MOTION TO DISSOLVE

**INTRODUCTION**

Defendants io Products, Inc., OpenAI, Inc., OpenAI, LLC, Sam Altman, and Sir Jonathan Paul Ive respectfully request that the Court alter or amend its April 23, 2026 Order Granting Plaintiff's Motion for a Preliminary Injunction.  In the alternative, Defendants respectfully submit that the injunction should be dissolved.

The Court should consider the highly probative evidence Defendants previously submitted in response to the Court's questions that the Court previously declined to review: namely, Defendants' abandonment of the Weynorth trademark registration applications (the "Applications").  The local rule that the Court cited in excluding these documents as untimely expressly permits supplemental filings made with "prior Court approval."  Because the Court *ordered* Defendants to "explain why" the Applications did not demonstrate a "reasonable argument and possibility that Defendant [sic] is going to use the mark," ECF 136 at 2, Defendants' response concerning the status of the Applications was necessarily made with prior Court approval.

The Order explained that the Court excluded the evidence on the ground that Defendants raised the abandonment of the Applications "for the first time" on "the day of the hearing."  Order at 5.  Defendants, however, raised abandonment in writing before the hearing.  ECF 145; *see* ECF 145-2 - 145-9.  The abandonments were filed in timely compliance with the deadline the Court had set to respond to its question about the Applications, which arose because Plaintiff had only raised the issue of the Applications on reply.  Plaintiff argued about the Applications—and the abandonments—at the hearing before Defendants offered any argument.  Excluding evidence of the abandonments under Civil Local Rule 7-3 under these circumstances was thus erroneous.

Even if it were proper to exclude under Rule 7-3, it would be proper for the Court to consider the evidence now because the abandonments are materially new evidence that did not exist until after Plaintiff filed its Reply.  Based on this evidence, the Court should deny injunctive relief, and modify or dissolve the Order.

The Court should also reevaluate Defendants' declaration not to use the "io" name in connection with artificial intelligence-enabled hardware products—which had no expiration or condition.  Contrary to iyO's characterizations unsupported by admissible evidence—all raised in

-7-                Case No. 3:25-cv-4861-TLT

its reply brief or at the hearing—there has been no attempt by Defendants to game this process through conditional or limited promises of non-use. Defendants have no intention of using the "io" name for any AI products. Full stop.

The declaration filed by Defendants, coupled with the other evidence they submitted, establishes that there is "no reasonable risk" of Defendants using the "io" name ***in connection with*** any AI products—whether as a name for the AI hardware, the software used in connection with the hardware, or as a trade name for the company offering the AI hardware. *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 98 (2013). iyO's complaint challenged only AI hardware and related software. Defendants' declaration of non-use went further, extending to all uses of an "io" trademark "in connection with" AI hardware. Especially when combined with the wide scope of goods and services identified in the Applications that were abandoned, there is no basis to find "a present risk of [the allegedly infringing actions] occurring or [that] the Defendant[s] could easily return to the allegedly wrongful behavior." *WeWork Companies Inc. v. WePlus (Shanghai) Tech. Co.*, 2020 WL 83845, at *4 (N.D. Cal. Jan. 7, 2020). The Court's determination that the declaration "is insufficient to establish a rational connection with certainty that Defendants ***do not plan to use the mark in the future***" (Order at 12, emphasis added) applied the standard *WeWork Companies* rejected when it clarified the standard is "not *if* trademark infringement *might* occur between the parties in the future." 2020 WL 83845, at *4.

There is no actionable harm, imminent or otherwise, left for this Court to address, and no reason for the Court to resort to the extraordinary remedy of a preliminary injunction. The Court should therefore alter, amend, or dissolve the Order and deny iyO's request for injunctive relief in its entirety.

## BACKGROUND

### A.    Defendants Decide Not To Use "io" As A Trademark

At the outset of this litigation, Defendants explained that they had not decided whether to use the "io" name with any future artificial intelligence hardware products—which they were then still at least a year away from launching. During TRO briefing, Defendants argued that this case was not ripe because the acquiring OpenAI entities had not decided how or whether to use the "io"

name, and noted the lawsuit could not "be decided without considering contingent future events that may or may not occur as anticipated, or indeed may not occur at all." ECF 25 at 15 (citation omitted); *see also id.* at 16 (arguing there was no answer to the question of "[h]ow [] the io mark [would] be used, if at all"). Defendants reiterated this at the TRO hearing and during oral argument in the Ninth Circuit. *See* ECF 50 (June 17, 2025 Hearing Tr.) at 27:22-28:3 ("There is no product branded with the io name that has been announced."); Pollock Decl. ¶ 11 (Ninth Circuit Oral Argument) ("There is no evidence that the defendants will ever offer a product with IO in the name"). But the Court credited iyO's factually inaccurate argument—based on one email message that plainly referred to a company, not a product (*compare* ECF 1 ¶ 78 *with* ECF 6-9 at 2-3)—that Defendants' future device ***would*** "be called by the disputed mark," and granted iyO's request for a temporary restraining order. ECF 51 at 8.

After io Products, Inc.'s merger with OpenAI was completed, Defendants began working together in their new corporate structure and conducted a post-acquisition review of their product naming strategy. ECF 123-1 ¶ 2. In early February 2026—still a full year before Defendants' earliest anticipated release of their first hardware product—they decided unequivocally that they would ***not*** use "io" as a trademark for any artificial intelligence hardware product. *Id.*

**B.** **Defendants Repeatedly Attempt To Moot The Need For A Preliminary Injunction**

Following their decision, Defendants made a good faith effort to spare the parties and the Court the burden and expense of preliminary injunction motion practice. Defendants informed iyO of their decision promptly after it was made and offered to provide a declaration confirming they would not use "io" as a trademark if iyO would agree that the preliminary injunction was not necessary. ECF 105-1 ¶ 3.

iyO refused. Without any discussion or conferral regarding the scope of Defendants' commitment of non-use, on February 5, 2026, iyO announced it would proceed with preliminary injunction briefing unless Defendants stipulated to a preliminary injunction. ECF 105-1 ¶ 4. Defendants could not stipulate to a preliminary injunction—doing so would have required conceding that iyO had demonstrated a likelihood of success on the merits and irreparable harm.

*E.g., Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Even if it was theoretically possible to "agree" between the parties that the order would not constitute a determination on the merits (something iyO has never identified any authority for), iyO failed to offer Defendants any assurance that the stipulation would not be used to support willfulness arguments, enhanced damages, or attorneys' fees—all forms of relief that iyO explicitly seeks. *See, e.g.*, Ex. 107 at 5.

Defendants nevertheless continued to try to find quick, alternative ways to resolve the dispute without further litigation. On February 5, 2026, Defendants proposed agreeing to continue the preliminary injunction hearing to January 2027, with the TRO remaining in place. ECF 105-1 ¶ 4. The rationale was straightforward: by January 2027, Defendants would be approaching their product launch, and it would be obvious that "io" would not be used as a trademark. iyO's counsel initially reacted favorably to this proposal, only to later reject it without explanation. ECF 108 at 3. Unable to get Plaintiff's consent to this proposal, two business days later, on February 9, 2026, Defendants filed an administrative motion to postpone the hearing on the grounds that no PI hearing was necessary this year given that Defendants had decided not to use "io" as a trademark for their eventual artificial intelligence hardware products. ECF 105; ECF 105-2. iyO opposed the motion, but did not challenge the scope of products or services Defendants committed not to use "io" as a trademark for. ECF 107. The Court did not rule on Defendants' motion before iyO's February 20 deadline to file its motion for a preliminary injunction, and it later denied the motion. ECF 117.

iyO filed its motion for a preliminary injunction eleven days after receiving Defendants' declaration, and the motion extensively addressed Defendants' decision not to use "io" as a trademark. *See, e.g.*, ECF 110 ("Mot.") at 11; Pollock Decl. ¶ 12. But it, again, raised no challenge to the scope of products identified in the declaration. *See* ECF 105-2. Nor did iyO make any argument relating to the Applications, even though iyO was indisputably aware of their existence, having served a request for production that identified each of the Applications by serial number. Pollock Decl. ¶ 13 & Ex. J at 5.

DEFENDANTS' MOTION TO ALTER OR AMEND UNDER FEDERAL RULE 59(E), OR IN THE ALTERNATIVE, MOTION TO DISSOLVE

**C.**    **iyO's Preliminary Injunction Reply Raises New Arguments; Defendants Have No Opportunity To Respond**

On March 13, 2026, Defendants timely opposed iyO's motion.  ECF 121 ("Opp."). Defendants' Opposition explained why there was no longer any legal controversy justifying an injunction (or, indeed, Article III jurisdiction): as of the complaint being filed, they had not decided to use the "io" name for any artificial intelligence hardware product, they had removed their allegedly offending merger announcement months earlier despite the existence of no requirement that they do so, Peter Welinder, OpenAI's Vice President and General Manager, had declared under penalty of perjury that Defendants would not use the "io" name in connection with artificial intelligence hardware products at any time, and prominent news outlets in the technology industry had publicly reported this decision.  Opp. 8-9.

Confronted with the substantial evidence of Defendants' cessation, iyO's reply brief pivoted. *See* ECF 126 ("Reply").  For the first time, iyO argued that Defendants' declaration—the same declaration iyO had already responded to twice and had by then possessed for almost six **weeks** without once challenging as having too narrow an identification of goods—was deficient because it allegedly did not cover software products, did not explicitly disclaim use of "io" as a trade name, and purportedly left open the possibility that Defendants might "use this mark when they come out with their product in 2027."  Reply 3-4; Hearing Tr. 20:2-8.  Also for the first time, iyO submitted 890 pages of documents relating to the Applications filed in connection with Defendants' potential future uses (before they had decided not to use "io"), arguing these Applications superseded Defendants' declaration—notwithstanding that iyO had been aware of the Applications since before it filed its opening brief, and the majority were already suspended. Reply 4; *see* Pollock Decl. ¶ 13 & Ex. J at 5 (February 18, 2026 request for production identifying the Applications by serial number); ECF 145 at 6-10 (describing suspension of applications).  Defendants timely objected to iyO's reliance on the Applications as improper reply evidence.  ECF 134.

DEFENDANTS' MOTION TO ALTER OR AMEND UNDER FEDERAL RULE 59(E), OR IN THE
ALTERNATIVE, MOTION TO DISSOLVE

**D.**    **The Court Orders Defendants To Address The Trademark Registration Applications, And They Comply**

On April 3, 2026, the Court ordered Defendants to respond in writing to two questions. One question cited to the Applications directly, and expressed the view that "there is a reasonable argument and possibility that Defendant [sic] is going to use the mark." ECF 136 at 2. The Court invited Defendants to explain "[i]f the Court's view is improper," and set an April 13, 2026 deadline for Defendants' response. *Id.* at 1-2.

Defendants complied. On April 13, 2026—the day before the hearing—Defendants filed a written response explaining the circumstances of these years-old Applications and reporting that all of the Applications directed to the "io" name had been abandoned, submitting the notices of abandonment as exhibits. ECF 145; ECF 145-2 - 145-9. Defendants explained that prosecution of the relevant Applications had been largely dormant throughout the litigation, and that they had never presented a genuine risk of vesting trademark rights because Defendants had never alleged use of the marks in commerce. ECF 145 at 8-9. Nevertheless, Defendants explained that, in an abundance of caution, they had directed the abandonment of all of the trademark registration Applications— including several covering goods and services not at issue in this case. ECF 145 at 6-9.

At the April 14, 2026 hearing, iyO sought to minimize the effect of the abandonments, declaring them as filed "not with prejudice." Hearing Tr. 13:21-23. Defendants reiterated their objection to iyO's reliance on the Applications as improper reply evidence and explained the legal irrelevance of the "with prejudice" argument. *Id.* at 22:9-17; 34:13-19. iyO doubled down, arguing "that the combination of the strategic tactical [sic] nature of the Defendants' actions with respect to the W[e]yNorth filings and their cagey limited statement of what it is they are agreeing not to do" defeated any cessation argument. *Id.* at 40:6-10.

On April 23, 2026, the Court granted iyO's motion for a preliminary injunction. ECF 158. In addressing voluntary cessation, the only evidence the Court cited as raising an issue about the possibility of future trademark infringement was the existence of the (then-abandoned) Applications and the absence of discovery. Order at 5. This was contrary to this Court's precedent. *LegalForce RAPC Worldwide, P.C. v. LegalForce, Inc.*, 2023 WL 6930330, at *7 (N.D. Cal. Oct. 19, 2023)

(Thompson, J.) ("Plaintiff fails to provide legal authority that filing a trademark application, without something more, reflects imminent trademark infringement").  And the Court declined to consider the abandonment of the Applications, stating that the abandonments had been first raised "[o]n the day of the hearing" and suggesting they had been filed without leave.  Order at 5.  As described above, Defendants had filed evidence of the abandonments the day before the hearing, in direct and timely response to the Court's April 3 order.  ECF 136; ECF 145; ECF 145-2 - 145-9.  The Order did not identify the terms of the injunction.  Order at 13-14.

<b><u>LEGAL STANDARD</u></b>

**A.      <u>Motion To Alter Or Amend</u>**

Under Federal Rule of Civil Procedure 59(e), any party can move to "alter or amend a judgment" within "28 days after the entry of the judgment."  Because a preliminary injunction is an appealable interlocutory order, it qualifies as a judgment for purposes of Rule 59(e).  Fed. R. Civ. P. 54; *see Pinson v. Estrada*, 812 F. App'x 701, 702 (9th Cir. 2020) (party may "seek[] to relitigate the issues underlying an original preliminary injunction order" by filing a timely Rule 59(e) motion) (citation omitted).  "A district court may grant a Rule 59(e) motion if it is presented with newly discovered [or previously unavailable] evidence, committed clear error, or if there is an intervening change in the controlling law."  *Kaufmann v. Kijakazi*, 32 F.4th 843, 850 (9th Cir. 2022) (internal citation and quotation marks omitted); *Marsh Aviation Co. v. Hardy Aviation Ins. Inc.*, 720 F. App'x 418, 419 (9th Cir. 2018) (citation omitted).  "Rule 59(e) permits, if not encourages, a district court to correct its own" errors.  *Kaufmann*, 32 F.4th at 851.  "[L]eave of court is not required to seek relief under Rule 59(e)."  *Lenk v. Monolithic Power Sys., Inc.*, 2024 WL 4994228, at *1 (N.D. Cal. Oct. 31, 2024); *see also Monterey Bay Mil. Hous., LLC v. Pinnacle Monterey LLC*, 2015 WL 1548833, at *5 (N.D. Cal. Apr. 7, 2015) (applying 59(e) to motion which sought to reverse previously issued preliminary injunction).

**B.      <u>Motion To Dissolve</u>**

A preliminary injunction may be dissolved if "a significant change in facts or law warrants revision or dissolution of the injunction."  *Karnoski v. Trump*, 926 F.3d 1180, 1198 (9th Cir. 2019) (citation omitted).  "The inquiry on a motion to dissolve a preliminary injunction has two parts: (1)

whether the party seeking dissolution of the injunction has established a significant change in facts or law, and if yes, (2) whether this change warrants dissolution of the injunction." *hiQ Labs, Inc. v. LinkedIn Corp.*, 2022 WL 18399964, at *2 (N.D. Cal. Aug. 1, 2022) (citing *Karnoski*, 926 F.3d at 1198) (internal quotation marks omitted).

## ARGUMENT

The Court should revisit its April 23, 2026 Order to consider the trademark abandonment evidence it declined to review and Defendants' broad declaration not to use, which eliminates any basis for injunctive relief and compels amendment to deny or dissolve the order. At a minimum, the Order should be amended to comply with the mandatory requirements of Rule 65(d).

## I.    THE COURT SHOULD CONSIDER THE ABANDONMENT EVIDENCE IT DECLINED TO REVIEW AND DENY INJUNCTIVE RELIEF

### A.    The Abandonment Evidence Should Be Considered

The Court declined to consider Defendants' abandonment of the Applications on the ground that the abandonments were raised "[o]n the day of the hearing" and were filed without leave. Order at 5. Because both premises are incorrect, the exclusion of the highly probative abandonments and related argument was erroneous.

As reflected in the ECF header of Defendants' submission addressing the trademark abandonments, *see* ECF 145-2 - 145-9, there can be no dispute that the abandonments were not filed "[o]n the day of the hearing," as the Court incorrectly determined. Order at 5. The abandonments were filed on April 13, 2026, which was the day before the hearing. ECF 145, ECF 145-2 - 145-9. This was the day by which the Court ordered Defendants to address why the Applications did not create "a reasonable argument and possibility that Defendant [sic] is going to use the mark." ECF 136. The abandonments were filed as part of a direct and timely response to this order.

Civil Local Rule 7-3(d) (cited Order at 5) does not permit exclusion of the abandonments. The rule instead specifies what "[s]upplementary [m]aterial" can be filed when a party does not have "prior Court approval." *Id.*; *see also In re Cathode Ray Tube (CRT) Antitrust Litig.*, 2014 WL 4954634, at *4 (N.D. Cal. Oct. 1, 2014) ("court-ordered . . . supplemental briefing" is permitted by Local Rule 7-3(d)). Here, there was an explicit directive by the Court to respond, rendering this rule

DEFENDANTS' MOTION TO ALTER OR AMEND UNDER FEDERAL RULE 59(E), OR IN THE ALTERNATIVE, MOTION TO DISSOLVE

entirely inapplicable.  Indeed, iyO tellingly did not object to the abandonments under this rule at the hearing, nor did it raise the abandonments in the motion to strike it filed thereafter.  Hearing Tr. 13:9-20; ECF 147.

Even if the Court's decision to exclude the abandonments were not erroneous under Rule 7-3, the Court should still consider them in determining whether to alter its Order.  Rule 59(e) permits the consideration of "newly discovered or previously unavailable evidence."  *Marsh Aviation Co.*, 720 F. App'x at 419; *see also hiQ Labs, Inc.*, 2022 WL 18399964, at *3 (injunction should be dissolved when there has been a "significant change in fact").  Had iyO raised the abandonments in its opening brief—as it should have—Defendants could have completed the abandonments before submitting their opposition, but iyO tactically chose not to.  If the later-filed abandonments were somehow too new for the Court to consider, they constitute previously unavailable, and material, evidence that should be considered for purposes of altering, dissolving and/or amending the Order.

### B.    The Abandonments Are Significant And Material

The "io" intent-to-use trademark registration applications were the linchpin of the Court's voluntary cessation analysis.  They were the ***only fact*** favoring iyO that the Court discussed in this portion of its Order.  Order at 5.  At minimum, the abandonments negate the reliance on the Applications.  But they do not simply balance the scale at neutral: with the other facts Defendants have proffered, they conclusively establish there is no reasonable possibility that Plaintiff faces future infringement by Defendants involving the "io" name.  As in the only case any party has cited on the issue, the voluntary abandonment of trademark registration applications, coupled with a commitment to cease use of the challenged name, leaves "no doubt" that a claim for injunctive relief was moot.  *BIO Mgmt. Nw. Inc. v. Am. Bio Servs.*, 2022 WL 1666946, at *3 (W.D. Wash. May 3, 2022).

The facts here are even more compelling than those in *BIO,* in which the defendant had publicly used the infringing mark on its truck and employee uniforms for more than two years.  2022 WL 1666946, at *2.  In contrast, the record here unequivocally reflects Defendants' commitment not to use "io."  Defendants have never used the marks in commerce in connection with any goods or services, and they abandoned every "io" trademark registration application—including

-15-

DEFENDANTS' MOTION TO ALTER OR AMEND UNDER FEDERAL RULE 59(E), OR IN THE ALTERNATIVE, MOTION TO DISSOLVE

applications covering goods and services not at issue in this case. Further, they submitted a sworn declaration committing never to use the name, and their decision not to use the "io" name was widely covered in the press, adding a significant practical obstacle to any possibility of backtracking. ECF 123-15. There is no principled basis for the Court to reach a different result than *BIO*.

iyO's only response was to misleadingly claim that abandonments were filed "without prejudice." Hearing Tr. 13:21-23; *see also id*. at 38:25-39:7 (implying that there was a way to revive an abandoned trademark application). But when—as here—a trademark application is expressly abandoned, that abandonment "may not subsequently be withdrawn." 37 C.F.R. § 2.68; *see also* 37 C.F.R. § 2.66 (allowing a petition to revive an abandoned application only when "the applicant did not timely respond to" a USPTO action, and when that "delay was unintentional"). Moreover, Defendants requested express abandonment using the USPTO's standard form, which has no option for more "prejudice." Pollock Decl., Ex. I. There is simply no plausible mechanism for Defendants to revive the Applications, and iyO's suggestions to the contrary are without basis.

Nor is the effect of the abandonments insignificant. The abandoned Applications were filed ***nearly three years ago***. *See, e.g.*, ECF 126-5 at 2. If the Applications had matured into registrations, they would have had a constructive use priority date of 2023 (*see* 15 U.S.C. § 1057(c); TMEP § 201.02)—a three-year advantage compared to today that Defendants have now forfeited. Moreover, Defendants and their affiliates cannot file any new, relevant trademark registration application for "io" consistent with their declaration of non-use, because trademarks cannot be "reserved"; the applications must be supported by either actual use or bona fide intent to use—which Defendants have declared they will not do in any relevant sense. *See* 15 U.S.C. § 1051 (trademark applicant must certify "the mark is in use in commerce" or the applicant "has a bona fide intention" to use the mark in commerce). Defendants' prompt abandonment of the Applications after iyO first raised them in its Reply compels a finding of mootness on this record. *E.g., BIO*, 2022 WL 1666946, at *3.

Plaintiff has not cited, and Defendants are not aware of, any precedent for issuing a preliminary injunction where a party has both disclaimed future intent to use *and* abandoned its trademark registration applications—much less when the defendant never used the mark in

commerce in the first place. On this record, the Court should deny iyO's request for injunctive relief in its entirety. *See BIO*, 2022 WL 1666946, at *3; *Volkswagenwerk Aktiengesellschaft v. Church*, 411 F.2d 350, 352 (9th Cir. 1969), *supplemented*, 413 F.2d 1126 (9th Cir. 1969) (affirming denial of injunction when "[t]here is little or no evidence in the record casting doubt on [defendant's] good faith abandonment of this infringement"); *Apple Inc. v. Samsung Elecs. Co.*, 735 F.3d 1352, 1374 (Fed. Cir. 2013) (similar, applying Ninth Circuit law).

## II. <u>DEFENDANTS' DECLARATION ELIMINATED ANY POSSIBLE BASIS FOR INJUNCTIVE RELIEF</u>

The Court should reevaluate its discussion pertaining to Defendants' declaration of non-use. Order at 11-12. The Court's determination that Defendants failed to show they "do not plan to use the mark in the future" did not apply the correct standard for assessing cessation. *Id.* Defendants were not required to show they will make no use of "io" whatsoever in the future. *See WeWork Companies Inc.*, 2020 WL 83845, at *4 ("The standard is not *if* trademark infringement *might* occur between the parties in the future . . ."). To moot iyO's claim for injunctive relief under this cessation standard, Defendants only needed to show that there was no "cognizable danger of ***recurrent*** violation"—*i.e.*, that the conduct iyO complained of could not reasonably be expected to recur. *United States v. W. T. Grant Co.*, 345 U.S. 629, 633 (1953) (emphasis added); *see also Already, LLC,* 568 U.S. at 95 (case is moot where "the challenged conduct cannot reasonably be expected to recur"); *WeWork Companies Inc.*, 2020 WL 83845, at *4 (fact that defendants had "no current plans to open a location in the United States" was sufficient to establish mootness, even where there was no irrevocable promise that the defendants' plans would not change).

The Declaration of Peter Welinder is unrebutted in satisfying Defendants' burden. The declaration states definitively that Defendants have decided ***not*** to use the name "io" (or "IYO") "***in connection with*** the naming, advertising, marketing, ***or*** sale of any artificial intelligence-enabled hardware products." ECF 123-1 ¶ 2 (emphasis added). This promise has no expiration date—it does not expire in 2027, it is not limited to any specific product or launch window, and it is not subject to any carve-out or condition. And despite iyO's stated concerns (Reply 1, 4), on its face, the declaration is not limited to non-use as a name for Defendants' hardware, but extends to other

-17-

uses of "io" as a trademark in connection with the advertising, marketing, or sale of related products, including use as a trademark for related software or as a trade name for selling such products. The declaration covers every aspect of the conduct iyO accused in its Complaint—which specifically seeks to prevent use of "io" in connection with "hardware (and related software) which allows users to interact with" artificial intelligence without the use of screens, keyboards, and traditional interfaces. *See* ECF 1 (Complaint) ¶¶ 3, 6; *see also id.* ¶¶ 69, 79, 95-96, 98, 101.

iyO invited error in this analysis by holding back its challenge to the scope of the declaration for reply. Although it had possessed Peter Welinder's declaration for more than ten days before filing its opening brief, iyO waited until its reply brief to challenge the declaration's sufficiency. *See* Pollock Decl. ¶ 12; ECF 105-2. These reply arguments—that the declaration does not cover **all** "software" or **all** use of io as a "trade name"—were wrong as to facts that mattered, and otherwise irrelevant. The declaration covers software or trade names used "in connection with the . . . advertising, marketing, or sale of any artificial intelligence-enabled hardware products"—whether it covers anything else, such as use with software unrelated to AI hardware, is irrelevant. ECF 123-1 ¶ 2. Had iyO raised these arguments in its opening brief, Defendants could have identified this misreading in the opposition. By waiting until reply, iyO ensured that Defendants had no meaningful opportunity to respond. *See Staley v. Gilead Scis., Inc.*, 589 F. Supp. 3d 1132, 1143 n.3 (N.D. Cal. 2022) (refusing to consider argument that was "not presented in [the moving party's] opening briefs (even though it could have been)"); *CoStar Realty Info., Inc. v. Mod. Font Applications LLC*, 2022 WL 946346, at *1 (N.D. Cal. Mar. 23, 2022) (granting sur-reply to address argument that was "raised for the first time in MFA's reply brief that could have been made in the opening brief."). The Court should not permit the "extraordinary remedy" of an injunction to stand based on this legally irrelevant speculation about other hypothetical future uses. *Winter*, 555 U.S. at 7. Because the declaration is precisely coextensive with the conduct iyO's Complaint targets, iyO's reply arguments are exactly what *WeWork Companies* forbids: an attempt to "recast the complaint into a general grievance." 2020 WL 83845, at *4. No injunction can stand on such fatally attenuated grounds. The Court should apply the correct standard, credit the Welinder Declaration, and amend or dissolve the injunction to deny injunctive relief entirely.

## III.    THE ORDER SHOULD BE AMENDED BECAUSE IT DOES NOT COMPLY WITH RULE 65(D)

Rule 65(d) requires any injunction and restraining order to "state its terms specifically" and "describe in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required."  These "specificity provisions of Rule 65(d) are no mere technical requirements." *Schmidt v. Lessard*, 414 U.S. 473, 476 (1974).  The rule was designed to ensure that every injunction is specific enough to avoid confusion on the part of the parties that have been enjoined.  *Id.*  Orders that lack the specificity required by Rule 65(d) are unenforceable.  *See Reno Air Racing Ass'n., Inc. v. McCord*, 452 F.3d 1126, 1134 (9th Cir. 2006).

Here, the Order does not meet Rule 65(d)'s specificity requirements.  The Order does not describe what conduct it enjoins in any terms, let alone "specific" ones.  Although the Order appears framed consistently with the scope of the TRO (ECF 51), acknowledging at the outset that "[t]he core of this dispute involves Defendants' use of the 'IO' branding mark for artificial intelligence-enabled hardware" (Order at 2), the Order fails to identify specific enjoined conduct.  As set forth above, the Court should amend the Order by declining to enter injunctive relief at all.  But at a minimum, the injunction should not be as sweeping as the language of Plaintiff's proposed order.  ECF 110-5.  As stated in Defendants' Opposition, that overly broad scope which exceeds the scope of the TRO would enjoin the use of a widely-known technical term even in a non-confusing, descriptive sense, could be read to prevent the use of ubiquitous ".io" top-level domain extension even for wholly unrelated products, may chill legitimate efforts at comparative advertising, and would have the effect of removing a common abbreviation from the public domain.  *See* ECF 121 at 25; *see also* ECF 145 at 2-6.[1]

## CONCLUSION

The Court should alter, amend, or dissolve the preliminary injunction and deny iyO's request for injunctive relief.

---

[1]    The basis for Defendants' motion is limited to the reasons discussed herein, but Defendants reserve the right to raise other challenges to the Order on appeal, including as to the existence of jurisdiction.

DEFENDANTS' MOTION TO ALTER OR AMEND UNDER FEDERAL RULE 59(E), OR IN THE ALTERNATIVE, MOTION TO DISSOLVE

DATED:   May 13, 2026              QUINN EMANUEL URQUHART
                                   & SULLIVAN, LLP


                          By      /s/ Margret M. Caruso
                                  Margret M. Caruso
                                  *Attorneys for Defendants io Products, Inc.,*
                                  *OpenAI, Inc., OpenAI, LLC, and Sam Altman*


DATED:  May 13, 2026               JONES DAY


                          By      /s/ David Kiernan
                                  David Kiernan
                                  *Attorneys for Defendant Sir Jonathan Paul Ive*

DEFENDANTS' MOTION TO ALTER OR AMEND UNDER FEDERAL RULE 59(E), OR IN THE
ALTERNATIVE, MOTION TO DISSOLVE

**ATTESTATION**

I, Margret M. Caruso, am the ECF user whose ID and password are being used to file the above document.  In compliance with Local Rule 5-1(i)(3), I hereby attest that David Kiernan has concurred in the filing of the above document.


By    _/s/ Margret M. Caruso_
          Margret M. Caruso

Case No. 3:25-cv-4861-TLT

DEFENDANTS' MOTION TO ALTER OR AMEND UNDER FEDERAL RULE 59(E), OR IN THE
ALTERNATIVE, MOTION TO DISSOLVE