MINTZ, LEVIN, COHN, FERRIS,
GLOVSKY AND POPEO, P.C.
Andrew D. Skale (211096)
ADSkale@mintz.com
Micah Danzig (177923)
mdanzig@mintz.com
Laura Franco (186765)
LFranco@mintz.com
Anthony J. Viola (*pro hac vice*)
AJViola@mintz.com
Kara M. Cormier (*pro hac vice*)
KMCormier@mintz.com
44 Montgomery Street, 36th Floor
San Francisco, CA 94104
Tel.: (415) 432-6000

*Attorneys for Plaintiff IYO, INC.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IYO, INC.<br><br>        Plaintiff,<br><br>    v.<br><br>IO PRODUCTS, INC., OPENAI, INC., OPENAI, LLC, OPENAI OPCO, LLC, SAM ALTMAN, SIR JONATHAN PAUL IVE, and TANG YEW TAN<br><br>        Defendants. | Case No. 3:25-cv-4861-TLT<br><br>**PLAINTIFF IYO, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION**<br><br>FAC Filed: March 13, 2026<br>Hearing Date: September 8, 2026 |

MINTZ, LEVIN, COHN,
FERRIS, GLOVSKY AND
POPEO, P.C.
ATTORNEYS AT LAW
SAN DIEGO

# TABLE OF CONTENTS

Page

I.    INTRODUCTION ................................................................................................ 1

II.   BACKGROUND ................................................................................................. 3

III.  LEGAL STANDARD ........................................................................................ 8

IV.   ARGUMENT ..................................................................................................... 9

    A.    Defendants' Failure to Seek Leave Mandates Denial ............................ 9

    B.    Defendants' Motion Fails Civ. L.R. 7-9's Requirements .................... 10

    C.    Sanctions are Warranted for Defendants' Violation of Civ. L.R. 7-9 .... 11

    D.    Defendants' Motion Fails Rule 59(e)'s "Extraordinary Remedy" Standard ......... 13

    E.    None of Defendants' Citations Warrant a Different Result under Rule 59(e) ....... 14

    F.    Defendants' Rule 65(d) Argument Does Not Justify Dissolving the PI ............... 16

V.    CONCLUSION ................................................................................................ 17

MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C. ATTORNEYS AT LAW SAN DIEGO

PLAINTIFF IYO, INC.'S MEMO OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Great Am. Ins. Co. v. Chang*,
2013 WL 3965420 (N.D. Cal. July 31, 2013) ........................................................................ 8

*Guardant Health, Inc. v. Natera, Inc.*,
2025 WL 1911524 (N.D. Cal. July 9, 2025) ......................................................................... 4

*Harris v. Ramirez*,
2022 WL 2674207 (N.D. Cal. June 3, 2022) ........................................................ 1, 5, 11, 12

*Homelight, Inc. v. Shkipin*,
No. 22-cv-03119-TLT, 2023 WL 6373614 (N.D. Cal. Aug. 11, 2023) .......................... *passim*

*Kaufmann v. Kijakazi*,
32 F.4th 843 (9th Cir. 2022) ........................................................................................ *passim*

*Medina v. Two Jinn, Inc.*,
No. 22-cv-02540-TLT, 2023 WL 11956369 (N.D. Cal. Mar. 15, 2023) ............................ 2, 8

*Mollaei v. Otonomo Inc.*,
No. 22-cv-02854-TLT, 2023 WL 5162402 (N.D. Cal. July 18, 2023) ...................... 2, 5, 9, 10

*Rojas v. IRS*,
No. 24-cv-00725-TLT, 2024 WL 4627047 (N.D. Cal. June 17, 2024) ......................... 1, 5, 11

*Youlin Wang v. Kahn*,
2022 WL 36105 (N.D. Cal. Jan. 4, 2022) ...................................................................... *passim*

**Other Authorities**

Federal Rule of Civil Procedure 59(e) ............................................................................ *passim*

Federal Rule of Civil Procedure 65(d) .................................................................................. 12

Civ. Local Rule 7-3(d) .................................................................................................... *passim*

Civ. Local Rule 7-9 ......................................................................................................... *passim*

MINTZ, LEVIN, COHN,
FERRIS, GLOVSKY AND
POPEO, P.C.
ATTORNEYS AT LAW

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION

## I.    INTRODUCTION

Defendants' motion is both procedurally improper and substantively meritless. Although they caption it as one under Federal Rule of Civil Procedure 59(e), Defendants' motion is unquestionably one for reconsideration. The motion asks this Court to reconsider its order granting IYO's motion for a preliminary injunction, based on evidence and arguments the Court already considered (or expressly declined to consider), and seeks reversal of the preliminary injunction ruling based on the same voluntary-cessation theory the Court already rejected. However, under Civil Local Rule 7-9(a), the Court plainly requires that "[n]o party may notice a motion for reconsideration without first obtaining leave of Court to file the motion." Civ. L.R. 7-9(a). Defendants did not seek leave.

That critical error alone warrants denial of Defendants' motion. *See Youlin Wang v. Kahn*, 2022 WL 36105, at *7 (N.D. Cal. Jan. 4, 2022) (construing a motion to vacate a preliminary injunction as a reconsideration motion and holding that failure to seek leave was reason enough to deny it). Courts in this District routinely deny or construe improperly noticed reconsideration motions under Civil Local Rule 7-9 where, as here, a party asks the court to revisit a ruling without first obtaining leave. *Id.*; *see also Homelight, Inc. v. Shkipin*, No. 22-cv-03119-TLT, 2023 WL 6373614, at *1-2 (N.D. Cal. Aug. 11, 2023) (treating "second motion to dismiss" as a Rule 7-9 reconsideration request and noting that failure to seek leave violates Rule 7-9(a)); *Rojas v. IRS*, No. 24-cv-00725-TLT, 2024 WL 4627047, at *1-2 (N.D. Cal. June 17, 2024) ("Plaintiffs failed to file a motion for leave, so the Reconsideration Motion is not properly before this Court."); *Harris v. Ramirez*, 2022 WL 2674207, at *1-2 (N.D. Cal. June 3, 2022) (construing a reconsideration motion filed without leave as a motion for leave and denying it under Rule 7-9).

Even if the Court were to overlook Defendants' fatal failure to obtain leave, Defendants still cannot satisfy Rule 7-9. They identify no material difference in fact or law that they could not have known with reasonable diligence; no new material fact or change in law after the April 23 Order; and no manifest failure by the Court to consider material facts or dispositive legal arguments properly presented before the Order. Civ. L.R. 7-9(b). Instead, Defendants allege their "new" evidence is the **same** USPTO abandonment notices they already submitted to the Court, made

MINTZ, LEVIN, COHN,
FERRIS, GLOVSKY AND
POPEO, P.C.
ATTORNEYS AT LAW
SAN DIEGO

PLAINTIFF IYO, INC.'S MEMO OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION

argument about in their response to the Court's questions, argued before the Court during oral argument, and addressed in the PowerPoint they filed after oral argument. The Court expressly referenced Defendants' "evidence," and declined to consider it under Civil Local Rule 7-3(d). Thus, Defendants essentially ask for a "do-over." Having failed to present their evidence properly, Defendants are now moving inappropriately for reconsideration based on that same evidence. If this tactic worked, every time a Court declined to consider improperly submitted evidence, litigants could merely file a motion to reconsider to have the evidence heard – end running the entire process.

In apparent recognition of the inappropriateness of that tactic, Defendants now pivot and claim the Court's questions before the hearing gave them "prior Court approval" to file this improper evidence. That is wrong. The Court asked Defendants to explain—based on the existing record—why the applications did not reflect an intent to resume use; it did not invite them to create, submit, or rely on new evidence. *See* ECF 136 at 2. Indeed, the Court has already rejected this very argument in granting the preliminary injunction. The Court explained that Defendants' abandonment argument violated Civil Local Rule 7-3(d), which provides that "once a reply is filed, no additional memoranda, papers, or letters may be filed without prior Court approval," and declined to consider this "evidence" on that basis. ECF 158 at 5. Contrary to their newly-minted argument, Defendants were therefore expressly told they lacked prior Court approval. Nevertheless, they reassert the same position in direct contravention of the Court's order.

Rule 7-9 is clear; it does not allow a disappointed litigant to repackage excluded supplemental evidence as a post-order reconsideration motion, and it expressly prohibits repeating arguments previously made. Civ. L.R. 7-9(c); *see Medina v. Two Jinn, Inc.*, No. 22-cv-02540-TLT, 2023 WL 11956369, at *1-2 (N.D. Cal. Mar. 15, 2023).

Even setting aside Rule 7-9, the motion fares no better under Rule 59(e). That Rule is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kaufmann v. Kijakazi*, 32 F.4th 843, 850–51 (9th Cir. 2022). It is not a vehicle to "raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Mollaei v. Otonomo Inc.*, No. 22-cv-02854-TLT, 2023 WL 5162402, at *2 (N.D. Cal. July 18, 2023). Defendants have not shown newly discovered or previously unavailable

evidence, clear error, manifest injustice, or an intervening change in controlling law. They simply disagree with the Court's Order and again make their belabored voluntary cessation argument. That is not enough. *See id.* at *2 ("a party seeking reconsideration [under 59(e)] must show more than a disagreement with the Court's decision"). Thus, Defendants' motion should be denied.

## II.     BACKGROUND

The Court granted IYO's motion for a preliminary injunction on April 23, 2026, after considering (*inter alia*) IYO's survey evidence, Defendants' claimed voluntary cessation arguments, Defendants' discovery responses, and the parties' briefing and argument. ECF 158 at 1-2, 14. The Court held that Defendants had not carried their "formidable burden" to establish that the challenged conduct could not reasonably be expected to recur. *Id.* at 4-5. The Court also found that the *Sleekcraft* factors favored IYO, that IYO was entitled to a rebuttable presumption of irreparable harm, and that the balance of equities and public interest favored IYO. *Id.* at 5-13.

A. <u>The Welinder Declaration</u>: The record before the Court included Defendants' February 9, 2026 declaration from Peter Welinder (ECF 105-2), which cursorily stated that Defendants had decided not to use "io" or "IYO" "in connection with the naming, advertising, marketing, or sale of any artificial intelligence-enabled hardware products." ECF 105-2 at ¶ 2; *see also* ECF 123-1 at 3. IYO explained why that statement was insufficient and did not moot the case or claim: it was limited to hardware, did not cover software, trade-name use, confusingly similar marks, the io Products, Inc. corporate identity, the io.com domain, did not bind Defendants through trial, and other reasons. ECF 126 at 1, 4, 13-14; ECF 157 at 12:25-14:22; 39:21-40:10. IYO also pointed out that, in other voluntary cessation cases, defendants had undertaken far more substantial steps to halt infringing conduct than the cursory, single-sentence assertion offered here—yet still failed to meet their heavy burden.  ECF 126 at 4-5.

The Court agreed that Welinder's declaration did not establish with sufficient certainty that Defendants did not plan to use the mark in the future. ECF 158 at 11-12.

In seeking to reargue the import of the Welinder Declaration, Defendants mislead the Court as to its scope, arguing (at 17-18) that:

- 3 -

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION

the [Welinder] declaration **is not limited to non-use as a name for Defendants' hardware, but extends to other uses of 'io' as a trademark in connection with the advertising, marketing, or sale of related products, including use as a trademark for related software or as a trade name for selling such products**. The declaration covers every aspect of the conduct iyO accused in its Complaint – which specifically seeks to prevent use of 'io' in connection with 'hardware (and related software) which allows users to interact with' artificial intelligence without the use of screens, keyboards, and traditional interfaces.

ECF 163 at 17-18 (emphasis added). This is not true. The Welinder declaration is very limited. It states:

In July 2025, OpenAI completed its acquisition of io Products, Inc. As part of the post-acquisition integration process, Defendants conducted a review of their **product-naming strategy** and how any future consumer hardware offering that was planned by Defendant io Products, Inc. would fit within the broader OpenAI brand. As a result of that review, **Defendants have decided not to use the name "io" (or "IYO," or any capitalization of either) in connection with the naming, advertising, marketing, or sale of any <u>artificial intelligence-enabled hardware products</u>**.

ECF 123-1 at ¶ 2 (emphasis added).

Contrary to Defendants' assertion, the Welinder Declaration is expressly concerned with Defendants' "product-naming strategy" and is limited to hardware; it nowhere mentions software, trade-name use, confusingly similar marks, the io Products, Inc. corporate identity, or the io.com domain.

B. <u>The Weynorth Applications</u>: Not only have Defendants mischaracterized the Welinder Declaration, they also withheld from the Court (and Plaintiff) probative information undermining their claim of non-use on the preliminary injunction motion.[1] Prior to filing the preliminary injunction motion, Plaintiff independently discovered that an entity called Weynorth Limited, previously unknown to Plaintiff and with no known connection to Defendants, had filed eight (8)

---

[1] Defendants' counsel was recently admonished in another case for making "thin distinctions" and "deliberate misrepresentations to this Court," which were "unjustified, unacceptable and sanctionable." *See Guardant Health, Inc. v. Natera, Inc.*, 2025 WL 1911524, at *2 (N.D. Cal. July 9, 2025) (awarding $3 million in fees because of Quinn Emanuel's mischaracterization of facts); *Guardant Health, Inc. v. Natera, Inc.*, 2026 WL 1401006, at *3 (N.D. Cal. May 19, 2026) (court's "investigation revealed not the misstatement or inadvertence of a single attorney but a pattern of conduct that infected an entire litigation team, from mid-level associate to managing partner.…At virtually every juncture …, these attorneys turned a blind eye to the truth, deliberately failed to exercise diligence, violated their duties of candor to the Court, and then attempted to justify it — without basis.").

separate applications with the US Patent and Trademark Office ("USPTO") seeking registration of the trademark "IO" in various forms and for various product categories (including Class 9, which is the class in which IYO's trademark is registered) (the "Weynorth Applications"). ECF 126 at 4; 126-5–126-12. Plaintiff served document requests seeking information about the Weynorth Applications and any relationship between Weynorth and Defendants. Those requests were served before Plaintiff moved for a preliminary injunction, at which time Plaintiff lacked any evidence of a connection between Defendants and Weynorth. Defendants, however, possessed that information. They later admitted that Weynorth is their affiliate and that they prosecuted the Weynorth Applications through that entity for unspecified "competitive reasons." ECF 145 at 7. The most apparent reason is that operating through a separate entity allowed Defendants to conceal from Plaintiff their intent to market a product under the name "IO."

After Plaintiff filed its preliminary injunction motion, Defendants served objections to those demands, refusing to produce any documents. ECF 126-4. It is beyond dispute that Defendants— and, at a minimum, their counsel in this case (through the discovery requests directed to this very issue, if not earlier)—were fully aware of the Weynorth Applications, and that those applications were being prosecuted for Defendants' benefit, throughout the pendency of the preliminary injunction motion. The Weynorth applications are "intent to use" applications, meaning that the applicant had to file (and did file) with the USPTO sworn statements of a *bona fide* intent to use the IO mark in commerce. ECF 126-5–126-12.  At the time of the Welinder Declaration, the filing of the preliminary injunction motion, and Defendants' opposition, the intent-to-use declarations for the IO mark remained pending before the USPTO and constituted affirmative representations of such intent. Despite this, Defendants represented to this Court that they had no intent to use the mark in commerce. Their opposition made ***no mention*** whatsoever of the Weynorth Applications.

Then, after Defendants filed their opposition to the preliminary injunction motion, and after they had told this Court in that opposition that they no longer intended to use the IO mark, Defendants (through Weynorth), made another filing with the USPTO ***again*** saying the opposite. ECF 138-1. Defendants had a time limit to submit evidence to the USPTO of their actual use in commerce of the IO mark for that application, or it would be deemed abandoned. *See* 15 U.S.C. §

1051 ("The failure to timely file a verified statement of use … or an extension request … shall result in abandonment of the application…"). Contrary to what they had just told this Court, though, Defendants did ***not*** want to abandon that application and so filed for an extension of time to avoid abandonment.    ECF 138-1. In order to do so, Defendants submitted to the USPTO a sworn declaration (dated March 25, 2026 but received at the USPTO on April 1) saying the opposite of what they had just told this Court – they told the USPTO under oath that they maintained a *bona fide* intent to use their IO mark (the "Extension Request").  *Id*.[2]

Defendants did not disclose to either Plaintiff or the Court their Extension Request, or that it contained a declaration of an ongoing intent to use the IO mark contradicting their argument to the Court.

Plaintiff filed its reply brief on March 27, raising the existence of the Weynorth Applications. However, due to Defendants' discovery stonewalling, Plaintiff could only infer— based on Defendants' objections, and without confirmation—that Defendants were behind those applications. At the time of the reply, neither Plaintiff nor the Court was aware of Defendants' contradictory Extension Request, which was not publicly available and was never disclosed by Defendants.

Continuing their pattern of obfuscation, on April 3, 2026, Defendants moved to strike Plaintiff's submission of the Weynorth Applications—once again omitting any reference to the existence or substance of the Extension Request. ECF 134.

On April 7 Plaintiff opposed that motion, attaching the Extension Request. ECF 138, 138-1. With the cat out of the bag, Defendants then filed with the USPTO abandonments of the Weynorth Applications on April 9 (confirmation received April 10) and disclosed that in their April 13 response to the Court's questions (served late the evening before the hearing on the preliminary injunction motion). ECF 145 at 6-9; ECF 145-1 at ¶¶ 2-9; ECF 145-2-145-9. Of course, Defendants also failed to mention or discuss the Extension Request or their contradictory representations to

---

[2] Defendants may try to distinguish this filing because it was made as part of an application covering the use of the IO mark for hardware directed to multifunction electronic welfare devices such as health, fitness, and exercise trackers. Another "thin" distinction – the application relates to (1) use of the IO mark, (2) on hardware, and (3) presumably AI enabled.

- 6 -

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION

MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C. ATTORNEYS AT LAW

different branches of the federal government, despite the fact that the Court's questions went specifically to the Weynorth Applications.[3] Nor did they mention or discuss the Extension Request in the 50-page Power Point presentation they brought to the hearing and subsequently emailed to the Court.

In short, throughout the time they have been telling Plaintiff and the Court that they no longer had an intention to use the IO mark, they have been telling the USPTO the exact opposite, under the ***penalty of perjury***. Indeed, Defendants filed their opposition to the preliminary injunction motion (claiming to have voluntarily ceased infringing use) despite knowing full well that they were simultaneously pursuing at the USPTO eight (8) separate trademark applications for the IO mark, including in the same class as Plaintiff's registered mark. Moreover, Defendants filed their opposition on March 13, only to turn around and tell the USPTO the exact opposite, under oath, in a filing on March 25, 2026. And, throughout, Defendants failed to disclose, and have refused to respond to discovery about, the Weynorth Applications and the Extension Request.

In short, Defendants' own conduct provides more than ample grounds for the Court to have concluded – and continue to conclude – that they have failed to meet their high burden to show that there is no possibility of their infringing conduct recurring. Indeed, the evidence shows that they have worked hard to hide the fact that their interest in using the IO mark continued, even while they (and Welinder) were claiming the opposite to this Court.

C. <u>The Abandonments</u>: Defendants attempt to misdirect from their egregious conduct by, in effect, claiming that their abandonment of the Weynorth Applications amounts to "no harm, no foul." That claim does not survive scrutiny. Defendants attempt to make much of the fact that Weynorth would face impediments if it sought to revive the Applications. *See* ECF 163 at 16. But, as Defendants concede, revival is not impossible and (tellingly) nothing prevents Defendants or even Weynorth from refiling ***new*** applications.

---

[3] The Court asked Defendants before the hearing to address whether their discovery response and the Weynorth Applications supported "a reasonable argument and possibility" that Defendants were going to use the mark. ECF 136 at 2.

MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C. ATTORNEYS AT LAW

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION

Thus, despite the issue of future USPTO action, or re-filings, or new filings having been raised at the hearing, Defendants have no response to it. As with the Welinder Declaration and the Extension Request, here again Defendants are being narrow, cagey, and evasive.

## III.    LEGAL STANDARD

Civil Local Rule 7-9 governs a request for reconsideration of an interlocutory order. The rule is clear: "[n]o party may notice a motion for reconsideration without first obtaining leave of Court to file the motion," and requires the moving party to show reasonable diligence and that its motion fits under one of three narrow grounds: a material difference in fact or law that could not reasonably have been known earlier, the emergence of new material facts or a change in law after the order, or a manifest failure by the Court to consider material facts or dispositive legal arguments presented before the order. Civ. L.R. 7-9(a), (b). The rule also prohibits a party from repeating arguments previously made. Civ. L.R. 7-9(c). Courts routinely enforce those requirements by denying reconsideration motions filed without leave or construing them as motions for leave and denying them where the movant fails to satisfy Rule 7-9. *See Youlin Wang*, 2022 WL 36105, at *7; *Homelight*, 2023 WL 6373614, at *1-3; *Rojas*, 2024 WL 4627047, at *1-2; *Harris*, 2022 WL 2674207, at *1-2.

Rule 59(e), even if applicable, also imposes a demanding standard. It permits relief only where the movant presents newly discovered evidence, shows clear error or manifest injustice, or identifies an intervening change in controlling law; it is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kaufmann*, 32 F.4th at 850–51. Rule 59(e) does not permit a party to raise arguments or evidence that could reasonably have been presented earlier, and a disagreement with the Court's ruling is not enough. *See Mollaei*, 2023 WL 5162402, at *2.

A motion to dissolve or modify a preliminary injunction likewise cannot be used to evade reconsideration standards; where the motion merely asks the Court to revisit the same motion on the same record, Local Rule 7-9 controls. *See Youlin Wang*, 2022 WL 36105, at *7.

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION

## IV.    ARGUMENT

### A.    Defendants' Failure to Seek Leave Mandates Denial

Civil Local Rule 7-9 applies to "[a]ny party" seeking reconsideration of an interlocutory order before final judgment. Civ. L.R. 7-9(a). A preliminary injunction order is interlocutory, and courts look beyond a motion's caption to its substance when deciding how to treat a request to vacate, alter, or reconsider such an order. *See Youlin Wang*, 2022 WL 36105, at *7. Defendants' motion seeks reconsideration because it asks the Court to revisit the preliminary injunction Order, reconsider evidence the Court declined to consider, and reverse the Court's voluntary-cessation analysis.

*Youlin Wang* is directly on point. There, respondents moved to vacate a preliminary injunction and dismiss, invoking other procedural vehicles; the court held that a preliminary injunction order was not a final decision, looked past the caption, construed the motion as one for reconsideration, and applied Civil Local Rule 7-9. *Youlin Wang*, 2022 WL 36105, at *7. The court held that because the respondents "did not seek leave of Court before filing the instant motion," the motion was "properly denied for this reason alone." *Id.* The same result follows here.

Other Northern District of California decisions confirm the same rule. In *Microsoft Corp. v. Goldah.com Network Technology Co.*, the court explained that Civil Local Rule 7-9 "provides a procedure whereby a litigant dissatisfied with an interlocutory ruling may seek leave to file a motion for reconsideration," construed the submission as a reconsideration request, and denied it because the defendants failed to show a material change in law or fact or any dispositive issue the court failed to consider. 2017 WL 4536417, at *3, *6 (N.D. Cal. Oct. 11, 2017). In *Microsoft Corp. v. FIFAVIP Co., Ltd.*, the court did the same, explaining that Rule 7-9 governs reconsideration of interlocutory orders in this District and denying reconsideration where the defendants failed to satisfy Rule 7-9. 2017 WL 4517060, at *3, *6 (N.D. Cal. Oct. 10, 2017). And in *Homelight*, this Court treated a differently captioned filing as a motion for leave to file a reconsideration motion, emphasized that Rule 7-9(a) requires leave before noticing such a motion, and denied the motion after finding noncompliance with Rule 7-9. *Homelight*, 2023 WL 6373614, at *1-3.

MINTZ, LEVIN, COHN,
FERRIS, GLOVSKY AND
POPEO, P.C.
ATTORNEYS AT LAW

- 9 -

Defendants' failure to seek leave is not a mere technicality. Rule 7-9's leave requirement prevents precisely what Defendants attempt here: relitigating an interlocutory ruling by simply recaptioning the motion. The Local Rule requires the movant first to show reasonable diligence and one of three narrow grounds for reconsideration. Civ. L.R. 7-9(b). Defendants skipped that threshold step. As such, the motion should be denied on that basis alone.

## B. Defendants' Motion Fails Civ. L.R. 7-9's Requirements

Even if the Court were to construe Defendants' noticed motion as a request for leave, Defendants still fail Rule 7-9. Under that rule, the moving party must show reasonable diligence and one of three specific grounds: a material difference in fact or law that existed at the time of the interlocutory order but could not have been known with reasonable diligence; the emergence of new material facts or a change in law after the order; or a manifest failure by the Court to consider material facts or dispositive legal arguments presented before the order. Civ. L.R. 7-9(b).

First, Defendants do not identify any material difference in fact or law that they could not have known earlier with reasonable diligence. The Weynorth Applications and the Extension Request were of Defendants' own doing, purposefully filed through a shadow entity. If there were any doubt Defendants and their counsel were aware of the Weynorth Applications, there can be no question they were so aware prior to their preliminary injunction opposition due to Plaintiff's discovery demands. And, of course, Defendants fully controlled whether and when to abandon those applications. Rule 7-9(b)(1) does not reward a party for creating a new fact, late on the eve of the hearing, and then arguing that the Court committed error by declining to consider Defendants' late actions. Defendants' argument (at 14) that the Court inaccurately stated that the abandonments were filed on the day of the hearing is another "thin" distinction without a difference. Defendants filed the abandonments (ECF 145) at 11:13 PM PST, the night before the hearing.

Second, Defendants do not identify any "new material facts" that emerged after the April 23 Order. Defendants filed the abandonment requests with the PTO on April 9, 2026; the PTO issued the notices of abandonment on April 10, 2026, and Defendants filed them herein on April 13, 2026. The Court then entered its Order on April 23, 2026. Evidence that existed, was filed, was argued, and was expressly excluded before entry of the Order does not constitute new, post-order

evidence under Rule 7-9(b)(2). Nor do Defendants identify any intervening change in law. Their motion cites the same voluntary-cessation authorities raised before entry of the Order. The evidence does not become a "new" material fact simply because the Court refused to consider it.

Third, Defendants cannot show a "manifest failure" to consider material facts or dispositive legal arguments that were *properly* presented. The Court considered Defendants' voluntary-cessation theory and the Welinder declaration and rejected them. The Court also addressed the abandonment evidence and declined to consider it under Civil Local Rule 7-3(d). A ruling excluding late supplemental material is not a "manifest failure" to consider it; it is an exercise of the Court's discretion to enforce the rules. *See Homelight*, 2023 WL 6373614, at *2 (*citing Tri-Valley CAREs v. U.S. Dep't of Energy*, 671 F.3d 1113, 1131 (9th Cir. 2012) (denial for failure to comply with the local rules is within the district court's discretion). Defendants' assertion that the Court's April 3 questions supplied "prior Court approval" for their supplemental abandonment evidence (so that Rule 7-3 should not have been applied) is wrong. The Court asked Defendants to explain why the *existing* record did not show a reasonable possibility of use; it did not invite Defendants to create and file new evidence after reply, on the eve of the hearing. That is clear from the preliminary injunction order itself, in which this Court stated it declined to consider the late-submitted evidence precisely because leave of Court had not been obtained. ECF 158 at 5.

Rule 7-9(c) independently bars Defendants' motion because the motion repeats arguments previously made. Defendants argued at the hearing that the abandonment notices showed good-faith cessation and that the Welinder declaration mooted IYO's request for injunctive relief. Defendants now reargue the same points. Civil Local Rule 7-9(c) forbids that repetition, and the Court should enforce that prohibition, just as it has previously under similar circumstances. *See Medina*, 2023 WL 11956369, at *1-2 (denying leave where the motion repeated arguments and sought to revisit an issue already addressed); *Homelight*, 2023 WL 6373614, at *1-3 (denying reconsideration where the movant merely disagreed with the prior ruling).

### C. Sanctions are Warranted for Defendants' Violation of Civ. L.R. 7-9

Sanctions are warranted when a party violates L.R. 7-9. Here Defendants violated both the leave requirement and the anti-repetition restriction in Civil Local Rule 7-9. Rule 7-9(a) provides

that "[n]o party may notice a motion for reconsideration without first obtaining leave of Court to file the motion," and Rule 7-9(c) further provides that "[n]o motion for leave to file a motion for reconsideration may repeat any oral or written argument made by the applying party in support of or in opposition to the interlocutory order which the party now seeks to have reconsidered;" the Rule requires that "[a]ny party who violates this restriction ***shall be subject to appropriate sanctions***." Civ. L.R. 7-9(a), (c); *see Great Am. Ins. Co. v. Chang*, 2013 WL 3965420, at *2-3 (N.D. Cal. July 31, 2013) (emphasis added).  The requirement for sanctions is thus mandatory based on the plain text of the rule. *Id.*  Defendants did not seek leave, and their motion repeats the same abandonment and voluntary-cessation arguments they raised before the Court entered the preliminary injunction order.

*Great American* is directly analogous. There, the court denied a reconsideration motion that "fail[ed] on both procedural and substantive grounds," because the movants filed it without first obtaining leave under Rule 7-9(a), failed to satisfy Rule 7-9(b), and repeated arguments previously made in violation of Rule 7-9(c). *Id.* The court then imposed sanctions, citing the rule, and noting that the movants had not merely violated Rule 7-9; they had "blatantly disregarded the Local Rules" and had also violated Civil Local Rule 7-3 previously. *Id.*

The same pattern exists here. Defendants violated Rule 7-9 by filing a noticed reconsideration motion without leave and by using that motion to reargue the abandonment evidence and voluntary-cessation theory they presented before the Order. And, as in *Great American*, Defendants' Rule 7-9 violation follows an already-identified violation of the Local Rules: the Court found that Defendants' abandonment argument violated Civil Local Rule 7-3(d) because, after the reply, Defendants raised new arguments and evidence without prior Court approval, and the Court declined to consider them on the preliminary injunction motion. Defendants now ask the Court to reward their very violation by reconsidering the evidence the Court excluded and by relieving them from an Order entered after full briefing and argument.

The Court should decline that invitation and, as required by the rule, impose a sanction. Civ. L.R. 7-9(c) ("Any party who violates this restriction ***shall*** be subject to appropriate sanctions.")

(emphasis added).  IYO respectfully requests the Court award IYO the fees it incurred in defending against this motion along with any other sanction the Court deems appropriate.

### D.  Defendants' Motion Fails Rule 59(e)'s "Extraordinary Remedy" Standard

Even if the Court were to set aside Local Rule 7-9, Defendants' motion also fails under Rule 59(e). The Ninth Circuit has repeatedly held that Rule 59(e) relief is extraordinary and available only in limited circumstances when a court "is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *Kaufmann*, 32 F.4th at 850–51; *Mollaei*, 2023 WL 5162402, at \*2 (same). None of these circumstances is present here.

First, there is no newly discovered or previously unavailable evidence, for reasons already discussed. The timing of the abandonments was in Defendants' control; they existed before the Order; were filed before the hearing; and were argued before the Court entered the Order. Defendants cannot convert pre-order, self-created, excluded evidence into "newly discovered" evidence merely by attaching it again to a Rule 59(e) motion. Notably, Defendants refused to produce documents concerning the abandonment and related non-use issues, including documents responsive to RFP Nos. 80 and 98. As a result, IYO did not learn of Defendants' likely connection to the Weynorth Applications until it received Defendants' response refusing to provide documents on March 20, 2026. ECF 126-4 (objecting but not denying affiliation with Weynorth Applications). Defendants did not affirmatively admit their connection to the Weynorth Applications until 11:13 p.m. PST on April 13, 2026, the day before the hearing, when they finally admitted that "io Products, Inc." was the one behind them. ECF 145 at 7. Thus, Defendants' claim (at 15) that IYO should have raised the applications in its February 20 opening brief is entirely disingenuous. Defendants had full knowledge of the Weynorth Applications prior to that briefing, but failed to disclose them and stonewalled discovery relating to them. Defendants should not be permitted to benefit from evidence they controlled, withheld, and then deployed only after having been caught with their proverbial hand in the cookie jar.

Second, there is no clear error. Clear error requires more than disagreement with the Court's reasoning; it requires a "very exacting" showing that leaves the court with a clear conviction of

MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.
ATTORNEYS AT LAW

- 13 -

error. *Mollaei*, 2023 WL 5162402, at *2-4. The Court did not clearly err by enforcing Civil Local Rule 7-3(d) against late supplemental filings or by holding that Defendants had failed to carry their voluntary-cessation burden given Defendants' contradictions and the disputed record. Defendants' argument that the Court should have credited their abandonment evidence and non-use declaration is simply a (baseless) disagreement with the Court's assessment of the record. That does not justify Rule 59(e) relief. *See Mollaei*, 2023 WL 5162402, at *2-4.

Third, there is no manifest injustice or inequitable surprise. Defendants knew about and were in control of the Weynorth Applications. They were heard on voluntary cessation. Their non-use declaration was before the Court. And they argued the abandonment issue at the hearing. If anyone is prejudiced here, it is IYO. Allowing Defendants to relitigate the preliminary injunction motion based on materials strategically created and filed after reply, while refusing discovery into Weynorth and the Applications, would reward the same gamesmanship the Local Rules were specifically designed to prevent.[4]

Finally, Defendants do not argue that there was an intervening change in controlling law. Indeed, they cite the same voluntary cessation cases they relied on before the Order was issued.

**E.    None of Defendants' Citations Warrant a Different Result under Rule 59(e)**

Defendants cite *Pinson, Kaufmann*, *Marsh Aviation*, *Lenk*, *and Monterey Bay* to allegedly justify relief under Rule 59(e), but none supports the procedural shortcut Defendants took here. Indeed, the cases from the Ninth Circuit did not arise in the Northern District and so the relevant local rules were not applicable. And the cases from the Northern District arose in completely inapposite circumstances.

*Pinson v. Estrada* is an unpublished Ninth Circuit memorandum arising in the District of Arizona, not this district; thus, the court did not apply Civil Local Rule 7-9. 812 F. App'x 701, 702 (9th Cir. 2020). It held that a request for reconsideration of a preliminary injunction ruling was untimely under Rule 59(e)'s time limit; it did not hold that a litigant in the Northern District may

---

[4] As of this writing Defendants still refuse to produce any documents on any subject, including the Weynorth Applications.

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION

MINTZ, LEVIN, COHN,
FERRIS, GLOVSKY AND
POPEO, P.C.
ATTORNEYS AT LAW

bypass Rule 7-9's leave requirement. *Id.* If anything, *Pinson* confirms that a motion seeking to relitigate a preliminary injunction is a reconsideration motion that would thus be subject to the rule.

*Kaufmann* likewise did not arise in the Northern District of California; it arose from the Western District of Washington and involved a final Social Security judgment, not an interlocutory preliminary injunction order. 32 F.4th at 850-51. The district court there "candidly confessed clear error" after overlooking portions of an ALJ decision and corrected a final judgment. *Id.* at 851. Here, Defendants point to no overlooked dispositive record material; instead Defendants point to evidence the Court expressly declined to consider under the Local Rules and to a declaration the Court expressly did consider.

*Marsh Aviation Co. v. Hardy Aviation Insurance Inc.* likewise arose from the District of Arizona, not this district, and involved a final summary judgment and judicial estoppel, not an interlocutory injunction or Rule 7-9. 720 F. App'x 418, 418-19 (9th Cir. 2018). The majority reversed because the district court relied on a factual mistake concerning bankruptcy disclosures. *Id.* at 419. No comparable factual mistake exists here. Instead here, the Court knew Defendants had filed abandonment materials and expressly declined to consider them.

The cases Defendants cite from the Northern District of California are also unavailing. *Lenk v. Monolithic Power Systems, Inc.*, concerned a vexatious-litigant order, not a preliminary injunction, and it did not analyze whether Civil Local Rule 7-9 governs a motion asking the same court to reconsider an interlocutory injunction ruling. 2024 WL 4994228, at *1 (N.D. Cal. Oct. 31, 2024). To the extent *Lenk* contains broad language that leave is not required under Rule 59(e), it does not override the many decisions applying Rule 7-9 to interlocutory reconsideration requests in this District, including *Youlin Wang*, *Microsoft*, *Homelight*, *Rojas*, and *Harris*.

*Monterey Bay Military Housing LLC v. Pinnacle Monterey LLC* is also distinguishable. 2015 WL 1548833 (N.D. Cal. Apr. 7, 2015). That case involved a preliminary injunction entered by a state court before removal, and the federal court addressed how to treat a state-court injunction after removal under 28 U.S.C. § 1450. *Id.* at *5. The court noted in a footnote that Rule 7-9 and Rule 59(e) standards are "nearly identical" in that posture, but it did not hold that parties may ignore Rule 7-9 when seeking reconsideration of a federal court's own interlocutory preliminary injunction

order. *Monterey Bay* also denied dissolution because the movants failed to show changed circumstances or clear error. *Id.* That result thus favors IYO, not Defendants.

### F.    Defendants' Rule 65(d) Argument Does Not Justify Dissolving the PI

Finally, the Court found, on the merits, that IYO is entitled to a preliminary injunction. Defendants' claim of a procedural issue under Rule 65(d), which the Court can easily address, does not justify dissolving the injunction or denying IYO preliminary injunctive relief to which it is entitled. Defendants contend that the Order does not comply with Rule 65(d) in that it fails to specify the enjoined conduct in sufficient detail.[5] But Defendants' proper remedy for any such issue is to request entry of a specific injunction order. The alleged non-compliance with technical aspects of Rule 65(d) does not warrant vacatur of the Court's findings or vacatur of the relief properly awarded to Plaintiff. The Court found that IYO satisfied the preliminary injunction standard. The Court granted IYO's motion and found that IYO had shown likelihood of success, irreparable harm, favorable equities, and public interest. If Defendants need additional specificity, they can get it by asking the Court to enter another order consistent with the relief IYO sought, not by rewarding Defendants in considering their improper reconsideration motion.

The cases Defendants cite in support of dissolution do not alter this analysis. As a preliminary matter, a dissolution motion cannot be used as a substitute for an unauthorized reconsideration motion. *See Youlin Wang*, 2022 WL 36105, at *7. Moreover, Defendants' citations to *Karnoski v. Trump* and *hiQ Labs* – for the proposition that an injunction should be dissolved upon a "significant change in fact" – are totally inapposite. *Karnoski* confirms that "a party that has failed to appeal from an injunction cannot regain its lost opportunity simply by making a motion to modify or dissolve the injunction;" review is instead limited to "the new material presented with respect to the motion to dissolve." 926 F.3d 1180, 1198 (9th Cir. 2019). *Karnoski* thus hurts Defendants, because their motion asks this Court to revisit the propriety of the preliminary

---

[5] In relevant part, Rule 65(d)(1) provides:
"(1) Contents. Every order granting an injunction and every restraining order must:
(A) state the reasons why it issued;
(B) state its terms specifically; and
(C) describe in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required."

MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.
ATTORNEYS AT LAW

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION

injunction itself based on evidence and arguments that were already before the Court before the Order issued. *Karnoski* is also factually inapposite. There, the challenged Presidential Memorandum had been revoked and replaced by a materially different policy after the injunction issued. *Id.* at 1198-99. Here, Defendants identify no comparable post-order development; they rely only on evidence that the Court already considered (or considered and rejected). *hiQ Labs* similarly involved changed circumstances after the injunction was entered. 2022 WL 18399964, at *3. Hence, there is no law or basis to dissolve the preliminary injunction under Rule 65(d).

## V.    CONCLUSION

Defendants filed a motion for reconsideration, disguised as the present motion, without first obtaining leave under Civil Local Rule 7-9. This motion is improper for that reason alone. In any event, Defendants cannot satisfy Rule 7-9 or Rule 59(e) because they identify no new post-order fact, no intervening change in controlling law, no clear error, no manifest injustice, and no manifest failure to consider properly presented material facts or dispositive legal arguments. The motion should be denied and the Court should award sanctions for Defendants' violation of Civ. L.R. 7-9.

 Dated:  May 27, 2026                                Respectfully submitted,

MINTZ LEVIN COHN FERRIS
GLOVSKY AND POPEO, P.C.

By: _Andrew D. Skale_____
Andrew D. Skale (211096)
Micah Danzig (177923)
Laura Franco (186765)
Anthony J. Viola (*pro hac vice*)
Kara M. Cormier (*pro hac vice*)

*Attorneys for Plaintiff IYO, Inc.*