**VIA ECF**

May 29, 2026

Honorable Magistrate Judge Peter H. Kang
United States District Court, Northern District of California

Re: *IYO, Inc. v. IO Products, Inc., et al.*, No. 3:25-cv-04861-TLT Joint Status
Report re: Discovery Dispute (ECF 159)

Dear Magistrate Judge Kang:

## I.     Attestation Pursuant to Section H.3 of Your Honor's Standing Discovery Order

Lead counsel for each party attests that: (1) they met and conferred via Zoom video (given that Plaintiff's lead counsel is in New York) on May 18, 2026 for two hours and engaged in follow-up correspondence, and (2) no agreement can be reached and the dispute remains wholly unresolved. The attorneys who participated in the meet and confer under Section H.1 were: for Plaintiff IYO, Andrew D. Skale (Mintz, San Diego, primary spokesperson) and Kara M. Cormier (Mintz, Boston); for Defendants io Products, Inc., OpenAI Inc., OpenAI, LLC, and Sam Altman, Sara Pollock (Quinn Emanuel, Silicon Valley, primary spokesperson), Andrew M. Mather (Quinn Emanuel, San Francisco). The attorneys who participated in the lead-counsel meet and confer were: for IYO, Anthony J. Viola (Mintz, NY); for Defendant Ive, David C. Kiernan (Jones Day, Silicon Valley); for Defendants io Products, Inc., OpenAI Inc., OpenAI, LLC, and Sam Altman, Margret M. Caruso (Quinn Emanuel, Silicon Valley).

## II.     Plaintiff IYO, Inc.'s Position

Plaintiff IYO respectfully refers the Court to the First Amended Complaint ("FAC") for the facts. ECF 119. Attached are Defendants responses and objections to IYO's first set of RFPs. Defendants refused to produce a single document in discovery. For meet and confer purposes, IYO's counsel organized the RFPs into various categories and explained the relevance of each category— including to the <u>Sleekcraft</u> factors, damages, and the FAC's trade secret and tortious interference claims. Yet Defendants continue to stonewall, refusing to produce any documents. Their overarching objections are: (1) their May 2025 announcement/video was not an advertisement; (2) their purported cessation of use of "IO" moots the case and renders the RFPs irrelevant; and (3) the FAC's trade secret allegations are insufficient, so they have awarded themselves a stay of discovery. But this Court and the Ninth Circuit have already rejected the foundation of these objections. Defendants' relevance and proportionality arguments fare no better as they rest on Defendants' false "voluntary cessation" premise, and also ignore that trademark claims require discovery into intent, historical documents, development of confusion, and damages regardless of whether infringing sales continue. Finally, Defendants' objections do not even apply to substantial categories of RFPs, yet Defendants still refuse to produce.[1]

1. May 2025 Advertisement: In opposing a TRO Defendants claimed their May 2025 multi-million dollar commercial (disseminated world-wide) touting a $6.5 billion investment in a competing product under an identical-sounding name was not an advertisement. But the TRO was granted

---

[1] Defendants also refuse to produce documents based on their refusal to agree to the model protective order. That will be the subject of a separate discovery dispute letter.

and the Ninth Circuit affirmed, finding "colorable" Plaintiff's claim that it was an advertisement. Thus, this remains a disputed fact warranting discovery. Defendants' contention that only publicly available facts are relevant to Sleekcraft is wrong as a matter of law—courts routinely order production of internal documents bearing on, e.g., intent, marketing strategy, and the similarity of marks as used. See, e.g., Stone Brewing Co., LLC v. Molson Coors Brewing Co., 2019 WL 13597213, at *4 (S.D. Cal. May 6, 2019). Defendants' internal documents concerning the development, characterization, and results of the May 2025 advertisement are probative on both the "advertisement" issue and to multiple Sleekcraft factors (e.g., similarity of marks as used, marketing channels, consumer sophistication, pricing).

2. Alleged Mootness: Based on a cursory declaration stating that Defendants no longer intend to use the "IO" mark, Defendants claim the entire case is moot and all the RFPs irrelevant. ECF 113. They assert no product will be marketed under the "IO" name, thus nothing is discoverable. But Defendants' voluntary cessation defense was briefed on the PI motion and rejected by the Court, finding it insufficiently established and granting a PI. IYO had pointed out that: Defendants' promise of cessation did not cover software, brand name use, Defendants' io.com domain, and other things; and that Defendants had used a shadow company (Weynorth) to file and prosecute eight undisclosed trademark applications for the IO mark (including in the same class of trade as IYO) and had filed with the USPTO a declaration of continuing intent to use "IO" *after telling the Court it had no such intent*. Chagrined, Defendants withdrew the Weynorth applications. But nothing prohibits Weynorth or any other entity from re-filing them again in the future. There are also avenues for Weynorth to revive its original applications. Defendants' ongoing reliance on disputed voluntary cessation (despite their contradictory conduct and failure to specify what name they intend to use or how they will market their products), places all related topics at issue for discovery. See Brown v. Lexington Cty., 2021 U.S. Dist. LEXIS 130608, at *46 (D.S.C. July 13, 2021) ("Plaintiffs are [] entitled to discovery relevant to Defendants' defenses based on mootness." "Defendants are ordered to produce it."). Finally, Defendants' argument is also irrelevant to the trade secret and tortious interference claims.

3. Trade Secret: Defendants have not moved for a stay or protective order; instead, they have unilaterally imposed one, relying on CUTSA §2019.210. But the Ninth Circuit in Quintara v. Ruifeng, 149 F.4th 1081 (9th Cir. 2025) expressly held §2019.210 does not apply to DTSA discovery. This Court in Sansa.Ai v. Krisp Tech., 2026 WL 892017 (N.D.Cal., April 1, 2026), following Quintara, held that §2019.210 does not automatically stay discovery on DTSA claims even where CUTSA claims are also plead, and declined to phase discovery where (as here) non-trade-secret claims are pending and the case has been ongoing for a year. Defendants' reliance on Mattson Technology is misplaced. It turned on the scope of the trade secrets there at issue; it does not hold that all discovery—including on trademark and tortious interference claims—must be stayed pending a §2019.210 disclosure. Finally, Defendants' argument that IYO must re-serve discovery ignores their Rule 26(e) obligation to supplement responses in light of the FAC. Sanders v. Univ. of Idaho, 2022 U.S. Dist. LEXIS 19012, at *13-14 (D. Idaho Jan. 31, 2022) (Rule 26(e) requires parties "to supplement [] prior discovery responses" to "disclose[] any information relating to new allegations" in an "Amended Complaint.").

4. Unaffected Categories: (a) Product/Prototype: Defendants submitted declarations describing their development process and argued that the Sleekcraft analysis could change if their prototype evolves. Having put the development, form factor, attributes, and functionality of their product at

issue, they cannot withhold related documents. These are also relevant to the trade secret claims. (b) Damages/Acquisition: Defendants coopted the value of IYO's mark. Documents concerning the price OpenAI paid to acquire IO Products, its allocation, development costs, and other damages-related materials are probative to multiple Sleekcraft factors, damages, and all claims. These are historical documents unaffected by any claimed later voluntary cessation.

5. Offers of Compromise: IYO offered (1) to remove "contemplated" from the definition of "IO Device" if doing so would resolve Defendants' objection; and (2) to limit RFPs 24 and 58 to former employees and former structure. Defendants rejected both offers.

## III.    Defendants' Position

Defendants, the creators of ChatGPT and key designers behind the iPhone, AirPods, and MacBook, are in the midst of creating revolutionary artificial intelligence hardware. Nearly all details about their work remain unknown to the public, and given the intense media scrutiny surrounding Defendants' efforts (*e.g.*, ECF 79-4–7), Defendants guard information about it with extraordinary care. One fact, however, is firmly established: Defendants' will not have any device called "io" or that will be sold, offered for sale, or advertised using that name—***the only name accused of trademark infringement***. ECF 1, 123-1.

iyO moves to compel ***seventy-one*** RFPs that seek sweeping discovery into all prototypes, versions, and iterations "of any hardware or software device developed, designed, manufactured, or contemplated." One request alone (RFP 1) seeks every document "Relating To" the "design, development, engineering, testing, and evaluation" of any device "including all versions, iterations, and Prototypes." iyO's sole concession—dropping "contemplated" from its "IO device" definition—does little to effectively narrow its RFPs, given that many requests continue to seek documents relating to contemplated efforts. (iyO's other "compromise" actually attempts to ***broaden*** two requests.) iyO's requests encompass virtually every document io Products, Inc. created before OpenAI acquired it last summer, and those that team has worked on ever since, including crown jewel trade secrets with no relevance to this case.

Defendants' position on this motion is ***not*** that discovery is improper because iyO's trademark claims are moot (though they are) or that all discovery should be stayed because iyO has not served a trade secret disclosure (though it has not) or alleged viable claims (though it has not, *see* ECF 128). Defendants' position regarding trademark discovery is simpler: to the extent any of iyO's requests seek genuinely relevant documents—*i.e.*, about a device that will be sold or advertised using the "io" name—Defendants have provided substantive responses stating they do not exist. iyO has not justified the trademark relevance of any other documents or "sought to significantly narrow or focus these requests to any identifiable subgroup of potentially relevant documents, and thus, there is no basis in the record to enforce these requests partially." *In re Soc. Media Adolescent Addiction/Pers. Inj. Prods. Liab. Litig.*, 2025 WL 2405489, at *14 (N.D. Cal. Aug. 19, 2025).

**iyO's Mischaracterizations Of The Record and Defendants' Position Do Not Affect the Relevance, Proportionality, Or Other Substantive Issues Concerning This Motion.** *First*, the May 21, 2025 merger announcement does not render the scope of the requested discovery relevant. The Court found that the merger announcement was not an advertisement. ECF 51 at 8; ECF 91 at 6. But even if it were, what matters about advertising in trademark cases is whether likely consumers of the advertised product are likely to be confused about the source or association of that product with the plaintiff. Here, no party has ever sold screenless AI devices, and Defendants

3

have never displayed or offered any such devices for sale. Therefore, no purchase confusion could have possibly occurred. The nine-minute merger announcement verbally referenced a single prototype for a few seconds, without meaningful detail (*see* ECF 6-16; ECF 35-4). Consumers cannot be confused by prototype details Defendants never shared, and this is not a situation, as in *Stone Brewing*, where the compelled documents related to an existing commercial brand. 2019 WL 13597213 at *3. Notably, that court denied the motion to compel documents related to future branding plans, holding even a single request about these plans was "overbroad on its face." *Id.* at *6. iyO has propounded *dozens*. The merger announcement also did not "tout," or even mention, "a $6.5 billion investment," and the notion that the acquisition price was for "a competing product," as opposed to extraordinary talent, experience, and know-how, is facially preposterous.

*Second*, Defendants' injunctive relief filings have not placed any otherwise-irrelevant documents at issue. iyO tellingly fails to cite to any. If it had, they would confirm they contain no meaningful technical details (*e.g.*, ECF 28) that could justify the scope of iyO's demands, which include, among other things, *all* of Defendants' technical documents, "*all* drawings, sketches, renderings, blueprints, and CAD drawings," "*all* documents relating to any planned or proposed change" to any device, and representative physical samples of *every* device, including prototypes that exist only in highly limited quantities and products that will never be commercially released.

*Third*, even if damages discovery were warranted, iyO does not establish how Defendant io Product's merger with OpenAI or its technical investments are relevant to any cognizable damages theory. Plainly, iyO's requests—such as for "all Documents and Communications Relating To the negotiation, purchase, or investment [of the merger] . . . including . . . correspondence, meeting notes, presentations, and board materials"—are not proportional.  RFP 60; *see also* RFPs 61-64.

**iyO Must Serve a Trade Secret Disclosure to Obtain Technical Discovery**. iyO now contends its new claims (which were not pled until months *after* it served these RFPs) establish relevance, but even if that were a fair argument, this discovery cannot proceed because iyO has not served a trade secret disclosure, as is necessary to ensure that it does not reverse engineer its trade secrets or engage in a "shifting sands" strategy. *Alphonso Inc. v. Tremor Video, Inc.*, 2022 WL 17968081, at *3 (N.D. Cal. Oct. 31, 2022). Moreover, even with trade secret claims, iyO's sweeping discovery will still need to be significantly narrowed, but without a disclosure, Defendants cannot participate in any narrowing because they do not know what trade secret(s) iyO is asserting.

iyO identifies no authority from this District compelling trade secret discovery without service of any trade secret disclosure. Nor could it. "[T]his court generally requires a party claiming misappropriation of trade secrets to adequately identify those trade secrets before conducting discovery into its opponents' proprietary information." *Interserve, Inc. v. Fusion Garage PTE, Ltd.*, 2010 WL 1445553, at *3 (N.D. Cal. Apr. 9, 2010); *Swarmify, Inc. v. Cloudflare, Inc.*, 2018 WL 2445515, at *2 (N.D. Cal. May 31, 2018). Indeed, the cases iyO relies upon recognize this practice. *Quintara*, 149 F.4th at 1091; *Sansas.AI*, 2026 WL 892017 at *1; *see also Mattson Technology, Inc.*, 2026 WL 1303361, at *4. The requirement is especially appropriate here, where the expansive technical discovery iyO seeks is not needed for iyO's other claims. Further, the sweeping nature of iyO's RFPs, seeking all device-related documents, including all development documents, bills of materials, and all communications with all potential manufacturers and/or third parties (RFPs 1, 2, 7, 48, 70), are disproportionate to the needs of the case. Finally, iyO's argument that Defendants had to move preemptively for a protective order is incorrect. *E.g., VIA Techs., Inc. v. Asus Computer Int'l*, 2016 WL 5930280, at *1 (N.D. Cal. Oct. 12, 2016).

RESPECTFULLY SUBMITTED this 29th day of May, 2026.

Dated:  May 29, 2026

MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C.
By:     */s/ Andrew D. Skale*
Andrew D. Skale (211096)
Micah Danzig (177923)
Laura Franco (186765)
Anthony J. Viola (*pro hac vice*)
Kara M. Cormier (*pro hac vice*)

Attorneys for Plaintiff
IYO, INC.

Dated:  May 29, 2026

QUINN EMANUEL URQUHART & SULLIVAN, LLP
By:     */s/ Margret M. Caruso*
Margret M. Caruso
Sara L. Pollock

Attorneys for Defendants
io Products, Inc., OpenAI, Inc., OpenAI, LLC, OpenAI OpCo, LLC, Sam Altman, and Tang Yew Tan

Dated:  May 29, 2026

JONES DAY
By:     */s/ Meredith M. Wilkes*
David C. Kiernan
Meredith M. Wilkes

Attorneys for Defendant
Sir Jonathan Paul Ive