MINTZ LEVIN COHN FERRIS
GLOVSKY AND POPEO, P.C.
Andrew D. Skale (211096)
Laura Franco (186765)
Micha Danzig (177923)
Anthony J. Viola (*pro hac vice*)
AJViola@mintz.com
Kara M. Cormier (*pro hac vice*)
KMCormier@mintz.com
44 Montgomery Street, 36th Floor
San Francisco, CA 94104
Telephone: 415.432.6000

Attorneys for Plaintiff
IYO, INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IYO, INC.<br><br>            Plaintiff,<br><br>      v.<br><br>IO PRODUCTS, INC., OPENAI, INC., OPENAI, LLC, , OPENAI OPCO, LLC, SAM ALTMAN, SIR JONATHAN PAUL IVE, and TANG YEW TAN<br><br>            Defendants. | Case No. 3:25-cv-4861-TLT<br><br>**DECLARATION OF ANTHONY J. VIOLA IN SUPPORT OF PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER**<br><br>FAC Filed: March 13, 2026<br>Judge:  Hon. Trina L. Thompson |

DECLARATION OF ANTHONY J. VIOLA IN SUPPORT OF PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER

I, Anthony J. Viola, do hereby declare as follows:

1.     I am a member of the law firm of Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C., attorneys of record for Plaintiff IYO, Inc. ("IYO"). I have been admitted *pro hac vice* for this case.  I submit this declaration in support of IYO's Motion for a Protective Order. I am familiar with the events and pleadings in this action and, if called upon as a witness, could and would testify competently to the matters stated herein of my own personal knowledge.

2.     Attached hereto as **Exhibit A** is a true and correct copy of a redline of IYO's proposed protective order as compared to the Court's Model Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets.

3.     IYO's proposed Protective Order is derived from and closely follows the Court's Model Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets. It differs from the model form in the following respects:

    a. **Inclusion of "Optional" "HIGHLY CONFIDENTIAL – SOURCE CODE" Tier.** Defendants requested inclusion of this provision and IYO agreed to the form provided in the model order. IYO rejected Defendants' other proposed revisions.

    b. **Omission of Designated House Counsel Provisions (Model Form Section 2.4 and Related Provisions).** The model form includes optional provisions defining "Designated House Counsel" (Section 2.4) and establishing procedures by which Designated House Counsel may access "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information (Sections 7.3(b) and 7.4(a)(1)). IYO's proposed order omits these provisions (marking Section 2.4 as "Omitted") because no party has identified a need for House Counsel access to attorneys' eyes only or source code material at this time. Should a need arise, the parties may seek modification of the order.

    c. **Modification of Expert Definition (Section 2.7).** The model form defines "Expert" to exclude any person who "is not a past or current employee of a Party or of a Party's competitor" and who "is not anticipated to become an

Mintz, Levin, Cohn,
Ferris, Glovsky and
Popeo, P.C.
Attorneys at Law

DECLARATION OF ANTHONY J. VIOLA IN SUPPORT OF PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER

employee of a Party or of a Party's competitor." IYO's proposed order modifies this definition to exclude any person who is a past or current "officer, director, or employee" of a Party or of a Party's competitor. This modification expands the categories of excluded persons beyond the model form (adding officers and directors) to provide additional protection against conflicts of interest.

d. **Omission of Optional Sections re Prosecution Bar (Model Form Optional Paragraph 8) and Export Control (Model Form 14.3).** The model form includes optional provisions for a Prosecution Bar and an Export Control provision requiring compliance with export regulations for technical data contained in Protected Material. IYO's proposed order omits these provisions because they are not applicable to this case.

e. **Modification of Outside Counsel of Record Definition (Section 2.12).** The model form defines Outside Counsel of Record as attorneys who "have appeared" in this action or are affiliated with a firm that "has appeared" on behalf of a party. IYO's proposed order changes this to attorneys who "currently appear" or are affiliated with a firm that "appears" on behalf of a party. This modification limits the definition to currently active counsel rather than any attorney who has ever appeared, which is more appropriate given that counsel may withdraw or be substituted during the course of lengthy litigation. IYO made this modification at Defendants' request.

f. **Removal of Model Form Footnotes and Alternative Provisions.** The model form contains numerous footnotes offering alternative language or guidance for particular circumstances (e.g., alternatives for the Prosecution Bar, suggestions regarding Ethical Walls, restrictions on House Counsel access, and alternative inadvertent production provisions). IYO's proposed order removes these footnotes and alternatives because they are guidance directed to the drafting parties rather than operative provisions.

DECLARATION OF ANTHONY J. VIOLA IN SUPPORT OF PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER

g. **Renumbering and Conforming Edits.** As a result of the omissions described above (Designated House Counsel, Prosecution Bar, Export Control), the proposed protective order includes renumbering of subsequent sections and corresponding cross-reference updates. These are non-substantive conforming changes.

4.      For the Court's awareness, IYO notes that Defendants' competing draft of the protective order contained several additional provisions that do not appear in the model form and that IYO rejected. These rejected provisions are the subject of the parties' dispute as set forth in the accompanying letter. Defendants' additions include: (a) an "Acquisition Bar" barring involvement in the acquisition of AI-related patents; (b) renaming the Source Code tier as "HIGHLY CONFIDENTIAL – SENSITIVE TECHNICAL MATERIAL" and expanding its definition to include "prototypes" and "the visual impression of unreleased hardware designs"; (c) detailed prototype/hardware inspection restrictions prohibiting photographing, note-taking, and communication devices; (d) a $10,000,000 per-violation liquidated damages clause, also incorporated into the Acknowledgment and Agreement to Be Bound (Exhibit A); (e) the addition of the word "consultant" to the definition of who is excluded as an expert, plus a precondition on experts that "no unresolved objections exist"; and (f) shifting the burden of persuasion in confidentiality challenge proceedings from the Designating Party (as in the model form) to the Challenging Party. IYO's proposed order matches the model form on each of these points.

5.      A clean copy of IYO's proposed Stipulated Protective Order is annexed hereto as **Exhibit B**.

6.      IYO's counsel met and conferred with Defendants' counsel regarding the form of protective order multiple times. From January 7, 2026 through May 18, 2026, the parties exchanged multiple drafts and positions. Despite IYO's repeated requests for engagement, Defendants were largely non-responsive for extended periods and ultimately refused to discuss the protective order at the Court-mandated lead counsel meet-and-confer on May 18, 2026, or at another lead-counsel meet-and-confer. We have concluded that no negotiated resolution can be reached.

MINTZ, LEVIN, COHN,
FERRIS, GLOVSKY AND
POPEO, P.C.
ATTORNEYS AT LAW

- 4 -

DECLARATION OF ANTHONY J. VIOLA IN SUPPORT OF PLAINTIFF'S MOTION FOR
A PROTECTIVE ORDER

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 29, 2026.

/s/ *Anthony J. Viola*
Anthony J. Viola

MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.
ATTORNEYS AT LAW

DECLARATION OF ANTHONY J. VIOLA IN SUPPORT OF PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER