QUINN EMANUEL URQUHART
& SULLIVAN, LLP
Margret M. Caruso (Bar No. 243473)
margretcaruso@quinnemanuel.com
Sara L. Pollock (Bar No. 281076)
sarapollock@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone:    (650) 801-5000
Facsimile:    (650) 801-5100

*Attorneys for Defendants io Products, Inc.,
OpenAI OpCo, LLC, OpenAI, Inc., OpenAI, LLC,
Sam Altman, and Tang Yew Tan*

JONES DAY
David Kiernan (Bar No. 215335)
dkiernan@jonesday.com
555 California Street 26th Floor
San Francisco, California 94104
Telephone:    (415) 875-5745

Meredith Wilkes (admitted *pro hac vice*)
mwilkes@jonesday.com
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone    (216) 586-7231

*Attorneys for Defendant Sir Jonathan Paul Ive*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| IYO, INC.<br><br>             Plaintiff,<br><br>     v.<br><br>IO PRODUCTS, INC., OPENAI OPCO, LLC, OPENAI, INC., OPENAI, LLC, SAM ALTMAN, SIR JONATHAN PAUL IVE, and TANG YEW TAN<br><br>             Defendants. | Case No. 3:25-cv-4861-TLT<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION PURSUANT TO FEDERAL RULE 59(E) TO ALTER OR AMEND THE COURT'S ORDER GRANTING MOTION FOR A PRELIMINARY INJUNCTION, OR IN THE ALTERNATIVE, MOTION TO DISSOLVE**<br><br>Hearing: Tuesday, September 8 at 2:00 p.m. |

# TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................................................6

ARGUMENT .....................................................................................................................6

I.    DEFENDANTS' RULE 59(E) MOTION DOES NOT VIOLATE CIVIL L.R. 7-9.............6

    A.    Local Rule 7-9's Requirements Are Not Applicable To Motions Brought Pursuant To Rule 59(e) ......................................................................................6

    B.    Even If Local Rule 7-9's Requirements Apply, Sanctions Are Not Appropriate.......................................................................................................9

II.    IYO FAILS TO REBUT THE MERITS OF DEFENDANTS' MOTION ...........................9

    A.    iyO Fails To Rebut The Relevance Of The Trademark Abandonments .................10

        1.    iyO's Opposition Fails To Address The Merits Of The Abandonments.......................................................................................10

        2.    The Abandonments Are Now Properly Before The Court...........................11

        3.    iyO's Unsupported Theories About The Applications Are Irrelevant ........12

    B.    iyO Cannot Show Any Deficiency In Defendants' Declaration Warranting Denial of Defendants' Motion................................................................................15

    C.    iyO Does Not Dispute That The Order Does Not Comply With Rule 65(d) ...........16

CONCLUSION ................................................................................................................17

DEFENDANTS' REPLY ISO MOTION TO ALTER OR AMEND UNDER FEDERAL RULE 59(E)
OR IN THE ALTERNATIVE, MOTION TO DISSOLVE

**TABLE OF AUTHORITIES**

**Page**

**Cases**

*Already, LLC v. Nike, Inc.*,
    568 U.S. 85 (2013) ........................................................................................ 13

*Amerson v. Kindredcare, Inc.*,
    606 F. App'x 371 (9th Cir. 2015)..................................................................... 7

*Apple Inc. v. Samsung Elecs. Co.*,
    735 F.3d 1352 (Fed. Cir. 2013) ..................................................................... 10

*BIO Mgmt. Nw. Inc. v. Am. Bio Servs.*,
    2022 WL 1666946 (W.D. Wash. May 3, 2022)....................................................... 11

*Eurofins Elec. & Elec. Testing NA, LLC v. SGS N. Am. Inc.*,
    2025 WL 607199 (N.D. Cal. Jan. 23, 2025) ........................................................ 12

*Evolutionary Intel., LLC v. Sprint Nextel Corp.*,
    2019 WL 2059661 (N.D. Cal. May 9, 2019) ...................................................... 6, 7

*Great Am. Ins. Co. v. Chang*,
    2013 WL 3965420 (N.D. Cal. July 31, 2013)......................................................... 8

*Guardant Health, Inc. v. Natera, Inc.*,
    2026 WL 1401006 (N.D. Cal. May 19, 2026) ...................................................... 16

*Harris v. Ramirez*,
    2022 WL 2674207 (N.D. Cal. June 3, 2022) ......................................................... 8

*Homelight, Inc. v. Shkipin*,
    2023 WL 6373614 (N.D. Cal. Aug. 11, 2023)........................................................ 8

*Huawei Techs., Co. v. Samsung Elecs. Co.*,
    2018 WL 3037924 (N.D. Cal. June 19, 2018) ................................................. 6, 7, 9

*Kellman v. Home Depot*,
    LLC, 2025 WL 3097919 (N.D. Cal. Nov. 6, 2025) .................................................. 9

*LegalForce RAPC Worldwide, P.C. v. LegalForce, Inc.*,
    2023 WL 6930330 (N.D. Cal. Oct. 19, 2023)....................................................... 13

*Lenk v. Monolithic Power Systems, Inc.*,
    2024 WL 4994228 (N.D. Cal. Oct. 31, 2024)..................................................... 7, 8,

*Microsoft Corp. v. Goldah.com Network Tech. Co.*,
    2017 WL 4536417 (N.D. Cal. Oct. 11, 2017)......................................................... 8

*Miller Mfg. Co., v. Tractor Supply Co.*,
    2026 WL 936852 (D. Minn. Apr. 7, 2026) ............................................................... 14

*Mollaei v. Otonomo Inc.*,
    2023 WL 5162402 (N.D. Cal. July 18, 2023) ........................................................... 12

*Monterey Bay Mil. Hous., LLC v. Pinnacle Monterey LLC*,
    2015 WL 1548833 (N.D. Cal. Apr. 7, 2015) ......................................................... 7, 8

*Organizational Techs., Inc. v. Dun & Bradstreet Corp. Found.*,
    1997 WL 599412 (S.D.N.Y. Sept. 26, 1997) ............................................................ 14

*Pinson v. Estrada*,
    812 F. App'x 701 (9th Cir. 2020) ............................................................................. 7

*Ringgold-Lockhart v. Cnty. of Los Angeles*,
    761 F.3d 1057 (9th Cir. 2014) .................................................................................. 8

*Rojas v. Internal Revenue Serv.*,
    2024 WL 4627047 (N.D. Cal. June 18, 2024) ....................................................... 6, 8

*WeWork Companies Inc. v. WePlus (Shanghai) Tech. Co.*,
    2020 WL 83845 (N.D. Cal. Jan. 7, 2020) ............................................................... 15

*Yanting Zhang v. Safeco Ins. Co. of Am.*,
    2013 WL 6058307 (N.D. Cal. Nov. 14, 2013) ........................................................... 7

*Youlin Wang v. Kahn*,
    2022 WL 36105 (N.D. Cal. Jan. 4, 2022) ............................................................. 7, 8

**Statutes**

28 U.S.C. § 1292(a)(1) ..................................................................................................... 6

**Other Authorities**

37 C.F.R. § 2.146 ............................................................................................................ 10

37 C.F.R. § 2.68 ............................................................................................................. 10

Fed. R. Civ. P. 1 ............................................................................................................. 12

Fed. R. Civ. P. 54(a) ........................................................................................................ 6

Fed. R. Civ. P. 54(b) ..................................................................................................... 6, 7

Fed. R. Civ. P. 59(e) ........................................................................................ 6, 7, 8, 9, 12

Fed. R. Civ. P. 65 ....................................................................................................... 6, 16

DEFENDANTS' REPLY ISO MOTION TO ALTER OR AMEND UNDER FEDERAL RULE 59(E)
OR IN THE ALTERNATIVE, MOTION TO DISSOLVE

Fed. R. Civ. P. 83 ...........................................................................................................7

Local Rule 7-3(d) ..................................................................................................... 12, 15

Local Rule 7-8 ................................................................................................................9

Local Rule 7-9 .................................................................................................... 6, 7, 8, 9

DEFENDANTS' REPLY ISO MOTION TO ALTER OR AMEND UNDER FEDERAL RULE 59(E)
OR IN THE ALTERNATIVE, MOTION TO DISSOLVE

## INTRODUCTION

iyO's Opposition has little to say about the only questions that matter: whether information that the Court did not previously consider in granting the preliminary injunction supports Defendants' factual showing that they have completely ceased the conduct the Court's injunction was designed to prevent and whether the preliminary injunction fails to satisfy the requirements of Rule 65. The answer to both is yes. iyO does not seriously contend otherwise. Instead, iyO lodges procedural objections to the motion itself that conflict with a near-uniform line of authority from this District. Neither iyO's faulty legal analysis nor its fictional theory of concealment provides a basis for continuing the injunction. The Court should alter, amend, or dissolve it.

## ARGUMENT

### I. DEFENDANTS' RULE 59(E) MOTION DOES NOT VIOLATE CIVIL L.R. 7-9

#### A. Local Rule 7-9's Requirements Are Not Applicable To Motions Brought Pursuant To Rule 59(e)

iyO's primary argument in opposition to Defendants' motion to address the merits of the PI Order is that Local Rule 7-9 required Defendants to seek leave of Court before filing. Opp. 1, 9-11. iyO is wrong. Because the order that is the subject of Defendants' motion is a preliminary injunction order, which is an "order from which an appeal lies," it is a "judgment" under Fed. R. Civ. P. 54(a), and therefore properly within the scope of Rule 59(e). *See, e.g., Huawei Techs., Co. v. Samsung Elecs. Co.*, 2018 WL 3037924, at *1 n.1 (N.D. Cal. June 19, 2018) ("Because the Order grants an injunction it is an appealable order under 28 U.S.C. § 1292(a)(1), and it is therefore a 'judgment' . . . ."). iyO fails to offer any argument as to how the "substance" of Defendants' brief could require its reclassification. Opp. 9. Because Defendants' Motion is properly argued under Rule 59(e), Local Rule 7-9 does not apply to it.

Local Rule 7-9 is promulgated under Rule 54(b) of the Federal Rules of Civil Procedure—not Rule 59. *See* Local Rule 7-9 ("Cross Reference: See Fed. R. Civ. P. 54(b) regarding discretion of Court to reconsider its orders prior to entry of final judgment."); *Evolutionary Intel., LLC v. Sprint Nextel Corp.*, 2019 WL 2059661, at *1 (N.D. Cal. May 9, 2019); *Rojas v. Internal Revenue Serv.*, 2024 WL 4627047, at *1 (N.D. Cal. June 18, 2024). Federal Rule of Civil Procedure 54(b) permits

a court to revise any of its orders "at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities," but does not expressly authorize litigants to file a motion requesting such relief. Fed. R. Civ. P. 54(b); *Evolutionary Intel., LLC*, 2019 WL 2059661, at *1 (citation omitted). Local Rule 7-9 fills that gap by providing a mechanism—with a leave-of-court requirement—to request reconsideration of any interlocutory order pursuant to the Court's Rule 54(b) powers. *Evolutionary Intel., LLC*, 2019 WL 2059661, at *1. Local Rule 7-9 thus creates a new type of motion; it facially does not impose a requirement on existing Rule 59(e) motions. *Id.*

It would not make sense for Local Rule 7-9 to apply to Rule 59(e) motions, which must be filed within 28 days of the entry of a judgment—a strict jurisdictional deadline which the Ninth Circuit has held admits no exceptions. *See, e.g.*, *Pinson v. Estrada*, 812 F. App'x 701, 702 (9th Cir. 2020); *Amerson v. Kindredcare, Inc.*, 606 F. App'x 371, 372 (9th Cir. 2015). Grafting Local Rule 7-9's requirements onto Rule 59(e) would impermissibly frustrate this Federal Rule of Civil Procedure—and raise serious questions about the validity of the local rule itself—because a movant would need to seek and obtain leave within the same strict 28-day jurisdictional deadline or lose the right to move under Rule 59(e) altogether. *Cf.* Fed. R. Civ. P. 83 (allowing district courts to promulgate local rules only when "consistent" with the Federal Rules of Civil Procedure).

Courts in this district have repeatedly declined to impose Local Rule 7-9's procedural requirements on motions brought pursuant to Rule 59(e). *See, e.g.*, *Lenk v. Monolithic Power Systems, Inc.*, 2024 WL 4994228, at *1 (N.D. Cal. Oct. 31, 2024) ("[L]eave of court is not required to seek relief under Rule 59(e)"); *Yanting Zhang v. Safeco Ins. Co. of Am.*, 2013 WL 6058307, at *2 (N.D. Cal. Nov. 14, 2013) ("Because Plaintiff failed to obtain leave of the Court to file a motion for reconsideration under Civil Local Rule 7–9, she may not seek reconsideration under that rule. She may, however, seek reconsideration under Federal Rule[] of Civil Procedure 59(e) . . ."); *see also Monterey Bay Mil. Hous., LLC v. Pinnacle Monterey LLC*, 2015 WL 1548833, at *5 n.9 (N.D. Cal. Apr. 7, 2015); *Evolutionary Intel., LLC*, 2019 WL 2059661, at *1; *Huawei Techs.*, 2018 WL 3037924, at *1 n.1.

Against the weight of this authority, iyO cites a single case in support of its contrary position. Opp. 1 (citing *Youlin Wang v. Kahn*, 2022 WL 36105 (N.D. Cal. Jan. 4, 2022)). Not only did *Youlin*

-7-                                                        Case No. 3:25-cv-4861-TLT

*Wang* engage in a full analysis of the merits, contrary to what iyO urges the Court to do here, but its procedural analysis rested on a one-sided record in which the movants did not file a reply brief at all, much less one that engaged with—or even acknowledged—the substantial body of authority in this district holding that Rule 59(e) motions do not require leave of court. *Id.* at *7-24. *Youlin Wang* should therefore not be read to silently overturn the near-uniform line of cases confirming that Local Rule 7-9 does not apply to Rule 59(e) motions. Nor has any precedent treated it as doing so. *See, e.g., Lenk*, 2024 WL 4994228, at *1 (decided on October 31, 2024, more than two years after *Youlin Wang*). iyO's remaining cited cases do not concern Rule 59(e) motions or preliminary injunctions.[1] Indeed, *Microsoft Corp. v. Goldah.com Network Technology Co.* (cited Opp. 9) applied the requirements of Civil Local Rule 7-9 only after finding a motion was ***not*** a Rule 60(b) motion, which the court described as "like [a] Rule 59(e)" motion, to which Civil Local Rule 7-9 did not apply. 2017 WL 4536417, at *2 (N.D. Cal. Oct. 11, 2017) (citation omitted).

iyO's efforts to distinguish the cases cited in Defendants' opening brief are ineffective. iyO purports to distinguish *Monterey Bay Military Housing LLC v. Pinnacle Monterey LLC,* which rejected the applicability of Civil Local Rule 7-9 to a motion to reconsider an injunction under Rule 59(e), 2015 WL 1548833 at *5 n.9, on the grounds that the injunction there had been entered by a state court (Opp. 15), but iyO fails to explain why that distinction results in any difference for the purposes of Local Rule 7-9 or Rule 59(e). Similarly, iyO argues that *Lenk* involved a vexatious litigant order, not a preliminary injunction, but vexatious litigant orders that impose pre-filing restrictions of the type at issue in *Lenk* are a type of injunction. *See Ringgold-Lockhart v. Cnty. of Los Angeles*, 761 F.3d 1057, 1064 (9th Cir. 2014). Simply put, motions to reconsider and amend or alter a preliminary injunction (in name or substance) are brought under Rule 59(e), and Local Rule

---

[1] *See Microsoft Corp. v. Goldah.com Network Tech. Co.*, 2017 WL 4536417, at *3 (N.D. Cal. Oct. 11, 2017) (considering a request to reconsider an order granting authorization of alternate service, not an injunction motion or other appealable order); *Homelight, Inc. v. Shkipin*, 2023 WL 6373614, at *1 (N.D. Cal. Aug. 11, 2023) (considering a motion to reconsider an order denying a motion to dismiss, which is not an appealable order); *Rojas*, 2024 WL 4627047, at *1 (considering a request to reconsider a motion for assistance); *Harris v. Ramirez*, 2022 WL 2674207, at *2 (N.D. Cal. June 3, 2022) (considering a pro-se plaintiff's motion to recuse and motion to reconsider an order denying a TRO); *Great Am. Ins. Co. v. Chang*, 2013 WL 3965420, at *2 (N.D. Cal. July 31, 2013) (considering a motion to reconsider the Court's grant of partial of summary judgment, which is not immediately appealable).

7-9 does not apply. *See e.g., Huawei Techs., Co.*, 2018 WL 3037924, at *1 & n.1 (treating motion to reconsider preliminary anti-suit injunction as a rule 59(e) motion).

**B.     Even If Local Rule 7-9's Requirements Apply, Sanctions Are Not Appropriate**

As described above, Local Rule 7-9 does not apply to Defendants' motion at all.  But even if it somehow did, iyO's request for sanctions must be denied.

First, Local Rule 7-9 authorizes sanctions only where a "motion for leave to file a motion for reconsideration" is filed, and that motion "repeat[s] oral or written argument made . . . in support of or in opposition to the interlocutory order."  *See* Local Rule 7-9(c).  As discussed above, Defendants Rule 59(e) motion lies outside of Local Rule 7-9's ambit.  iyO's position thus requires the Court to first reclassify Defendants' Motion as a motion for leave to file a motion for reconsideration under Local Rule 7-9—notwithstanding Defendants' citation to at least five opinions from this District that explain why that reclassification would be improper—and then sanction Defendants for failing to comply with a rule they never sought to invoke.  iyO cites no authority supporting this result, and none exists.

Second, iyO's argument that Defendants should be sanctioned for "repeating" arguments (Opp. 12) that the Court's Order disregarded because they were not made before the PI Reply was filed attempts to punish Defendants for pursuing the procedural vehicle the Rules provide for introducing evidence that they were not able to submit earlier because it did not exist.  *See* Mot. 7.

Third, iyO's sanctions request itself violates the local rules.  Local Rule 7-8 requires any sanctions request, "regardless of the source[] of authority invoked," to be "separately filed" and noticed for hearing—it cannot simply be embedded in an opposition brief.  *E.g., Kellman v. Home Depot*, LLC, 2025 WL 3097919, at *1 (N.D. Cal. Nov. 6, 2025).

## II.     IYO FAILS TO REBUT THE MERITS OF DEFENDANTS' MOTION

iyO offers no valid rebuttal to the merits of Defendants' Motion.  Instead, it attempts to relitigate the challenged conduct to distract from the only factually supported answer to the pertinent question of whether Defendants have "ceased" the accused conduct.  iyO's speculation about the motives behind Defendants' prior conduct is as incredulous as it is irrelevant.  What matters to the

question of mootness is not why Defendants did what they did; it is whether in the future they will engage in the challenged conduct.

### A.    iyO Fails To Rebut The Relevance Of The Trademark Abandonments

#### 1.    iyO's Opposition Fails To Address The Merits Of The Abandonments

During the hearing on its motion for preliminary injunction, iyO advanced one argument regarding why the abandonments did not demonstrate that Defendants' cessation was complete, irrefutable, and total: the registration application abandonments were purportedly "without prejudice." ECF 147; Hearing Tr. 13:21-23.  Confronted with the legal frivolity of this position (Mot. 16), iyO completely retreats from it.  Instead, its single paragraph responding to the effect of the abandonments (Opp. 7) makes two limited arguments why the abandonments are not significant evidence of the mootness of this dispute.  Neither provides any basis to deny Defendants relief.

First, iyO argues, without citation to authority, that "revival is not impossible." Opp. 7 .  But as Defendants' motion showed, revival **is** impossible here: once an express abandonment of a trademark registration application is filed, it "may not subsequently be withdrawn."  37 C.F.R. § 2.68.  To the extent iyO's position is meant to invoke the narrow provision allowing persons to petition the USPTO Director to set aside a C.F.R. provision in an "extraordinary situation" and "when justice requires," the suggestion that Defendants could or would do so in this instance is preposterous.  37 C.F.R. § 2.146(a)(5).  There is plainly no "extraordinary" circumstance here, where Defendants have repeatedly and unequivocally told this Court they intentionally abandoned the applications.  Further, these extraordinary petitions may only be filed within two months of actual notice of the abandonment—a window that will have expired before the hearing on this motion.  37 C.F.R. § 2.146(d)(1); *see* ECF 163-2 — 163-9 (noting April 9 filing date of express abandonments).  At that point, reviving the applications will have literally become impossible.

Second, iyO repeats its argument that Defendants are still permitted to file new trademark registration applications.  This is akin to a plaintiff arguing that even though a defendant had destroyed all of its inventory of marked goods, it could still remanufacture it.  *Cf. Apple Inc. v. Samsung Elecs. Co.*, 735 F.3d 1352, 1373 (Fed. Cir. 2013) (affirming denial of injunction where "none of the products found to dilute Apple's trade dress were 'still on the market in any form,'"

DEFENDANTS' REPLY ISO MOTION TO ALTER OR AMEND UNDER FEDERAL RULE 59(E)
OR IN THE ALTERNATIVE, MOTION TO DISSOLVE

despite Apple's argument that defendant could have easily reintroduced these products). Like destroyed inventory, Defendants' abandonment has had real-world detriment.  Even if a new application were filed, the benefit from the years of constructive use priority associated with the prior applications is permanently destroyed.  Mot. 16.  iyO fails to respond to these arguments, implicitly conceding their validity.  And if iyO were correct that the mere fact that a defendant *could* file a future trademark application were sufficient to defeat mootness, mootness would never be found.  *But see, e.g.*, *BIO Management. Northwest. Inc.*, 2022 WL 1666946, at *3.

As at the preliminary injunction hearing, iyO makes no attempt to distinguish this case from *BIO Management*—it simply ignores it.  As Defendants' motion showed, the facts supporting "cessation" here are considerably stronger than those the court in *BIO Management* found sufficient. Mot. 15-17.  iyO has likewise failed to identify any case where a court found a live controversy for purposes of injunctive relief where, as here, a defendant had **both** declared its decision not to use a mark **and** abandoned its trademark applications.  iyO's silence speaks volumes.

2. <u>The Abandonments Are Now Properly Before The Court</u>

Unable to refute the high probative value of the abandonments, iyO argues—without support—that the Court may not consider them at all.  Opp. 13-14.

Attempting to rebut that the Court should have considered the abandonments in its Order because they were identified in answering the Court's post-Reply questions (Mot. 14-15), iyO argues that the Court required Defendants to respond to the questions based on the "existing record." Opp. 11.  But the Court's questions plainly contained no such limitation and affirmatively sought information outside of the existing record. *See* ECF 136.  And neither party interpreted the questions that way at the time.  As Defendants' Motion showed, and iyO does not dispute, iyO raised no objection to the submission of the abandonments in response to these questions at (or after) the hearing. Mot. 15.  iyO argues that the Court's preliminary injunction order itself clarified the scope of the Court's prior leave. Opp. 11.  But the text of the order does not support this reading.  As Defendants' motion showed, the Court's Order inaccurately stated that Defendants raised the abandonments "for the first time" on "the day of the hearing"—indicating the Court may not have been aware the abandonments had been previously filed in timely response to its question.  Mot. 7,

14.  This is not a case like *Mollaei v. Otonomo Inc.* (cited Opp. 14) where Defendants "misread" the Court's order—rather, it is iyO's Opposition that asks the Court to overlook the Order's plain text. 2023 WL 5162402, at *3 (N.D. Cal. July 18, 2023).  Further, iyO does not attempt to explain how an order entered *after* the questions were timely responded to could have plausibly clarified the intended scope of questions asked weeks earlier.

iyO also paradoxically argues that the abandonments cannot constitute "previously unavailable" evidence because they were raised at the hearing of the original motion—even though the Court explicitly stated in its Order that it did not believe it could consider them because they were not timely raised.  Opp. 13.  If accepted, iyO's theory would create an evidentiary black hole in which developments occurring between the filing of a reply brief and the Court's decision could never be considered—simultaneously too new for the original motion and too old for a Rule 59(e) motion.  Such a result would be inconsistent with Rule 1 of the Federal Rules of Civil Procedure, which requires the Rules to "be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."

iyO's argument also fundamentally misconstrues the purposes of Civil Local Rule 7-3(d), the rule the Court originally invoked in excluding evidence of the abandonments.  That rule authorizes courts to decline to consider late-submitted evidence because "the opposing party did not have the opportunity to respond." *Eurofins Elec. & Elec. Testing NA, LLC v. SGS N. Am. Inc.*, 2025 WL 607199, at *2 (N.D. Cal. Jan. 23, 2025).  iyO was never meaningfully denied that opportunity— it responded to this evidence at the hearing (*see* Mot. 12, 16)—and it has now unquestionably had a full opportunity to respond.  The rule's rationale having been satisfied, the Court should decline iyO's invitation to transform Civil Local Rule 7-3(d)'s orderly briefing guidance into a permanent exclusionary rule, particularly where doing so would leave a party wrongfully enjoined for more than eighteen months, without a bond.

　　　　　3.　　iyO's Unsupported Theories About The Applications Are Irrelevant

Unable to dispute that the abandonments are completely consistent with, and supportive of, Defendants' declaration and arguments of mootness, iyO attacks the circumstances surrounding the filing of the applications that were abandoned.  Opp. 4-7.  But iyO's speculative efforts to cast these

applications as sinister are not grounded in reality, and are, in any event, mooted by the abandonments. The question in a voluntary cessation analysis is whether defendants have ceased the challenged conduct, irrespective of how wrongful that conduct was to begin with. *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) ("No matter how vehemently the parties continue to dispute the lawfulness of the conduct that precipitated the lawsuit, the case is moot if the dispute 'is no longer embedded in any actual controversy about the plaintiffs' particular legal rights.'") (citation omitted).

Even if the intent in filing an application for a registration could be relevant to whether alleged infringing conduct would occur in the future, iyO's suggestion that "[t]he most apparent reason [for the Weynorth Application] is that operating through a separate entity allowed Defendants to conceal from Plaintiff their intent to market a product under the name 'IO'" (Opp. 5), is preposterous. It assumes that the Applications were filed by Weynorth in 2023 rather than by io Products, Inc. (which had not been publicly announced) for the purpose of hiding the applications from iyO, which at the time ***possessed no trademark rights whatsoever,*** as opposed to for the purpose of not prematurely disclosing possible product plans to the marketplace generally.

iyO's other scattershot attempts to portray the Applications as inconsistent with Defendants' stated intent to abandon the "io" name are equally unfounded and irrelevant. iyO implies that the mere existence of the Applications undercuts the intent not to use, but it ignores that—as Defendants' motion demonstrated—this Court has held precisely the opposite. Mot. 12 (citing *LegalForce RAPC Worldwide, P.C. v. LegalForce, Inc.*, 2023 WL 6930330, at *7 (N.D. Cal. Oct. 19, 2023) ("Plaintiff fails to provide legal authority that filing a trademark application, without something more, reflects imminent trademark infringement"). This is particularly true given that, as Defendants' Motion showed (Mot. 11), and iyO does not refute, most of the applications were suspended even at the time of the Opposition and all have now been abandoned. iyO suggests that its discovery requests should have made Defendants' "fully aware" iyO's theory (Opp. 5), but it provides no reason why Defendants should have instantly divined that iyO viewed the Applications as an ongoing threat—particularly where the requests were among the ***more than one hundred*** requests iyO has served (many of which concerned various third parties with no apparent

DEFENDANTS' REPLY ISO MOTION TO ALTER OR AMEND UNDER FEDERAL RULE 59(E) OR IN THE ALTERNATIVE, MOTION TO DISSOLVE

relationship to the trademark claims), iyO never raised this issue on a meet and confer, and iyO's opening PI brief argued the voluntary cessation issue extensively but made no mention whatsoever of the registration applications.  ECF 110.

It is beyond dispute that Defendants expressly abandoned every Application within two weeks of iyO first raising them as an impediment to mootness.  Mot. 11-12.  iyO cites zero precedent suggesting faster action was required—or would have made any difference.  After all, the Court found that any facts raised after the reply brief were not timely for consideration on the PI ruling.  Order 5.  In any event, the fact remains that Defendants have irreversibly abandoned the Applications, permanently foreclosing whatever plans they originally had for them.

iyO's focus on the '630 application and Defendants' associated statement of continued intent to use the mark (Opp. 6-7) is equally unavailing.  The statement in the request for an extension of time in the '630 application, which primarily concerns "jewellery," "musical instruments," and "electronic wellness devices," does not meaningfully provide support for the injunction—let alone for iyO's apparent theory of concealment.  As the parties discussed at the PI hearing, an isolated act inconsistent with a defendant's asserted intent does not defeat the voluntary cessation doctrine.  *See Miller Mfg. Co., v. Tractor Supply Co.*, 2026 WL 936852 (D. Minn. Apr. 7, 2026) (cited ECF 143); Hearing Tr. 42:21-43:5; *see also Organizational Techs., Inc. v. Dun & Bradstreet Corp. Found.*, 1997 WL 599412, at *3 (S.D.N.Y. Sept. 26, 1997) (denying injunctive relief even where defendant had mistakenly "used the term 'PowerSpeak' in a brochure after agreeing not to do so again").  The probative question is whether such acts are "quickly corrected when discovered."  *Miller Mfg. Co.,* 2026 WL 936852 at *3.  The answer here is yes; Defendants went above and beyond a quick correction regarding the '630 application.  Not only did they irreversibly abandon the '630 application, but they also abandoned all applications that had previously involved the "io" name— even applications that were suspended or otherwise posed no conceivable threat to iyO.  This more than satisfies Defendants' burden.  And iyO's suggestion that Defendants failed to disclose or sought to hide this application (Opp. 6-7) ignores the record.  Defendants' response to the Court's questions specifically addressed the '630 application under its own heading (ECF 145 at 9).  While iyO's Opposition implies that Defendants filed a motion to strike in which they could have earlier

discussed this application (Opp. 6), Defendants filed no such motion.  To the extent iyO is referring to Defendants' objections to reply evidence, the local rules prohibit such filings from containing new argument on the merits.  *See* Local Rule 7-3(d)(1).

Finally, iyO repeatedly suggests that Defendants wrongfully failed to respond to their discovery responses about the Applications (Opp. 6, 7, 13, 14), but that suggestion does not withstand scrutiny.  The discovery responses at issue (ECF 126-4) were due just *one week* before iyO filed its reply, and the parties had no opportunity to meet and confer in the interim.  ECF 163-1 ¶ 13. When they eventually did on May 20, Defendants explained that the overbroad requests clearly called for privileged information.  iyO's arguments that Defendants' discovery responses were deficient are unsupported in the record.  But even if they were not, iyO provides no explanation or precedent for a discovery deficiency that had been in existence for a week supporting the entry of a preliminary injunction.

**B.**     <u>**iyO Cannot Show Any Deficiency In Defendants' Declaration Warranting**</u>
       <u>**Denial of Defendants' Motion**</u>

iyO's efforts to portray the Welinder Declaration as deficient (Opp. 3-4) ignore the actual facts.  iyO complains that the declaration does not explicitly use the words "software" or "trade name" and selectively emphasizes certain text.  *Id*.  But iyO fails to explain how any use of "IO" either in connection with software that works with a device or as a tradename used to sell or offer screenless AI hardware or related software (*i.e.*, the sole products challenged by the complaint) could possibly be consistent with the actual text of the declaration, which unequivocally states: "Defendants have decided not to use the name 'io' (or 'IYO,' or any capitalization of either) ***<u>in connection with</u>*** the ***naming***, ***advertising***, ***marketing***, or ***sale*** of any artificial intelligence-enabled hardware products."  ECF 123-1 (emphasis added); *see also* Mot. 18 (citing Compl. ¶¶ 3, 6, 69, 79, 95-96, 98, 101).  Nor could it.  For example, the declaration would clearly preclude the use of "io" as the name of any software running on screenless AI hardware or as the name of a company selling such a device.

iyO ignores the substance of Defendants' other arguments regarding the Declaration.  It fails to address the *WeWork* case at all, and it does not dispute that it improperly withheld its challenge

to the declaration's scope until its reply, even though it could have raised those arguments earlier. *See* Mot. 18. Instead, iyO raises a new challenge to the scope of the Declaration, now claiming it does not adequately restrict use of the io.com domain name. Opp. 3. Not only did iyO waive this argument by not previously arguing it, but iyO never alleged that domain was used for infringement, so it is irrelevant to the question of cessation. It is also another red herring. As with the other categories iyO raises, the declaration clearly foreswears use of the "io" name in connection with the advertising, marketing or sale of artificial intelligence-enabled hardware devices.

In a desperate effort to distract from the merits of Defendants' motion, iyO invokes an order in a separate action (Opp. 4 n.1) and improperly seeks to mischaracterize the record. Counsel quotes from an order in which the court acknowledged it had "taken some liberty" describing the alleged intent of the lawyers involved. *Guardant Health, Inc. v. Natera, Inc.*, 2026 WL 1401006, at *3 n.1 (N.D. Cal. May 19, 2026). The lengthy Special Master reports on which the order was based cite no other case or matter to suggest that it extended beyond the discrete issue addressed and reflect that the fundamental mistake of the five attorneys involved was to be overly trusting of a preeminent expert, a Distinguished Professor of Medicine and noted university oncologist, whom the Special Master's reports describe as "untruthful," and motivated by a desire "to obfuscate his own potential breach of ethics." *Id.* at *10. iyO's effort to draw broader conclusions about Defendants' conduct or the actions of more than 1300 Quinn Emanuel attorneys from an opinion in a completely separate matter is unfounded and unseemly.

**C.     iyO Does Not Dispute That The Order Does Not Comply With Rule 65(d)**

In response to Defendants' argument that the Court's injunction order does not comply with the specificity requirements of Rule 65, including that any injunction order "state its terms specifically" and "describe in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required" (Fed. R. Civ. P. 65(d)(1); Mot. 19), iyO offers no rebuttal. Presumably this deficiency is why iyO (improperly) submitted a proposed order by email to the Court on April 28, 2026. iyO now suggests that "[i]f Defendants need additional specificity, they can get it by asking the Court to enter another order." Opp. 16. Defendants are doing so through this motion. Mot. 19.

DEFENDANTS' REPLY ISO MOTION TO ALTER OR AMEND UNDER FEDERAL RULE 59(E)
OR IN THE ALTERNATIVE, MOTION TO DISSOLVE

As explained in Defendants' PI Opposition (ECF 121 at 25), and the Motion (at 19), the scope of iyO's proposed preliminary injunction order is too broad. As with both iyO's opening and reply briefs in support of its motion for a preliminary injunction, iyO's opposition to Defendants' Motion again fails to offer any justification for the significantly expanded overbreadth of its preliminary injunction proposed order compared to the TRO the Court entered. *See* Opp. 19. Having failed to justify that broader scope on three separate occasions, iyO should not be permitted to obtain it by default. To the extent the Court does not dissolve the injunction, it should amend the order to make clear that the relief is on the same terms as the TRO. *See* ECF 51 at 21.

## CONCLUSION

For the foregoing reasons, the Court should alter, amend, or dissolve the preliminary injunction and deny iyO's request for injunctive relief.

DATED:   June 3, 2026                  QUINN EMANUEL URQUHART
                                        & SULLIVAN, LLP


                                        By     */s/ Margret M. Caruso*
                                               Margret M. Caruso
                                               *Attorneys for Defendants io Products, Inc.,*
                                               *OpenAI, Inc., OpenAI, LLC, and Sam Altman*


DATED:   June 3, 2026                  JONES DAY


                                        By     */s/ Meredith M. Wilkes*
                                               Meredith M. Wilkes
                                               *Attorneys for Defendant Sir Jonathan Paul Ive*

DEFENDANTS' REPLY ISO MOTION TO ALTER OR AMEND UNDER FEDERAL RULE 59(E)
OR IN THE ALTERNATIVE, MOTION TO DISSOLVE

**ATTESTATION**

I, Margret M. Caruso, am the ECF user whose ID and password are being used to file the above document.  In compliance with Local Rule 5-1(i)(3), I hereby attest that Meredith M. Wilkes has concurred in the filing of the above document.


By      */s/ Margret M. Caruso*
            Margret M. Caruso