UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IYO, INC.,

                Plaintiff,

       v.

IO PRODUCTS, INC., et al.,

                Defendants.

Case No.  25-cv-04861-TLT

**QUESTIONS FOR THE HEARING**

Motion to Strike the Amended Complaint,

or in the Alternative, Motion to Dismiss

Re: Dkt. No. 128, 170, 171

**I.     TRADEMARK (COUNTS 1, 2, 4) CLAIMS.**

On April 23, 2026, the Court granted a preliminary injunction and evaluated the *Sleekcraft* factors.  ECF 158; *Iyo, Inc. v. Io Prods., Inc., et al.*, No. 25-cv-04861-TLT, 2026 WL 1907377 (N.D. Cal. Apr. 23, 2026).

**[TO BOTH PARTIES]**

   A.     If the prior order and the record from prior proceedings are considered influential in assessing the trademark claims here, please explain.  Otherwise, please succinctly point out and explain any inconsistencies in the record.

**II.    CALIFORNIA'S UNFAIR COMPETITION LAW CLAIM (COUNT 3) AND VICARIOUS LIABILITY CLAIMS (COUNTS 5–6).**

**[TO BOTH PARTIES]**

Defendants argue that because the UCL claim "rests on the same allegations as the trademark claim, [] it must be dismissed for the same reasons."  ECF 128 at 21.  Defendants further state that Plaintiff's "vicarious liability claims [] necessarily depend on a viable direct infringement claim—which does not now exist."  *Id*.  Plaintiffs contend that "[t]he only basis upon

United States District Court<br>Northern District of California

which Defendants seek dismissal of [these claims] is the purported mootness of the trademark claims." ECF 141 at 17.

    A.    Please confirm whether the parties concede that resolution of the mootness issue is dispositive of the trademark claims in Counts 3, 5, and 6.

## III.    INTENTIONAL INTERFERENCE CLAIM (COUNT 7)
## [TO BOTH PARTIES]

### 1.  REQUISITE ELEMENTS FOR THE MOTION

To establish intentional interference with prospective economic advantage claim, a plaintiff requires to show "(1) an economic relationship between the plaintiff and some third party, with the probability of future economic benefit to the plaintiff; (2) the defendant's knowledge of the relationship; (3) intentional acts on the part of the defendant designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) economic harm to the plaintiff proximately caused by the acts of the defendant.'" *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1153 (2003) (cleaned up).

    A.    Please confirm whether the parties direct the Court to focus solely on the second and third elements under *Korea* (i.e., the defendant's knowledge of the relationship and intentional acts on the part of the defendant designed to disrupt the relationship).

## [TO PLAINTIFF]

### 2.  TAN'S ALLEGED CONDUCT

Plaintiff, in its Opposition, states, "As a threshold matter, the FAC does not allege a standalone fraud claim . . . The FAC alleges that Tan's course of deceptive conduct—expressing interest in IYO's technology, soliciting access to its IP portfolio, and fitting seven representatives for demo devices, all while concealing that he had co-founded a directly competing company under a confusingly similar name and that the public announcement was days away—constitutes independently wrongful conduct for purposes of the tortious interference claim." ECF 141 at 20 (citing ECF 119 ¶¶ 290–94).

"[A]n act is independently wrongful if it is unlawful, that is, if it is proscribed by some

constitutional, statutory, regulatory, common law, or other determinable legal standard." *Ixchel Pharma, LLC v. Biogen, Inc.*, 9 Cal. 5th 1130, 1142 (2020) (citation omitted).

    A.    To the extent Plaintiff does not dispute the California Supreme Court's definition of "independently wrongful" conduct in *Biogen*, please identify the specific constitutional, statutory, regulatory, common-law, or other determinable legal standard(s) that Plaintiff contends Tan's alleged deceptive conduct violates.

    B.    If Plaintiff contends that *Biogen* is inapplicable or should be qualified in this context, please cite the legal authorities on which Plaintiff relies and set forth Plaintiff's proposed definition of "independently wrongful conduct" as applied to Tan.

## IV. TRADE SECRET CLAIMS (COUNTS 8 AND 9)
## [TO PLAINTIFF]

### 1. TRADE SECRET OWNERSHIP

To show that information is a trade secret, a plaintiff "may not simply rely upon 'catchall' phrases or identify categories of trade secrets." *InteliClear LLC v. ETC Glob. Holdings, Inc.*, 978 F.3d 653 at 658 (9th Cir. 2020). Instead, a plaintiff must prove that the claimed trade secret has "*sufficient particularity* to separate it from matters of general knowledge in the trade or of special knowledge of those persons . . . skilled in the trade." *Id.* (quoting *Imax Corp. v. Cinema Techs., Inc.*, 152 F.3d 1161, 1164 (9th Cir. 1998)). "[P]articularly where no discovery whatsoever had occurred, it is not fatal to [plaintiff's trade secret claim] that its hedging language left open the possibility of expanding its identifications later." *InteliClear, LLC v. ETC Glob. Holdings, Inc.*, 978 F.3d 653, 659 (9th Cir. 2020).

The FAC alleges that Plaintiff owns trade secrets "consisting of confidential and proprietary information about its products and specifications, including but not limited to: (1) CAD drawings for IYO's proprietary audio computing devices; (2) unreleased design features; (3) manufacturing scaling strategies; (4) proprietary product development schedules; (5) custom-fit ear technology and manufacturing processes; (6) circuitry designs; and (7) other confidential design, engineering, and manufacturing information developed over approximately eight years of

United States District Court
Northern District of California

research and development." ECF 119 ¶¶ 302, 322.

> A.   The Court tentatively finds that the second, third, fourth, sixth, and seventh secrets are not sufficiently particularized for the trade secret ownership claim.  Please explain how these secrets still meet the standard under *InteliClear*, or alternatively, how granting leave to amend would cure these deficiencies.

**[TO BOTH PARTIES]**

### 2.  TRADE SECRET MISAPPROPRIATION

The Court acknowledges the state court case, *IyO Inc. v. Dan Sargent et al.*, No. CGC-25 627029, filed in the San Francisco County Superior Court on July 9, 2025.  ECF 130-4.  Plaintiff's Opposition addresses the misappropriation acts by Defendant Tang Yew Tan rather than Dan Sargent, who is the named defendant in the pending state court case.

> A.   Please explain whether Mr. Dan Sargent is a necessary party in the current action as to the trade secret misappropriation claim.  See, Fed. R. Civ. P. 19.

### V.  MOTION TO ALTER, AMEND OR DISSOLVE JUDGMENT FOR PRELIMINARY INJUNCTION ECF 158, 163

**[TO BOTH PARTIES]**

On May 13, 2026, Defendants filed their Motion to Alter or Amend the Court's Order Granting Motion for a Preliminary Injunction, or in the alternative, Motion to Dissolve.  ECF 163 ("MAJ").  On June 8, 2026, the parties filed a joint stipulation requesting that the Court consolidate the hearing on MAJ with the hearing on the current Motion to Dismiss, on the same date and time.  ECF 174.  On June 9, 2026, the Court denied the stipulation.  ECF 177.

> A.   To the extent the Court's ruling on the Motion to Dismiss is dispositive of the issues raised in the MAJ, please identify which portions of the MAJ remain unresolved by the ruling.  ECF 128, 163, 170, 171.

> B.   Please indicate whether the Court's ruling on the Motion to Dismiss renders the MAJ appropriate for decision without oral argument under Civil Local Rule 7-1(b). ECF 163.

United States District Court
Northern District of California

## VI.    ALTERNATIVE DISPUTE RESOLUTION

## [TO BOTH PARTIES]

A.    In light of the requested relief in the FAC, please identify three concrete "narrowing issues", or less, which would materially position the parties to resolve this action.

Please provide responses to the following questions **no later than Monday, July 27, 2026**. The Court may, at its discretion, post additional questions before or on the day of the hearing.

IT IS SO ORDERED.

Dated:  July 23, 2026

_____
TRINA L. THOMPSON
United States District Judge

United States District Court
Northern District of California

5